

FILED

AUG 2 5 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

(Del. Rev.12/98)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

Rudolph V. Bailey, Sr.

**(Name of Plaintiff or Plaintiffs)**

5 4 1

v.                                        **CIVIL ACTION NO. _____**

The State of Delaware and The

Civil Courts and Judges
**(Name of Defendant or Defendants)**

## COMPLAINT

1.    This action is brought pursuant to  Civil Rights Act of 1964 Title 11
                                           (Federal statute on which action is based)

for discrimination related to  Race and Color (Black) Male jurisdiction exists by virtue of
                               (In what area did discrimination occur? e.g. race, sex, religion)

Sections 202, 203, 204, & 207    .
   (Federal statute on which jurisdiction is based)
   The Plaintiff respectfully petitions the Honorable Court
   to grant him his rights under sect. 204(a) and appoint
   him an attorney.
2.    Plaintiff resides at   9659 Manassas Dr. Apt. 301
                                (Street Address)

Manassas Prince Willam   VA   20111
   (City)        (County)      (State)      (Zip Code)

(703) 257-9735 or (302) 562-5613
   (Area Code) (Phone Number)

                                 Secretary of State

3.    Defendant resides at, or its business is located at 401 Federal St. Suite 3
                                                          (Street Address)

Dover          Kent          DE        19901                      .
   (City)        (County)       (State)       (Zip Code)

4.    The alleged discriminatory acts occurred on 3-13-05 to present        .
                                                  (Day)        (Month)       (Year)

5.    The alleged discriminatory practice   ☒ is    ☐ is not continuing.

6      **Plaintiff(s) filed charges with the** <u>Supreme Court in Appeal Brief.</u>

<u>55 The Green</u>      <u>Dover</u>    <u>Kent</u>    <u>DE</u>   <u>19903</u>
(Street Address)     (City)    (County)    (State) (Zip)

**Regarding defendant(s) alleged discriminatory conduct on:** <u>10/26/2007</u>

7      **Attach decision of the agency which investigated the charges referred in paragraph 6 above.**

8      **Was an appeal taken from the agency's decision?**    **Yes**     **No** X
       **If yes, to whom was the appeal taken?** _____

9      **The discriminatory acts alleged in this suit concern:**

What I will be asking this Federal Court to rule on is not the unfair ruling of the Delaware Courts that will be shown in the BAILEY v. ACME/ASCO/Albertsons Inc., lawsuit I will refer to, but rather the discriminatory fashion in which the case was judged, and the discriminatory methods used by the Delaware Courts in arriving at the unjust rulings in the Court of common Pleas, the Superior Court and finally the Supreme Court of the state of Delaware. The practices used by the Courts and the Judges and Justices amounts to a new low in the American juries' process. I am asking this Court not to look at just each unfair and illegal and discriminatory act by itself, but at all of them together and one will see a clear pattern of unjust illegal and unfair and discriminatory practices used by the Courts in Delaware in order to practice race discrimination against an African-American citizen the plaintiff Rudolph V. Bailey, Sr. The methods I will be pointing out with evidence from my Briefs and Appendix and Exhibits involves the following:

FABRICATION OF FALS E EVIDENCE AND CASE FIXING BY A JUDGE IN THE COURT OF COMMON PLEAS

(A) Fabrication of false evidence by a white male Judge, who used that same fabricated false and untrue evidence to render a discriminatory verdict against the black Plaintiff Rudolph v. Bailey, Sr., and in favor of a white male Defendant's counsel, In the Court of common Pleas.

FABRICATION OF FALSE EVIDENCE BY A JUDGE USED TO DISMISS THE APPEAL TO THE SUPERIOR COURT

(B) A white female Judge in the Superior court made up an untrue story that the Plaintiff did not file his Opening Appeal Brief with the Superior Court, and that same judge used that same false and untrue story to dismiss the black Plaintiff's Appeal from the Court of common Pleas, in favor of a white male Defendant counsel's motions. It was not until after the Plaintiff petitioned the US Attorney General to appoint a Special Prosecutor to investigate the court's story, and also petitioned a Federal Appeals Judge to hear the Plaintiff's appeal that, the same Judge reversed and vacated her prior Order dismissing the Plaintiff's appeal to the Superior Court.

EVIDENCE TAMPERING BY A JUDGE IN THE SUPERIOR COURT TO FIX THE OUTCOME OF A CASE

(C) That same white female Judge in the Superior Court continued her discriminatory practices by fixing the outcome of the case in favor of a white female defendant's counsel by tampering with

the case file, and removing evidence from the case file that was in favor of the black male Plaintiff. Eight separate prior filings of the black plaintiff were taken out of the case file and the Court's date and time stamp were crossed out, and the filings were returned to the Plaintiff with No proper explanation. Some of those same filings were in the case file for as long as 21-days before they were tampered with by the Court.

FALSEFYING THE RECORD, BY THE SUPERIOR, COURT TO COVER-UP THE EVIDENCE TAMPERING

(D) The superior Court in an effort to cover up the evidence tampering attempted to doctor the Court's Entry Logs which shows the date and number of each entry on the docket, leaving Court's Entry Logs out of sequence with the numerical order and date of each entry on the Court's filing Logs only in the place and dates where the Plaintiff's eight filings would have been on the Court's Entry Logs, proving that the Court tampered with the entry logs, in order to cover up the fact that tampering of evidence occurred. This was done to discriminate against the black Plaintiff, in favor of the white Defendant counsel's motions. The Court has procedures in place to deal with any improper filings. If the filing were improper they should not have been accepted, but if accepted in error they can be ordered stricken, or the Court can rule them inadmissible, or stipulate that those filings are rejected and not part of the record. None of those things were done. Yet the court went to the extreme of tampering with the Court's Records logs of filings of docket entries to cover up the Court's discriminatory actions against the Plaintiff Rudolph v. Bailey, Sr.

FAILURE TO PRESENT A FULL RECORD ON APPEAL IN ORDER TO FIX THE OUTCOME OF THE APPEAL

(E) The superior Court intentionally failed to present the full and complete record to the Supreme Court on the Plaintiff's Appeal. The Court only presented the record the white female Judge felt was in favor of the white female defendant counsel's version of events intentionally omitting the eight motion and brief and pleadings and evidence and papers as mentioned in example (C). This to fix the outcome of the Plaintiff's Appeal to the Supreme Court in favor of the white female defendant counsel in order to discriminate against the black male Plaintiff. The supreme Court Rules states that even if the Court below rejects a filing from the record that rejected filing must be included in record upon Appeal in order that the Supreme Court can decide if the Court below was justified in rejecting the said filing or not. The Court can stipulate that the said filing is not part of the record, but the court below must transmit all papers that are stamped with the Court's date and time stamp and accepted into the Court's file. So the superior Court violated the Supreme Court's Rules when it did not transmit those eight filings of the Plaintiff to the Supreme Court. Additionally the white female Superior Court Judge who did this broke the Delaware State Law by tampering with evidence by purging the case file and removing evidence from the case file the black male Plaintiff needed to win his case, and then cover it up by altering the Court's entry logs to remove the record of those filings. The white female Judge did this for the white female defendant counsel so that she could be victorious over the black male Plaintiff Rudolph V. Bailey, Sr.; therefore this gives reasonable cause for the Plaintiff to believe that he was discriminated against by the white female Judge because of his race and color black male.

FALSE CERTIFICATION OF RECORD INORDER TO COVER-UP THE TRUTH ABOUT THE RECORD TAMPERING

(F) The Superior Court intentionally presented a false Certification to the Supreme Court certifying to the Court above that the record transmitted was accurate and complete, when the Court below knew that in fact the eight filings of the Plaintiff were wrongfully omitted and that the Court's Logs of docket entries were tampered with and altered to remove proof of the Plaintiff's filings pleadings, motions, evidence, and papers, from the record. This was done to discriminate against the Plaintiff because of his race and color African-American citizen black male, by a white female Judge in favor of a white female Defendant's counsel.

THE SUPREME COURT OF THE STATE OF DELAWARE CONDONES AND APPROVES RACE DISCRIMINATION

(G) In the Plaintiff's Opening and Reply Briefs and appendix to the Superior Court all of these charges were clearly stated with evidence from the record, additionally I offered also the originals of the eight filings wrongfully and improperly removed from the case file by the Court below without due cause. I posed eight questions to the Honorable Justices in the format "Did the Court below err" when it did this or that as the case might be. A yes answer to just one of the eight questions would have been enough to have the decision of the Court below reversed in favor of the Plaintiff. Despite the overwhelming evidence presented in my favor the Supreme Court did not even attempt to answer yes or no to any question because they could not no, and they would not answer yes. My charge of race discrimination and wrong doing by the Court below and the conduct of the Judges were made clear in my Briefs and Appendix, yet the Honorable Justices condoned and upheld the conduct and actions and rulings and decisions of the Judges and employees in the Courts below. The ruling of the Supreme Court of the State of Delaware gives reasonable cause to believe that race discrimination is practiced and condone by the Supreme Court of the State of Delaware just as in the Court's below, making race discrimination a Statewide problem. Therefore the Plaintiff is within his legal rights to file suit against the State of Delaware and hold the State responsible for the actions of the Judges and Justices and court employees as it relates to the charge of race discrimination against the Plaintiff Rudolph V. Bailey Sr. The Supreme Court of Delaware is the highest place of Justice in the state of Delaware therefore I could not appeal to any higher authority in Delaware, if I did not get justice there, then I could not get justice anywhere else in the State of Delaware.

THE COVER-UP AND SUPRESSION OF EVDENCE BY THE SUPREME COURT OF DELAWARE

(H) When I filed my Appeal Brief and Appendix with the Supreme Court of Delaware I asked the Clerk of the Court if at the end of deliberation I could get my originals back. I was informed by the Clerk that I would get my originals back but concerning the copies she was not sure since the Justices usually make notes on the pages, but I could check back at the end of deliberations and they would let me know.  When I asked what happened to the Briefs at the end of deliberations I was informed that after a period of time they were destroyed. When I received the Decision from the Supreme Court of Delaware, (marked Plaintiff's Exhibit 1) I called the Court's office on 4/25/2008, (please see my letter dated 4/26/2008, marked Plaintiff Exhibit 2)  and requested my

originals so I could file with the Federal Court. The Clerk informed that I could not get my originals back, but instead they would send to my address certified copies so I could file them with the Federal Court. I live in the State of Virginia so I waited for the certified copies I was promised by the clerk of the Court. I did receive in the mail 3-sets of uncertified copies of my Opening and Reply Brief and Appendix to the Supreme Court of Delaware and 3-uncertified copies of my Appeal Brief with exhibits to the Superior Court of Delaware. I received the attached letter from the Court dated 4/30/2008, (marked Plaintiff's exhibit 3), in which the Court acknowledged receiving my 4/26/2008 letter and told me that they did send me uncertified copies and if I wanted them certified I had to return them with a letter requesting to have them certified as true and correct. The Court promised to send me certified copies instead of the originals yet they sent uncertified copies knowing well there was a time element to appeal to Federal Court, (although this is not an appeal to Federal Court it is a new lawsuit for race discrimination). The Court sent the uncertified copies to my P.O. Box although I asked them not to send any mail to my P.O. Box, and they sat there for a while before I found out they were there, I also was out of town for a while so on 5/27/2008 I returned the uncertified copies with a letter as I was instructed requesting to have the briefs certified by the Court please see my letter dated 5/26/2008 marked Plaintiff's Exhibit 4. Prior to which time on 5/12/2008 the Supreme sent an order that the case was Closed, Please see Order marked Plaintiff's Exhibit 5. On 6/9/2008 I sent a follow up letter to the High Court stating that I had not received the certified copies back from the Court, Please see my letter dated 6/9/2008 marked plaintiff's Exhibit 6. On or about 6/16/2008 I received from the Court the attached computer printout marked Plaintiff Exhibit 7, with a section highlighted the lower highlighted portion reads as follows: "Letter dated 5-26-08 appellant to Clerk, requesting certified copies. (sent) (lsb)". As one can see no date is listed when the certified copies were supposed to have been sent, to this day 8/16/2008, I have not received the certified copies needed to file with Federal Court. The Cover-up plan is simple, send out uncertified copies which an appellant cannot use to appeal to Federal Court, then tell them to send them back with a letter requesting to have them certified, then never return the certified copies to the appellant just say they were sent out, and the appellant can't file if the Court has the originals and all the copies, then their decision cannot be over turned and in the mean time they will close the case. So in order to answer Question 8, I could not appeal the Supreme Court's decision since they refuse to give me back the originals and fail to send me the certified copies needed for a Federal Court to review the case. However when I filed my Briefs with the Supreme Court I did have the Clerk stamp my copies so I have those, and I did make extra copies because I suspected that the Court would not return the evidence to me needed to file in federal Court, based on my experience with the Courts below. So now I will file a fresh lawsuit against the State of Delaware, using the Briefs with the Superior Court's date and time stamp as the Federal Court's Originals, and one uncertified copy from my extra file. The discrimination is continuing as long as the Supreme Court will not send me the certified copies they promised to send; this constitutes a cover-up by the Supreme Court of Delaware, and suppression of evidence needed to prove my case, and to prove that the law was broken, by the Court's below. Attached herewith is a copy of the letter sent to the Secretary of State informing the State of Delaware of my intention to file this lawsuit marked Plaintiffs Exhibit 8.

All of the above facts and evidence were laid out in the Plaintiff's Opening and reply Briefs and Appendix to the Supreme Court of the State of Delaware. Additionally my Opening Brief and Exhibits to the Superior Court was also submitted but the Supreme Court has not returned the certified copies they promised to send to me and I only have one copy left in my possession. I am asking the Federal Court to order those records returned to the Plaintiff so I can inspect them to see if they were tampered with, and I can file them with the Court as certified copies.

I am offering Plaintiff's Opening brief to the Supreme Court as Plaintiff's Exhibit 9, and I am asking the Court to read it, along with Plaintiff's Exhibit 10 Appendix, to see the proof of my charge of race discrimination. Additionally I am offering Defendants Answering Brief as Plaintiff's Exhibit 11, and Plaintiff's Reply Brief as Plaintiff's Exhibit 12. Reading of these Exhibits will show the practice of Race Discrimination by the Delaware Courts.

One may ask the question can a State be suited for the actions of it's Courts? Recently it was published that a person was released from a state penitentiary after serving about 20-years for a crime he did not commit. He was cleared by DNA evidence, and was the 100th person to be cleared by DNA evidence after spending many years in prison for crimes they did not commit. The state awarded him a large sum of money for wrongful imprisonment. This was on the news on television, it was also stated that many states were suited by released prisoners for millions of dollars for wrongful imprisonment. So then the answer is yes a State can be suited for the actions of it's Courts.

The next question that might be asked is can Judges be suited for their actions and decisions? After World War 11 the German Judges were tried and convicted and imprisoned for their actions and decisions in what was known as 'The Nordberg Trials' of 1945. If the United States can try the Judges of another country why can't we try our own Judges and Courts for the same human rights violations? Some of the same methods and practices of the Delaware Courts and Judges against the African-American Plaintiff Rudolph V. Bailey, Sr., were used by the Nazi-German Courts and Judges against the Jews in Nazi-Germany. As America speaks and acts against Countries that violates the human rights of their citizens, America must act against those in our own country that violates the human and civil rights of our citizens. If the States can get away with this kind of case fixing, they can put away any innocent person they want even put them to death in criminal cases. We know of over 100 such persons in the short time DNA technology has been available to clear them. The Federal Courts must stamp out this kind of case fixing methods to prevent more innocent lives from been ruined.

| 10. | Defendant's conduct is discriminatory with respect to the following: | | |
|---|---|---|---|
| | A. | X | Plaintiff's race |
| | B. | X | Plaintiff's color |
| | C. | X | Plaintiff's sex |
| | D. | | Plaintiff's religion |
| | E. | | Plaintiff's national origin |

11.      **Plaintiff prays for the following relief:**      (Include the exact relief requested)

The Supreme Court stated that the Plaintiff's lawsuit was without merit, if that is the case why did not the Judges in the Courts below just say that and dismiss the Plaintiff's Lawsuit without for example Judge William Bradley in the Court of Common Pleas make up a story that the Plaintiff did not use a Sheriff to effect service of process, but instead attempted service of process himself by leaving a copy of the summons and complaint with a manager at the Acme Supermarket in Bear DE. And used that story to dismiss the lawsuit? When Judge Bradley quoted from the Sheriff's Return of service the Judge knew was on record because he mentioned it in his decision? Why would Judge Ableman make up a story that the Plaintiff did not file his Opening Brief with the Superior Court, and used that false story to dismiss the Plaintiff's appeal from the Court of common pleas, when the record clearly showed that the plaintiff had indeed file his Opening brief in a timely fashion with the Superior Court. If the Plaintiff's lawsuit had no merit like the Superior Court said, why did Judge Ableman Reversed her own dismissal of the Plaintiff's appeal after the Plaintiff petitioned the US Attorney General to appoint a special prosecutor to investigate the discriminatory actions of the courts in Delaware, and petitioned a Federal Judge to hear the Plaintiff's appeal. If the plaintiff's law suit had no merit as the Supreme Court stated why did Judge Ableman reversed Judge Bradley's dismissal stating that the Plaintiff did use a sheriff to effect service of process and that the entity did exist although Judge Bradley said that the Plaintiff filed suit against a non-existent entity. If the Plaintiff's lawsuit had no merit as the Supreme Court stated why did judge Ableman tampered with the Plaintiff evidence and pleadings and papers removing them from the Superior Court's case files and crossing out the Superior Court's date and time stamp and sending them back to the Plaintiff after some of the evidence and pleadings and papers were in the case file for as long as 21-days. If the Plaintiff's law suit had no merit as the Supreme Court stated why did the Superior Court tampered with the Court's records by altering the Court's Log of filings to remove any record of the Plaintiff eight filings. If the Plaintiff's Appeal to the Supreme Court had no merit as the Supreme Court stated why did the Superior Court not transmit a complete record of the Plaintiff filings and pleadings and brief and papers to the Supreme Court on the Appeal? If the Supreme Court believes that the Courts and Judges in the Courts below were justified in their rulings and decisions and actions as the Supreme Court asserts, why did the Supreme Court not answer no to the Plaintiff's eight legitimate questions? If the Supreme Court believes that their Decision is just why not certify and release the Plaintiff's records so the Federal Court can review them? As a result of all of the above the Plaintiff believes reasonable cause exist that the Court's and the and Judges in the State of Delaware acted in a discriminatory fashion towards him violating the Plaintiff's rights as defined by Title 2 of the Civil Rights act of 1964, and therefore the Plaintiff petitions the Honorable Federal Court of the district of Delaware to award the Plaintiff the relief of $30,000,000.00 USD, thirty million dollars to send a strong message to the State Courts of these United States of America that human rights violations will no longer be tolerated by our great Nation in the eyes of the whole world for the rest of the world will see this case and decide it justice has arrived at last for its poorest and weakest citizens, thank you very much for looking into this matter for all people.

I declare under penalty that the foregoing is true and correct.

August 18, 2008

PLAINTIFF'S EXHIBIT 1

## IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| RUDOLPH V. BAILEY, SR., | § |
| | § No. 322, 2007 |
| Plaintiff Below- | § |
| Appellant, | § |
| | § Court Below—Superior Court |
| v. | § of the State of Delaware |
| | § in and for New Castle County |
| ACME/ASCO/ALBERTSON'S | § C.A. No. 06C-04-129 |
| INC., | § |
| | § |
| Defendant Below- | § |
| Appellee. | § |

Submitted: February 8, 2008
Decided:    April 23, 2008

Before **BERGER**, **JACOBS** and **RIDGELY**, Justices.

### O R D E R

This 23rd day of April 2008, upon consideration of the briefs on appeal and the record below, it appears to the Court that:

(1)    The plaintiff-appellee, Rudolph V. Bailey, Sr., filed an appeal from the Superior Court's June 19, 2007 order granting the motion for summary judgment of the defendant-appellee Acme/Asco/Albertson's Inc. ("Acme"). We find no merit to the appeal. Accordingly, we affirm.

(2)    The record reflects that Bailey, acting *pro se*, filed a tort action in the Court of Common Pleas, alleging that, on or about March 10, 2004, the Acme Supermarket in Bear, Delaware, sold him contaminated apple

juice that made him ill.  The Court of Common Pleas dismissed the case on procedural grounds.  Bailey then appealed to the Superior Court, which reversed the decision below.  The case subsequently was transferred to the Superior Court.  Following an arbitration hearing, in which Acme prevailed, a scheduling order was entered.  The order set the following deadlines: March 30, 2007 for submission of plaintiff's expert report; May 1 for submission of defendant's expert report; and May 15, 2007 for completion of discovery.

(3)    On May 16, 2007, Acme filed a motion for summary judgment on the ground that Bailey had failed to produce an expert report by the deadline of March 30, 2007.  Bailey filed a response opposing the motion for summary judgment in part on the ground that Acme had failed to respond to his numerous attempts to obtain the test results on the allegedly contaminated apple juice.[1]  In his response, Bailey stated, "Without the test results  .  .  . , the Plaintiff cannot prove his case nor document his compensable damages."

(4)    On June 18, 2007, the Superior Court held a hearing on Acme's motion.  After the Superior Court judge determined that Bailey did not have a causation expert to testify on his behalf at trial, the hearing was concluded.

---

[1] It appears that a sample of the allegedly contaminated apple juice was picked up from Bailey's residence for testing on or about March 20, 2004.

2

The Superior Court did not consider several motions regarding discovery of the test results on the apple juice that Bailey had filed for presentation at the hearing.    In its June 19, 2007 order granting summary judgment, the Superior Court ruled that Bailey's failure to identify an expert was fatal to his claims and that the motions he had filed for presentation at the hearing had been rendered "moot."

(5)    In this appeal, Bailey asserts twelve separate claims, which may fairly be summarized as follows: a) the Superior Court "tampered with the record" and "fabricated false and . . . misleading evidence" in order to dismiss his lawsuit; and b) the Superior Court should not have granted summary judgment to Acme because, despite repeated efforts to do so, he was never able to obtain the test results for the apple juice.

(6)    In order to prevail in a negligence action, a plaintiff must prove by a preponderance of the evidence that the defendant's action breached a duty of care in a way that proximately caused injury to the plaintiff.[2] Moreover, the causal connection between the defendant's alleged negligent conduct and the plaintiff's alleged injury must be proven by the direct testimony of a competent medical expert.[3]

---

[2] *Rayfield v. Power*, Del. Supr., No. 434, 2003, Holland, J. (Dec. 2, 2003) (citing *Russell v. K-Mart Corp.*, 761 A.2d 1, 5 (Del. 2000)).
[3] Id. (citing *Money v. Manville Corp.*, 596 A.2d 1372, 1376-77 (Del. 1991)).

(7)    This Court reviews *de novo* the Superior Court's grant of a motion for summary judgment.[4] As such, we must determine, viewing the facts in the light most favorable to the non-moving party, whether the moving party has demonstrated that there are no material issues of fact in dispute and that it is entitled to judgment as a matter of law.[5]

(8)    There is absolutely no basis in the record for Bailey's first claim, which we attribute to his frustration with the discovery process. We, therefore, conclude that his first claim is without merit.

(9)    As for Bailey's second claim, the record reflects that Bailey made several requests to Acme for the results of the testing of the apple juice, but did not receive a response. Later, after requesting the Superior Court to compel the production of the test results, he was informed that his request was not in conformity with the Superior Court Rules. Bailey then continued to file discovery requests for the test results, but never received a response. The record reflects that Bailey intended again to request the Superior Court to compel production of the test results at the summary judgment hearing, but did not have an opportunity to do so.

(10)    Although we question whether Bailey's discovery requests were appropriately allowed by the Superior Court, it nevertheless was

---

[4] *Bryant v. Bayhealth Medical Center, Inc.*, 937 A.2d 118, 122 (Del. 2007).
[5] Id.

4

Bailey's responsibility, as the plaintiff, to arrange for whatever testing was required as the basis for his expert opinion on causation.[6] He did not do so. Moreover, Bailey may not use his inability to obtain the test results from Acme as an excuse for failing to arrange for his own testing and for failing to submit his expert opinion by the Superior Court's deadline. The Superior Court's judgment must, therefore, be affirmed.

NOW, THEREFORE, IT IS ORDERED that the Superior Court's June 19, 2007 order granting Acme's motion for summary judgment is AFFIRMED.

BY THE COURT:

/s/ Jack B. Jacobs
Justice

---

[6] Id. (citing *Reybold Group, Inc. v. Chemprobe Tech, Inc.*, 721 A.2d 1267, 1270-71 (Del. 1998)).

PLAINTIFF'S EXHIBIT 2

RUDOLPH V. BAILEY SR
9659 MANASSAS DR. APT. 301
MANASSAS VA 20111

April 26, 2008

LaToya S. Bradley
Clerk of Court
Supreme Court of Delaware
55 The Green
Dover DE 19901

RE: Rudolph Bailey v. Acme, Et al., 322, 2007 ORDER Dated April 23, 2008 By the Honorable Justices BERDER, JACOBS AND RIDGELY.

Dear Ms. Brady:

In reference to my telephone conversation with the clerk's office on Friday April 25, 2007 when I requested my originals be returned to me. I was told that they would not be returned to me and that was final. I will be filing a discrimination lawsuit in Federal Court and need the originals as evidence as to whether or not the Court broke the law and discriminated against me as I clamed in my brief to the Court. Certain original filings are necessary for me to have. When I filed my brief I enquired and was assured by the Clerk's office that the originals would be returned to me. I was also informed that at the end of the hearings the files at some point will be destroyed and disposed of. I consider the originals my personal papers loaned to the Court for the purpose of making a decision. I will be petitioning a Federal Judge to order the release of my originals as evidence in my pending lawsuit which I intend to file. This serves as my notice to the Court not to destroy those documents as some of them are evidence of wrongdoing by the Court below and destroying them would be destruction of evidence needed in a pending action to determine weather or not the law was broken. Thank you kindly for your attention to this matter.

Very truly yours

Rudolph V. Bailey Sr.

Cc Kelly A. Costello

PLAINTIFF'S EXHIBIT 3

## SUPREME COURT OF DELAWARE

CATHY L. HOWARD
*Clerk*

AUDREY F. BACINO
*Assistant Clerk*
LISA A. SEMANS
*Chief Deputy Clerk*
LaTOYA S. BRADY
*Senior Court Clerk*
DEBRA J. ZATLOKOVICZ
*Senior Court Clerk*

SUPREME COURT BUILDING
55 THE GREEN
DOVER DE 19901

P.O. BOX 476
DOVER DE 19903

(302) 739-4155
(302) 739-4156
(302) 739-8091

April 30, 2008

Mr. Rudolph V. Bailey, Sr.
9659 Manassas Drive, Apt. 301
Manassas, VA  20111

     RE:  *Rudolph Bailey v. Acme*, No. 322, 2007

Dear Mr. Bailey:

     The Court is in receipt of your letter dated April 26, 2008, regarding your request for the return of your originals filed in the above captioned matter. As I previously informed you by phone, the originals are not returned to litigants and are considered part of the record on appeal. This office returned several copies of your documents to you. If you would like your copies certified as true and correct, this office will be more than happy to do that for you. Please return your copies to this office with a letter request for certification. Furthermore, files are held for 5-7 years in this office before they are prepared for Archives and at that time they are transferred to that office for microfilming and/or storage. I hope this letter has answered your questions and addressed your concerns.

               Very truly yours,

               /s/  Cathy L. Howard

Cc:   Kelly A. Costello, Esquire

PLAINTIFF'S EXHIBIT 4

RUDOLPH V. BAILEY, SR.
9659 MANASSAS DR. APT. 301
MANASSAS VA 20111
703-369-5071

May 26, 2008

SUPREME COURT OF DELAWARE
Cathy L. Howard Clerk
55 The Green
Dover DE 19903

RE:   *Rudolph Bailey v. Acme, No. 322, 2007*

DEAR Ms. Howard:

In reference to your attached April 30, 2008, letter please certify the copies of my filings I am returning to the Court as per your instructions. Please return them to my home address and not to my P.O. Box as they were there a long time before I realized, since I previously requested the Court not to send any further correspondence to my P.O. Box. Thank you very kindly for your attention to this matter.

Very truly yours,

Rudolph V. Bailey Sr.

Cc:   Kelly A. Costello, Esq.

PLAINTIFF'S EXHIBIT 5



## IN THE SUPREME COURT OF THE STATE OF DELAWARE

| RUDOLPH V. BAILEY, SR. | § | No. 322, 2007 |
|---|---|---|
| | § | |
| v. | § | Superior Court |
| | § | |
| ACME/ASCO/ALBERTSON'S | § | New Castle County |
| INC. | § | |
| | § | C.A. No. 06C-04-129 |

The following docket entry has been efiled in the above cause.

May 12, 2008.     Record (conventionally returned) and mandate to
                  Clerk of Court Below. **Case Closed**.

cc:  The Honorable Peggy L. Ableman
     Mr. Rudolph V. Bailey, Sr.
     Kelly A. Costello, Esquire

                              Prothonotary
                              Received Above

                              By _____

                              Date _____

Date: May 12, 2008

                              /s/ Audrey F. Bacino
                              Assistant Clerk of Supreme Court

# *M A N D A T E*

### THE SUPREME COURT OF THE STATE OF DELAWARE

TO:  Superior Court of the State of Delaware in and for New Castle County:

**GREETINGS:**

**WHEREAS**, in the case of:

### *Rudolph V. Bailey, Sr. v. Acme/Asco/Albertson's Inc.*

C.A. No. 06C-04-129

a certain judgment or order was entered on the 19th day of June 2007, to which reference is hereby made; and **WHEREAS**, by appropriate proceedings the judgment or order was duly appealed to this Court, and after consideration has been finally determined, as appears from the Order dated **April 23, 2008**, a certified copy of which is attached hereto;

### ON CONSIDERATION WHEREOF IT IS ORDERED AND ADJUDGED

that the order or judgment be and is hereby affirmed.

/s/ Audrey F. Bacino
Assistant Clerk of the Supreme Court

Issued:  May 12, 2008

Supreme Court No. 322, 2007



EFiled: Apr 23 2008    11P4
Filing ID 19613552
Case Number 322 2007

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| RUDOLPH V. BAILEY, SR., | § |
| | § No. 322, 2007 |
| Plaintiff Below- | § |
| Appellant, | § |
| | § Court Below—Superior Court |
| v. | § of the State of Delaware |
| | § in and for New Castle County |
| ACME/ASCO/ALBERTSON'S | § C.A. No. 06C-04-129 |
| INC., | § |
| | § |
| Defendant Below- | § |
| Appellee. | § |

Submitted: February 8, 2008
Decided:   April 23, 2008

Before **BERGER**, **JACOBS** and **RIDGELY**, Justices.

### O R D E R

This 23rd day of April 2008, upon consideration of the briefs on appeal

and the record below, it appears to the Court that:

(1)    The plaintiff-appellee, Rudolph V. Bailey, Sr., filed an appeal

from the Superior Court's June 19, 2007 order granting the motion for

summary judgment of the defendant-appellee Acme/Asco/Albertson's Inc.

("Acme"). We find no merit to the appeal. Accordingly, we affirm.

(2)    The record reflects that Bailey, acting *pro se*, filed a tort action

in the Court of Common Pleas, alleging that, on or about March 10, 2004,

the Acme Supermarket in Bear, Delaware, sold him contaminated apple

juice that made him ill. The Court of Common Pleas dismissed the case on procedural grounds. Bailey then appealed to the Superior Court, which reversed the decision below. The case subsequently was transferred to the Superior Court. Following an arbitration hearing, in which Acme prevailed, a scheduling order was entered. The order set the following deadlines: March 30, 2007 for submission of plaintiff's expert report; May 1 for submission of defendant's expert report; and May 15, 2007 for completion of discovery.

(3)    On May 16, 2007, Acme filed a motion for summary judgment on the ground that Bailey had failed to produce an expert report by the deadline of March 30, 2007. Bailey filed a response opposing the motion for summary judgment in part on the ground that Acme had failed to respond to his numerous attempts to obtain the test results on the allegedly contaminated apple juice.[1]  In his response, Bailey stated, "Without the test results . . . , the Plaintiff cannot prove his case nor document his compensable damages."

(4)    On June 18, 2007, the Superior Court held a hearing on Acme's motion. After the Superior Court judge determined that Bailey did not have a causation expert to testify on his behalf at trial, the hearing was concluded.

---

[1] It appears that a sample of the allegedly contaminated apple juice was picked up from Bailey's residence for testing on or about March 20, 2004.

2

The Superior Court did not consider several motions regarding discovery of the test results on the apple juice that Bailey had filed for presentation at the hearing. In its June 19, 2007 order granting summary judgment, the Superior Court ruled that Bailey's failure to identify an expert was fatal to his claims and that the motions he had filed for presentation at the hearing had been rendered "moot."

(5)    In this appeal, Bailey asserts twelve separate claims, which may fairly be summarized as follows: a) the Superior Court "tampered with the record" and "fabricated false and . . . misleading evidence" in order to dismiss his lawsuit; and b) the Superior Court should not have granted summary judgment to Acme because, despite repeated efforts to do so, he was never able to obtain the test results for the apple juice.

(6)    In order to prevail in a negligence action, a plaintiff must prove by a preponderance of the evidence that the defendant's action breached a duty of care in a way that proximately caused injury to the plaintiff.[2] Moreover, the causal connection between the defendant's alleged negligent conduct and the plaintiff's alleged injury must be proven by the direct testimony of a competent medical expert.[3]

---

[2] *Rayfield v. Power*, Del. Supr., No. 434, 2003, Holland, J. (Dec. 2, 2003) (citing *Russell v. K-Mart Corp.*, 761 A.2d 1, 5 (Del. 2000)).
[3] Id. (citing *Money v. Manville Corp.*, 596 A.2d 1372, 1376-77 (Del. 1991)).

(7)     This Court reviews *de novo* the Superior Court's grant of a motion for summary judgment.[4] As such, we must determine, viewing the facts in the light most favorable to the non-moving party, whether the moving party has demonstrated that there are no material issues of fact in dispute and that it is entitled to judgment as a matter of law.[5]

(8)     There is absolutely no basis in the record for Bailey's first claim, which we attribute to his frustration with the discovery process. We, therefore, conclude that his first claim is without merit.

(9)     As for Bailey's second claim, the record reflects that Bailey made several requests to Acme for the results of the testing of the apple juice, but did not receive a response. Later, after requesting the Superior Court to compel the production of the test results, he was informed that his request was not in conformity with the Superior Court Rules. Bailey then continued to file discovery requests for the test results, but never received a response. The record reflects that Bailey intended again to request the Superior Court to compel production of the test results at the summary judgment hearing, but did not have an opportunity to do so.

(10)    Although we question whether Bailey's discovery requests were appropriately allowed by the Superior Court, it nevertheless was

---

[4] *Bryant v. Bayhealth Medical Center, Inc.*, 937 A.2d 118, 122 (Del. 2007).
[5] Id.

4

Bailey's responsibility, as the plaintiff, to arrange for whatever testing was required as the basis for his expert opinion on causation.[6] He did not do so. Moreover, Bailey may not use his inability to obtain the test results from Acme as an excuse for failing to arrange for his own testing and for failing to submit his expert opinion by the Superior Court's deadline. The Superior Court's judgment must, therefore, be affirmed.

NOW, THEREFORE, IT IS ORDERED that the Superior Court's June 19, 2007 order granting Acme's motion for summary judgment is AFFIRMED.

BY THE COURT:

/s/ Jack B. Jacobs
Justice

---

[6] Id. (citing *Reybold Group, Inc. v. Chemprobe Tech, Inc.*, 721 A.2d 1267, 1270-71 (Del. 1998)).

**STATE OF DELAWARE**     }
                          } ss.
**KENT COUNTY**           }

I, Audrey F. Bacino, Assistant Clerk of the Supreme Court of the State of Delaware, do hereby certify that the foregoing is a true and correct copy of the Order dated April 23, 2008, in ***Rudolph V. Bailey, Sr. v. Acme/Asco/Albertson's Inc.,*** No. 322, 2007, as it remains on file and of record in said Court.

### IN TESTIMONY WHEREOF,

I have hereunto set my hand and affixed the seal of said Court at Dover this 12th day of May A.D. 2008.

/s/ Audrey F. Bacino
Assistant Clerk of Supreme Court

PLAINTIFF'S EXHIBIT 6

RUDOLPH V. BAILEY, SR.
9659 MANASSAS DR. APT. 301
MANASSAS VA 20111
703-369-5071 OR 302-562-5613

June 9, 2008

SUPREME COURT OF DELAWARE
Cathy L. Howard Clerk
55 The Green
Dover DE 19903

RE:  Rudolph Bailey v. Acme, No.  322, 2007

Dear Ms. Howard:

On May 27, 2008 I returned the copies I received from the Court to be certified by the Court as per your instructions in the attached April 30, 2008, letter. Please see the attached U.S. Postal Service Delivery Confirmation Receipt. The USPS confirms that the package identified by the USPS tracking number (0307 0020 0002 5082 6416) was delivered to the Supreme Court on May 29, 2008 at approximately 10:20-AM.  As of the date of this letter I have not received the certified copies from the Court. If they have not yet been certified and returned to me as promised, please be kind enough to inform me as to when I can expect them back. As I explained in my attached April 26, 2008 letter I will be filing a separate lawsuit for race discrimination because of the manner in which the case was judicated, therefore I need the certified copies to file in Federal District Court. Thank you very kindly for looking into this matter.

Very truly yours

Rudolph V. Bailey Sr.

Cc:  Kelly A. Costello, Esq.



**U.S. Postal Service™ Delivery Confirmation™ Receipt**

Postage and Delivery Confirmation fees must be paid before mailing.
Article Sent To: (to be completed by mailer)

*DELIVERY CONFIRMATION NUMBER:* 0307 0020 0002 5082 6416

*(Please Print Clearly)*

Postmark
Here

**POSTAL CUSTOMER:**
Keep this receipt. For inquiries:
Access internet web site at
www.usps.com ®
or call 1-800-222-1811

**CHECK ONE (POSTAL USE ONLY)**
☑ **Priority Mail™ Service**
☐ **First-Class Mail® parcel**
☐ **Package Services parcel**
(See Reverse)

PS Form 152, May 2002

`        `        PLAINTIFF'S EXHIBIT 7

Click to Print                                                    Printed on: Thursday, June 12, 2008 11:45:31 EDT

## Case History Search
Search Created:
Thursday, June 12, 2008 11:45:31 EDT

| Court: | DE Supreme Court | Judge: | | Delaware, Supreme Court | File & Serve Live Date: | 6/29/2007 |
|--------|------------------|--------|--|-------------------------|-------------------------|-----------|
| **Division:** | | **Case Number:** | 322,2007 | | **Document(s) Filed:** | 47 |
| **Case Type:** | Appeal - Superior | **Case Name:** | Bailey, Rudolph V Sr vs Acme et al | | **Date Range:** | All |

1-35 of 35 transactions                    Page 1 of 1

| Transaction | ▽Date/Time | Option | Case Number Case Name | Authorizer Organization | # Document Type | Document Title | Size |
|-------------|-----------|--------|----------------------|------------------------|-----------------|----------------|------|
| 20215828 | 6/12/2008 11:42 AM EDT | File And Serve | 322,2007 Bailey, Rudolph V Sr vs Acme et al | Supreme Court Delaware, DE Supreme Court | 43 Letter | Letter dated 6-9-08 from Mr. Bailey to Clerk, regarding status of certified copies. (docket sheet sent) (clh) | 0.2MB |
| 20018458 | 5/29/2008 11:19 AM EDT | File And Serve | 322,2007 Bailey, Rudolph V Sr vs Acme et al | Supreme Court Delaware, DE Supreme Court | 42 Letter | Letter dated 5-26-08 from appellant to Clerk, requesting certified copies. (sent) (lsb) | 0.1MB |
| 19939545 | 5/22/2008 10:28 AM EDT | File And Serve | 322,2007 Bailey, Rudolph V Sr vs Acme et al | Supreme Court Delaware, DE Supreme Court | 41 Receipt of Record & Mandate | Prothonotary's receipt of record and mandate on 5-20-08. (clh) | 0.1MB |
| 19788492 | 5/12/2008 2:38 PM EDT | File And Serve | 322,2007 Bailey, Rudolph V Sr vs Acme et al | Supreme Court 1, DE Supreme Court | 40 Record & Mandate to Court Below, Case Closed | Record (conventionally returned) and mandate to clerk of court below. Case closed. (afb) | 0.2MB |
| 19787432 | 4/30/2008 5:00 PM EDT | File And Serve | 322,2007 Bailey, Rudolph V Sr vs Acme et al | Supreme Court 24, DE Supreme Court | 39 Letter from Clerk | Letter dated 4-30-08 from Clerk to appellant, advising him that his copies can be certified. (clh) | 0.1MB |
| 19627224 | 4/30/2008 11:30 AM EDT | File And Serve | 322,2007 Bailey, Rudolph V Sr vs Acme et al | Supreme Court Delaware, DE Supreme Court | 38 Letter | Letter dated 4-26-08 from Mr. Bailey to Senior Court Clerk, regarding his request for return of originals. (served by mail)(clh) | 0.1MB |
| 19533552 | 4/23/2008 1:21 PM EDT | File And Serve | 322,2007 Bailey, Rudolph V Sr vs Acme et al | Jack B Jacobs, DE Supreme Court | 37 Order - Final | Order dated 4-23-08 by Jacobs, J., AFFIRMED. (CB, JBJ, HDR) (djb) | 0.1MB |
| 18369562 | 1/30/2008 4:22 PM EST | File And Serve | 322,2007 Bailey, Rudolph V Sr vs Acme et al | Supreme Court Delaware, DE Supreme Court | 36 Notice of On Brief | Notice dated 1-30-08 from Clerk to parties, the matter will be submitted for decision on briefs as of 2-8-08. (475)(clh) | 0.1MB |
| 17690006 | 12/17/2007 3:51 PM EST | File And Serve | 322,2007 Bailey, Rudolph V Sr vs Acme et al | Supreme Court 11, DE Supreme Court | 35 Letter | Letter dated 12-14-07 from appellant to clerk regarding signature pages to the brief and requesting that all correspondence be sent to him at 9659 Manassas Dr., Apt. 301, Manassas VA 20111 (afb). | 0.3MB |
| 17652573 | 12/13/2007 3:06 PM EST | File And Serve | 322,2007 Bailey, Rudolph V Sr vs Acme et al | Supreme Court Delaware, DE Supreme Court | 34 Letter | Letter dated 12-13-07 from appellant to Clerk, enclosing signature page to reply brief. (lsb) | 0.1MB |

PLAINTIFF'S EXHIBIT 8

**RUDOLPH V. BAILEY, SR.**
**9659 MANASSAS DR. APT 301**
**MANASSAS VA 20111**

**August 11, 2008**

**Delaware Secretary of State**
**401 Federal Street, Suite 3**
**Dover DE 19901**

**Mr. Secretary of State for the State of Delaware:**

**This letter is to inform you of my intention to file a lawsuit in Federal Court for race discrimination against me, during a lawsuit I filed in the Court of Common Pleas against Acme/Asco/Albertsons Inc., CA No. 2004-12-259, the case was appealed to the Superior Court and to the Supreme Court of Delaware. The suit will be against The State of Delaware and its Civil Courts, and Judges. During the litigation I experience race discrimination from the Judges including fabrication of false evidence, case fixing, evidence tampering by purging the case file and removing pertinent evidence I properly and timely filed, and record tampering to remove any record of my filings with the Superior Court, including my pleadings and papers. Furthermore the Supreme Court is involved in a cover-up of these actions, and suppression of evidence I need to prove my case. These are some of the methods used to discriminate against me an African-American US citizen by the white Judges I went before, this was done to favor the white defendant's Counsels I faced. I will be seeking damages under the rules of the Federal Civil Rights Act of 1964, Title 11. I will be seeking remedy in the sum of $30,000,000.00 from the State.**

Very truly yours

**Rudolph V. Bailey, Sr.**

**Cc Kelly A. Costello**

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent / ☐ Addressee<br>B. Received by ( *Printed Name* ) C. Date of Delivery<br>Grossmann 8-13-08<br>D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| 1. Article Addressed to:<br>DELAWARE Secretary of STATE<br>401 FEDERAL ST. Suite 3<br>DOVER DE 19901 | |
| | 3. Service Type<br>☐ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*) ☐ Yes |
| 2. Article Number<br>(*Transfer from service label*) | 7008 0500 0000 3314 7266 |
| PS Form 3811, February 2004 | Domestic Return Receipt  102595-02-M-1540 |

EX 7

3 4 i

# COVER

IN THE SUPREME COURT FOR THE STATE OF DELAWARE

PLAINTIFF   Below      RUDOLPH V. BAILEY'S OPENING APPEAL BRIEF
Appellant

FOR HIS APPEAL AGAINST THE JUNE 19, 2007 DECISION
BY THE HONORABLE PEGGY L. ABLEMAN

RENDERED IN FAVOR OF DEFENDANT   Below
Appelle

ACME/ASCO/ALBERTSON'S INC.,

SUPERIOR COURT CASE No. : 06C-04-129 PLA

SUPREME COURT CASE No. 322, 2007.



FILED

AUG 2 5 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE SUPREME COURT OF THE STATE OF DELAWARE

Rudolph V. Bailey, Sr.,

Plaintiff,    Below,
Appellant,

No. 322, 2007

v.

Acme/Asco/Albertson's Inc.,

Defendant    Below,
Appelle.

## NOTICE OF: APPELLANT'S OPENING BRIEF.

TO: THE SUPREME COURT FOR THE STATE OF DELAWARE    55 THE GREEN
                                                    DOVER DE 19903

TO: KELLY A. COSTELLO DEFENDANT'S COUNSEL    131 CONTINENTAL DR.
                                             SUITE 407
                                             NEWARK DE 19713

Please take notice that the attached Brief and Exhibits and Appendix will be

filed with the Court Above no later than October 26, 2007 as the Court

ordered.

Rudolph V. Bailey, Sr.,
9659 Manassas DR. Apt. 301
Manassas VA 20111
(703) 369-5071 or (302) 562-5613

Dated _Oct 19, 2007_

## IN THE SUPREME COURT OF THE STATE OF DELAWARE

Rudolph V. Bailey, Sr.,

Plaintiff    Below,
Appellant,

No. 322, 2007.

v.

Acme/Asco/Albertson's Inc.,

Defendant    Below,
Appelle.

## CERTIFICATION OF SERVICE

I Rudolph V. Bailey, Sr., do hereby certify that (1) original and (8) copies of

the attached Brief with Exhibits and Appendix including notice of Brief was

hand delivered to the Supreme Court, and (2) copies of the same were hand

delivered to Kelly A. Costello Esq., Defendant's counsel at the address stated

in the notice of Brief.

Dated__OCTOBER 19, 2007

Rudolph V. Bailey, Sr.,
9659 Manassas Dr., Apt., 301
Manassas VA 20111
(703) 369-5071 or (302) 562-5613

COUNTY OF: PRINCE WILLIAM
COMMONWEALTH OF: VIRGINIA

GIVEN UNDER MY HAND THIS 19TH DAY OF OCTOBER, 2007.

NOTARY PUBLIC

MY COMMISSION EXPIRES: AUGUST 31, 2010.



TABLE OF CONTENTS BRIEF AND APPENDIX

| BRIEF SECTION TITLE | | BRIEF PAGE NUMBERS |
|---|---|---|
| CAPTION AND OBJECTIVE | | 1 |
| OPENING STATEMENT | | 2-5 |
| FACTS | | 6-9 |
| SPECIFICATION OF ISSUES AS QUESTIONS | | 10-34 |
| CLOSING STATEMENT | | 35 |
| EXHIBITS # | DESCRIPTION | LOCATION |
| 1 | COMPLAINT | APPENDIX |
| 2 | 4/12/2005 DECISION BY JUDGE BRADLEY | APPENDIX |
| 3 | PLAINTIFF'S SUPPORTING BRIEF FOR MOTIONS | APPENDIX |
| 4 | PLAINTIFF'S CITATION ON APPEAL FROM C.C.P. | APPENDIX |
| 5 | PLAINTIFF'S MOTION UNDER RULE 15(b) | APPENDIX |
| 6 | CIVIL CASE MANAGEMENT PLAN SUP. COURT | APPENDIX |
| 7 | SUPERIOR COURT CASE RECORD FILING LOG | APPENDIX |
| 8 | PLAINTIFF'S MOTION TO COMPEL WITNESS | APPENDIX |
| 9 | PLAINTIFF'S MOTION PRODUCTION OF RECORDS | APPENDIX |
| 10 | PLAINTIFF'S MOTION TO DISMISS DEF.'S MOTION | APPENDIX |
| 11 | PLAINTIFF'S MOTION FOR ARTICULATION | APPENDIX |
| 12 | Plaintiff's letter to Ms. Costello-medical records | APPENDIX |
| 13 | PLAINTIFF'S LETTER TO JUSTINE DONAHUE | APPENDIX |
| 14 | Plaintiff's letter to Justine-date of conference | APPENDIX |
| 15 | Court's envelope Plaintiff's filings returned in | APPENDIX |

TABLE OF CONTENTS CONTINUED

| EXHIBITS # | DESCRIPTION | LOCATION |
|---|---|---|
| 16 | Plaintiff's letter to Ms. Howard-record incomplt. | APPENDIX |
| 17 | PLAINTIFF'S MOTION PRODUCTION OF RECORDS | APPENDIX |
| 18 | Plaintiff's letter to Ms. Donahue-filings returned | APPENDIX |
| 18A | Confirmation Court received Exhibit 18,-5/17/07 | APPENDIX |
| 19 | Plaintiff's 1st Affidavit opposing summary judgmt. | APPENDIX |
| 20 | JUNE 19, 2007 DECISION BY JUDGE ABLEMAN | BACK OF BRIEF |
| 21 | 6/18/ 2007 MOTION CONFERENCR TRANSCRIPT | BACK OF BRIEF |
| 22 | TRIAL SCHEDULING ORDER | APPENDIX |
| 23 | 12/7/06 MOTION CONFERENCE TRANSCRIPT | BACK OF BRIEF |
| 24 | PROFESSIONAL REPORT FROM DR. CERNY | APPENDIX |
| 25 | PROFESSIONAL REPORT FROM MEDICAL CENTER | APPENDIX |
| 26 | Defendant's motion for Summary Judgment/ | APPENDIX |
| 27 | Plaintiff's 2nd affidavit opposing summary jgmt. | APPENDIX |

2-COPIES OF PLAINTIFF'S APPEAL BRIEF FROM JUDGE BRADLEY'S 4/12/05

DECISION FORM THE COURT OF COMMON PLEAS ARE OFFERED TO THE

SUPREME COURT AS PLAINTIFF'S EXTERNAL ADDENDUM EXHIBIT FROM

C.A. No. : 05A-04-006 PLA OMITTED FROM COURT LOG OF RECORDS

TRANSMITTED TO THE SUPREME COURT. THE DEFENDANT ALREADY HAS

2- COPIES SENT TO THEM BY THE PLAINTIFF.

1

IN THE SUPREME COURT OF THE STATE OF DELAWARE

<u>Rudolph V. Bailey, Sr.</u>,

   <u>Plaintiff</u>   **Below**,
   **Appellant**,

No.  <u>322</u>, <u>2007</u>

v.

<u>Acme/Asco/Albertson's Inc.</u>,

   <u>Defendant</u>,   **Below**,
   **Appellee**

## <u>PLAINTIFF/APPELLANT'S OPENING BRIEF</u>

**<u>OBJECTIVE</u>**

      **To explain to the Honorable Supreme Court of the State of Delaware the Reasons for Plaintiff/Appellant Rudolph V. Bailey, Sr.'s Appeal against the June 19, 2007 Decision of the Honorable Peggy L. Ableman, in response to Defendant Acme/Asco/Albertson's Inc.'s Motion for Summary Judgment/Motion to Dismiss/with a demand for a Jury of twelve presented to the Court on June 18, 2007; but no Jury was present at the hearing.**

## OPENING STATEMENT

I will be raising 12-issues as questions on the appeal to which I am seeking a reversal. I will ask the honorable Supreme Court to review the evidence I will present from the record along with the Rules of the Court, and answer yes, or no to the twelve questions I will ask the Honorable Justices to address. A single yes to any one of these questions is enough according to the Rules of the Court to justify a reversal in favor of the Plaintiff, Rudolph V. Bailey, Sr. I will show a consistent pattern by the Courts Below of taking sides with the Defendant against the Plaintiff, with fabricated evidence, and by tampering with the evidence in favor of the plaintiff, and by suppressing evidence in favor of the Plaintiff, in an attempt to fix the outcome of the case in favor of the Defendant. I will point out attempts by the Court Below, to cover up its actions by altering the records. Since these are very serious charges I will give exhibits as evidence during my explanation of the facts. These have led the plaintiff to make the charge of race discrimination by the Courts Below, against the Plaintiff Rudolph V. Bailey, Sr., an African/American male. I will point out references to what the Plaintiff believes shows collaboration between the Defendant and the Courts Below. The issues are as following:

(1)    Did the Court Below err in presenting an incomplete record to the Honorable Supreme Court and certifying to the Court above that the record is complete when the Court Below knew that the record was incomplete?

(2)    Did the Court Below err when it tampered with the record by removing from the Court's record of filings, the filing dates of motions pleadings and papers, filed by the Plaintiff that was stamped with the Court's stamp and was received in the Court's file, some for as long as 21-days, after which they were removed form the Court's file and the Court's date and time stamp was crossed out and the documents were returned to the Plaintiff with no proper explanation or documentation.

3

(3)     Did the Court Below err by suppressing evidence in favor of the Plaintiff by removing documents from the Court's file which the plaintiff needed to prove his case, since the burden of proof is on the Plaintiff?

(4)     Did the Court Below err when it refused to hear the plaintiff's motions because the plaintiff requested they be heard along with the Defendant's motion to dismiss, the Court seem to indicate that the motions did not have a date for a hearing; However the same Judge heard and granted a previous case dispositive motion to dismiss the Plaintiff's appeal from the Court of common Pleas, filed by the Defendant, without a date for a hearing and without a hearing.?

(5)     Did the Court Below err when it refused to give the Plaintiff a date to hear his motions, since the Defendant's counsel was able to get a date to hear her motions, but the Plaintiff could not?

(6)     Did the Court Below err on 12/7/2006, when the Court denied the Plaintiff's motion for discovery to get written test results of the sample of the apple juice that made the Plaintiff sick to the point of death, and information about other persons who suffered other food poisoning. Judge Peggy Ableman said on 12/7/2006 that the Plaintiff was not entitled to the information since it was not a criminal case; however the same Judge later said on 6/18/2007, that the Plaintiff was entitled to the information, in contradiction to the Judge's own 12/7/2006 statement. The said motion was filed again with the Court Below on April 20, 2007 and was sent back, and again it was presented to the Court on 6/18/2007 but again it was not heard, only the Defendant's motion was heard? The Court also said that the Plaintiff must first prove his case before he is entitled to get discovery from the Defendant, although the Rules provide for a litigant to get discovery in order to prove there case. Judge Ableman interprets the law backwards.

(7)     Did the Court Below err when it refused to hear the Plaintiff's motion to compel hostile professional witness filed with the Court below on April 20, 2007, which would have given the Plaintiff a Professional witness as the Court Below ordered? The said motion was sent back, and

was re-noticed on 6/18/2007 and was still not heard by the Court, only the Defendant's motion was heard?

(8)     Did the Court Below err when the Court heard the Defendant's improper motion for summary judgment/motion to dismiss without hearing the Plaintiff's arguments supporting his affidavits opposing summary judgment since a summary judgment pronounced during the course of an action is not usually used to bring final conclusion to a said action, while a motion to dismiss does? Furthermore the Defendant filed an improper motion to dismiss the Plaintiff's lawsuit and the Plaintiff filed a response in the form a Plaintiff's motion to dismiss Defendant's motion to dismiss, the Plaintiff's motion was returned by the Court Below. Since the Rules states that the moving party cannot reply to the opposing party's response, the Defendant's motion for summary judgment/motion to dismiss is a reply and should not have been heard by the Court. In addition the Defendant demanded a jury trial to decide the motion and this did not happen?

(9)     Did the Court Below err when the Court said that the medical records presented by the plaintiff were insufficient for the plaintiff to get a Jury trial?

(10)    Did the Court Below err when the Court refused to hear the Plaintiff's motions for production of records and motion for articulation?

(11)    In previous attempts to dismiss the plaintiff's lawsuit both the Court of Common Pleas and the Superior Court had fabricated false and untrue and misleading evidence, and used the said false untrue and misleading evidence as a basis to dismiss the Plaintiff's lawsuit; However both dismissals was reversed, but they established a pattern of discrimination that exist in the State Court systems against African American males, which led the Plaintiff to make a charge of race discrimination by the Courts Below in his brief in the Court Below which was received into the Court's file and stamped with the Court's stamp May 3, 2007, and was later returned. The foregoing along with the upcoming facts has established a pattern of intentional wrong doing by both Courts Below which lead the Plaintiff to assert that the Courts Below has discriminated against him, and that the Superior Court retaliated against the Plaintiff for his claims of race

5

discrimination by the Courts, leading to the court's refusal to hear the plaintiff's motions and pleadings. Did the Court's discriminatory actions give the Defendant Acme/Asco/Albertson's Inc., an unfair advantage in wining the lawsuit?

(12) Was the June 19, 2007 decision by Judge Ableman a rush to judgment which relied on preconceived decisions which did not take into account the real evidence on the record? The Plaintiff will be asking the Justices to reverse the Superior Court's June 19, 2007 decision by Judge Peggy Ableman, and to grant the Plaintiff Rudolph V. Bailey Sr., the $25, 000.00 sought in his original Complaint in the Court of Common Pleas Civil Action # 2004-12-359 filed 12/16/2004, in which he should have been awarded a default Judgment, and because of the Courts and the Defendant's failed to follow the Rules of the Court by not giving the Plaintiff necessary discovery documents he needed to prove his case, and because the Court in collaberation with the Defendant has fixed the outcome of the case in favor of the Defendant with fabricated evidence, tampering with evidence, and with the purging of the case file, and failing to rule on the Plaintiff's proper motions while granting the Defendant's improper motions. Furthermore the Lower Court's Decision was a rush to judgment based on the preconceived assumptions of the trial Judge, and not on the facts of the case, and because the case was decided on only a portion of the record favorable to the Defendant, and not on the full record, and evidence filed in the case by the Plaintiff. A total of 10 filings by the Plaintiff were intentionally omitted from the Court's record. (8) Eight filings were taken out of the Court's files, and sent back to the Plaintiff, after they were received into Court's files some for as long as 21-days. 1 letter dated May 14, 2007, was received by the Court but was not entered into the court's files or logs. Additionally the Plaintiff's opening brief from his appeal from the Court of Common Pleas is still not entered into the Court's logs, and will be offered with this brief as an external addendum Exhibit from CA No. 05A-04-006 PLA. The Plaintiff will also be seeking the full and complete written test results from the sample of apple juice that made the Plaintiff sick.

6

## FACTS

On December 16, 2004 the Plaintiff Rudolph V. Bailey, Sr., filed a lawsuit in the Court of
Common Pleas against Acme/Asco/Albertson's Inc. The lawsuit sought damages of $25,000.00
as a result of a food poisoning episode of March 10, 2004. In the Complaint marked Exhibit 1, the
Plaintiff explained that after consuming the apple juice he purchased from his neighborhood
ACME Supermarket, in Bear DE, he started to feel ill with stomach pain, cramps, and diarrhea.
Two days later he poured some juice into a glass and began to drink it when he felt something in
his mouth. The Plaintiff further explained that after spitting it out of his mouth, he looked into the
glass of juice and saw what looked like a clump of paper towel. The Plaintiff further explained in
paragraph 4, that he called his Primary Care Physician the same day, and explained what had
happened and his condition. The Plaintiff said he was told to stay on clear fluids until the problem
went away, which it did. In paragraph 5, the Plaintiff continued to explain that since he was on
pain medication that caused constipation, he was taking stool softeners and laxatives each day.
The Plaintiff continued to explain that since he was having stomach cramps and diarrhea he
stopped taking the stool softeners and laxatives, which led to a more serious problem, because
there came a point when he could no longer pass his stool for several days. What started as
diarrhea turned into constipation. The Plaintiff further explained that his stomach was swollen
and he was at the point of death, when he called 911 and requested an ambulance to take him to
the hospital on 4/12/2004. The Plaintiff further explained that the ambulance responded and he
was told that the wait time at the hospital was unusually long, and it would be better for him to
drive himself to a nearby medical aid unit which he did, and got help with the problem, and felt
better after taking the prescribed medicines he received from the doctor. In paragraph 6, the
Plaintiff explained that a sample from the box of apple juice that made him sick was sent to the
Florida Growers for testing. The Court of Common Pleas dismissed the Plaintiff's lawsuit on
4/12/2005. The reasons given by Judge William Bradley in the April 12, 2005 decision was that
the Plaintiff effected service of process personally, and did not use a sheriff or Court appointed

server, and that the Plaintiff filed suit against a non existent entity. Both reasons were untrue. First judge Bradley made mention of the sheriff's return of service on page 2, paragraph 2, line 6, of the Court's Decision Exhibit 2, which reads as following "According to the Sheriff's return, service of process was made with "copy left with Craig Yost, store manager, at Fox Run Shopping Center Route 40 and 72, Corner of Bear, Delaware on 1/13/05." Secondly on page 5, second paragraph Judge Bradley states as follows "The record reflects Plaintiff filed suit against Acme/Asco/Albertson's, a non-existent entity. Instead of accomplishing service of process by a sheriff or through a special process server, plaintiff attempted to serve process personally by leaving a copy of process with a store manager at the Acme Supermarket located in Bear, Delaware." This after the Judge mentioned the sheriff's return of service he knew was on record, and quoted from it with quotation marks, exactly as in the Sheriff's Return of Service. This was no mere oversight for Judge Bradley continued to expound further in paragraph 4 line 2, "The Sheriff's return is *prima facie* proof of proper service" and after certain references the Judge continues "However, Plaintiff did not serve process by sheriff in this instance." My purpose is to point out a series of intentional fabrication of evidence by both Court against the Plaintiff. The Plaintiff made the same points in his supporting brief during the hearings in the Superior Court before Judge Ableman Exhibit 3. The brief was among the motions pleadings and papers which were tampered with by the Superior Court, by taking them out of the Court's records, after they were received and stamped with the Superior Court's stamp, and by crossing out the Court's stamp, and sending them back to the Plaintiff, some documents were in the Superior Court's records for as long as 21-days. On April 22, 2005 the Plaintiff filed an appeal against Judge Bradley's April 12, 2005 Decision, (Exhibit 4). Defendant filed a motion to dismiss the Plaintiff's appeal (Exhibit E, attached to Exhibit 3), please take notice that there is no date referenced for a hearing on Defendant's motion. However on July 27, 2005 Judge Peggy Ableman granted Defendant's motion and dismissed the Plaintiff's appeal without the affording the Plaintiff a hearing in violation of the Court's Rule in relation to case dispositive motions(Exhibit F, attached

8

to Exhibit 3). Judge Ableman used this same Rule to justify sending the Plaintiff's motions back as I will describe in more details later on. Understanding these two dismissals and why they were reversed is important in understanding the collaboration between the Courts Below and the Defendant, and why the present dismissal and collaboration should also be reversed by the Supreme Court. I draw your attention to Exhibit 3, and in particular to page 2, please notice that my opening statement reflects the points I have been making. On page 3, the last 4 lines from the bottom reads as follows: "I draw your attention to Exhibit C1, page 7 of the 3/11/05 transcript, and hearing before the honorable William C, Bradley, you will notice Mr. Bouchelle told the Court that on 2/4/05 his brother passed away and he was indisposed, He further stated on the record that the Plaintiff had a verified Entry of Appearance for February 7th He further stated that he did not sign the Entry of Appearance but that someone else did it for him." The facts reveal that the Defendant entered an appearance 3-day after the Plaintiff filed for default judgment. It also proved that the defendant counsel presented a bogus entry of appearance that he admitted that he never signed, and as a matter of fact his signature was forged by some unnamed person. According to the evidence presented in my Exhibit 3, before the Superior Court this case should have ended with a default judgment in the Court of Common pleas in 2005, since without a properly signed Entry of Appearance by the Defendant Counsel he could not represent his client by presenting motions pleadings or papers to the Court. Please take notice of Mr. Bouchelle's Entry of Appearance Exhibit B, you will notice that the Superior Court's date stamp was crossed out, and it was sent back to the Plaintiff. Judge Ableman did not want the Supreme Court Justices to see this evidence, since both Judge Bradley, and Judge Ableman was made aware of this fact by the Plaintiff. Both Judges had an obligation to deliver a just ruling in favor of the Plaintiff for a default judgment but both Judges looked the other way. I requested that Mr. Bouchelle be sanctioned but neither one sanctioned him. When the defendant's counsels were in violation of the Rules of the Court it did not matter to the Courts Below, the Rules only applied to the Plaintiff in the eyes of the Judges in the Courts Below. Mr. Bouchelle misrepresented to the Court of

9

Common Pleas that he signed an Entry of Appearance while he was still away at his brother's funeral, yet that did not matter to the Courts Below. My Exhibit 3 shows that I have made some of the same arguments I have presented in my opening statement and facts to the Court Below, a copy was sent to Judge Ableman, and a copy to the Court file. On pages 5, and 6, paragraph 3, I made the charge of race discrimination by the Courts Below, which I believe is the reason the Superior Court has retaliated against me. On page 6, paragraph 4, the Plaintiff pointed out the collaboration between the Court and the Defendant. Both the Court and the Defendant knew that the Court had issued a brief schedule so that Rule 72 was a mute point, but the defendant used it any way. Instead of the Court dismissing the Defendant's Motion for using a moot Rule and for not having a date for a hearing in accordance with Superior Court Civil Case Management Plan Exhibit 6, the Court Granted Defendant's motion claiming that the Plaintiff did not file his Opening Brief with the Court, as is indicated with exhibits in paragraph 4, of my Exhibit 3. As I mentioned in paragraph 4 Plaintiff's Opening Brief was filed in a timely fashion as exhibit G show to be July 21, 2005. The Court did not correct this of its own accord, as I pointed out in paragraph 5 with exhibits. It was not until after I requested the US Attorney General to appoint a Special Prosecutor to investigate my disappearing brief, and petitioned a Federal Court of Appeals to hear my appeal that Judge Ableman reversed her original order dismissing my appeal, stating that a clerk misfiled the Plaintiff's Opening Brief in the Superior Court. It is reasonable to believe that this is another example of the Court Below fabricating evidence and using it to dismiss the plaintiff's appeal to the Superior Court from the Court of Common Pleas. As this case is unraveled one will see a definite pattern of intentional misconduct by the Courts Below all in favor of the Defendant. I will request that the Justices read my entire Exhibit 3 and exhibits to fully understand the charges I have made against the Courts below, and the facts surrounding my case.

**SPECIFICATION OF ISSUES**

10

QUESTION (1)   YES_____, OR NO_____   Did the Court below err in presenting an incomplete record to the Honorable Supreme Court and certifying to the Court Above that the record is complete when the Court Below knew the record was incomplete? The Supreme Court Rule states that even if the Court Below rejects any papers filings of documents or evidence from a litigant, the Court Below must transmit those papers filings documents or evidence to the Supreme Court upon appeal so that the Supreme Court can decide weather the Court Below was justified or not to have rejected the said papers filings of documents of evidence. Quoting from the Supreme Court Citizen's Guide hand book page 12 "The record will include: the transcript, if any was ordered; the complaint and other pleadings; pretrial orders; motions; any written orders, opinions, memoranda or judgments by the Court below; docket entries; jury instructions; and all documents and exhibits admitted into evidence by the Court below. Also, any evidence that you presented to the Court below that was not admitted into evidence is considered to be part of the record on appeal for determining admissibility of the evidence." The following is a list of pleadings, papers, motions, and brief with evidence I filed with the Court that was stamped with the Court's date and time stamp, and received into the record of the Court below. Some of the following were in the Court's file for as long as 21-days before they were taken out and the Court's date stamp was crossed out and the said papers were sent back to the Plaintiff. Copies of the said fillings were also sent to Judge Ableman, and copies were sent to the case file, copies were also sent to the Defendant. On or about September 13, 2007 I received Exhibit 7 from the Superior Court, and as you will notice none of these filings were recorded on the Court's logs. Since some of these papers were in the Court's record for as long as 21-days it is reasonable to conclude that that the Court's log was also altered or changed to remove the record of following filings:

(a)       April 20, 2007 @ 4:02 PM Plaintiff's Motion to compel hostile professional witness to testify (Marked Exhibit 8).

11

(b)     April 20, 2007 @ 4:02 PM Plaintiff's Motion for production of records (Marked Exhibit 9).

(c)     April 20, 2007 @ 4:02 PM Plaintiff's Motion to dismiss Defendant's Motion to dismiss this lawsuit. Marked (Exhibit 10).

(d)     April 30, 2007 @ 3:12 PM Plaintiff's Motion for articulation (Marked Exhibit 11).

(e)     April 30, 2007 @ 3:12 PM Plaintiff's letter to Defendant's Counsel (Marked Exhibit 12) for copies of my medical records she attained form a deposition from my doctor on or about 10/2/06 entry 4 on page 2 of Court log (Exhibit 7).

(f)     April 30, 2007 @ 3:12 PM Plaintiff's letter to Justine Donahue Judge Ableman's Assistant informing her of motions filed by plaintiff and requesting that Judge Ableman receive the appropriate copy and that the appropriate copy be filed with the Court (Marked Exhibit 13).

(g)     May 3, 2007 @ 3:18 PM Plaintiff's supporting brief filed to support filed in stead of oral arguments against Defendants motion to dismiss lawsuit (Marked Exhibit 3).

(h)     May 3, 2007 @ 3:17 PM Plaintiff's letter to Justine Donahue (Marked Exhibit 14) requesting her to see that Judge Ableman receives a copy of Plaintiff's supporting Brief, and requesting her to inform me of the date of the conference to hear Defendant's Motion to dismiss, but I never received a reply.

Now if you examine exhibit 7 the Superior Court log of filings you will notice no record of the eight documents filed by the Plaintiff (a) through (h) respectively. On page 2 you will notice entry 13 was filed on 04/03/2007, and on page 3 entry 14, was filed on 04/10/2007, yet nothing was entered for 15, entry 16, was filed on 05/16/2007. The Plaintiff's filings on 4/20/2007 and 4/30/2007, and 5/03/2007, eight in all are not listed. I draw your attention to Plaintiff Exhibit 15, the envelope the Superior Court used to return the Plaintiff's filings you will notice the post mark of May 10, 2007. From the Plaintiff's first fillings on 4/20/ 2007 until 5/10/2007 is exactly 21 days. How could the Plaintiff's filings remain in the Courts files for 21-days without being

12

entered on the Court's logs? I have proven that Judge Ableman was made aware of the Plaintiff's filings with copies sent to the Judges chambers. Who else beside Judge Ableman in the Court below would have the authority to order the Court's files purged of all filings, papers, pleadings, motions, brief and evidence in favor of the Plaintiff stripped from the Court's files, and the Court's logs altered in order to deny the Plaintiff a fair and just hearing and to deny the Plaintiff a trial, and a fair appeal, since there would be no way for the Supreme Court to see the Plaintiff's evidence unless the Plaintiff presented them himself. Just as alarming the Court below disrespects the Court above and treats the Honorable Supreme Court Justices with contempt, by certifying as true and accurate and complete a bogus record which was intentionally tampered with and altered by the Court below. I could not make this argument before the Court Below; since I had to wait until the record was presented before I could make my charge against the Court Below of evidence tampering and a cover up, by altering the records and deceiving the Supreme Court Justices by certifying to a bogus log and record keeping. However as soon as I received a copy of the certified record, I recorded my objection to the clerk of the Supreme Court, and notified both the Court Below and the Defendant's counsel (Exhibit 16). I made the charge of evidence tampering to the Court Below on several occasions for example in my motions the Court Below refused to hear, see Plaintiff's Exhibit 17 Motion for production of records and relief from Order by Judge Ableman filed with the Court below on 5/30/2007, listed on page 3 of the Court's log, and entry 18. Please reference page 2, section (D) which states as follows: "In addition I offer Exhibits C, E2, E3, F & G, from Plaintiff's prior Motions for Production of Records filed with the Court on 4/20/2007 which was removed from the Court's file and tampered with by crossing out the filing dates and it was returned to the Plaintiff. These request to the defendant for production of records along with Exhibits K1a, and K1b from Plaintiff's Motion for Articulation filed with the Court on 4/30/2007, which was removed from the Court's file and tampered with by crossing out the Court's date stamp and it was returned to the Plaintiff." as was brought to the court's attention by the Plaintiff.

13

QUESTION 2 YES_____, OR NO_____ _____ . Did the Court Below err when it

tampered with the record by removing from the Court's record, the filing dates of motions,

pleadings, brief and papers filed by the Plaintiff that was stamped with the Court's stamp and was

received into the Court's file, some for as long as 21-days, after which they were removed from

the Court's file and the Court's date and time stamp was crossed out and the documents were

returned to the plaintiff with no proper explanation or documentation or record keeping. Supreme

Court Rule 9(c) states as follows: "Stipulation to omit papers and order to send up additional

papers transmitted to the Court. Such stipulation shall be included in the record transmitted by the

clerk of the trial court. The stipulation shall state distinctly which parts of the record are to be

included and which parts are to be omitted, including the respective docket numbers. The trial

court or this Court may direct that any part of the record omitted by stipulation shall nevertheless

be transmitted". It is clear that the law makes provision for the trial court to legally omit parts of

the record by stipulation only, and that the parts of the record omitted by stipulation must be

transmitted to the Court Above, or how else would an Appellant be given a fair review of the case

if the Court Above only see the evidence the trial Judge wants the Supreme Court Justices to see

in order to uphold the trial Judge's ruling? On May 14, 2007 I mailed a letter to Justine Donahue

after receiving the returned filings in question from the Court Below (Exhibit 18). Please refer to

Plaintiff's Exhibit 18A proof that the Court Below received Plaintiff's Exhibit 18, yet this

important letter was not recorded in the Court's logs, Exhibit 7. As you can see the letter was

postmarked on May 14, 2007 and signed for on 05/17/2007 at 10:37 AM by M Basanna but

unlike the Defendant's counsel's letter it was never entered into the Courts records. Notice that I

told Judge Ableman's assistant that the documents in question were returned to me without

proper justification. I request that the Honorable Supreme Court Justices please read this letter

and you will see that I raised the same issues I intend to raise in this brief. Superior Court Rule

9(a) states as following: "Record—Contents.—An appeal shall be heard on the original papers

and exhibits which shall constitute the record on appeal". No exceptions were mentioned in Rule

14

9(a), so once the clerk of the trial Court stamps a document with the Court's date and time stamp it is automatically a part of the record. If the trial Court later rejects a document it remains a part of the record on an appeal, this point is made clear under law, and the trial Court knew this when it tampered with the records by removing evidence and papers and pleadings and motions and brief all in favor of the plaintiff, in an attempt to fix the outcome of the case in favor of the Defendant, giving the Defendant an unfair advantage in wining the case. This action by the Court Below also denies the Plaintiff his rights in an appeal, and gives the Defendant an unfair advantage in an appeal. The Plaintiff pointed this out to the Court Below in the Plaintiff's Affidavit opposing summary judgment, marked (Exhibit 19). Please refer to page 2 sections (b) & (c) states as following: "Such a trial at this juncture would deny the plaintiff his substantial rights to a fair trial since the Defendant and the Court has denied the plaintiff reasonable discovery and production of records that the Plaintiff is entitled to under Superior Court Civil Rule 26. Therefore granting the Defendant a summary judgment with a jury of twelve, would give the Defendant an unfair advantage in a trial which would lead to an almost certain victory for the Defendant, which would lead to a certain appeal by the Plaintiff, wasting the Court's time to have a mock trial which was set up in favor of the Defendant." As I stated in Plaintiff's Exhibit 18, letter to Judge Ableman's assistant that no proper justification was given for the return of the documents in question except that the Court Below sent the Superior Court's Civil Case Management Plan Plaintiff's Exhibit 6, for me to draw my own conclusion as to why the said documents were sent back by the Superior Court. As I stated in my letter the only possible reason I could see would be that I asked that my motions be heard along with the Defendant's motion to dismiss this lawsuit. Since I live in the State of Virginia this would save me time from going back and forth to hear my motions and the Defendant's on separate occasions. Attorneys make this request all the time, to hear opposing motions together in order to save both the Court's time and the attorney's time. Why I was not afforded this opportunity I do not know. There were also letters that did not need a date for a hearing and they were also sent back. As I pointed out in my

15

facts Judge Ableman granted a case dispositive motion from the Defendant which did not have a date for a hearing when the judge dismissed my appeal from the Court of Common Pleas, so there were no just cause for Judge Ableman to return the documents in question. In addition Superior Court Rule 60 (b) Relief from judgment or order states as following: "(b) Mistake; inadvertence excusable neglect; newly discovered evidence; fraud, ect. On motion and upon such terms as are just, the Court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59 (b); (3) fraud (weather heretofore intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;". The rules are very clear that when a case is decided with missing parts of the record the judgment by that Court must be set aside. The Court Below has committed fraud upon the Court Above and the Plaintiff, by removing documents pleadings and evidence from the Court's file which were in favor of the Plaintiff which the Plaintiff needed to prove and win his lawsuit, so that the Court Below could dismiss the Plaintiff's lawsuit and ruled in favor the Defendant's improper motion for summary judgment/motion to dismiss. The Court Below then misrepresented to the Court above that the record transmitted was complete when the Court Below knew that the record was incomplete. Additionally the Court Below had tampered with the Court's logs to remove the record of the Plaintiff's filings to deceive the Court Above and deny the Plaintiff a fair review of his appeal. Therefore the June 19, 2007 Decision by Judge Peggy Ableman must be set aside according to Rule 60 (b). The Court chose sides in the lawsuit and chose to become an adverse party to the Plaintiff in collaboration with the Defendant because of the Plaintiff's race and color African American, and to retaliate against the Plaintiff Rudolph V. Bailey Sr., for his charge of race discrimination by the Court Below. The Court Below had no just cause to remove the 8-filings of the Plaintiff from the Court file and to tamper with the record. Neither did the Court correct the problem when the Plaintiff brought it to the Court's attention, proving this was a deliberate act.

16

QUESTION 3  YES_____, OR  NO_____. Did the Court Below err by Suppressing

evidence in favor of the Plaintiff by removing documents from the Court's file which the plaintiff

needed to prove his case, since the burden of proof is on the Plaintiff? In the Superior Court

Decision rendered by Judge Peggy Ableman decided on June 19, 2007 Marked Plaintiff's Exhibit

20, on page 2 and paragraph 3 reads as following: "Defendants now contend they are entitled to

summary judgment because Bailey has failed to identify an expert report by the March 30, 2007

deadline." However the Plaintiff wrote a letter to the Defendant on April 27, 2007 requesting

copies of medical records Defendant counsel received as a result of a October, 2006 deposition of

the Plaintiff's Doctor Asist P. Upadhyay, whom the Plaintiff identified during the Arbitration on

August 23, 2006, which was referenced by the Court in paragraph 2 of the June 19, 2007 decision

by Judge Ableman. The said deposition was listed in Court's logs as entry 4 filed on 9/08/2006.

The doctor's office reported to the Plaintiff that Defendant was given copies of all the Plaintiff's

medical records. The Defendant refused this request so that the Plaintiff does not even know what

medical records of his, are in the possession of the Defendant. This letter is Marked as Plaintiff's

Exhibit 12, and is identified as one of the documents the Court Below took out of the Court file

and returned to the Plaintiff so no record would go to the Supreme Court to show that indeed the

Defendants are in possession of expert reports prior to the March 30, 2007 deadline despite the

fact that the Defendant Counsel misrepresents to the Court to the contrary. Copies of all medical

records of the Plaintiff which were in the possession of the Defendant was critical to prove my

case, yet this important evidence as my exhibit 12 and other documents was purged from the

Court's record by the trial Judge in order to deny the Plaintiff a fair hearing and a fair appeal. The

Medical records from Dr. Upadhyay are in addition to the medical report the Defendant

reluctantly admitted receiving from the Glasgow Medical Center, which the Plaintiff gave to the

Defendants, along with the note from the Plaintiff's primary care physician, which the Plaintiff

informed Judge Ableman about. This action by the Court demonstrates another example of

collaboration between the Court Below and the Defendant. On June 18, 2007 before Judge

17

Ableman I attempted to question the Judge about the documents purged from the Court file, but the Judge refused to give me the clarification I attempted to ask about. Please refer to page 3 of the June 18, 2007 transcript Marked Exhibit 21. THE COURT: All right. Mr. Bailey.

MR. BAILEY: yes.

Good morning, your Honor.

Before I address counsel's statement on that, something of clarification I'd like to get from the Court.

THE COURT: Well, let me ask you some questions.

Do you have an expert witness?

Judge Ableman saw the documents I laid on the podium with the red Court date and time stamp, and did not want me to ask about the tampering with my evidence and the purging of the Court's records by the trial Judge. The Judge knew that if I could be prevented from discussing that on the record, I also could not discuss them on an appeal, so I was cut off from asking about my records. However I did discuss them in my motions which the Court refused to hear on 6/18/2007. This is another attempt to deny the Plaintiff a fair hearing and fair appeal. Please reference Superior Court Rule 60(a) (b)(2)(6) as was mentioned in Plaintiff's Motion for production of records and relief from Order by Judge Ableman on 12/7/2006 Exhibit 17, reference page 3 line 5 from top of page. This action by the court exhibits the racial bias against African American males by the juries' process at the State level of government this was also mentioned to the Court in Plaintiff's Exhibit 3 page 13. This along other similar action represents a form of civil judicial lynching by the Court Below against an African American male Rudolph V. Bailey Sr. which is motivated by race hate, and is none less than a hate crime. African American males make up about 10% of the US population and about 85% of the prison population this reflects the unfair treatment African American males receives from the juries process. I pointed this out to the Court Below along with my charge of race discrimination in Plaintiff's Exhibit 4, pages 5 & 6, paragraphs 8 and 9.

18

QUESTION (4) YES_____, OR NO_____. Did the Court Below err when it refused to hear the Plaintiff's motions because the Plaintiff requested they be heard along with the Defendant's motion to dismiss the Plaintiff's lawsuit? On or about 4/3/2007, the Defendant's counsel Kelly A. Costello sent the infamous letter motion to dismiss Plaintiff's lawsuit, directly to Judge Ableman. I draw your attention to Plaintiff's Exhibit 19, Affidavit opposing summary judgment, filed with the Court on 5/31/2007 entry 17 on Court log Exhibit 7. Please reference attached therewith Exhibit K 2 Defendant's said letter motion to dismiss lawsuit. Additionally attached therewith Exhibit L Order sent with said letter motion to dismiss; I am not an attorney neither am I trying to become one, however even as a novice as I might be looked upon by the legal system, would not even try such an improper act. This will also demonstrate another example of the collaboration between the Court and the Defendant. This improper motion should have been denied, instead the trial Judge sent the attached therewith letter Exhibit M, to the Defendant instructing the Defendant Counsel Kelly A. Costello how to prepare a proper case dispositive motion. The Plaintiff contended that the Court should not be giving legal advise to one party in a lawsuit, how to go about to defeat an opposing party. I pointed this out to the Court in my brief in the Court Below (Exhibit 3, pages 12 & 13). When you have a white Judge and white attorney working together in collaboration to defeat an African American male opponent who is treated differently by the Courts, then you have reasonable cause for race discrimination. Notice how subtitle the Defendant is, in the Court of Common Pleas they matched a white male Judge, Judge William Bradley with a white male attorney Mr. Thomas Bouchelle. While in the Superior Court they changed to a white female attorney Kelly A. Costello, to match a white female Judge, Judge Peggy L. Ableman, in order to play the big 'D' and the big 'C' card of race Discrimination and Collaboration, against a African American male pro se Plaintiff Rudolph V. Bailey Sr. In Judge Ableman's letter Exhibit M attached therewith in Exhibit 19 the Judge states as following Exert: "Peggy L. Ableman Judge

April 10, 2007

19

Kelly A. Costello, Esquire

Address_____

Caption_____

Dear Ms. Costello:

I have your letter requesting that the Court dismiss this matter. Please review the Court's Civil Case Management Plan as well as the Rules of the Court with respect to dispositive motions and file an appropriate motion with service upon Mr. Bailey. The Court can then schedule a time for his response as well as a time for arguments if necessary.

Yours very truly

Peggy L. Ableman"

Please notice that when the Plaintiff filed proper motions and brief, and file proper papers and evidence, the Court Below sent them back with no letter of explanation, this after they were accepted into the Court's files and stamped with the Court's stamp, some documents being in the Court's file for as long as 21-days. However when the Defendant's Counsel Kelly A. Costello filed an improper motion that should have been denied by the Court, the trial Judge sent her a somewhat personal letter instructing her how to file a proper motion; is that race discrimination or what? As mentioned before I made the charge of race discrimination in my brief (Exhibit 3). This letter instructed the Defendant's counsel to file a proper motion and to serve the Plaintiff after which the Court would set a time for the Plaintiff's responses, as well as a time for arguments if necessary. I pointed out in my Letter of May 14, 2007 to Justine Donahue Exhibit 18 the following points: "I am in receipt of Plaintiff's Motions and Supporting Brief I filed with the Court, which is returned to me by the Court without proper justification. My reasons are as following: Plaintiff's Motion to dismiss Defendant's Letter Motion to Dismiss this lawsuit is a response to Defendants Case Dispositive Motion it is less than 4-pages, and does not need a date since I am not the moving party. The Court ordered Defendant's counsel to file a proper motion and to notice the Plaintiff in Exhibit M from Plaintiff's Supporting Brief. The Court in its letter

20

dated April 10, 2007 stated "Please review the Court's Civil Case Management Plan as well as the rules of the Court with respect to dispositive motions and file an appropriate motion with service upon Mr. Bailey. THE COURT CAN THEN SCHEDULE A TIME FOR HIS RESPONSE AS WELL AS A TIME FOR ARGUMENTS IF NECESSARY." I pointed out that it was up to the Court to set a date for any possible hearing after the Defendant filed the proper motion. Therefore when I asked that Plaintiff's motions be heard along with Defendant's motion to dismiss the lawsuit that was proper and therefore the Plaintiff's motions should not have been returned for not having a date for a hearing. Furthermore as the Plaintiff pointed out in his facts the Court did grant a previous motion to dismiss Plaintiff's Appeal from the Court of Common Pleas which did not have a date for a hearing, neither was the Plaintiff given a hearing before the dismissal. The Plaintiff explained in his letter to the Court that since the Court stated that it would set a time for oral argument if necessary, that suggested that the Court could rule on Defendant's motion to dismiss without a hearing. This was the reason for the Plaintiff preparing a supporting brief along with his motion in place of oral argument, should the Court chose not to grant the Plaintiff a hearing. The Court by sending back Plaintiff's filings without any record of them being filed or reason recorded for sending them back to the Plaintiff, and no stipulation to the Court above is all the same as the Court saying that the Plaintiff never filed the said motions pleadings and brief and papers and evidence with the Court. As the Plaintiff pointed out before, when the Court dismissed the Plaintiff's appeal from the Court of Common Pleas Judge Ableman said in the ruling that the Plaintiff did not file his opening brief with the Court, when in fact the Plaintiff did and believes that the Judge knew it, but made up the story to justify the improper ruling in favor of the Defendant. As the Plaintiff proved before in his brief Exhibit 3, it was only after the Plaintiff petitioned the US Attorney General to Appoint a Special Prosecutor to investigate the missing brief, and requested a Federal Court of Appeals to hear his appeal due to his charge of race discrimination, that Judge Ableman reversed her own decision to dismiss the Plaintiff's appeal saying that a clerk misfiled the Plaintiff's brief. This time Judge Ableman cannot blame a

21

clerk since Judge Ableman was sent copies of the Plaintiff's pleadings motions, brief and papers through the Judge's assistant Justine Donahue. Additionally the Court said in the June 19, 2007 decision that the Plaintiff's motions before the Court were moot when the Court granted Defendant's motion for summary judgment. In fact the Defendant did not receive a summary judgment, but a summary decision, which is a non-existent ruling. A motion for summary judgment must state the amount of money for liability the moving party is seeking, from the non-moving party. Since the defendant did not specify a monetary amount in her motion she did not receive a summary judgment, but a 'Summary Decision,' which the Court used to dismiss the Plaintiff's lawsuit and declared the Plaintiff's motions moot, however a decision from case dispositive motion can dismiss a lawsuit prior to a trial, but a summary decision cannot. The Plaintiff's motions are still valid since the case is not dismissed with the proper motion. I will explain the foregoing in more detail later on. The Plaintiff's motions should have been heard before a summary judgment could be granted as explained in Plaintiff's affidavits opposing summary judgment, as I will also explain in more detail later on with references to the record. The Plaintiff contends that the Court Below erred when the Court refused to hear the Plaintiff's motions before the Court. This action gave the Defendant Acme/Asco/Albertson's Inc., and unfair advantage in wining in wining the lawsuit, and established a nexus for a working relation ship between the Court Below and the Defendant to discriminate against the Plaintiff, and to created an uncomfortable atmosphere in the Court for the Plaintiff, which led to unnecessary pain and suffering, shame and defeat, humiliation and stress, sleepless nights, and stress filled days, and unnecessary time and money for the Plaintiff to travel back and forth from Virginia to Delaware, and extra cost to fight a lawsuit for almost 3-years. The Plaintiff contends that the Court Below erred when the Court refused to hear the Plaintiff's motions before the Court since the Court heard the Defendant's improper motions and granted them, while refusing to hear the Plaintiff's proper motions. This action establishes reasonable cause for race discrimination.

22

QUESTION (5) YES_____, NO_____. Did the Court Below err when it refused to give the Plaintiff a date to hear his motion, since the Defendant's counsel was able to get a date to hear her motions but the Plaintiff could not? On 4/30/2007 I sent a letter to Judge Ableman's assistant Ms. Justine Donahue among other things, I requested her to inform me of a date to for the conference to hear the Defendant's motion to dismiss the Plaintiff's lawsuit. I never received a response to this request from the Court. The letter also requested Judge Ableman receive a copy of the Plaintiff's supporting brief. This is the original letter Marked Exhibit 14, notice the Court's date and time stamp of May 3, 2007, it was originally placed in the Court's file, but was returned to me with the other documents on May 10, 2007. Please notice it is not recorded in the Court's logs Exhibit 7. The Court's logs were tampered with to remove the record of this and other filings by the Plaintiff. In my letter I asked for some other sheets to be stamped and returned to me, but this letter was to remain in the Court's file, and the Court knew this. On May 14, 2007 the Plaintiff sent a letter to Justine Donahue Marked Exhibit 18, the last two lines of the letter reads as following: "I placed a phone call to Ms. Justine Donahue to receive a date to present Plaintiff's motions to the Court, but I have not received a call back yet. I placed that call on May 14, 2007 and never received a call back from Ms. Donahue. I draw your attention to Plaintiff's Exhibit 22, Trial scheduling order, issued by Judge Peggy Ableman; I direct your attention to section under Case Dispositive Motions which reads as following: "Case dispositive motions will be scheduled by obtaining a date and time from Judge Ableman's secretary, Justine Donahue. Justine can be reached at 255-0660. The original motion and the response thereto are filed with the Prothonotary's Office and a copy delivered to the assigned Judge. The motion and the response shall not exceed four (4) pages in length and shall have a notice page indicating the date and time of the conference. The response is due no later than four (4) days prior to the conference date. No reply by moving party is permitted." Judge Peggy Ableman directed the Defendant's Counsel Kelly Costello to file a proper motion to Dismiss Plaintiff's lawsuit in the Judge's April 10, 2007 letter, Exhibit M attached to Plaintiff's Exhibit 19, Affidavit opposing summary judgment. The

23

Plaintiff responded to the Defendant's April 3, 2007 letter motion to dismiss Exhibit K 2 attached to Exhibit 19, with Plaintiff's motion to dismiss Defendant's motion to dismiss Exhibit 10. According to Judge Peggy Ableman's own Trial scheduling order Exhibit 22, Defendant's counsel Kelly Costello was not permitted to reply, so any other motion to dismiss from her is moot and could not be heard or granted, since she did not file a proper motion before the Plaintiff filed his response as the Court instructed her. In order for the Defendant to file another motion to dismiss from that point the Court had to take the Plaintiff's Exhibit 10, out of the Court's file, and cross out the filing date of April 20, 2007 at 4:02 PM and send it back to the Plaintiff and also remove it from the Court's logs. But wait why remove just one motion that would be too obvious, let's get rid of all eight of his evidence, motions, and brief and letters, so that is exactly what the Court did. When it became apparent that the Defendant had abandoned its motion to dismiss and the Court did not respond to my written request for a date for a conference to hear the Defendant's motion to dismiss, I requested a date from the Court to move forward with my motion to dismiss the defendant's motion to dismiss and my motions for discovery and to compel hostile professional witness, and for production of records all motions which was sent back by the Court seemingly for not having a specific date for a hearing except that I requested that they be heard along with defendant's motion to dismiss. The Court below refused to give me a date for a hearing although I followed Judge Peggy Ableman's own Rules in the Judge's own Trial scheduling order Exhibit 22. I pointed this out to the Court in my letter Exhibit 18, which is the ninth filing which was never entered into the record, although I proved with my Exhibit 18A that the Court did in fact received it. The Court Below by tampering with the Plaintiff's evidence and records, and by taking sides with the Defendant against the Plaintiff by fixing the outcome of the case in favor of the Defendant, has denied the Plaintiff his substantial legal rights and shows race discrimination against an African American Rudolph Bailey, Sr. The Plaintiff pointed this out to the Court Below on page 3 of his supporting brief, Exhibit 3.

QUESTION (6) YES_____, OR NO_____. Did the Court Below err on 12/7/2006, when the Court denied the Plaintiff's motion for discovery to get the written test results of a sample of the apple juice that made the Plaintiff sick to the point of death, and information about other persons who suffered other food poisoning. I draw your attention to Plaintiff's Exhibit 3, and to Exhibit K 1, attached thereto, and in particular to paragraphs 1 & 2 of motion for discovery before the Court on 12/7/2006 which reads as following: " (1) A full and complete chemical component and bacterial analysis found in a sample of contaminated apple juice picked-up from my residence at 140 Antlers Lane Bear DE, in March of 2004. (2) A list with names addresses and telephone numbers of all persons who reported finding any foreign matter or substance in any drink sold or distributed by Defendant, or was made sick by any drink." I draw your attention now to the December 7, 2006 transcript hearing before Judge Peggy Ableman (Exhibit 23), and in particular to page 4, and line 4 which reads as following: " MR. BAILEY: But my other question, ma'am. Would be, and my motion, I'am asking for the defendant to supply evidence that they have, for example---THE COURT: Well, but they don't have to. They don't to supply---it's not their job to give you your case. It's your job. This isn't a criminal case. It is your job to come forward with the evidence to prove your case; not theirs. They defend it, but they don't--they're not going to give you whatever findings they have. They're--you are not entitled to that until you've come forward and been able to establish with medical--with medical support or scientific support that you have a case. That's the way it works because you're the plaintiff and you have the burden of proof. So I just glanced at your motion and you're not entitled to that information at this stage. You first, sir, have to get a doctor or some scientific person that's willing to testify in your favor to support that what you drank caused you to get ill, and causation's very important here." This is the biggest statement of misinformation I have ever heard from a Judge in my life. I pointed out to Judge Peggy Ableman in my Exhibit 3, and page 8, line 6 from top of page reads as follows: "The Plaintiff contends that he is indeed entitled to this information, because it is public information, since defendant supplies food to the

general public, it must abide by the Rules of the US Food and Drug Administration. The FDA mandates that suppliers publish on written labels the total contents of all such products as the apple juice in question. The written test results which would display the contents of the said contaminated apple juice falls within the FDA guidelines, and Defendant is breaking the law by concealing this information from the Plaintiff. Many people die each year in the USA from food poisoning. In recent times there were the Spinach, Peanut Butter and Pet Food Poisoning outbreaks, and in each case the test results were released to the public, and the public was made aware of the cause and reason, and type of contamination that caused illness, and death to both humans and animals. If the public had the right to know what made animals sick and die, even more so the public, including the Plaintiff are entitled to the written test results from contaminated food products such as the contaminated box of apple juice that caused the food poisoning incident of March 2004." Please notice that the said test results were released to the entire public even the people who was not affected or hurt from the recent outbreaks. Judge Peggy Ableman said that the Plaintiff was not entitled to the test results unless he could get a doctor or a scientists to testify in Court that the said box of apple juice caused the Plaintiff to be ill. How could anyone testify to that without first seeing the results of the said test from the said box of apple juice?, this would be impossible, and no one in their right mind would do such a thing. Judge Ableman's order attached to Exhibit K 1 reads as following in the Judges handwriting: "denied Discovery of documents must be by request for production to defendant in accordance with Superior Court Rules 26, 34. I pointed out to Judge Peggy Ableman in Exhibit 3, page 9 line 5, the following in regard to the Court's claims that the information the Plaintiff sought in his motion was privileged: 'According to Rule 26 Claims of privilege information must be made by the party from whom the information is sought. The Defendant made no such statement on the record, if the Court makes the claim on the behalf of the Defendant, then the Court is acting as counsel for the Defendant, and not according Rule 26. Rules 26 clearly states as following: (5) "Claims of privilege or protection of trial preparation materials. When a

party withholds information otherwise discoverable under these rules by claiming that it is privilege or

subject to protection as trial preparation material, THE PARTY shall make the claim EXPRESSLY and shall

describe the nature of the documents, communications, or things not produced or disclosed in a

manner that, without revealing information itself privileged or protected, in a manner that, will enable

other parties to assess the applicability of the privilege or protection." It is clear that the Rules of the

Court provide that only the party from whom the discovery is sought can make the claim of privilege,

the party must make it expressly, not the Court. Even when the party claims privilege, the party must

still release the information in such a way that others can see it the claim of privilege is justified or

not. So the Court's claim of privilege on behalf of the Defendant is void. I draw your attention to

Plaintiff's Exhibit 9, and to Exhibit C attached therewith, this is a letter from Defendant acknowledging

the problem I had with the said box of apple juice I purchasing from them. The Defendant requested a

sample from me for testing, and acknowledge to me on the phone that they found contaminants

through the test but refuse to give me written verification as the law requires. Therefore the Court's

claims that I am not entitled to the written test results are false and not in compliance with Delaware

and federal laws as I have pointed out. Paragraph 2 from Plaintiff's motion seeks information about

other persons who suffered food poisoning, this is important to establish proof that since other people

suffered similar problems from drinking juice purchased from the Defendant it is reasonable to assert

that the Plaintiff's claims are true and provable. For example as I pointed out in exhibit 3, the outbreaks

of food poisoning mentioned was assessed by the number of people who suffered and died from the

same episodes. I pointed in my Complaint Exhibit 1, towards the end of paragraph 6, as following: "I

have since learned of another customer who also had a similar problem from the Newark Delaware ACME

Supermarket". The person who picked up the sample of the apple juice from my residence told me he

just picked up a sample from someone who had a similar problem as I did. This is the reason for my

request for discovery in paragraph 2 of my motion. As I pointed out in Exhibit 3, on page 11 the

27

following: "Superior Court Rule 26(a)(1) States "In general. Parties may obtain discovery regarding ANY MATTER, not privileged which is relevant to the subject matter involved in a pending action, weather it relates to the claim of defense of any other party, including the existence, description, nature, custody, condition and location of any books, DOCUMENTS, or other tangible things and identity and location of PERSONS HAVING KNOWLEDGE of ANY discoverable matter." Judge Peggy Ableman said I was not entitled to the discovery I was seeking in my motion, the Court's denial was a rush to judgment. Judge Ableman said "so I just glanced at your motion and you are not entitled to that at this stage" according to the Judges own words the Court made a decision with just a glance, and not by deliberation or by looking at the law and the Rules of the Court; but just a glance and a rush to judgment. I now draw your attention to the June 18, 2007 transcript before Judge Peggy Ableman, (Exhibit 21) and in particular to page 5, and line 10 which reads as following: "MR. BAILEY:--Your Honor, I requested--I had a motion before the Court to grant me discovery and also to have-- THE COURT: You had the discovery all along. You didn't need a motion. The Rules have allowed you to have full disclosure, full discovery all along--" This is the same Judge Peggy Ableman that denied the Plaintiff's motion for discovery on 12/7/2006, and said on the record that the plaintiff was not entitled to the said discovery because this is not a criminal case, and that the Defendant does not have to give the Plaintiff the discovery sought in his motion before the Court. This is clearly an inconsistent statement by Judge Peggy Ableman and double talk, and a complete reversal of her position on 12/7/2006. What is even more frightening and disturbing is when Judge Ableman suggested the Plaintiff has lied to the Court when the Judge said: "You had the discovery all along." I challenge Judge Peggy Ableman to offer her evidence from the record that proves that I have the discovery in my possession, let me set the record straight. I never received the discovery I sought in my motion from the Defendant although I have proven that I have requested them over and over again and Defendant never supplied it. This was made clear to the Court in Exhibit 3 pages 7 & 8 with Exhibits K 1-a and K 1-b attached thereto, and please notice my

statements in reference to my giving the Defendant medical records despite counsels misrepresentation

to the Court to the contrary. Additionally attached to Exhibit 9, Motion for production of records with

Exhibits E2, E3, F & G to Judge Peggy Ableman in response to a letter sent to the Judge by Kelly A.

Costello. In my letter Exhibit G dated 9/22/2006, I objected to a meeting between Judge Ableman and

Ms. Costello. The meeting was requested by Ms. Costello with a letter to Judge Ableman, I also informed

Judge Ableman the following: "Secondly I have requested a pre-trial conference to settle problems with

Defendant's continued refusals to provide me with reasonable discovery documents I have requested over

and over to no avail." Therefore for the Court to represent to the Supreme Court by way of the June

18, 2007 transcript that the Plaintiff did not need a motion for discovery since I have had the discovery

all along is a lie that I challenge the Court Below to prove from the record. The Defendant made no

such claim on the record, but the Court did on behalf of the Defendant, acting as the Defendant's

counsel, contrary to the law, and sound judgment and desecration. The said motion was critical for the

Plaintiff to prove his case, and also to get closure by learning if he had ingested any other substance

that could expose him to any long-term health hazard as the Plaintiff told the court in my appeal brief

in the Superior Court, Plaintiff's Exhibit Marked External addendum exhibit from CA No. 05A-04-006 PLA

Appeal from Judge William C. Bradley's April 12, 2005 Decision. This exhibit is supplied by the Plaintiff

since it was not entered in the Court's logs Exhibit 7. This is the same brief Judge Peggy Ableman said

the Plaintiff never filed with the Superior when Judge Ableman dismissed the Plaintiff's appeal as

explained in my exhibit 3, and in my facts in this brief. I draw your attention to pages 22, and 23

starting with paragraph 2 on page 22. You will notice that I filed a lawsuit against Citrus World the

Company that did the testing of the sample in order to get the results directly from them since the

Defendant has failed to give me the test results, and judge Ableman knew this. I have not received the

results from them either. Since Defendant Counsel is hired by Citrus World then if Judge Ableman

ordered Defendant's counsel to produce the test results Citrus World must comply.

29

QUESTION (7)  YES_____, OR  NO_____. Did the Court Below err when it refused to hear the

Paintiff's motion to compel hostile professional witness filed with the Court Below on April 20, 2007,

which would have given the Plaintiff a professional witness as the Court Below ordered. I draw your

attention to Plaintiff's Exhibit 22 Trial scheduling order which states that Plaintiff's expert report was due

by March 30, 2007. Defendant used this rule in there motion for summary judgment/motion to dismiss

with a demand for a Jury of twelve. Judge Peggy Ableman also used this rule as the reason to grant

the Defendant's motion dismissing the Plaintiff's lawsuit. To that the Plaintiff offered the following

evidence to the Court which the Court said was not enough to for the Plaintiff to get a trial: (I)

Plaintiff's Exhibit 24 Letter from Eva E. Cerney MD which the Plaintiff presented to the Defendant prior

to the Court's march 30, 2007 deadline. The letter from Dr. Cerny dated 1/7/05 states as following;

"To whom it may concern Mr. Rudolph Bailey was advised by this office in March of 2004 to do 24

hours of clear liquids due to a Stomach Virus, followed by 24 hours on the brat diet." The Court

contends that a call to my primary care doctor was not enough to receive an expert report from a

doctor. Remember the Court's order merely said "Plaintiff's Expert Report" It was up to a Jury to decide

if that was enough should I desire to call the doctor as a witness after receiving information about test

result. My question is since Dr. Cerny is a board certified doctor and an expert, did the letter qualify as

an expert report to my claim of symptoms of a stomach virus in my complaint? The Plaintiff contends

that this letter does qualify as an expert report. Can someone  be treated by a doctor at home, or

must that person go to a doctors office in order to be treated by the doctor. Indeed Rule 26(b)(4) that

was referenced by the Court as the basis of the expert report does not say that. As a matter of fact

Rule 26(b)(4) deal with how to attain get trial preparation materials as stated in Rule 26(b)(4) as

follows: "Trial preparation: Experts. Discovery of facts known and opinions held by experts, otherwise

discoverable under the provisions of subdivision (b) (1) of this rule and acquired or developed in

anticipation of litigation or for trial, may be obtained only as follows:" Then (4)(a)(i) talks about through

interrogatories, and (4)(a)(ii) states Upon motion, the two ways to get discovery information. Secondly I offer Plaintiff's Exhibit 25 Expert report from Glasgow medical center prepared by Alan Miller MD this expert report also given to defendant prior to the March 30, 2007 deadline and defendant admitted receiving it in the June 18, 2007 transcript pages 6-8, and on page 9 line 3 Reads as following: "MR. BAILEY: We also—I also have a note from my doctor, my personal doctor, that I did make a phone call to them on that day that I got the injury, and they told me to stay on clear fluids, and since my doctor was in Dover, and I was in Bear, I went to the medical center up there, but I have a letter from my doctor. They also have that." Meaning the Defendant have the letter my Exhibit 24. The Defendant never objected to that statement meaning the Defendant admitted having Plaintiff's Exhibits 24, and 25 prior to March 30, 2007. I said in my Complaint Exhibit 1, that I suffered both the symptoms of stomach virus and then later constipation. However since the Court most lightly just glanced at my complaint the Court did not see my complaint about constipation, so when the Defendant said all the report from Glasgow Medical Center said was constipation the court assumed it was not related to my complaint of diarrhea stomach pain and cramps. The Court's June 19, 2007 decision was also a rush to judgment, most lightly based on just a glance. I prove from the record that the Defendant had (2) two expert reports from Plaintiff's doctors prior to the March 30, 2007 cut-off date and both the Court and the Defendant was made aware of this by the Plaintiff on the record. The Plaintiff was entitled to have his motion to compel hostile professional witness who performed the test on the sample of apple juice that made the Plaintiff sick to the point of death. This was not a case dispositive motion and should have been granted even if it did not have a date of a hearing since Defendant's case dispositive motion dismissing the Plaintiff's appeal from the Court of Common Pleas was granted without a date of a hearing and without a hearing. This action by the Court of sending the Plaintiff's motion back without ruling on it gives reasonable cause for race discrimination by the Court Below against the Plaintiff. This action also denies the Plaintiff the right to be able to prove his case.

QUESTION (8)  YES_____, OR  NO_____. Did the Court Below err when the Court heard the

Defendant's motion for summary judgment/motion to dismiss with a demand for a jury of twelve

(Exhibit 26), without hearing the Plaintiff's (2) two affidavits opposing summary judgment (Exhibits 19 &

27). In the Court's June 19, 2007 decision Exhibit 20, and on page 2, paragraph 4 Judge Ableman wrote

as follows: "Baileys response to the motion is, in effect, non-responsive. Bailey's brief does not address

his failure to identify an expert." The Plaintiff contends that Judge Ableman intended to deceive the

Superior Court on my certain appeal the Court knew was coming, since the Judge said Baileys brief does

not address his failure to identify an expert, and since the Judge Peggy Ableman returned the plaintiff's

brief among the Plaintiff's filings the Court tampered with as the Plaintiff contended, so how could the

Justices know if what Judge Ableman said was true or not. Since the Court Below did not transmit the

Plaintiff's brief (Exhibit 3) to the Court Above? Furthermore the Plaintiff's brief was filed with the Court

on 5/3/2007, and the Defendant's Motion for summary judgment/motion to dismiss was filed with the

Court on 5/16/2007; so then how could the Plaintiff respond to a motion before it was even filed?

Judge Peggy Ableman intended to deceive the Court above in the appeal when the Court said that Bailey

was non-responsive to Defendant's motion by not mentioning the Plaintiff's (2) two affidavit's opposing

summary judgment Plaintiff's Exhibit 19, first affidavit, and Exhibit 27, Second affidavit opposing

Defendant's motion for summary judgment/motion to dismiss. I will ask the Honorable Justices to read

them in there entirety and decide if the Plaintiff was non-responsive as Judge Peggy Ableman contends.

The Court acknowledges my mentioning the (2) two medical reports I offered, but the Court contends

that because the Paintiff could not remember the name of the doctor that treated him one time on an

emergency visit 3-years prior to the Court hearing this was good reason for dismissal, despite the fact

that the doctor's name was on the report, and the Defendant admitted to having the report. The Court

also contends that since the report said constipation this was also reason for dismissal. I draw your

attention to Plaintiff's Exhibit 1, and in particular to my Complaint and paragraph 5 which reads as

following: 'Since I was on pain medication that caused constipation I take stool softeners and laxative each day. Since I was having stomach cramps and diarrhea, I stopped taking the laxatives and stool softeners. This led to a more serious problem because it came to a point that I could not pass my stool for several days, my stomach was swollen and I was at the point of death. I called 911 and requested an ambulance to take me to the hospital, this was on 4/12/2004. The ambulance responded and told me that the wait time at the hospital was unusually long and it would be better for me to drive myself to the nearby medical aid unit, which I did, and got help with the problem. I felt better taking the medicines they prescribed." If judge Peggy Ableman took the time to read my complaint which both the Court and the Defendant referred to, Judge ableman ruled on my appeal from the Court of Common Pleas, and was familiar with the case as is the Defendant; therefore the constipation should not have been a surprise as both the Defendant and the Court below was aware of my Complaint. This was a rush to judgment and a mistake, and should be reversed as the plaintiff petitions the Court Above. Continuing with the June 19, 2007 decision and paragraph 5 starting at the second sentence which reads as following: "Summary Judgment will not be granted if, after viewing the record in a light most favorable to the non-moving party there are material facts in dispute or if judgment as a matter of law is not appropriate. If, however, there are no material facts in dispute, and the moving party is entitled to judgment as a matter of law, summary judgment will be granted". Let us examine that statement by Judge Ableman in light of the evidence on the record. First the non-moving party is the Plaintiff, and the moving party is the Defendant who moved the Court for a summary judgment. So are there any material facts in dispute which should be viewed in the most favorable light to the Plaintiff? I draw your attention to Plaintiff's Exhibit 19, page 1 paragraph 3(a) which reads as follows: "Superior Court Civil Rule 38 clearly states that when a demand for a Jury of twelve is made all the issues in a lawsuit must be heard" Defendant did make a demand for a Jury of twelve in the motion for summary judgment so I pointed out to the Court that all the unresolved issues relating to Plaintiff's motion for discovery,

Plaintiff's motion to compel hostile professional witness, and Plaintiff's motion for production of records all were unresolved issues which needed to be resolved before a summary judgment could be granted. The Plaintiff further brought to the Courts attention on page 3 paragraph (f) which reads as follows: "Superior Court Civil Rule 56 For Summary Judgment"(c) motion and proceedings thereon. The motion shall be served at least 10 days before the fixed time for the hearing. The adverse party prior to the date of the hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith IF the <u>pleadings, depositions, answers to interrogatories, and admissions on file with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law.</u>" First let me point out something to the Supreme Court, the Rule and Judge Ableman is clear that before a summary judgment can be granted all the issues in the action must be settled in the most favorable light to the Plaintiff. It is clear that this was not done. Additionally if there are admissions these must be addressed for example I proved that Judge Peggy Ableman admitted on the record that the Plaintiff was entitled to full disclosure from defendant in regard to Plaintiff's motion for discovery which Judge Ableman denied the Plaintiff on 12/7/2006. The Plaintiff had a motion before the court to do just that, Exhibit 17, Plaintiff's motion for production of records and relief from order by Judge Ableman on 12/7/2006. This along with the aforementioned motion should have been granted prior to ruling on Defendant's motion for summary judgment, in light of the Court's admission in Exhibit 21, on page 5 lines 14 & 15 which reads: "The rules have allowed you to have full disclosure, full discovery all along". This motion is still not granted along with Exhibit 8 motion to compel hostile professional witness in country to Rule 56(c). Secondly for someone to receive a summary judgment according to Rule 56, and Judge Ableman, they must be entitled to a judgment as a matter of law. In fact a summary judgment cannot be used to take away something from a non-moving party which the moving party contends the non-moving party have no right to. In other words you cannot take away from someone what they do not have. To give you an example the Plaintiff does not have the

34

$25,000.00 he is seeking from the defendant. If the Defendant believes that the Plaintiff is not entitled to the $25.00.00, then all the Defendant have to do is file a proper case dispositive motion to dismiss the case, and take away the Plaintiff's right to the $25,000.00. It is that simple. This is what the Court instructed the Defendant to do, but the Defendant never did it. A summary judgment can only be used to give the moving party something they are entitled to as a matter of law. The rule is clear "show that there is no genuine issue as to any material fact and that the moving party IS ENTITLED TO A JUDGMENT AS A MATTER OF LAW. The rule did not say and if the non-moving party is not entitled to a judgment as a matter of law. For the latter the law provides for a case dispositive motion to dismiss the case. A motion for summary judgment is proper only if the moving party claims that the non-moving created liability for the moving costing them extra money for trial preparation, and the judgment sought is to correct that, but the Defendant made no such claim. Furthermore the Plaintiff proved by Exhibit 27, on page 2, paragraph 4 that according to Rule 56 (c) a summary judgment pronounced during the course of an action cannot be used to bring an end to the said action. The Defendant's counsel realized this, that is why she attached a second motion to the summary judgment/motion to dismiss. However Judge Ableman only grants a half of the dual motion, the summary judgment and not the motion to dismiss. I draw your attention to the June 19, 2007 Decision and to page 4, paragraph 8, reads as following: "Based on the foregoing, Defendant's motion for summary judgment is GRANTED. Bailey's remaining motions before the Court are thereby moot.  IT IS SO ORDERED." Judge Ableman did not say, Defendant's motion for summary judgment/motion to dismiss is GRANTED. Therefore taking the foregoing into consideration the Plaintiff contends that the Court's ruling on June 19, 2007 is nil and void, and should be reversed in favor of the Plaintiff, since the case is not dismissed, only a 'Summary Decision' is granted and not the motion to dismiss, and since the Court ruled that Bailey's motions before the Court are moot, the Court admits to unresolved issues, which should have been resolved prior to the Court's ruling on summary judgment in favor of the Defendant, which in fact was a 'summary decision.'

**CLOSING STATEMENT**          35

The Plaintiff Rudolph V. Bailey Sr., petitions the Honorable Supreme Court Justices for the State of Delaware to enter an order granting the Plaintiff the Judgment of $25,000.00 sought in Plaintiff's Exhibit 1, for pain and suffering the Plaintiff experienced in March and April of 2004, as a result of consuming apple juice from a box of apple juice the Plaintiff purchased from the ACME Supermarket in located in the Foxrun Shopping in Bear DE. The Plaintiff further petitions the Honorable Court to grant the Plaintiff his rights to the written test results from a sample of the said box of apple juice picked up from the Plaintiff's home by Defendant at Defendant's request. The Plaintiff needs the test results so that his doctors can examine the written test results to see weather the Plaintiff was put at risk for any long term health risk from any unreported contaminants, or carcinogen or bacteria, or toxic substances, or any other poisonous materials. Since the case can no longer be dismissed by the Court, due to the fact Judge Ableman chose not to grant Defendant's motion to dismiss portion of Defendant's Motion for summary judgment/motion to dismiss. The reason being that since Defendant filed a letter motion to dismiss, and Plaintiff filed a response in the form of Plaintiff's motion to dismiss Defendant's motion to dismiss. Judge Ableman knew that the motion to dismiss portion the said motion for summary judgment is a reply which is not permitted by the rules of the Court. Therefore the only option left for Judge Ableman was to grant the summary judgment portion of the said motion. The Plaintiff has proven that the June 19, 2007 ruling by the Honorable Peggy Ableman is nil and void and must be reversed by the Court since it was wrongfully used to dismiss the Plaintiff's lawsuit contrary to the Rules of the Court. The Plaintiff contends that he has suffered pain humiliation undue stress and sleepless nights due to the race discrimination and retaliation by the Court Below and the Defendant. Sending the Case back to the Court below would result in cruel and inhumane treatment for the Plaintiff by the Court Below. The Plaintiff could only prove 8 of 12 issues since the extension of pages were denied (Exhibit 5). Additionally as stated on page 15, according to Rule 60 (b) the 6/19/07 decision must be set aside.

OCT 19, 2007 (703) 369-5071

Rudolph V. Bailey   9659 Manassas Dr. Manassas VA 20111

START OF EXHIBIT 20

THE JUNE 19, 2007 DECISION

BY JUDGE PEGGY ABLEMAN

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| RUDOLPH V. BAILEY SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06C-04-129-PLA |
| | ) | |
| ACME/ASCO/ALBERTSON'S INC., | ) | |
| | ) | |
| Defendants. | ) | |

UPON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.
**GRANTED**.

Submitted: June 18, 2007
Decided: June 19, 2007

This 19th day of June, 2007, upon consideration of the motion for summary judgment filed by defendants Acme/Asco/Albertson Inc. ("Defendants"),[1] it appears to the Court that:

1.    *Pro se* plaintiff Rudolph V. Bailey, Sr. ("Bailey") initially brought this action in the Court of Common Pleas ("CCP") alleging that Defendants sold him contaminated apple juice which made him ill and caused him severe pain.  The CCP judge dismissed the case and Bailey

---

[1] *See* Docket 16. The Court notes that defense counsel filed this motion as a "Motion for Summary Judgment/Motion to Dismiss." While the Court is somewhat perplexed, a motion for summary judgment is nevertheless the appropriate motion in these circumstances and not a motion to dismiss.

1

appealed to this Court, which reversed the CCP's decision. The case was subsequently transferred to this Court.[2]

2.      The matter entered arbitration, resulting in the arbitrator finding in favor of Defendants and against Bailey. Bailey appealed that decision. The Court then held a scheduling conference with the parties and entered a trial scheduling order consisting of the following discovery deadlines:

- Discovery Cut-Off: Discovery to be initiated such that it will be completed by May 15, 2007.
- Plaintiff's Expert Report (or Rule 26(b)(4) Disclosure) Deadline: March 30, 2007.
- Defendant's Expert Report (or Rule 26(b)(4) Disclosure) Deadline: May 1, 2007.[3]

3.      Defendants now contend they are entitled to summary judgment because Bailey has failed to identify and produce an expert report by the March 30, 2007 deadline. Defendants further point out that Bailey has not documented any compensable damages.[4]

4.      Bailey's response to the motion is, in effect, non-responsive. Bailey's brief does not address his failure to identify an expert.[5] At oral argument, when asked by the Court whether he had an expert, Bailey

---

[2] *See* Docket 1.

[3] *See* Docket 2, 3, 10.

[4] *See* Docket 16.

[5] *See* Docket 17, 20.

2

responded that he had a "note" from his primary care physician. He also stated that he had a report from the emergency medical center he visited after the incident, but he could not remember the name of the doctor who treated him at the emergency center and that he was ultimately diagnosed only with constipation.

5.    When considering a motion for summary judgment, the Court's function is to examine the record to ascertain whether genuine issues of material fact exist and determine whether a party is entitled to judgment as a matter of law. Summary judgment will not be granted if, after viewing the record in a light most favorable to the non-moving party, there are material facts in dispute or if judgment as a matter of law is not appropriate. If, however, there are no material facts in dispute, and the moving party is entitled to judgment as a matter of law, summary judgment will be granted.[6]

6.    "In Delaware, in order to prevail in a negligence action, a plaintiff must prove by a preponderance of the evidence that the defendant's action breached a duty of care in a way that proximately caused injury to the plaintiff. With a claim for bodily injuries, the causal connection between the

---

[6] *See* SUPER. CT. CIV. R. 56; *Storm v. NSL Rockland Place, LLC*, 898 A.2d 874, 879 (Del. Super. Ct. 2005); *Oliver B. Cannon & Sons, Inc. v. Dorr-Oliver, Inc.*, 312 A.2d 322, 325 (Del. Super. Ct. 1973); *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962).

defendant's alleged negligent conduct and the plaintiff's alleged injury must be proven by the direct testimony of a competent medical expert."[7]

7.    In this case, Bailey has failed to identify and provide a medical expert to render an opinion as to the "causal connection" between Defendants' alleged negligent conduct in selling the supposed contaminated juice and Bailey's injuries. Bailey can not, therefore, establish a *prima facie* element of his case. As such, Defendants are entitled to summary judgment.

8.    Based on the foregoing, Defendants' motion for summary judgment is **GRANTED**. Bailey's remaining motions[8] before the Court are hereby moot.

**IT IS SO ORDERED**.

*Peggy L. Ableman.*

**Peggy L. Ableman, Judge**

Original to Prothonotary

cc:    Rudolph V. Bailey, Sr.
      Kelly A. Costello, Esquire

---

[7] *Rayfield v. Power*, 2003 WL 22873037, at *1 (Del. Dec. 2, 2003).

[8] *See* Docket 18 ("Motion for Production of Records and Relief from Order"); Docket 19 ("Motion to Compel the Professional Who Performed Test on Apple Juice to Testify as Plaintiff's Hostile Witness").

4

End of Exhibit 20

START OF EXHIBIT 21

THE JUNE 18, 2007  TRANSCRIPT

CONFERENCE BEFORE JUDGE PEGGY ABLEMAN

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

- - - - -

RUDOLPH V. BAILEY,          :  C.A. No. 06C-04-129
                            :
          Plaintiff,        :
                            :
     vs.                    :
                            :
ACME ASCO ALBERTSONS,       :
INC.,                       :
                            :  Motion Hearing
          Defendant.        :  June 18, 2007

- - - - -

BEFORE:   HONORABLE PEGGY L. ABLEMAN, JUDGE


APPEARANCES:


          RUDOLPH V. BAILEY
          Pro Se

          KELLY A. COSTELLO, ESQ.
          For The Defendant

**2**

1  Courtroom 8A

2  10:03 a.m.

3  　　　　　* * *

4  　　　THE COURT: Miss Costello, this is your

5  motion.

6  　　　MS. COSTELLO: Good morning, Your Honor,

7  Kelly Costello on behalf of the defendant, Acme,

8  and I'm here to present a Motion For Summary

9  Judgment, Motion to Dismiss.

10 　　　This case originated in December of 2004,

11 where it was filed in the Court of Common Pleas.

12 It was eventually transferred to Superior Court,

13 arbitrated and appealed.

14 　　　On December 7th, 2006, a Trial Scheduling

15 Order was issued, wherein the plaintiff was

16 required to provide the name of an expert and a

17 report by the expert regarding proximate causation

18 of any damages he was claiming. The date has

19 passed. He has not provided any reports. He has

20 not indicated any reason why the dates should be

21 extended, and we have subsequently filed our Motion

22 for Summary Judgment on the issue of liability, and

23 the Motion to Dismiss because there was no

**3**

1  documentation for any compensable damages, and the

2  defense respectfully requests that this case be

3  closed at this time.

4  　　　THE COURT: All right. Mr. Bailey.

5  　　　MR. BAILEY: Yes.

6  　　　Good morning, Your Honor.

7  　　　Before I address counsel's statements on

8  that, something of clarification I'd like to get

9  from the Court.

10 　　　THE COURT: Well, let me ask you some

11 questions.

12 　　　Do you have an expert witness?

13 　　　MR. BAILEY: Well, yes. They're --

14 　　　THE COURT: Who?

15 　　　MR. BAILEY: They're -- they're chemists who

16 performed the tests --

17 　　　THE COURT: An expert witness being a doctor

18 who can show causation of your injuries. Do you

19 have a doctor?

20 　　　MR. BAILEY: Well, first of all, I have a

21 doctor, but I needed for him to review the test

22 results --

23 　　　THE COURT: Well, did you have the doctor by

**4**

1  the date?

2  　　　I gave you a lot of time, and I explained it

3  to you at the Pretrial Conference -- or at the

4  Status Conference. You needed a doctor by the

5  date -- I think it was March 31st.

6  　　　MS. COSTELLO: March 30th.

7  　　　THE COURT: Did you have the name of the

8  expert witness then?

9  　　　This isn't -- I'm not making this up. This

10 is the Supreme Court of Delaware says you have to

11 do this.

12 　　　MR. BAILEY: Your Honor, Your Honor,

13 defendant they did not file the proper motion to

14 have this dismissed until now. A summary judgment,

15 that's caused -- cannot be used for a final

16 disposition in a case. It can only bring

17 intermediary decision, and I don't know what

18 damages she's talking about, because she didn't

19 make any counterclaim for damages. So, she --

20 　　　THE COURT: Wait a minute. They are not the

21 plaintiff.

22 　　　MR. BAILEY: She cannot use that to dismiss

23 my damages, because that would bring a final

**5**

1  resolution to the case.

2  　　　THE COURT: I have only one question to ask

3  you. Did you name and provide a report of an

4  expert by March 30th? That's the only thing --

5  　　　MR. BAILEY: I requested --

6  　　　THE COURT: -- that's important to me right

7  now --

8  　　　MR. BAILEY: -- Your Honor --

9  　　　THE COURT: -- Mr. Bailey.

10 　　　MR. BAILEY: -- Your Honor, I requested -- I

11 had a motion before the Court to grant me discovery

12 and also to have --

13 　　　THE COURT: You had the discovery all along.

14 You didn't need a motion. The rules have allowed

15 you to have full disclosure, full discovery all

16 along, and it's not your -- you're the one that

17 brought this lawsuit, Mr. Bailey. You're the one

18 that has to prove it.

19 　　　You have not found a doctor to establish

20 that whatever injuries you sustained were caused by

21 whatever it is you claim you ingested.

22 　　　If you don't have that, this case cannot

23 proceed. That's just the law, and it doesn't

6

1  matter what discovery you did or didn't have.  It
2  doesn't matter what motions you file.  You had
3  until March 30th to get a doctor to give an opinion
4  in a report saying that your injuries were caused,
5  whatever those injuries are -- what were they
6  anyway?
7      MR. BAILEY:  I had -- well, I'm not sure
8  what it was, but it was -- it was pain in my
9  stomach perhaps and diarrhea and --
10      THE COURT:  Do you have a doctor that can --
11  if you don't have a doctor --
12      MR. BAILEY:  I have a report from a doctor
13  that I went to.
14      THE COURT:  Did you provide it by March
15  30th?
16      MR. BAILEY:  Yes, they have the report.
17  Yes.
18      THE COURT:  That says -- let me see a copy
19  of it then, because she's making a face she hasn't
20  seen it, and a copy of the letter transmitting it
21  to her.
22      MR. BAILEY:  Oh, yeah, she received that.
23  As a matter of fact, that was part of the discovery

7

1  that I gave her.  I gave her that originally --
2      THE COURT:  What's the doctor's name?
3      MR. BAILEY:  It was -- it was Beebe Medical
4  Center in --
5      THE COURT:  Not a center, the name of the
6  doctor.
7      MR. BAILEY:  Well, it was a doctor that
8  treated me that was on call.  I don't have the
9  report with me here, but I know I gave it to them.
10      THE COURT:  Well, she's an officer of the
11  court.  I'm going to assume that she doesn't have
12  any causation.
13      What is the name?  If you're relying on this
14  man at trial to testify on your behalf, sir, you
15  have to have the name -- his name.  He's got to be
16  a witness.
17      This medical center that you talked about
18  can't come to trial.
19      MR. BAILEY:  Well, no, the doctor that
20  treated me here, Your Honor --
21      THE COURT:  What's the name?
22      MR. BAILEY:  -- I don't remember his name
23  because it wasn't my doctor.  He was a -- it was a

8

1  doctor that was on call at the medical center --
2      THE COURT:  And have you --
3      MR. BAILEY:  -- emergency medical center
4  that --
5      THE COURT:  And has he provided a report --
6      MR. BAILEY:  Yes.
7      THE COURT:  -- that supports this lawsuit?
8      MR. BAILEY:  Yes.  They have a report from
9  the doctor.
10      MS. COSTELLO:  Your Honor, I think I'm aware
11  of what Mr. Bailey refers.
12      He was treated, I believe, at the Glasgow
13  Medical Center with a discharge diagnosis of
14  constipation in one visit in March of 2004.
15      THE COURT:  You think that's going to prove
16  your case to a jury?
17      MS. COSTELLO:  That's -- I actually have a
18  copy of that particular ER discharge visit, but I
19  don't have specific --
20      THE COURT:  Sir, Mr. Bailey, do you think
21  that's going to prove a case to a jury?
22      MR. BAILEY:  Yes, I think it could.
23      THE COURT:  Then I guess that's my decision

9

1  now on this motion, and that's the only expert that
2  you have?
3      MR. BAILEY:  We also -- I also have a note
4  from my doctor, my personal doctor, that I did make
5  a phone call to them on that day that I got the
6  injury, and they told me to stay on clear fluids,
7  and since my doctor was in Dover, and I was in
8  Bear, I went to the medical center up there, but I
9  do have a letter from my doctor.  They also have
10  that.
11      THE COURT:  Sir, you're asking for money.
12  You're asking a jury of 12 people to award you a
13  substantial sum of money for injuries you
14  sustained.  That -- your phone call to a doctor is
15  not sufficient to get to a jury.
16      MR. BAILEY:  Well, that's including --
17      THE COURT:  It's not sufficient in a court
18  of law.
19      MR. BAILEY:  Your Honor, that with my visit
20  to the medical center.
21      THE COURT:  All right, and that's what --
22  all you're relying on then; is that it?
23      MR. BAILEY:  That's what I have, Your Honor.

10

1        THE COURT: That's fine. Then I'm going to

2    decide these motions based on the papers so far,

3    but I wanted to give you an opportunity to show me

4    that you had an expert report showing causation,

5    and I'm satisfied that you've given me what you

6    have.

7        MR. BAILEY: I've given them what I have,

8    Your Honor.

9        THE COURT: All right. Thank you.

10        Court stands in recess then.

11                * * *

12        (Motion Hearing concluded at 10:08 a.m.)

13                * * *

14

15

16

17

18

19

20

21

22

23

11

1      STATE OF DELAWARE:

2      NEW CASTLE COUNTY:

3            I, Michael A. Morgano, Official Court

4      Reporter of the Superior Court, State of

5      Delaware, do hereby certify that the foregoing

6      is an accurate transcript of the proceedings

7      had, as reported by me in the Superior Court of

8      the State of Delaware, in and for New Castle

9      County, in the case therein stated, as the same

10     remains of record in the Office of the

11     Prothonotary at Wilmington, Delaware, and that I

12     am neither counsel nor kin to any party or

13     participant in said action nor interested in the

14     outcome thereof.  This certification shall be

15     considered null and void if this transcript is

16     disassembled in any manner by any party without

17     authorization of the signatory below.

18

19            WITNESS my hand this _____ day of

20     _____, 2007.

21

22     _____

23            Michael A. Morgano

END OF EXHIBIT 21

START OF EXHIBIT 23

THE DECEMBER 7, 2006 TRANSCRIPT

CONFERENCE BEFORE JUDGE PEGGY ABLEMAN

1

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

RUDOLPH V. BAILEY, SR.,

     Plaintiff,

v.          C.A. No. 06C-04-129 PLA

ACME,

     Defendant.

BEFORE:  HONORABLE PEGGY L. ABLEMAN, J.

APPEARANCES:

     RUDOLPH V. BAILEY, SR.
     Pro se plaintiff

     KELLY A. COSTELLO, ESQ.
     for the Defendant

MOTION TRANSCRIPT
DECEMBER 7, 2006

PATRICIA L. GANCI, RPR, CRR
SUPERIOR COURT OFFICIAL REPORTERS
500 N. King Street, Suite 2609, 2nd Floor
Wilmington, Delaware 19801-3725
(302) 255-0653

---

2

1            December 7, 2006
            Courtroom No. 8D
2            9:30 a.m.

3   PRESENT:

4     As noted.

5         - - - - -

6       THE COURT: I apologize for the delay. I had a
7  dental appointment this morning that lasted longer than
8  I thought it would. So please forgive me.
9       Mr. Bailey.
10      MR. BAILEY: Yes, Your Honor.
11      THE COURT: I need to just maybe assist you a
12  little bit so that you understand how things work
13  because you don't have an attorney, and I think you're
14  going to run into some problems -- you may be seated.
15      As far as this Court is concerned, you are
16  perfectly free to proceed without an attorney. It would
17  be my suggestion and my heart-felt advice that you not
18  do that. I have had pro se trials before, and I've
19  never seen a pro se person prevail because it's -- you
20  know, no matter how much they -- no matter how well they
21  may perform in court, there's something in the jury's
22  mind is going to say, well, lawyers take these cases for
23  free. They're on a contingency fee. If no lawyer would

---

3

1  take my case -- that case, it must mean that he didn't
2  have a case. Do you see what I'm saying? Did you try
3  to get a lawyer?
4      MR. BAILEY: I did, Your Honor, but --
5      THE COURT: And if they're telling you that you
6  don't have a case, it may well be that you don't.
7      MR. BAILEY: They're not saying that. They're
8  just saying it's a case -- these types of cases are hard
9  to win. So in that case and if they want me to put
10  money up front, which I don't have.
11      THE COURT: Well, you're going to have to get
12  an expert. You cannot get to a jury at all without a
13  doctor or some kind of medical expert that's going to be
14  able to testify as to all of these facts that you're
15  alleging because you're not medically skilled and you're
16  not scientifically skilled. And I can't let it go to a
17  jury. I would have to dismiss it. Under Delaware law,
18  it has to be supported by proper scientific expert
19  testimony either from a physician that can say this is
20  what happened to you or from -- you know, I don't know
21  how you would want to do it. That's your problem. It's
22  not mine. It's your case. It's not my case.
23      But if you do not have an expert and you expect

---

4

1  to be able to get on the witness stand and just tell the
2  jury that you drank apple juice and got sick, I would
3  have to dismiss your case.
4      MR. BAILEY: But my other question, ma'am,
5  would be, and my motion, I'm asking for the defendant to
6  supply evidence that they have, for example --
7      THE COURT: Well, but they don't have to. They
8  don't have to supply -- it's not their job to give you
9  your case. It's your job. This isn't a criminal case.
10  It is your job to come forward with the evidence to
11  prove your case; not theirs. They defend it, but they
12  don't -- they're not going to give you whatever findings
13  they have. They're -- you're not entitled to that until
14  you've come forward and been able to establish with
15  medical -- with medical support or scientific support
16  that you have a case. That's the way it works because
17  you're the plaintiff and you have the burden of proof.
18      So I just glanced at your motion and you're not
19  entitled to that information at this stage. You first,
20  sir, have to get a doctor or some scientific person
21  that's willing to testify in your favor to support that
22  what you drank caused you to get ill, and causation's
23  very important here. It has to be supported by medical

5

1   testimony or by some kind of scientific lab reports,
2   whatever. And then a doctor has to say what the illness
3   was and then link it to whatever it was that you drank.
4       So if you don't have that, I'm going to be
5   very, very blunt with you right now, you're wasting your
6   time. You're wasting your time because Delaware law
7   does not allow somebody to come in and just claim that
8   they were poisoned by apple juice without anything to
9   back it up. And if you can't afford an attorney, I
10  don't understand -- if an attorney won't take this case,
11  I suspect it's because they don't think that you have
12  one. And I'll tell you, there's expenses associated
13  with getting medical doctors.
14      MR. BAILEY: Well, that was part of the
15  problem, not just that they wouldn't take the case, but
16  they'll have to get professional witnesses. You have to
17  pay them and that money --
18      THE COURT: And you do, unfortunately. That's
19  the way the law works. You cannot just unsupportedly
20  say that I got sick, I mean, because you want to
21  understand why? Anybody could come in here and try to
22  get money from a restaurant or a business or the Acme or
23  someplace where they bought a candy bar. And there

6

1   would be just tons of people that would take advantage
2   of that situation. And the business would be -- it
3   would be indefensible for them. So you have to be able
4   to prove it with more than your own word.
5       MR. BAILEY: Okay.
6       THE COURT: With that in mind, I'm going to
7   give you some deadlines. I'll give you a trial date,
8   but I would suggest to you that you think long and hard,
9   A, whether you want to move forward with this or not
10  because if you can't afford it, you can't go forward. I
11  mean, that's just the way it works, sir. I can't make
12  any special -- I can't give you any special treatment
13  because I can't -- I personally, as a judge, cannot be
14  convinced without a medical -- some kind of medical or
15  scientific testimony, what we call expert testimony,
16  that you were, in fact, injured by apple juice and that
17  it caused you to -- whatever the symptoms were that
18  you -- whatever injury, physical injury, you sustained.
19      If you don't have that by someone other than
20  your own testimony, it's done. Your case is -- it's
21  nothing. It doesn't exist.
22      MR. BAILEY: Okay.
23      THE COURT: Do you want to think about that or

7

1   do you want to --
2       MR. BAILEY: Well, I probably would like to get
3   maybe a continuance if that's --
4       THE COURT: No, there's not going to be a
5   continuance. I'm going to give you a trial date, and
6   I'm going to give you a date to identify what experts
7   you're going to have to support your claim. If by that
8   date you don't have experts to support your claim, then
9   I will dismiss it because that's the law in Delaware.
10  You tell me how much time you need to get experts to
11  support your claim and I'll accommodate you, but I'm
12  going to give you a trial date because we can't just let
13  this case hang around. It has to happen or not happen.
14      MR. BAILEY: Well, I pretty much have the
15  holiday season coming up and I don't know that I'm going
16  to be able to do a lot for the end of month. Being that
17  I live in Virginia, I have to travel back and forth
18  here. I have to do stuff on the phone. So I would say
19  probably March would be probable --
20      THE COURT: And if you don't have an expert
21  witness that you've disclosed -- if you don't disclose
22  it to me, you disclose it to the defense attorney. If
23  you don't have an expert then by March 30th, the case

8

1   will be dismissed.
2       MR. BAILEY: Okay.
3       THE COURT: All right? So what I'm going to do
4   is just set that one date because I think that might
5   tell me whether or not I need to give you a trial date
6   after that.
7       MR. BAILEY: Okay.
8       THE COURT: All right? And the expert has to
9   have a written opinion as to what he or she is going to
10  testify to. And that testimony has to be sufficient to
11  establish, A, that you were injured and, B, that the
12  cause of the injury was the apple juice or whatever it
13  is that you're alleging. And if you cannot do that, I'm
14  going to have no choice, but to dismiss the case. So
15  don't -- you know, if you feel that you can't do that,
16  please don't waste your time or anybody else's time for
17  that matter because it's just not -- it's not fair to
18  the rest of the litigants who have a really -- who do
19  have claims that are able to be supported by experts and
20  have to wait for the Court's time and trial dates.
21      So I'm going to just simply set a discovery
22  cut-off and -- rather than schedule a trial date, I'm
23  just going to simply set plaintiff's expert report must

9

1  be in by March 30th, 2007, defendant's by May in the
2  event that there is one, and discovery cut-off will be
3  by May 15th. And finally dispositive motions will be by
4  May 15 as well. And we'll go from there rather than put
5  you on the calendar for a trial that may not happen. So
6  we'll just wait and see how far you go in terms of
7  getting yourself the evidence you're going to need in
8  order to prove your case. All right?
9      MR. BAILEY: Yeah.
10     THE COURT: All right. Mr. Bailey, do you have
11 any other questions? Have you talked to lawyers, more
12 than one?
13     MR. BAILEY: Originally, originally, when I was
14 living in Delaware. I moved to Virginia now.
15 Originally I did. And the kind of advice they gave me
16 if I couldn't afford, like, to put money up, that I
17 should try to do it myself. That's basically --
18     THE COURT: Well, they were just saying that
19 they weren't going to do it, but they might have also
20 felt that they didn't have -- see, if lawyers take a
21 case, it's because they think they have a chance of
22 getting something, but, you know, it's just common
23 sense. Plaintiff's lawyers take cases and they foot the

10

1  bill actually. They put the upfront money to get the
2  experts. They put their own time into it. They do
3  everything they need to do to prepare the case to go to
4  trial with the expectation that their fee will come out
5  of whatever ward they get from a jury. If they're not
6  willing to do that, and there's plenty of cases where
7  that happens and they end up losing, too, so... but if
8  they're not even willing to take the risk of putting the
9  money up front, it may well be that they don't think
10 they can prove your case and that you just don't have
11 one. As blunt as that may sound, that's just what they
12 may be telling you. So you need to keep that in mind
13 when you start to make up your decision as to how you
14 want to proceed.
15     MR. BAILEY: Okay.
16     THE COURT: And I strongly also would urge you
17 to try to find counsel to represent you in any event
18 because I think that's the best way to go.
19     MR. BAILEY: Okay.
20     THE COURT: I mean, I always tell people if you
21 break your leg, you don't put the cast on yourself. You
22 find a reputable medical person to treat you, and law's
23 really not a whole lot different in that regard.

11

1      MR. BAILEY: Thank you.
2      THE COURT: All right. Ms. Costello, is that
3  suitable for you?
4      MS. COSTELLO: Yes, Your Honor. That's fine.
5  Thank you.
6      THE COURT: All right. Then we'll go from
7  there with those deadlines, and the motion for discovery
8  is denied. Court stands in recess.
9      (Whereupon the proceedings concluded at
10 10:00 a.m.)

12

STATE OF DELAWARE:

NEW CASTLE COUNTY:

        I, Patricia L. Ganci, Official Court Reporter
of the Superior Court, State of Delaware, do hereby
certify that the foregoing is an accurate transcript of
the proceedings had, as reported by me in the Superior
Court of the State of Delaware, in and for New Castle
County, in the case therein stated, as the same remains
of record in the Office of the Prothonotary at
Wilmington, Delaware, and that I am neither counsel nor
kin to any party or participant in said action nor
interested in the outcome thereof.
        This certification shall be considered null and
void if this transcript is disassembled in any manner by
any party without authorization of the signatory below.

        WITNESS my hand this _____ day of
_____, 2007.

        _____
        Patricia L. Ganci, RPR, CRR
        Cert.#169-PS

0 4 1

# COVER

# APPENDIX/EXHIBITS

## IN THE SUPREME COURT FOR THE STATE OF DELAWARE

PLAINTIFF  Below      RUDOLPH V. BAILEY'S OPENING APPEAL BRIEF
Appellant

FOR HIS APPEAL AGAINST THE JUNE 19, 2007 DECISION
BY THE HONORABLE PEGGY L. ABLEMAN

RENDERED IN FAVOR OF DEFENDANT  Below
Appelle

ACME/ASCO/ALBERTSON'S INC.,

SUPERIOR COURT CASE No. : 06C-04-129 PLA

SUPREME COURT CASE No. 322, 2007.



FILED
AUG 2 5 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

START OF EXHIBIT 1

COMPLAINT FILED 12/16/2004, IN COURT OF COMMON PLEAS

## PRAECIPE

# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE

## IN AND FOR <u>NEW CASTLE</u> COUNTY

Name (s),
RUDOLPH V. BAILEY SR.
          Plaintiff(s),

          v.

Name(s)
ACME/ASCO/ALBERTSON'S INC.
          Defendant(s).

)
)
)
)
)Civil Action No. _ _
)
)
)
)
)
)

2004 - 12 - 259

ARBITRATION

TO:    Clerk of the Court of Common Pleas

       <u>500 N. King Street Suite 1610</u>

       <u>Wilmington    </u>, Delaware 19<u>801</u>

       Please issue Summons to the Sheriff of <u>New Castle       </u> County to

effect  service on of the Summons and Complaint upon the defendant(s) as

follows:

1. ACME SUPERMARKET
   FOXRUN Shopping Center corner of Routes 40 & 72
   BEAR DE 19701

                                      RUDOLPH BAILEY (Plaintiff)

## SUMMONS

# IN THE COURT OF COMMONS PLEAS FOR THE STATE OF DELAWARE

## IN AND FOR  NEW CASTLE    COUNTY

Name (s)
RUDOLPH V. BAILEY SR.

       Plaintiff (s),

   v.

Name (s)
ACME/ASCO/ALBERTSON'S INC.
       Defendant (s).

)
)
)
)
)
)
) Civil Action No. _____
)
)
)
)
)

2004 - 12 - 259

ARBiTRATioN

TO THE SHERIFF OF  NEW CASTLE    COUNTY,
YOU ARE COMMANDED:

   To Summon the above named defendant(s) and serve upon said defendant(s) a copy of this summons and complaint.

TO THE ABOVE NAMED DEFENDANT(S):
   Within twenty (20) days after you receive this Summons, excluding the day you receive it, you must file an Answer to the attached Complaint if you want to deny the allegations.  The original of your Answer must be filed with the Clerk's Office of the Court of Common Pleas, 500 N. King Street  Suite 1610 Wilmington Delaware and must include proof that a copy of the Answer was served on the plaintiff or his/her attorney who is named on this Summons.

   Failure to file an Answer denying the allegations will result in a judgment against you, and action may be taken by the plaintiff or his/her attorney to satisfy the judgment.

DATED: _____   _____

              Clerk

Plaintiff's    Name  RUDOLPH V. BAILEY PROSE
Address         140 Antlers Lane Bear DE 19701
Telephone Number   (302) 834-8031

IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

RUDOLPH V. BAILEY SR.                )
                                     )
            Plaintiff,               )        2004 - ] 2 - 259
                                     )  Civil Action No._____ _____
            V.                       )
                                     )        ARBITRATION
ACME/ ASCO/ ALBERTSON'S INC.         )
                                     )
            Defendant.               )


## COMPLAINT

1.    Plaintiff is a citizen of the State of Delaware

2..   Defendant operates a business in the State of Delaware located in the FOXRUN Shopping Center in Bear DE.

3.    On or about March 10, 2004, I purchased 2- boxes of apple juice from the ACME Supermarket in the FOXRUN Shopping Center, and went home and started to drink from one of the boxes the same Day I punched it.

4.    I began to feel ill with stomach pain, cramps, and diarrhea. about two Days later I poured some of the same apple juice into a glass and began to drink when I felt something in my mouth, I spat it out and looked into the glass and saw what looked like a clump of paper towel. I returned to the ACME Super Market that same Day and showed the manager what came out of the box of apple juice I had purchased a couple Days before. The stale date on the box read April 03;04 . From the ACME Store to my residence is less than 1-mile, and I drove straight home and refrigerated the apple juice the same Day I purchased it. I called my Primary Care Physician and explained what happened and my condition. I was told to stay on clear fluids until the problem went away, this I did.

5.    Since I was on pain medication that cause constipation I take stool softeners and laxative each day. Since I was having stomach cramps and diarrhea, I stopped taking the laxatives and stool softeners. This led to a more serious problem because it came to a point that I could not pass my stool for several days, my stomach was swollen and I was at point of death. I called 911 and requested an ambulance to take me to

the hospital, this was on 4/12/2004. The ambulance responded and told me that the wait time a the Hospital was unusually long and it would be better for me to drive myself to the near by Medical Aid Unit, which I did, and got help with the problem. I felt better taking the medicines they prescribed.

6.    A sample of the same box of apple juice was tested by Florida Growers, and it was reported to me that it contained mold contamination due to improper refrigeration. Since I was sick from the time I drank the apple juice until I went to the Medical Aid Unit, I am asking the Court to award me damages. I have been traumatized by the incident, the experience has made afraid to consume any liquid product that was not packaged in a clear glass container. I suffered pain and my life was put at risk by what ever was in that container. I have since learned of another customer who also had a similar problem from the New Ark Delaware ACME Supermarket.

7.    Plaintiff, therefore, asks the Court to hold the Bear ACME Store responsible and award the plaintiff the sum of $25,000.00. I was put at the risk of death by ACME/ ASCO/ ALBERTSON'S INC. Due to the food poisoning apple juice episode of 3/10/04. I drank apple juice that was contaminated, this contamination was due to improper refrigeration prior to purchasing it from the Bear Delaware ACME Supermarket.

RUDOLPH V. BAILEY (Plaintiff)
140 Antlers Lane
Bear DE 19701
(302) 834-8031

END OF EXHIBIT 1

START OF EXHIBIT 2

THE 4/12/2005 DECISION OF THE HONORABLE W C BRADLEY

COURT OF COMMON PLEAS
OF THE STATE OF DELAWARE
WILMINGTON, DELAWARE 19801

WILLIAM C. BRADLEY, JR.
JUDGE

IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

RUDOLPH V. BAILEY, SR.,                    )
                                           )
            Plaintiff,                     )
                                           )
    v.                                     )    C.A. No. 2004-12-259
                                           )
                                           )
ACME/ASCO/ALBERTSON'S,                     )
INC.                                       )
                                           )
            Defendant.                     )

            Submitted:   March 11, 2005

            Decided:     April 12, 2005

Rudolph V. Bailey                     Thomas S. Bouchelle
140 Antlers Lane                      131 Continental Drive
Bear, Delaware 19701                  Suite 407
Plaintiff                             Newark, Delaware 19713
                                      Attorney for Defendant

## DECISION ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, DEFENDANT'S MOTION TO DISMISS, and PLAINTIFF'S MOTION FOR SANCTIONS

On March 11, 2005, the Court heard argument on Plaintiff's Motion for Default Judgment, Defendant's Motion to Dismiss and Plaintiff's Motion for Sanctions. The Court reserved decision on all three motions. This is the Court's decision.

Plaintiff has filed a Complaint with this Court on December 16, 2004 against Acme/Asco/Albertson's, Inc. seeking $25,000. in damages. On February 8, 2005, Plaintiff filed a Motion for Default Judgment. In the motion, Plaintiff requests the Court enter judgment for failure of Defendant to Answer the Complaint pursuant to Rule 12(a) of the *Civil Rules of the Court of Common Pleas*. According to the Sheriff's return, service of process was made with "copy left with Craig Yost, store manager, at Fox Run Shopping Center Route 40 and 72, Corner of Bear, Delaware on 1/13/05."

On February 11, 2005, counsel for the Defendant entered an appearance on behalf of the Defendant, Acme/Asco/Albertson's Inc., without waiving defenses as to whether proper service of process has been effected on Defendant, whether the Defendant is a proper party to this matter or whether the Defendant may raise the defense of statute of limitations.

On February 16, 2005, Defendant filed an Answer containing affirmative defenses to the Complaint; Answers to Form 30 Interrogatories; a Response to Motion for Default Judgment; and a Motion to Dismiss the Complaint. In the Motion to Dismiss, Defendant requests the Court dismiss Plaintiff's Complaint pursuant to Rule 4(f)(iii) of the *Civil Rules of the Court of Common Pleas* for

2

failure to properly serve the Defendant.   Further, Defendant argues Plaintiff failed to file Answers to Interrogatories appearing in *Superior Court Civil Rule Form 30* with the Complaint pursuant to Rule 3(h) of the *Civil Rules of the Court of Common Pleas*.   Defendant argues by filing an Answer to the Complaint and raising various affirmative defenses, default judgment is improper under Rule 55(b) of the *Civil Rules of the Court of Common Pleas.*

For the reasons that follow, Plaintiff's motion for default judgment is denied as the Complaint was filed against improper parties and service was insufficient under Rule 4(f)(iii) of the *Rules of the Court of Common Pleas* and, therefore, Defendant's Motion to Dismiss Plaintiff's Complaint is hereby granted.   Further, Plaintiff's Motions for Sanctions is hereby denied.

## FACTS

This action involves a Complaint that was filed by the Plaintiff alleging on March 10, 2004 two boxes of apple juice were purchased from the Acme Supermarket located in the Fox Run Shopping Center in Bear, Delaware.   After Plaintiff consumed juice from one of the boxes, he suffered stomach pain, cramps and diarrhea.   Two days later, Plaintiff consumed additional apple juice from the same box and discovered in his mouth what appeared to be a "clump of paper towel" that came from the box.     Due to medications Plaintiff was previously taking which necessitated the taking of laxatives, Plaintiff had to discontinue the laxatives causing him discomfort, constipation and ultimately resulting in a visit to a local medical facility for treatment.

In the Complaint, Plaintiff alleges a sample of the apple juice purchased from Defendant was tested by Florida Growers and was found to contain mold contamination due to improper refrigeration.   Due to the pain and suffering

3

caused by the incident, Plaintiff is requesting the Court award the sum of $25,000.

Defendant filed an Answer on February 16, 2005 denying the allegations and raising the following affirmative defenses:

1.  Service of process was inappropriate;

2.  Plaintiff failed to name indispensable parties to the matter and, therefore, the matter should be dismissed;

3.  The Complaint fails to state a cause of action upon which relief may be granted; and

4.  Plaintiff assumed the risk of his injuries.

## DECISION

The Plaintiff contends that default judgment should be entered because the Defendant did not file an Answer within 20 days after being served as required by the Rule 12(a) of *Civil Rules of the Court of Common Pleas*. Defendant offers two grounds as cause for not entering a default judgment. First, it contends the Plaintiff brought suit against improper entities and failed to properly serve those entities. The second ground given by Defendant not to enter default judgment is since counsel entered an appearance and filed an Answer, default judgment cannot be granted.

Entry of default judgment is a matter within the Court's discretion. Generally speaking, it is reserved for those occasions where there has been a willful or conscious disregard of the rules of the Court. Pinkett v. Nationwide Mutual Insurance Company, Del. Super., 414 A.2d 747 (2003). When an entry of appearance has been made, default judgment under Rule 55(b) is unavailable. Delaware Sand and Gravel Co. v. Bryson, Del. Supr., 414 A.2d

4

207 (1980). The Court finds Defendant's failure to timely file an Answer after counsel for the Defendant entered an appearance did not entitle Plaintiff to default judgment and therefore, the motion is denied.

The record reflects Plaintiff filed suit against Acme/Asco/Albertson's, a non-existent entity. Instead of accomplishing service of process by the sheriff or through a special process server, Plaintiff attempted to serve process personally by leaving a copy of process with a store manager at an Acme Supermarket located in Bear, Delaware.

Rule 4(f)(iii) of the *Civil Rules of Court of Common Pleas* provides that service of process shall be made:

> Upon a domestic or foreign corporation or upon a partnership or unincorporated association which is subject to suit under common name by delivering copies of the summons, complaint and affidavit, if any, to an officer, a managing or general agent or, to any other agent authorized by law to receive service of process and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

The right to question irregularities in, or sufficiency of, service of process is well settled in Delaware. The Sheriff's return is *prima facie* proof of proper service. Alston v. DiPasquale, 2001 Del. Super., LEXIS 475, Witham, J. (October 19, 2001). However, Plaintiff did not serve process by Sheriff in this instance. Under Rule 4(a) and (d) of the *Civil Rules of Court of Common Pleas*, the process must be specified in the praecipe and issued to the Sheriff to effectuate service. Service by other than the Sheriff must be done by special process server--a person especially appointed by the Court to serve it. No person shall be specially appointed by the Court to make service unless the conditions are established as provided in the court rules. *Id.*

5

The Court finds service of process was insufficient because it was not accomplished in compliance with the rules of the Court. A return showing proper service upon the Defendant is a necessary prerequisite to the granting of a default judgment. Keith v. Joseph Construction Co., Del. Super., 451 A.2d 842 (1982). Because service of process was improper, a default judgment is improper. Arrow Financial Services v. Ajavon, 2003 Del. C.P., LEXIS 51, Smalls, C.J., (July 29, 3004).

The Court generally adheres to a policy of judicial lenience towards pro se plaintiffs, but the record reflects Defendant did not waive defenses to such issues as to whether proper service of process has been effected or whether Defendant is a proper party to this matter. Accordingly, the Court must grant Defendant's Motion to Dismiss.

On February 28, 2005, Plaintiff filed a Motion for Sanctions alleging counsel for Defendant made false representations to the Court during a prior court appearance. Plaintiff further alleges Defendant is intentionally perpetuating a fraud, as the Certificate of Service of the Entry of Appearance provides it was mailed on February 8, 2005, but Plaintiff did not receive it until February 15, 2005, along with Defendant's Motion to Dismiss.

Rule 11 *Sanctions* of the *Civil Rules of Court of Common Pleas* reads in pertinent part as follows:

> (b) *Representations to Court.* By representing to the Court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying to the best of the person's knowledge, information, and belief formed after an inquiry reasonable under the circumstances: —
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

6

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument, for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support, or if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence, or if specifically so identified, are reasonably based on a lack of information or belief.

(c) *Sanctions.* If, after notice, and a reasonable opportunity to respond, the Court determines that subdivision (b) has been violated, the Court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

(1) How initiated. (A) By motion. A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the Court unless, within 21 days after the service of the motion (or such other period as the Court may prescribe), the challenged paper, claim, defense, contention, allegation or denial is not withdrawn or appropriately corrected. If warranted, the Court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

There exists three aspects of a Rule 11 sanction 1) factual questions regarding the nature of the attorney's pre-filing inquiry and the factual basis of the pleading or other paper; 2) legal issues arising from determining whether a pleading is "warranted by existing law or a good faith argument" for changing the law and whether the attorney's conduct violated Rule 11; and 3) the trial court's exercise of its discretion to tailor an "appropriate sanction." Wilson v. B

& E Transporters, 1994 Del. Super., LEXIS 288, Graves, J. (June 10, 1994) citing Cooter & Gell v. Hartmarx Corp., 110 S. Ct. 2447, 2456 (1990).

Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well-grounded in fact, legally tenable, and not interposed for any improper purpose. An attorney who signs a paper without such a substantiated belief shall be penalized by an appropriate sanction. Such a sanction may, but need not, include payment of the other parties' expenses. Although the Rule must be read in light of concerns that it will spawn satellite litigation and chill vigorous advocacy, any interpretation must give effect to the Rule's central goal of deterrence. Id.

In Delaware, the standard for determining whether the conduct has violated Rule 11 is a subjective good-faith test. Ford v. Delaware, 1992 Del. Super. LEXIS 513, Toliver, J. (December 8, 1992). The Court is empowered to impose an appropriate sanction where counsel interposes a pleading for an improper purpose such as to harass or to cause unnecessary delay or to needlessly increase the cost of litigation. Id.    Like the imposition of costs, attorney's fees, and contempt sanctions, the imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate. Cotter, 110 S. Ct. at 2456.

Upon review of this case as it has developed thus far, there is nothing in the record to indicate that counsel for the Defendant withheld the mailing of the Entry of Appearance to cause delay or otherwise confuse the Plaintiff. Nor is

there evidence to suggest that counsel for Defendant intended to harass the Plaintiff. As there is no evidence in the record to the contrary, the timing of the mailing of the Entry of Appearance and the subsequent actions taken by counsel for Defendant appear to have been made in good faith and were reasonable under the circumstances. Consequently, the Court does not believe the imposition of sanctions is warranted and, therefore, denies Plaintiff's motion.

## CONCLUSION

As the above case law indicates, based upon this record, the Court shall deny Plaintiff's Motion for Default Judgment, grant Defendant's Motion to Dismiss the Complaint and deny Plaintiff's Motion for Sanctions.

**IT IS SO ORDERED** this 12th day of April, 2005.

William C. Bradley
Associate Judge

9

END OF EXHIBIT 2

.

START OF EXHIBIT 3

PLAINTIFF'S SUPPORTING BRIEF FOR MOTIONS

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

RUDOLPH V. BAILEY SR.,                )
                                      )
        PLAINTIFF                     )
                                      )   C.A. No.: 06C-04-129 PLA
V.                                    )
                                      )
ACME/ASCO/ALBERTSON'S INC.,           )
                                      )
        DEFENDANT.                    )

NOTICE OF BRIEF

To: Superior Court            Kelly A. Costello Esq.        ACME Markets
    State of Delaware         131 Continental Drive         Fox Run Shopping Ctr.
    500 North King St.        Suite 407                      Corner Routes 40 & 72
    Office of Prothonotary    Newark DE 19713                Bear DE 19713
    Wilmington DE 19801

PLEASE TAKE NOTICE that the attached Plaintiff's Brief will be presented to

The Court to support the Plaintiff's Motions which will be presented to the

Court along with Defendant's Motion to Dismiss.

Rudolph V. Bailey Sr.
P.O. Box 221911
Chantilly VA 20153-1911
(703) 369-5071
(302) 562-5613

Dated 4/27/2007

## IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

## IN AND NEW CASTLE COUNTY

| | | |
|---|---|---|
| RUDOLPH V. BAILEY, SR., | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | C.A. No.: 06C-04-129 PLA |
| V. | ) | |
| | ) | |
| ACME/ASCO/ALBERTSON'S INC., | ) | |
| | ) | |
| DEFENDANT | ) | |

2007 MAY -3 PM 3: 19
FILED PROTHONOTARY

### CERTIFICATION OF SERVICE

I Rudolph V. Bailey, Sr., do hereby certify that (2) copies of the attached Notice of

Brief and Brief was sent by First Class Mail USPS to the Superior Court

State of Delaware Prothonotary's Office, at 500 N. King St., Wilmington DE 19801;

And to Kelly A. Costello Esq. at 131 Continental Drive Suite 407, Newark DE

19713; And one copy was sent to ACME Markets in the Fox Run Shopping Center,

Corner of Routes 40 & 72, Bear DE 19701.

Notary Signature and Seal
commission expires Aug 31 2010

Rudolph V. Bailey Sr.,
P.O. Box 221911
Chantilly VA 20153-1911
(703) 369-5071 (302) 562-5613

Dated  4-30-07

TABLE OF CONTENTS

PAGE NUMBER    DESCRIPTION

1              CASE CAPTION AND PURPOSE

2              OPENING STATEMENT

3-7            FACTS

7-10           SUPPORT FOR MOTION FOR PRODUCTION OF RECORDS

10-12          SUPPORT FOR MOTION TO COMPEL HOSTILE WITNESS

12-13          SUPPORT FOR PLAINTIFF'S MOTION TO DISMISS

               DEFENDANT'S MOTION TO DISMISS LAWSUIT &

               CONCLUSION

EXHIBITS

A              COURT OF COMMON PLEAS CASE LOGS

B              ENTRY OF APPEARANCE THOMAS BOUCHELLE

C1             CIVIL MOTION TRANSCRIPT 3/11/05, PAGE 7

C2             COURT OF COMMON PLEAS RULE 11

DI             JUDGE BRADLEY'S DECISION 4/12/05 PAGE 2

D2             JUDGE BRADLEY'S DECISION 4/12/05 PAGE 5

MAIN EXHIBIT 2 APPEAL FROM COURT OF COMMON PLEAS

E              DEFNDANT.S MOTION TO DISMISS APPEAL

F              SUPERIOR COURT'S 7/27/05 DECISION TO

               DISMISS APPEAL UOPN DEFENDANT'S MOTION

G              APPELLANT'S OPENING BRIEF FILED 7/21/05

TABLE OF CONTENTS CONTUNIED

| H1 | PLAINTIFF'S LETTER TO US ATTORNEY GENERAL |
| H2 | PLAINTIFF'S PRTITION TO US COURT OF APPEALS |
| I | SUPERIOR COURT VACATE.S DISMISSAL OF APPEAL |
| J | SUPERIOR COURT REVERSED IN PART CCP'S DECISION |
| K1 | PLAINTIFF'S MOTION FOR DISCOVERY DENIED 12/7/06 |
| K1a | PLAINTIFF'S REQUEST TO DEFENDANT FOR DISCOVERY |
| K1b | PLAINTIFF'S REQUEST TO DEFENDANT FOR DISCOVERY |
| K2 | DEFENDANT'S IMPROPER CASE DISPOSITIVE MOTION |
| L | DEFENDANT'S IMPROPER CASE DISPOSITIVE ORDER |
| M | THE COURT GIVEING INSTRUCTIONS TO DEFENDANT'S COUNSEL HOW TO GET MOTION GRANTED |

1

2007 MAY -3 PM 3: 19

FILED
PROTHONOTARY

## IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| RUDOLPH V. BAILEY, SR., | ) |
| | ) |
| PLAINTIFF | ) |
| | ) |
| V. | ) C.A. No.: 06C-04-129 PLA |
| | ) |
| ACME/ASCO/ALBERTSON'S INC. | ) |
| | ) |
| DEFENDANT | ) |

### BRIEF

### PURPOSE

To offer from the record in this lawsuit, supporting evidence for Plaintiff's Motions

Before this Honorable Court, and could also be the foundation upon which any

Possible Appeal could be built.

## OPENING STATEMENT

**(1)    I intend to show a consistent pattern of action by the Defendant's counsel to use unfair practice to have my lawsuit dismissed.**

**(2)    I will show from the record that the Court has chosen sides and time and time again has made up untrue stories to support rulings in favor of the Defendant.**

**(3)    I will show from the record that I have made claims of race discrimination by the Court, establishing reasonable cause to support my charge.**

**(4)    I will show from the record that I made a request for the US Attorney General to appoint a Special Prosecutor to investigate my charge due to the fact that this honorable Court dismissed my Appeal, and gave as a reason that I did not file my Opening Brief with the Court when in fact I did.**

**(5)    I will show from the record that this Honorable Court reversed its Ruling to dismiss my appeal and said my Brief was miss-filed. This Honorable Court then Reversed the lower Honorable Court's ruling to dismiss Plaintiff's Lawsuit.**

**(6)    I will give supporting material for present motions before the Court.**

**(7)    I will make a closing summary and conclusion of the evidence offered on the record.**

3

## FACTS

(1)      On 12/16/2004 Plaintiff Rudolph V. Bailey Sr. filed a Summons and

Complaint against ACME/ASCO/Albertson's Inc., which conducts business in the

State of Delaware through a retail establishment known as ACME Supermarket,

located in the Fox Run Shopping Center in Bear Delaware. The Plaintiff sought

relief of $25,000.00 as a result of a food poisoning incident which took place on or

about March 10, 2004. According to the Rules of the Court an answer due from

Defendant 20-days from Service of Process. Let me draw your attention to the

Court's log Exhibit A, entry 2 shows that service was effected on 1/13/05, so an

answer was due on or about 2/2/05. Entry 3 shows Plaintiff Filed Motion for Default

Judgment on2/8/05, and entry 4 shows it was amended on 2/10/05. Please take notice

of entry 5, which states 2/11/05 Thomas Bouchelle filed entry of appearance for

Defendant3-days after default judgment were filled. No answer was given by the

time allotted, and defendant's Counsel filed a bogus entry of appearance 3-days

after Default Judgment was filed by the Plaintiff. I draw your attention to Exhibit

B, Mr. Bouchelle's bogus Entry of Appearance, please take notice of his signature

and the date of 2/7/05, and compare it to the date of 2/11/05, entry 5 in the Court's

log. It is easy to see why he chose the date of 2/7/05, since that would pre-date

Plaintiff's Motion for Default Judgment, filed on 2/8/05, and Mr. Bouchelle stated

that in his motion to dismiss Plaintiff's Lawsuit. I draw your attention to Exhibit C

1, page 7 of the 3/11/05 Transcript, and hearing before the Honorable William C,

Bradley, you will notice Mr. Bouchelle told the Court that on 2/4/05 his brother

passed away and he was indisposed. He further stated on the record that Plaintiff

4

had a verified Entry of Appearance for February 7[th.] He further stated that he did not sign the Entry of Appearance but that someone else did it for him. If someone else signed Mr. Bouchelle's name to the bogus document without stating that they were signing on his behalf, it is a forged document with a false date that does not correspond to the Court's log of 2/11/05. I draw your attention to Court of Common Pleas Rule 11 Singing of pleadings, motions, and other papers: Representations to Court, sanctions, see Exhibit C 2, an exert of this rule from page 3 of my Appeal Brief before the Superior Court. I Quote: "(a)  Signature. Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name,----" The rule is very clear that any Attorney who signs a document making a representation to the Court must be an attorney on the record and must sign that attorney's own name, and not someone else's name to the document as was done. Since Mr. Bouchelle's Entry of Appearance was improper and not in accordance with the rules of the Court, and was a fraudulent misrepresentation and not signed by an attorney on the record, it qualifies as an unsigned paper and must be stricken from the record according to Rule 11, and I Quote continuing with (a) and the end of line 6: "An unsigned paper shall be stricken unless it is corrected promptly after the omission of the signature is called to the attention of the attorney or party.----" Mr. Bouchelle never corrected the problem by signing another Entry Of Appearance with the true date and his own signature; therefore according to Rule 11 Mr. Bouchelle's Entry of Appearance should be stricken from the record, along with all of his motions, and the entire

5

Plaintiff's motions should have been granted, since without a proper Entry of Appearance Defendant's counsel cannot file motions or pleadings before the Court.

(2)    Although Plaintiff filed a Motion for Sanctions against Defendant's Counsel's apparent misconduct the Court denied it along with all of the plaintiff's motions, and granted all of the Defendant's motions. Furthermore the Lower Court in order to justify its actions in dismissing Plaintiff's lawsuit, made-up a false accusation against the Plaintiff, that I did not use a Sheriff to effect service of process, but served the Defendant personally, and the Court used the fabricated false evidence along with the Defendant's counsel's wrongful claims that I served a none-existent entity. I draw your attention to Exhibit D1 Decision of the lower Court page 2 second paragraph line 6, reads as follows: According to the Sheriff's return, service of process was made with "copy left with Craig Yost, store manager, at Fox Run Shopping Center Route 40 and 72, Corner of Bear, Delaware on 1/13/05." So then the Court was aware of the Sheriff's Return of Service when the Court wrote in its 4/12/2005, Decision Exhibit D2, page 5 second paragraph line 2 as following: Instead of accomplishing service of process by the sheriff or through a special process server, Plaintiff attempted to serve process personally by leaving a copy of process with a store manager at an Acme Supermarket in Bear, Delaware. The record clearly shows that the Lower Court intended to use a false report in order to grant the motions of the Defendant's Counsel despite his misconduct, The Court going even further with misconduct of its own.

(3)    The only tangible reason the Plaintiff could think of as a motivation for the

6

Court doing what it did, given the history of white Americans enslaving people of African decent and the race discrimination historically against people of color, and, southern type Jin-Crow injustice and unjust lynching of African-American males. The Court intended to deny the Plaintiff his Civil and Constitutional rights under Federal and Civil Rights laws. The Plaintiff made this charge in his Citation on Appeal, Main Exhibit 2, page 5, sections 8-9 of Appeal Brief see exert of Exhibit attached. Therefore the Plaintiff includes his Appeal Opening Brief C.A. No. 05A-04-006 PLA, as a relevant part of these proceedings before this Honorable Court, as the discrimination is ongoing.

(4)    Prior to hearing my Appeal the Honorable Peggy L. Ableman dismissed the Plaintiff's Appeal as a result of the Defendant's Counsel's Motion to Dismiss Appeal Exhibit E. The reason given by the Court was that I did not file my Appeal Brief. Defendant's Counsel claimed in his Motion to this Honorable Court that the Plaintiff did not file his Brief in time according to Rule 72, however the Court had sent both the Defendant and the Plaintiff a Brief schedule which I followed, and in fact the Plaintiff's Brief was filed in a timely fashion according to the Superior Court's own Brief schedule. The Court went even further than the Defendant's Counsel in the July 27, 2005, Decision by saying that the Plaintiff's Brief was not Filed as of July 28, 2005, Exhibit F. This of course was not true; the Plaintiff's Brief Was stamped and dated July 21, 2005, by the Court, see Exhibit G. It is plain to see that both the Lower and the Higher Courts would go to any length to grant the Defendant's Counsel's wishes no matter how wrong they are. The Plaintiff Seemly

Can never be right and the Defendant can never be wrong in the eyes of the Court.

(5)    I made a request to the US Attorney General to appoint a Special Prosecutor to investigate what was going on with the Court in Delaware, see Exhibit H1. On or about August 4, 2005 I petitioned the Federal Court of Appeals to hear my Appeal see Exhibit H2. After which the Court vacated the earlier Decision dismissing the Plaintiff's Appeal, claiming that a clerk had misfiled the Plaintiff's Brief, please see Exhibit I. Consequently the Higher Court Affirmed In Part and Reversed in Part, the Lower Court's Ruling, see Exhibit J.

## PRESENT MOTIONS BEFORE THE HONORABLE PEGGY ABLEMAN
### Motion for Production of Records

On 12/01/06 the Plaintiff Rudolph V. Bailey filed a Motion before the Court to force the Defendant ACME/ASCO Et,al To comply with Plaintiff's repeated request for certain discovery documents essential to this lawsuit (Exhibit K 1). The plaintiff's Motion was denied by the Court. The Court stated that the Plaintiff was not entitled to the written test results, of a sample from the box of apple juice that caused the food poisoning incident of March 2004. Furthermore the Court wrote in the decision as following "Discovery of documents must be by request for production to defendant in accordance with Superior Court Rules 26,34." The truth is that the record has many written request from the Plaintiff to the defendant for production of records including the said test results. Additionally in my September 22, 2006 letter to the Honorable Peggy L. Ableman where I objected to a requested meeting

8

with Defendant's Counsel and Your Honor, I told your Honor that the Defendant continue to refuse to provide reasonable discovery documents I have requested over and over. In my present Motion for Production of Records I have included three other Exhibits of written request to the Defendant for these same documents dating back to November 2004. Additionally I am attaching two other request to Defendant's Counsel for discovery as Exhibits K 1-a and K 1-b. The plaintiff contends that he is indeed entitled to this information because it is public information, since defendant supplies food to the general public, it must abide by the Rules of the US Food and Drug Administration. The FDA mandates that suppliers publish on written labels the total contents of all such products as the apple juice in question. The written test result which would display the contents of the said contaminated apple juice falls within the USFDA guidelines, and Defendant is breaking the law by concealing this information from the plaintiff. Many people die each year in USA from food poisoning. In recent times there were the Spinach, Peanut Butter and Pet Food Poisoning outbreaks, and in each case the test results were released to the public, and the public was made aware of the cause and reason, and type of contamination that caused illness, and death to both humans and animals. If the public had the right to know what made animals sick and die, even more so the public, including the Plaintiff are entitled to the written test results from contaminated food products such as the contaminated box of apple juice that caused the food poisoning incident of March 2004. At the December 7, 2006 Conference the Honorable Peggy L. Ableman stated in essence that the Plaintiff was not entitled to the information sought, and that it belong to Defendant and that the

9

Defendant had no obligation to furnish the written information the Plaintiff was seeking. According to Rule 26 Claims of privilege information must be made by the party from whom the information is sought. The defendant made no such statement on the record, if the Court makes this claim on behalf of the Defendant, then the Court is acting as counsel for the Defendant, and not according Rule 26. Rules 26 clearly states as following: (5) "Claims of Privilege or protection of trial preparation materials. When a party withholds information otherwise discoverable under these rules by claiming that it is privilege or subject to protection as trial preparation material, THE PARTY shall make the claim EXPRESSLY and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, in a manner that, will enable other parties to assess the applicability of the privilege or protection. It is clear by the Rules of the Superior Court that it is the intent of the law that the party claiming privilege must make every effort to release information sought in defense of a case, even if privilege is claimed the documents must be released in order to show how and why it is privilege information without revealing the information claimed to be privilege. However Defendant has not made any such claim, and there is nothing in the sought after test results that could qualify as privilege information. Therefore according to Superior Court rule 26, the said test results must be released to the plaintiff. The Court and the Defendant has not followed Rules 26 which the Court clamed that the Plaintiff did not follow in Plaintiff's Motion for Discovery, which was denied by this Honorable Court on 12/7/2006. Indeed the Honorable Court did not follow Rule 26 when the said motion

was denied. Rule 26 further states: "The frequency or extent of the use of discovery methods set forth in subdivision (a) shall be limited by the Court if it determines that: (i) The discovery sought is unreasonably cumulative or duplicative, or obtainable from some other source that is more convenient, less burdensome, or less expensive" The Court made none of these claims in the Decision and none of these apply. Moreover all it would cost the defendant to supply the documents is the copy paper and postage, compared to the cost by the plaintiff to pay for extensive testing with open ended cost. The Laboratories I spoke to said they cannot even quote me a price for the testing unless I can tell them what to look for, and what test type of testing to eliminate. With so many kings of contaminants and strains and bacteria's, and chemicals there is no way they can give me a price by me just telling them that something in the juice made me sick, it is just not enough to go on. However Defendant has all the information I need and will not release it to the plaintiff. Continuing Rule 26 same subsection "(ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought." Again this is not the case, I have sought this information through discovery from the Defendant time and time again dating back to November 2004, and the defendant has refused to produce the information and documents in my written request.

**Motion to Compel Hostile Professional Witness**

Plaintiff's Motion to Compel the Professional who preformed the test on Plaintiff's sample is crucial to proving Plaintiff's case as this test took place right after the food poisoning incident of March 2004; however another test done some 3-years after the incident would raise questions in the mind of the Jury about its affectivity. In

addition to this the Plaintiff is prevented from having this test done, and to pay a Professional to testify about it. The reason is that it would create financial burden the Plaintiff is unable to afford. Superior Court Rule 26 (a)(1) States "In general. Parties may obtain discovery regarding ANY MATTER, not privileged which is relevant to the subject matter involved in a pending action, whether it relates to the claim of defense of any other party, including the existence, description, nature, custody, condition and location of any books, DOCUMENTS, or other tangible things and the identity and location of PERSONS HAVING KNOWLEDGE of ANY discoverable matter."      Suppose you purchased a new car from a dealership and immediately found the brakes to be defective, and you called the dealership to complain that the brakes were not holding. The dealer tells you to drop the car off in the morning so they can test it. In the evening you called the dealership to find out what is wrong with your car's brakes, and the dealer told you that the brakes is defective but they refuse to tell you specifically what they found out in the test, and also refuse to correct the problem. As a Honorable Judge would say that the Dealer was right and had no obligation to tell you what was wrong with your brakes nor to correct the problem. To make matters even worse, suppose the dealership tells you to pay some other professional if you want to know the details of what is wrong with the brakes in the new car they just sold you. Indeed Your Honor in essence this is exactly what the Court is saying in reference to my repeated request to the Defendant for the test results and my claim for relief, when the Court indicated I should pay another professional to test another sample, and pay them to come to Court as my professional witness, or the Court will dismiss Plaintiff's lawsuit.

Therefore the test results and the professional who preformed the test is the best person to testify as my hostile professional witness because that person or persons like the example I gave tested a sample of my apple juice I purchased from the Defendant, who have a responsibility to make a full and complete disclosure of its contents to the plaintiff.

**Plaintiff's Motion to Dismiss Defendant's Motion to Dismiss this Lawsuit**

On April 3, 2007 Defendant's Counsel Kelly A. Costello sent a letter to the Honorable Peggy L. Ableman along with an Order requesting Your Honor to sign the said Order, the letter is marked Exhibit K 2, and the Order is marked Exhibit L. Your Honor responded with a letter to Defendant's Counsel, with copy to the Plaintiff, (Exhibit M) explaining to her how to get a motion before the Court in order to have the Plaintiff's Lawsuit dismissed. Your honor this is very troubling to me since it appears to me that the Court is giving the Defendant legal counsel. If Ms. Costello who I suppose is Law School Graduate, and a member of the Bar, it seems to me that she should be well aware of the Rules of the Court, and the procedures to follow in filing a proper Case Dispositive Motion and to notice the Plaintiff prior to the hearing. Instead Defendant's Counsel sent letter to a Superior Court Judge, asking the Judge to sign an Order dismissing the Plaintiff's Lawsuit without a hearing, with such strong language as "THEREFORE, the case is DISMISSED, with prejudice and shall be closed in its entirety." Should her improper letter/motion be signed by the Court I might be denied any chance of an Appeal. What is even more frightening is that Ms. Costello's improper motion was not denied by the Court, but she was instructed by the Court how to get a proper

13

motion granted, even though the Court denied the Plaintiff's proper Motion for Discovery as being improper. Therefore this Prose Plaintiff petitions this Honorable Court to deny the Defendant's improper Motion to dismiss this Lawsuit, and grant all of the Plaintiff's Motions, as the Plaintiff believes that he cannot, and will not receive a fair trial from this Court except before a racially diverse Jury of his peers.

**CONCLUSION**

The Plaintiff has shown with the record, a consistent pattern by the Courts of siding with the Defendant Counsel against the plaintiff, by wrongfully dismissing Plaintiff's Lawsuit and Appeal, both actions were reversed by the Honorable Superior Court. The Defendant has attempted another wrongful dismissal of this lawsuit. The plaintiff has been painstakingly documenting and chronicling the unfair denials of the Plaintiff's Motion stated in this Brief and Plaintiff's Appeal Brief for the purpose of illustrating the Plaintiff's charge of race discrimination by the Courts in the State of Delaware. The plaintiff respectfully contends that this race discrimination is ongoing. It is the opinion of the Plaintiff giving the facts of the entire cases in both Courts, that the Courts has no intention of treating the Plaintiff fairly nor to administer justice under the Rules of the Court, nor to give the Plaintiff a fair trial which is the Plaintiff's legal, moral, constitutional, and civil rights under the Law.

Dated ___4/26/2007___

_[signature]_

**Rudolph V. Bailey Sr.**
**P.O. Box 221911**
**Chantilly VA 20153-1911**
**(703) 369-5071 or (302) 562-5613**

COURT OF COMMON PLEAS - NEW CASTLE COUNTY
AS OF 04/17/2006                    PAGE      1

04-12-259
FILED  December 16,2004          ARBITRATION CASE, $15,000.00 OR OVER
JUDGE:
STATUS:  TBJ   E-FILED:

RO SE                    RUDOLPH V. BAILEY, SR.
                                -- VS --
LOSTELLO KELLY A.        ACME/ASCO/ALBERTSON'S INC.

   12/16/2004     1  INITIAL COMPLAINT & PRAECIPE FILED

   12/20/2004        (         ) SUMMONS ISSUED FOR SERVICE BY
                     SHF OF NCC UPON ACME/ASCO/ALBERTSON'S INC.

   01/21/2005     2  SERVICE MADE AS TO ACME/ASCO/ALBERT
                     BY LEAVING (         ) SUMMONS WITH CRAIG YOST, STORE
                     MANAGER ON 1/13/05 AT FOX RUN SHOPPING CENTER, ROUTE 40
                     AND 72 CORNER, BEAR, DE 19701

   02/08/2005     3  PLAINTIFF FILED A NOTICE AND MOTION FOR DEFAULT
                     JUDGMENT: NOTICED FOR 2/25/05

   02/10/2005     4  PLAINTIFF FILED AMENDED MOTION WITH CORRECTED
                     INCIDENT DATE OF 12/16/04; NO SERVICE AFFIDAVIT

   02/11/2005     5  ENTRY OF APPEARANCE FILED BY THOMAS BOUCHELLE ON BEHALF
                     OF DEFENDANT, ACME MARKETS ALBERTSON'S INC.

   02/16/2005     6  ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES FILED
                     BY ATTORNEY FOR DEENDANT.

   02/16/2005     7  DEFENDANT(S) ANSWERS TO FORM 30 INTERROGATORIES FILED.

   02/16/2005     8  RESPONSE TO MOTION FOR DEFAULT JUDGMENT AND DEFENDANT'S
                     MOTION TO DISMISS  FILED; NOTICED FOR 2/25/05

   02/25/2005        MOTION FOR DEFAULT JUDGMENT/RESPONSE AND MOTION
                     TO DISMISS SCHEDULED BEFORE JUDGE WILLIAM C.
                     BRADLEY. DEFENDANT REQUESTED MORE TIME TO RESPOND
                     TO MOTION TO DISMISS; PASSED UNTIL 3/11/05

   02/28/2005     9  PLAINTIFF FILED A NOTICE AND MOTION FOR SANCTIONS
                     AGAINST DEFENDANT'S COUNSEL; NOTICED FOR 3/11/05

   02/28/2005    10  PLAINTIFF FILED A NOTICE OF MOTION TO DISMISS
                     DEFENDANT'S MOTION TO DISMISS LAWSUIT; NOTICED FOR
                     3/11/05

   03/07/2005    11  NOTICE OF BRIEF AND EXHIBITS FILED BY PLAINTIFF.

   03/11/2005        1. MOTION FOR DEFAULT JUDGEMENT/RESPONSE
                     2. MOTION TO DISMISS/RESPONSE
                     3. MOTION FOR SANCTIONS
                     SCHEDULED FOR 3/11/05 HEARD BY JUDGE WILLIAM BRADLEY
                     WHO RESERVED DECISION.  JUDGE BRADLEY WILL MAIL BOTH

EXHIBIT B

## IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

RUDOLPH V. BAILEY, SR.,                    )
                                           )
          Plaintiff,                       )       C.A. No. 2004-12-259
                                           )
     v.                                    )
                                           )
ACME MARKETS ALBERTSON'S                   )
INC.                                       )
                                           )
          Defendant.                       )

### ENTRY OF APPEARANCE

PLEASE ENTER the appearance of Thomas S. Bouchelle, Esquire, as counsel for

the Defendant, Acme Markets Albertson's Inc.

This Entry of Appearance is for the purposes of notifying the Court and counsel for

the Plaintiff of the identity of this defense counsel. This Entry of Appearance is not to be

considered a waiver or admission of such issues as whether proper service of process has

been effected on Defendant, whether the Defendant is a proper party to this matter, or

whether the Defendant may raise the defense of the statute of limitations.


_____
THOMAS S. BOUCHELLE, ESQUIRE
CHRISTIANA EXECUTIVE CAMPUS
131 CONTINENTAL DRIVE
SUITE 407
NEWARK, DELAWARE 19713
(302) 292-6660
ATTORNEY FOR DEFENDANT

Date: February ___, 2005

EXHIBIT C 1

7

so, none of, none of those eight points that they made in their rule, in there, is, is of any importance.

But what the most important thing, though, is that they claim that they filed an appearance before I filed the lawsuit.

THE COURT:    I'll hear from them now.

MR. BAILEY:    Okay.

THE COURT:    Counsel?

MR. BOUCHELLE:    Thank you, Your Honor.

Good morning, Your Honor, Tom Bouchelle representing the defendants. I've entered my appearance.

Your Honor, I mentioned this before when we met two weeks ago and extra time was given to counsel. Unfortunately, on the 4th of February my brother passed away, so, I was indisposed. You will note in plaintiff's pleadings, he does have a signed verified entry of appearance for February 7th. Unfortunately -- if I may approach, Your Honor? This is a letter, unfortunately, I did not sign that entry of appearance or certification. Somebody in my office was kind enough to do it for me.

THE COURT:    What are you -- what have you sent me?

MR. BOUCHELLE:    You will see that the date on that is February 7th.

THE COURT:    The date on -- this is an envelope.

EXHIBIT C 2

my Motions, and dismissing my Lawsuit, even though opposing Counsel

confessed to what amounted to be misconduct associated with the filing of

his Entry of Appearance.

(7)   I will show from the record that the Defendant's Counsel offered secret

surprise evidence to the Court, that the Plaintiff was not privileged to see, or

know what the said evidence contained.

(8)   I will prove from the record that the Hearing Court ignored evidence on

the record that would prove that the Entity was properly named and served,

and that the Court made up a story about plaintiff carrying out service of

process personally without using the Sheriff, and used same as reason to

dismiss my Lawsuit, and according to the Rules of the Court of common Pleas

the Final Judgment must be set aside.

**Rule 11. Signing of pleadings, motions, and other papers: Represen-
tations to Court, sanctions.**

(a) *Signature.* Every pleading, motion, and other paper of a party repre-
sented by an attorney shall be signed by at least one attorney of record in the
attorney's individual name, or, if the party is not represented by an attorney,
shall be signed by the party. Each paper shall state the signer's address and
telephone number, if any. Except when otherwise specifically provided by
statute or rule, pleadings need not be verified or accompanied by affidavit. An
unsigned paper shall be stricken unless it is corrected promptly after the
omission of the signature is called to the attention of the attorney or party. If
a pleading, motion or other paper is not signed it shall be stricken unless it is
signed promptly after the omission is called to the attention of the pleader or
movant.

b) *Representations to Court.* By representing to the Court (whether by
signing, filing, submitting, or later advocating) a pleading, written motion, or
other paper, an attorney or unrepresented party is certifying to the best of the
person's knowledge, information, and belief formed after an inquiry reasonable
under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass or
to cause unnecessary delay or needless increase in the cost of litigation;

2) the claims, defenses, and other legal contentions therein are warranted
by existing law or by a nonfrivolous argument, for the extension, modification,
or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support,
or if specifically so identified, are likely to have evidentiary support after a
reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence, or if
specifically so identified, are reasonably based on a lack of information or
belief.

EXHIBIT D 1

## DECISION ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, DEFENDANT'S MOTION TO DISMISS, and PLAINTIFF'S MOTION FOR SANCTIONS

On March 11, 2005, the Court heard argument on Plaintiff's Motion for Default Judgment, Defendant's Motion to Dismiss and Plaintiff's Motion for Sanctions. The Court reserved decision on all three motions. This is the Court's decision

Plaintiff has filed a Complaint with this Court on December 16, 2004 against Acme/Asco/Albertson's, Inc. seeking $25,000. in damages. On February 8, 2005, Plaintiff filed a Motion for Default Judgment. In the motion, Plaintiff requests the Court enter judgment for failure of Defendant to Answer the Complaint pursuant to Rule 12(a) of the *Civil Rules of the Court of Common Pleas.* According to the Sheriff's return, service of process was made with "copy left with Craig Yost, store manager, at Fox Run Shopping Center Route 40 and 72, Corner of Bear, Delaware on 1/13/05 "

On February 11, 2005, counsel for the Defendant entered an appearance on behalf of the Defendant, Acme/Asco/Albertson's Inc., without waiving defenses as to whether proper service of process has been effected on Defendant, whether the Defendant is a proper party to this matter or whether the Defendant may raise the defense of statute of limitations.

On February 16, 2005, Defendant filed an Answer containing affirmative defenses to the Complaint; Answers to Form 30 Interrogatories; a Response to Motion for Default Judgment, and a Motion to Dismiss the Complaint. In the Motion to Dismiss, Defendant requests the Court dismiss Plaintiff's Complaint pursuant to Rule 4(f)(iii) of the *Civil Rules of the Court of Common Pleas* for

2

EXHIBIT D 2

207 (1980). The Court finds Defendant's failure to timely file an Answer after counsel for the Defendant entered an appearance did not entitle Plaintiff to default judgment and therefore, the motion is denied.

The record reflects Plaintiff filed suit against Acme/Asco/Albertson's, a non-existent entity. Instead of accomplishing service of process by the sheriff or through a special process server, Plaintiff attempted to serve process personally by leaving a copy of process with a store manager at an Acme Supermarket located in Bear, Delaware.

Rule 4(f)(iii) of the *Civil Rules of Court of Common Pleas* provides that service of process shall be made.

> Upon a domestic or foreign corporation or upon a partnership or unincorporated association which is subject to suit under common name by delivering copies of the summons, complaint and affidavit, if any, to an officer, a managing or general agent or, to any other agent authorized by law to receive service of process and if the agent is one authorized by statute to receive service and the statute so requires. by also mailing a copy to the defendant.

The right to question irregularities in, or sufficiency of, service of process is well settled in Delaware. The Sheriff's return is *prima facie* proof of proper service. Alston v. DiPasquale. 2001 Del Super., LEXIS 475, Witham. J. (October 19, 2001) However. Plaintiff did not serve process by Sheriff in this instance. Under Rule 4(a) and (d) of the *Civil Rules of Court of Common Pleas*, the process must be specified in the praecipe and issued to the Sheriff to effectuate service. Service by other than the Sheriff must be done by special process server--a person especially appointed by the Court to serve it. No person shall be specially appointed by the Court to make service unless the conditions are established as provided in the court rules. *Id.*

5

**Main Exhibit 2.**

# APPEAL FROM COURT OF COMMON PLEAS
# PRAECIPE

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

### PRAECIPE

| | |
|---|---|
| **Rudolph V. Bailey Sr.** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) |
| **VS.** | ) |
| | ) |
| | ) |
| **ACME/ASCO/ALBERTSONS INC.** | ) |
| | ) |
| **Defendant.** | ) |

**Please Issue**     **Citation on Appeal**

**ACME Supermarket**
**Fox Run Shopping Center**
**Corner of Rt. 40 & Rt. 72**
**Bear DE 19701.**

**Court of Common Pleas**
**500 N. King Street**
**1st Floor, Suite 1600**
**Wilmington, DE 19801-3750**

_____
**Rudolph V. Bailey Sr.**
**140 Antlers Lane**
**Bear DE 19701**
**(302) 834-8031**

**TO:   Prothonotary**

from Judgment or order. The Court may set aside a final Judgment due to newly discovered evidence which among other things were neglected, or due to fraud. Did the Court know about the Sheriff's Return of Service prior to writing the Decision? Absolutely, on page two, paragraph two and line six it reads, "According to the Sheriff's return, service of process was made with a copy left with Craig Yost, store manager, at Fox Run shopping Center Route 40 and 72, Corner of Bear, Delaware on 1/13/05". So then when the Court Fabricated false and untrue evidence against plaintiff, that Plaintiff personally carried out service of process and did not use a Sheriff or Court appointed alternate special server, this was deliberate and fraudulent Misrepresentation of the facts therefore it is fraud, and the final judgment should be reversed in favor of the Plaintiff, in accordance with Rule 60(b) of the Court of Common Pleas.

(8)     What was the Court's motives in neglecting the evidence on record in favor of the plaintiff, and making up it's own evidence in order to rule in favor of the Defendant? There can only be one reason Race Discrimination. The historical record in our Nation testify to the fact that African-American males makes up about 10% of the U.S. Population and about 85% of the prison Population, this testifies to the fact that African-American Males does not get treated as fairly as White-American males in our Juries process. An African-American Male Petitioned the Honorable Court to Sanction a White-American Attorney

for **Perpetrating fraud upon the Plaintiff and the Court, and the Court responded by condoning the actions of the White Attorney, and by discriminating against the African-American with a little Fraud of its own.**

(9)    **My Civil Rights have been violated by the Court of Common Pleas of the State of Delaware, in defiance of the Civil Rights Act of 1964 and Title II Section 201 subsection(4d), and Section 203, and section 204(a). Therefore I petition the Honorable SUPERIOR COURT to grant me my Civil Rights under Section 204(b)(C).**

(10)    **With respect to the motion for sanction I reserve the right to address that grievance in my Brief.**

(11)    **On 3/11/05 during a hearing on motions before the court, the Honorable Court accepted evidence on the record from Defendant without the Plaintiff getting an opportunity to view the evidence or receive a copy. Defendant did not give a copy of said evidence to Plaintiff. The Court used the said evidence in making its decision, the said evidence has to do with Defendant's Attorney's claim to have mailed me certain papers on 2/8/2005, I do not know what it is. The appeal is being taken to the Superior Court of the State of Delaware in and for New Castle County.**

**Rudolph V. Bailey Sr.**
**140 Antlers Lane**
**Bear DE 19701**
**302) 834-8031**

**Dated**_____

EXHIBIT E

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

RUDOLPH V. BAILEY, SR.,                    )
                                            )
            Plaintiff,                      )    C.A. No. 05A-04-006 PLA
                                            )
v.                                          )
                                            )
ACME/ASCO/ALBERTSON'S                       )
INC.                                        )
                                            )
            Defendant.                      )

## NOTICE OF MOTION

TO:  Rudolph V. Bailey, Sr.
     140 Antlers Lane
     Bear, DE 19701

PLEASE TAKE NOTICE that Defendants' Motion to Dismiss Appeal from

the Court of Common Pleas will be presented at the convenience of the Court.

THOMAS S. BOUCHELLE, ESQUIRE
BAR ID 2800
CHRISTIANA EXECUTIVE CAMPUS
131 CONTINENTAL DRIVE
SUITE 407
NEWARK, DELAWARE 19713
(302) 292-6660

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| RUDOLPH V. BAILEY. SR., | ) |
| | ) |
| Plaintiff, | ) C.A. No. 05A-04-006 PLA |
| | ) |
| V. | ) |
| | ) |
| ACME/ASCO/ALBERTSON'S | ) |
| INC. | ) |
| | ) |
| Defendant. | ) |

## MOTION TO DISMISS APPEAL FROM THE COURT OF COMMON PLEAS

COMES NOW Defendant/Appelle, Acme/Asco/Albertson's, Inc. and

moves this Court to dismiss the Appeal from the Court of Common Pleas, filed by

Appellant/Plaintiff and in support thereof states as follows:

1. On or about April 12, 2005, Judge William Bradley of the Court of

Common Pleas, issued an opinion wherein he granted Defendant's Motion to

Dismiss the Complaint.

2. On or about May 3, 2005 Plaintiff/Appellant filed a Citation on

Appeal.

3. On or about May 19, 2005, a certified transcript of docket entries,

with copies sent to all parties, and file containing original pleadings were

delivered to the Prothonotary of the Superior Court in and for New Castle County

4. Superior Court Rule 72(g) provides in pertinent part:

"The Appellant's brief shall be served and filed twenty

days after the date of said filing of such record as

provided in Rule 72(e) "

5.    Docket entries of the Court of Common Pleas notes that on May 3,

2005 the Citation of Appeal was received from the office of the Prothonotary and

on May 19, 2005 a certified transcript of docket entries was delivered to the

Prothonotary.

Whereas Appellant/Plaintiff below has failed to abide by the rules of the

Superior Court with respect to appeals from the Court of Common Pleas, it is

respectfully requested that Defendant's Motion to Dismiss the Appeal to the

Superior Court be granted.

Thomas S. Bouchelle, Esquire
Bar I.D. No. 2800
Christiana Executive Campus
131 Continental Drive, Suite 407
Newark, DE 19713
(302) 292-6660

## CERTIFICATION OF SERVICE

I, **Thomas S. Bouchelle, Esquire**, hereby certify that a true and correct copy or

copies of the foregoing document(s).

MOTION TO DISMISS APPEAL FROM THE COURT OF COMMON PLEAS

were mailed by U.S. Mail First Class, on July          2005 to:

Rudolph V. Bailey, Sr.
140 Antlers Lane
Bear, DE 19701

THOMAS S. BOUCHELLE, ESQUIRE
BAR ID 2800
CHRISTIANA EXECUTIVE CAMPUS
131 CONTINENTAL DRIVE
SUITE 407
NEWARK, DELAWARE 19713
(302) 292-6660

EXHIBIT F

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

RUDOLPH BAILEY, SR.,                        )
                                            )
        Plaintiff Below - Appellant,        )
                                            )
            v.                              )  C.A. No. 05A-04-006-PLA
                                            )
ACME/ASCO/ALBERTSON'S, INC.,                )
                                            )
        Defendant Below - Appellee.         )

Submitted: July 22, 2005
Decided:  July 27, 2005

UPON DEFENDANT-APELLEE'S
MOTION TO DISMISS
**GRANTED**.

Rudolph Bailey, Sr., *pro se.*

Thomas S. Bouchelle, Esquire, Newark, Delaware, Attorney for the Defendant Below - Appellee.

**ABLEMAN, J.**

On Defendant/Appellee's Motion to Dismiss this appeal from a judgment of the Court of Common Pleas, it appears to the Court that:

1.     The records from the Court of Common Pleas regarding this case were filed with the Prothonotary on May 19, 2005.

2.     On July 1, 2005, the Prothonotary notified Plaintiff/Appellant that those records were received and that his opening brief on appeal was due July 21, 2005.

3.     On July 11, 2005, Defendant/Appellee moved to dismiss on the grounds that Plaintiff/Appellee's Opening Brief was not filed within 20 days of the receipt of records on May 19, 2005.

4.     Also on July 11, 2005, Plaintiff/Appellant responded by informing Defendant/Appellee and the Court that the Prothonotary's notice gave him until July 21, 2005 to file his brief, and that he would do so by that date.

5.     As of today, July 28, 2005, Plaintiff/Appellant has not filed his opening brief.

Because Plaintiff/Appellant failed to comply with Superior Court Rule 72(e) by failing to file an opening brief within 20 days of the receipt of the record below, even after written notice and making a specific promise to do so, Defendant/Appellee's Motion To Dismiss is hereby **GRANTED**.

**IT IS SO ORDERED.**

*Peggy L. Ableman*

Peggy L. Ableman, Judge

cc:   Rudolph V. Bailey, Sr.
      Thomas S. Bouchelle, Esquire
      Prothonotary

3

EXHIBIT G

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| **RUDOLPH V. BAILEY, SR.** | ) | |
| | ) | |
| **Plaintiff** | ) | **C.A. No. 05A-04-006PLA** |
| | ) | |
| **V.** | ) | |
| | ) | |
| **ACME/ASCO/ALBERTSON'S** | ) | |
| **INC.** | ) | |
| | ) | |
| **Defendant** | ) | |

### NOTICE OF: Appellant's Opening Brief.

**TO: Superior Court, and**              **500 N. King Street,**

**Court of Common Pleas**                **Wilmington DE 19801**

              **And**

**TO: Thomas S. Bouchelle Esq.**        **131 Continental Drive, Suite 407**

                                        **Newark DE 19713**

**Please be advised that the attached Brief and Exhibits will be filled
with the Court on July 21, 2005 in accordance with Rule 72(G) and the
Court's written Brief schedule Dated July 1, 2005.**

                                        **Rudolph V. Bailey Sr.
                                        140 Antlers Lane
                                        Bear DE 19701
                                        (302) 834-8031**

Dated JULY 21, 2005

1

## APPEAL FROM COURT OF COMMON PLEAS
## APPELLANT'S OPENING BRIEF

### IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
### IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| RUDOLPH V. BAILEY, SR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | C.A. No.: 05A-04-006PLA |
| | ) | |
| ACME/ASCO/ALBERTSON'S | ) | |
| INC. | ) | |
| | ) | |
| Defendant. | ) | |

### BRIEF

## PURPOSE

To offer from the record in the ACME/ASCO et, al, Lawsuit reasons with
supporting evidence why the original Board's Decision should be
reversed in favor of the plaintiff, and the original damages sought by
the plaintiff should be awarded.

EXHIBIT H 1

## REVEREND RUDOLPH V. BAILEY SR.
### 140 ANTLERS LANE
### BEAR DE 19701
### (302) 834-8031 OR (302) 562-5613

July 31, 2005

Mr. John Ashcroft
U.S. Attorney General
United States Department of Justice
950 Pennsylvania Ave, NW
Washington, DC 20530-0001

Dear Mr. Ashcroft:

      This letter and its attachments is intended to prove that reasonable cause exist that the State of Delaware is engaged in the practice of race discrimination and retaliation against me, an African American. The said discrimination is carried out through the Court of Common Pleas and the Superior Court of the State of Delaware in a Civil Matter, this in defiance of Federal Civil Rights Laws.

      In Particular, the Civil Rights Act of 1964 Title II Section 203, reads as follows: "No person shall (a) withhold or deny or attempt to withhold or deny, or deprive or attempt to deprive, any person of any right or privilege secured by section 201 or 202, or (b) intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce any person with the purpose of interfering with any right or privilege secured by section 201, or 202, or (c) PUNISH or attempt to punish any person for exercising or attempting to exercise any right or privilege secured by section 201 or 202."

### BACKGROUND:
On December 16, 2004 I was a Pro Se Plaintiff in a lawsuit I filed against ACME/ASCO/Albertson's Inc. Seeking damages of $25,000 as result of a Food Poisoning episode of March 10, 2004. I purchased a box of apple juice from my neighborhood ACME Supermarket, which was the cause of said food poisoning episode.

      During certain hearings on motions filed in the lawsuit there became a time that I filed a Motion for Sanctions against the Defendant's Counsel for perpetuating fraud upon the Court and the Plaintiff, and for fabricating certain evidence which was used against me. On April 12, 2005 The Honorable William C. Bradley of the Court of Common Pleas rendered a decision which is marked Main Exhibit 3, in my enclosed Appellant's Opening Brief, so marked, in the Superior Court of the State of Delaware.

      I filed an Appeal against the said Court's decision, starting with a Citation on Appeal which is marked Main Exhibit 2 in Appellant's Opening Brief. In the said Citation of Appeal I pointed out with particularity, citing certain evidence that supports reasonable cause that I was discriminated against by the Court Of Common Pleas of the State of

1

Delaware. My reference to race discrimination started on page 5, and in particular to paragraphs (8) and (9), you will notice that Sections 201, 203, and 204 was mentioned in my charge of race discrimination by the Court of Common Pleas of the State of Delaware.

On or about July 9, 2005, I received a Notice of Motion and a Motion to Dismiss the Appeal from the Defendant's Counsel marked External Exhibit 1, which charged that I did not file my Opening Brief in the time prescribed by the rules of the Court. The Motion to Dismiss did not reference a date the Opening Brief should be filed, the date it was written or a date the Motion would be heard, except for the Certification of Mailing which certified that it was mailed to me by First Class mail on July 11, 2005. However, the post mark on the envelope marked External Exhibit 2 read July 8, 2005.

On or about July 11, 2005, I mailed to the Superior Court and to the Defendant's Counsel External Exhibit 3, Notice of Appellant's Opening Brief, and External Exhibit 4, the Superior Court's Brief Schedule. I pointed out to the Court and Defendant's Counsel that his motion was improper since the Superior Court's brief schedule stated that the Appellant's Opening Brief was due on July 21, 2005. The Court's warning was clear and I quote, "You are required to adhere strictly to the brief schedule." If I had filed my Opening Brief when the Defendant's Counsel wanted me to, it might have been a reason to have my appeal dismissed. I draw to your attention External Exhibit 5, and in particular to the second to last line which reads "Please have your attorney enter their appearance with the Superior Court. Mr. Bouchelle, the Defendant's Counsel, was required to enter his appearance with the Superior Court and notice me by certification before he had a right to file a Motion to Dismiss. Mr. Bouchelle did not file an entry of appearance nor did he notice me, so his motion should not have been heard by the Superior Court, in accordance with the Court's own rule.

On July 21, 2005, I filed my Opening Brief with the Superior Court as the Court's brief schedule required. External Exhibits 6 & 7 proves beyond doubt that my opening brief was filed on time. Please notice the Court's own stamp showing the date of July 21, 2005. I also hand delivered two copies to Defendant's Counsel. External Exhibit 8 shows the name and signature of Brenda Owens, a receptionist at the Defendant's Counsel Office who received and signed for the two copies on Appellant's Opening Brief on July 21, 2005. In addition, External Exhibit 9 shows the stamp of the Court of Common Pleas, proving beyond doubt that one copy of my Opening Brief was received by the Court Of Common Pleas on July 21, 2005.

On July 30, 2005 I received External Exhibit 10, informing me that the Defendant's Motion to dismiss my Appeal was submitted to the Superior Court on July 22, 2005, in which it was decided and granted on July 27, 2005. The Superior Court's reason was, and I quote from paragraph 5, "As of today, July 28, 2005, Plaintiff/Appellant has not filed his opening brief". It appears that despite the fact that the Defendant's Counsel along with both the Lower and Higher Courts received Appellant's Opening Brief on July 21, 2005, as the Court required. The Defendant's Counsel presented his Motion to Dismiss to the Court on July 22, 2005 without my knowledge, knowing that he was served on July 21, 2005. More importantly, the Court knew the said brief was filed on July 21, 2005, when it stated in the decision that as of July 28, 2005, Plaintiff/Appellant's Opening Brief was not

2

filed. This was done without me having an opportunity to be heard by the Court, or to argue against the Defendant's Motion to Dismiss the Appeal.

In spite of the overwhelming evidence proving beyond a shadow of doubt that the Plaintiff/Appellant's Opening Brief was filed in a timely manner, the Superior Court herd the Defendant's Motion to Dismiss my Appeal from the Court of Common Pleas to the Superior Court of the State of Delaware, without him filing a Entry of Appearance and certify and notify the Plaintiff/Appellant of the same. In addition, the Pro Se Plaintiff/Appellant Rudolph V. Bailey Sr. was not notified of the hearing, nor was he permitted to attend and offer his evidence in his defense, before the final decision was rendered by the Superior Court of the State of Delaware.

Giving all of the fore-mentioned evidence that the superior Court intentionally ignored, persons of reasonable persuasion and knowing the facts, would conclude that the Superior Court of the State of Delaware intended to punish the African/American Plaintiff/Appellant Pro Se the Reverend Rudolph V. Bailey Sr. This was accomplished by dismissing his Appeal, for claiming that he was discriminated against by the Court Of Common Pleas of the State of Delaware, and this in defiance of the Federal Civil Rights Act of 1964, and in particular to Title II Section 203. (c)

Title II Section 204. (a) reads as following "Whenever any person has engaged or there are REASONABLE GROUNDS to believe that any person is about to engage in any act or practice prohibited by section 203, a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order, may be instituted by the person aggrieved and, upon timely application, the Court may, in its discretion, permit the Attorney General to intervene in such CIVIL ACTION if he certifies that the case is of GENERAL PUBLIC IMPORTANCE. Upon APPLICATION by the COMPLAINANT and in such circumstances as the Court may deem just, the court may appoint an ATTORNEY for such COMPLAINANT and may authorize the commencement of civil action WITHOUT THE PAYMENT OF FEES, COST OR SECURITY."

I Rudolph V. Bailey Sr. Do hereby make my application to the Attorney General of these United States of America, to intervene in said Civil Action of Rudolph V. Bailey Sr. VS. ACME/ASCO/Albertson's Inc. appeal in the Superior Court of the State of Delaware CA No.: 05A-04-006 PLA for the purpose of the following; (a) For a temporary injunction to freeze all the Records in the said caption Appeal, for the purpose to find out if the Superior Court of the State of Delaware intentionally destroyed or loss Plaintiff's Opening Brief after it was delivered and filed it on July 21, 2005, at 9:51 AM, with the Prothonotary's Office in The Superior Court of the State of Delaware. The said Court which is located at 500 N. King Street, Wilmington DE, in and for the County of New Castle.

(B) Secondly to appoint me an Attorney to have my Appeal and Records transferred to a Federal Court of Appeals, to be acted upon, since I now appeal the Decision and order of the Honorable Peggy L. Ableman, of the Superior Court of the State of Delaware, decided on July 27, 2005. The reason given for the decision to dismiss the Appeal was that I did not

3

file my Opening Brief with the Superior Court as of July 28, 2005. The reason given by the Court is false, misleading and a fraudulent misrepresentation of the facts.

(C) To file a new civil action for relief and punitive damages against the State of Delaware for race discrimination by the Court Of Common Pleas, and retaliation and punishment by the Superior Court of the State of Delaware, because of my claim of race discrimination against me by the Court of Common Pleas in my Appeal.

(D) To request the appointment of a Special Prosecutor to investigate the reported misconduct of the Delaware legal process, and Defendant's Counsel. Since the preponderance of the evidence offered by the Plaintiff/Appellant Pro Se, supports reasonable cause to believe that Federal Civil Rights Laws were violated by the Courts in the State of Delaware. Thanking you kindly for looking into this important matter for all African American Males in these United States of America. Finally section 204 (b) states as following: "In any action commenced pursuant to this title, the Court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the cost, and the United States shall be liable for the cost the same a private person" Please also reference External Exhibit 11, Certification of Service of Appellant's Opening Brief and Exhibits, and Certified Transcripts to the Superior Court, and all other relevant parties.

I have prepared a Citation and Notice of Appeal to the Federal Court of Appeals; please have some one file this with the Federal Court of Appeals, until an Attorney can be appointed for me. I will notice the Superior Court and the Defendant by Certified mail until an Attorney can be found. Please appoint some one with a strong background and a good track record in Civil Rights Litigation. Since Fraud was used by the Superior Court in making its decision, there should not be a statute of limitation problem. Thanks again for your help in this matter, and may God richly bless you as you serve our great Nation.

Very truly yours

Reverend Rudolph V. Bailey Sr.

C. C. Superior Court of the State of Delaware
      Court of Common Pleas of the State of Delaware
      Thomas S. Bouchelle Esq. Counsel for Defendant
      ACME/ASCO/Albertson's Inc.
      The NAACP
      The Federal Court of Appeals

4

EXHIBIT H 2

## APPEAL FROM SUPERIOR COURT OF THE STATE OF DELAWARE
### PRAECIPE

### IN THE UNITED STATES COURT OF APPEALS
### FOR THE NINTH CIRCUIT

### PRAECIPE

| | |
|---|---|
| Rudolph V. Bailey Sr. | ) |
| | ) |
| Plaintiff/Appellant/Pro Se | ) |
| | ) |
| VS. | ) |
| | ) |
| ACME/ASCO/Albertson's Inc. | ) |
| | ) |
| Defendant/Appellee | ) |

Please Issue        Citation on Appeal


ACME Supermarket
Fox Run Shopping Center
Corner of RT.72 & RT. 40
Bear DE 19701.

Superior Court of State Of Delaware
500 N. King Street, -Ist Floor, Suite 1600,
Wilmington DE 19801-3750

Rudolph V. Bailey Sr.
140 Antlers Lane,
Bear DE 19701
(302) 834-8031 H
(302) 562-5613 C


TO: Keeper of Records

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

Rudolph V. Bailey Sr.                    )
                                         )
Plaintiff/Appellant/Pro Se               )
                                         )
VS.                                      )
                                         )
ACME/ASCO/Albertson's Inc.               )
                                         )
Defendant/Appellee                       )

## NOTICE OF APPEAL

The party making the appeal is Rudolph V. Bailey Sr.

Plaintiff/Appellant, before the  UNITED STATES COURT OF APPEALS.

The appeal is taken from the SUPERIOR COURT of the State of Delaware, the Court's

Decision dated July 27, 2005. The grounds of the appeal are as follows:

(1)     On or about July 22, 2005 Defendant/Appellee presented a Motion to Dismiss

Plaintiff/Appellant's Appeal before the Superior Court of the State of Delaware.

(2)     Defendant failed to file an Entry of Appearance before the Superior Court,

and to Notify and to Certify the same to the Plaintiff before filing his motion, this is in

violation of the Court's rule therefore his motion should not have been heard, or ruled

upon, by the Court.

(3)     Neither the Court nor the Defendant notified the Plaintiff of the date the

Motion would be brought before the Court, so as to allow the Plaintiff an opportunity to

defend against the motion.

(4)     The Court Ruled that the Plaintiff did not file his Opening Brief as of

July 28, 2005, and used that as a reason to dismiss Plaintiff's Appeal.

1

(5)    Both the Defendant and the Court knew that the Plaintiff personally served the

Court and the Defendant on July 21, 2005, the same day the said Opening Brief was

Due. The Plaintiff/Appellant pointed out the reasons for his appeal to the Federal Court in

his letter and Exhibits to Mr. Ashcroft dated July 31, 2005. The said letter and Exhibits

are now made a part of this Citation and Notice of Appeal.

(6) The Plaintiff/Appellant respectfully Petitions the Honorable United States Court

of Appeals to set aside the decision of the Superior Court of the State of Delaware, dated

July 27, 2005, this was due to fraud, suppression of evidence, and unfair advantage in

favor of the Defendant/Appellee by The Court, also retaliation and punishment against

the Plaintiff/Appellant by the Court. Furthermore the Plaintiff/Appellant's Civil rights

have been violated by the Court, as spelled out in Plaintiff's letter to Mr. Ashcroft.

(7)    In addition the Plaintiff/Appellant Pro Sc, Petitions the Honorable Federal

Court of Appeals, to grant all of his Motions and reverse the decision of the Court of

Common Pleas, dated April 12, 2005, and to grant the Prayer for Damages Spelled out

in Appellant's Opening Brief before the Superior Court of the State of Delaware. The

said Brief is now made a part of this Citation and Notice of Appeal. With Thanks.

Rudolph V. Bailey Sr.
140 Antlers Lane
Bear DE 19701
(302) 834-8031 H
(302) 562-5613 C

Dated August 4, 2005

2

EXHIBIT I

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| **RUDOLPH BAILEY, SR.,** | ) | |
| | ) | |
| Plaintiff Below - Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. 05A-04-006 |
| | ) | |
| **ACME/ASCO/ALBERTSON'S, INC.,** | ) | |
| | ) | |
| Defendant Below - Appellee. | ) | |

Submitted: August 19, 2005
Decided:  August 21, 2005

## UPON RECONSIDERATION OF DEFENDANT-APELLEE'S MOTION TO DISMISS
## **DENIED – PRIOR OPINION VACATED.**

Rudolph Bailey, Sr., *pro se.*

Thomas S. Bouchelle, Esquire, Newark, Delaware, Attorney for the Defendant Below - Appellee.

**ABLEMAN, J.**

Upon reconsideration of Defendant/Appellee's Motion to Dismiss this appeal from a judgment of the Court of Common Pleas, it appears that the July 28, 2005 opinion of this Court erroneously stated that Plaintiff-Appellant failed to file his opening brief within the applicable deadline. In fact, according to an August 19, 2005 letter to the Court from the Prothonotary, Plaintiff-Appellant did file his opening brief on time. The brief was then misplaced by a clerk and reported to the Court as not filed. Because Plaintiff-Appellant filed his opening brief within the applicable deadline, and the delay was solely the fault of the Prothonotary, Defendant-Appellee's Motion To Dismiss is **DENIED**. The July 28, 2005 order is hereby **VACATED**. Defendant-Appellee's Answering Brief shall be due 20 days from the issuance of this opinion, with Plaintiff-Appellant's reply brief due 10 days thereafter.

**IT IS SO ORDERED.**

_Peggy L. Ableman_
Peggy L. Ableman, Judge

cc:    Rudolph V. Bailey, Sr.
       Thomas S. Bouchelle, Esquire
       Prothonotary

2

EXHIBIT J

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| RUDOLPH V. BAILEY, SR., | ) |
| Plaintiff, | ) |
| Appellant, | ) |
| v. | ) C.A. No. 05A-04-006-PLA |
| | ) |
| ACME/ASCO/ALBERTSON'S | ) |
| INC., | ) |
| Defendant, | ) |
| Appellee. | ) |

Submitted: January 13, 2006
Decided:   February 21, 2006

## UPON APPEAL FROM A DECISION FROM THE COURT OF COMMON PLEAS. **AFFIRMED IN PART. REVERSED IN PART. REMANDED.**

Rudolph V. Bailey, Sr., *pro se.*

Thomas S. Bouchelle, Esquire, attorney for Defendant/Appellee.

ABLEMAN, JUDGE

This is an appeal from a decision of the Court of Common Pleas granting Defendant's Motion to Dismiss and denying Plaintiff's Motion for Default Judgment and Motion for Sanctions. It appears to this Court that the trial court misapprehended the facts in finding that service of process had not been effected by the sheriff and that the complaint had been filed against improper parties. The other claims on appeal appear to be without merit. Accordingly, the decision of the trial court is **AFFIRMED IN PART, REVERSED IN PART** and **REMANDED** for further proceedings consistent with this Opinion.

## Statement of Facts

Plaintiff Rudolph Bailey ("Bailey") purchased apple juice on March 10, 2004 from the Acme at Fox Run Shopping Center. After consuming the juice, Bailey became ill. Bailey alleges in his complaint that the apple juice was subsequently found to contain mold due to improper refrigeration.

Bailey filed a complaint against Acme/Asco/Albertson's Inc. in the Court of Common Pleas on December 15, 2004, seeking damages for his pain and suffering. Included with the complaint is a Praecipe directing the Clerk of the Court of Common Pleas to issue a writ of summons and direct the Sheriff to serve Acme Supermarket. On the Praecipe Plaintiff listed the address of the Acme where he had purchased the apple juice. The Sheriff's

Return was filed with the Court of Common Pleas January 21, 2005 indicating that service had been effected by leaving a copy of the summons and complaint with the Acme store manager on January 13, 2005.

On February 10, 2005 Plaintiff moved for default judgment because Defendant had failed to file an Answer within twenty days.[1] One day later, however, an attorney for Acme Markets Albertson's Inc. entered an appearance. Five days later, Acme filed an Answer, a Response to the Motion for Default Judgment, and a Motion to Dismiss, arguing that service was insufficient and that the action had been filed against a nonexistent party. Bailey responded with a Motion for Sanctions, claiming that Defendant's attorney had violated Rule 11 of the Civil Rules of the Court of Common Pleas when counsel authorized another attorney in his office to sign his name to the Entry of Appearance. Counsel apparently did this because he had recently suffered a death in his family.

The Court of Common Pleas granted Defendant's motion to dismiss, holding that Plaintiff did not serve process through the Sheriff or by special process server. As such, that court found the service of process insufficient. The Court also denied Plaintiff's Motion for Default Judgment, holding that the late entry by Defendant's counsel was reasonable neglect in light of the

---

[1] Civil Rule 12(a).

circumstances, and that it had not resulted in any prejudice to Plaintiff. The trial court additionally denied the request for sanctions, finding that there was no evidence of bad faith or attempt to delay or mislead the Court or Bailey.

## **Standard of Review**

In reviewing appeals from the Court of Common Pleas, the Superior Court sits as an intermediate appellate court, and as such, its function is the same as that of the Supreme Court.[2] Therefore, findings of law are reviewed *de novo* to determine whether the trial court erred in formulating or applying legal precepts.[3] With regard to findings of fact, the Superior Court has a duty to review the sufficiency of the evidence and to test the propriety of the findings below. If the findings of the trial court are sufficiently supported by the record and are the product of an orderly and logical deductive process, the Superior Court must accept them. The Superior Court is only free to make findings of fact that contradict those of the Trial Judge when the record reveals that the findings below are clearly wrong and the Appellate Judge is convinced that a mistake has been made that, in justice, must be corrected.[4]

---

[2] *See, e.g., Baker v. Connell*, 488 A.2d 1303, 1309 (Del. 1985); *State v. Richards*, 1998 WL 732960 (Del. Super.); *State v. Huss*, 1993 WL 603365 (Del. Super.).
[3] *Downs v. State*, 570 A.2d 1142, 1144 (Del. 1990).
[4] *Barks v. Herzberg*, 206 A.2d 507 (Del. 1965).

## The Law

As the Court of Common Pleas acknowledged in its opinion below, a Sheriff's return is *prima facie* proof of proper service.[5]   Strong and convincing proof is therefore required to rebut that presumption.[6]   Methods for service of process against a corporation are specified in both Rule 4(f)(III) and in 8 *Del. C. § 321*(a) and provide that service on a corporation may be accomplished by delivering a copy of the summons and complaint to any officer, managing or general agent, or by leaving the copy at the registered office or other place of business of the corporation. The general purpose of these process rules is to give notice that will "in the nature of things bring the attention of the corporation to the commencement of proceedings against it."[7]   Notice is also the primary concern in naming the parties against whom action is being taken. In order for a variance in name to be considered material, it must mislead a party to his prejudice.[8]

The objective of legal procedure is the prompt determination of issues on their merits. While litigants may not disregard the processes of the Court, at times a failure to act may constitute excusable neglect.[9]   Excusable

---

[5] *Alston v. DiPasquale*, 2001 WL 34083824 (Del. Super.).
[6] *Cohen v. Brandywine Raceway Ass'n*, 238 A.2d 320 (Del. Super. Ct. 1968).
[7] *Keith v. Melvin L. Joseph Constr Co.*, 451 A.2d 842, 845 (Del. Super Ct. 1982).
[8] *Hoffmann v. Corrado*, 1984 WL 484509 (Del. Super.).
[9] *Cohen*, 238 A.2d at 325.

neglect has been described as that neglect that might have been the act of a reasonably prudent person under the circumstances.[10]

The Court also maintains an "inherent power" to sanction parties to litigation where bad faith conduct exists. Such power, "exercised with great restraint,"[11] permits the Court to deter abusive litigation and protect the integrity of the judicial process.[12]

## Discussion

The Court of Common Pleas improperly granted Defendant's Motion to Dismiss on the ground that Mr. Bailey personally took a copy of the complaint to the Acme store at Fox Run in an attempt to effect service. This holding is clearly erroneous. Attached to Bailey's complaint is a Praecipe directing the Clerk of the Court to issue a summons to the Sheriff. This was apparently done as evidenced by the docketed Sheriff's Return indicating that service had been completed. Defendant's conclusory arguments that the service was improper are insufficient to rebut the presumption in favor of proper service. Additionally, while it is true that Acme/Asco/Albertson's Inc. is a non-existent entity, the caption was sufficient to provide notice to

---

[10] *Id*

[11] *Gilmour v. PEP Modular Computers, Inc.*, 1995 WL 791001 (Del. Super.). Indeed, the Court of Chancery has held that, in awarding attorney's fees for bad faith litigation conduct, "a higher or more stringent standard of proof [is required]." *Arbitrium (Cayman Islands) Handels AG v Johnston*, 705 A.2d 225, 232 (Del. Ch. 1997).

[12] *Montgomery Cellular Holding Co. Inc v. Dobler*, 2005 WL 1936157 (Del. Supr.).

Acme such that Acme entered an appearance in this case. Therefore, because Defendant has not been prejudiced, the service is sufficient to maintain Plaintiff's cause of action.

The trial court properly rejected Plaintiff's Motion for Default Judgment. Defendant's few days delay in entering an appearance and answering the complaint due to a death in the family constitutes excusable neglect under the circumstances. The Court has extended Mr. Bailey some leniency in this litigation and believes that Defendant is likewise entitled.

Finally, it is clear to this Court that there is nothing in the record to indicate that counsel for Defendant has acted in bad faith to cause delay unnecessarily, commit a fraud, or confuse or harass the plaintiff. The trial court therefore properly denied Plaintiff's Motion for Sanctions.

Accordingly, for the foregoing reasons the decision of the trial court is hereby **AFFIRMED IN PART, REVERSED IN PART** and **REMANDED** for further proceedings consistent with this opinion.

**IT IS SO ORDERED**.

*Peggy L. Ableman*
**PEGGY L. ABLEMAN, JUDGE**

Original to Prothonotary
cc:    Rudolph V. Bailey, Sr.
       Thomas S. Bouchelle, Esquire

EXHIBIT K 1

## IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

RUDOLPH V. BAILEY, SR.    )
                  )
     **PLAINTIFF**    )
                  )    CA.No. 06C–04–129 PLA
**V.**                )
                  )
**ACME/ASCO/ALBERTSON'S INC.**  )

     **DEFENDANT**

## CERTIFICATION OF SERVICE

I Rudolph V. Bailey, Sr. do hereby certify that (2) copies of the attached

Notice of Motion, Motion and Order was sent by First Class US Mail and or

FAX. To ACME/ASCO et, al the Fox Run Shopping Center Corner of Rt. 40 & 72

Bear DE, 19701, and to: Kelly A. Costello at 131 Continental Drive Suite 407

Newark, DE 19713.

Notary signature and seal

Rudolph V. Bailey, Sr.
P.O. Box 221911
Chantilly VA 20153-1911
(703) 369-5071
(302) 562-5613

Dated 12 - 1 . 06

**IN THE SUPERI0R C0URT FOR THE STATE OF DELEWARE**

**IN AND FOR NEW CASTLE COUNTY**

| | |
|---|---|
| **RUDOLPH V. BAILEY, SR.** | ) |
| | ) |
| **PLAINTIFF** | ) |
| | )    **CA. No.: 06C-04-129 PLA** |
| **V.** | ) |
| | ) |
| **ACME/ASCO/ALBERTSON'S INC.** | ) |
| | ) |
| **DEFENDANT** | ) |

## NOTICE OF MOTION

To:  Acme/Asco et, al,                           Kelly A. Costello Esq.
      ACME Markets                            131 Continental Drive
      Fox Run Shopping Center           Suite 407
      Corner of Rt. 40 & 72                 Newark DE, 19713-4301
      Bear DE, 19713

PLEASE TAKE NOTICE that the attached Motion, Certification, and Order will be

Presented to the Court by Rudolph Bailey at the December 7, 2006 Pre-trial

Conference before the Honorable Peggy Ableman, at 9:30 am.

Rudolph V. Bailey Sr.
P.O. Box 221911
Chantilly VA, 20153-1911
(703) 369-5071
(302) 562-5613

DATED  12 / 1 / 2006

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

RUDOLPH V BAILEY, SR.                )
                                     )
        PLAINTIFF                    )
                                     )    CA. No.: 06C-04-129 PLA
V.                                   )
                                     )
ACME/ASCO/ALBERTSON'S INC.           )
                                     )
        DEFENDANT                    )

### MOTION FOR DICCOVERY

Comes now the Plaintiff Rudolph Bailey acting on his own behalf, hereby moves the

Honorable Court to enter an order for the Plaintiff Acme/Asco/Albertson's Inc. to

Produce the following documents:

(1)    A full and complete chemical component and bacterial analysis found

       In a sample of contaminated apple juice they picked-up from my

       Residence at 140 Antlers Lane Bear DE, in March of 2004.

(2)    A list with names addresses and telephone numbers of all persons who

       Reported finding any foreign matter or substance in any drink sold or

       Distributed by Defendant, or was made sick by any drink.

                                        Rudolph V. Bailey, Sr.
                                        P.O. Box 221911
                                        Chantilly VA 20153-1911
                                        (703) 369-5071
                                        (302) 562-5613

Dated 12/01/2006
       corrected 12/7/2006

# IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

RUDOLPH V. BAILEY, SR.     )
     )
     **PLAINTIFF**     )
     ) *C. A. No. 06C - 04 - 129 PLA*
V.     )
     )
**ACME/ASCO/ALBERTSON'S INC.**     )
     )
     )
     **DEFENDANT**     )

## ORDER

NOW TO WIT, this _7ᵗʰ_ day of _December_, 2006, Plaintiff

Rudolph V. Bailey's Motion for Discovery is hereby ~~granted~~ *denied*

*Discovery of documents must be by requests for
Production to defendant in accordance with
Superior Court Rules 26, 34.*
**IT IS SO ORDERED.**

*Peggy L. Ableman*
**J.**

EXHIBIT K 1 a

REVEREND RUDOLPH V. BAILEY SR.
P.O. BOX 221911
CHANTILLY VA 20
(302) 562-5613

June 3, 2006

Kelley A. Costello Esq.
Law Offices of Charles P. Coates
131 Continental Drive, Suite 407
New Ark DE 19713-430

Re: Bailey v. Acme
Civil Action No. 06C-04-29 PLA

Dear Ms. Costello:

have received your June 8, 2006 letter and authorization request, please be advised that have previously turned over medical records and signed medical authorization to your client's insurance carrier. Please contact them. I give my permission for the insurance Co. To release my medical information to you. Not withstanding your client has failed to turn over to me the written test results from the contaminated sample gave to Acme. I have made two written request for the said test results to no avail.

I need to have written test results prior to Arbitration, I also need the name and phone No. Of all persons affected by contaminated juices 6-months prior to and after my incident.

Thank you kindly

Rudolph V. Bailey Sr.

EXHIBIT K 1 b

REVEREND RUDOLPH V. BAILEY SR.
P.O. BOX 221911
CHANTILLY VA 20111
(302) 562-5613

June 19, 2006

Kelley A. Costello Esq.
Law Offices of Charles P. Coates !!!
131 Continental Drive, Suite 407
New Ark, DE 19713-4301

Re: Bailey v. Acme
Civil Action No. 06C-04-129 PLA

Dear Ms. Costello:

I have received your June 8, 2006 letter and authorization request, please be advised that I have previously turned over medical records and signed medical authorization to your client's insurance carrier. Please contact them, I give my permission for the Insurance Co. To release my medical information to you. Not withstanding your client has failed to turn over to me the written test results from the contaminated sample I gave to Acme. I have made two written request for the said test results to no avail.

I need to have written test results prior to Arbitration, I also need the name and phone No. Of all persons affected by contaminated juices 6-months prior to and after my incident.

Thank you kindly

Rudolph V. Bailey Sr.

EXHIBIT K 2

LAW OFFICE OF
CYNTHIA G. BEAM
Employees of Nationwide Mutual Insurance Company &
Not a Partnership

CYNTHIA G. BEAM
CHARLES P COATES, III
KELLY A. COSTELLO
CAROL J ANTOFF
SEAN A DOLAN

131 CONTINENTAL DRIVE
SUITE 407 - CHRISTIANA EXECUTIVE CAMPUS
NEWARK, DELAWARE 19713-4301
(302) 292-6660
FAX (302) 292-6608

PARALEGALS
KRISTINE MCCALE
MARIETTA MESSINA
RAQUEL O'BRIEN

April 3, 2007

The Honorable Peggy L. Ableman
Superior Court of Delaware
New Castle County Courthouse
500 N. King Street, Suite 10400
Wilmington, DE 19801-3733

**RE:** **Rudolph V. Bailey, Sr. v. ACME/ASCO/Albertson's, Inc.**
    **Claim No.:**     **00220103**
    **D/A:**       **3/10/04**
    **Our File No.:**     **05nk00039**
    **C.A. No.:**     **06C-04-129**

Dear Judge Ableman:

I write in follow up to a status conference held on December 7, 2006. At that time, Your Honor instructed plaintiff to produce expert(s) reports on or before March 30, 2007. If the expert(s) names(s) and reports were not produced, the case was to be dismissed.

To date, I have not received any information concerning experts from plaintiff. The Court does not have anything docketed after the above conference. Therefore, I respectfully request that you sign the attached Order dismissing this matter in its entirety. I am at the Court's convenience if necessary.

Respectfully submitted,

Kelly A. Costello

Enclosure

cc:   Rudolph V. Bailey Sr.
      Evan Starcevic

EXHIBIT L

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

### IN AND FOR NEW CASTLE COUNTY

RUDOLPH V. BAILEY SR.,

  Plaintiff – Appellant

                           C.A. No. 06C-04-129 PLA

  v.

ACME/ASCO/ALBERTSON'S INC.

  Defendant – Appellee.

## ORDER

PURSUANT to Court direction on December 7, 2006, Plaintiff was ordered to produce any expert names and reports on or before March 30, 2007. No reports have been produced to the defendant or docketed with the Court as of this date.

THEREFORE, the case is DISMISSED, with prejudice and shall be closed in its entirety

_____
The Honorable Peggy L. Ableman

DATED: _____

EXHIBIT M

SUPERIOR COURT
OF THE
STATE OF DELAWARE

PEGGY L. ABLEMAN
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0660

April 10, 2007

Kelly A. Costello, Esquire
131 Continental Drive
Christiana Executive Campus
Suite 407
Newark, DE 19713

> RE: Rudolph Bailey, Sr. v. ACME/ASCO/Albertson's Inc.
> C.A. No. 06C-04-129-PLA

Dear Ms. Costello:

I have your letter requesting that the Court dismiss this matter.
Please review the Court's Civil Case Management Plan as well as the rules of
the Court with respect to dispositive motions and file an appropriate motion
with service upon Mr. Bailey. The Court can then schedule a time for his
response as well as a time for argument if necessary.

Yours very truly,

Peggy L. Ableman

Peggy L. Ableman

PLA:jmd
cc:   Mr. Rudolph Bailey, Sr.
      Prothonotary

END OF EXHIBIT 3

START OF EXHIBIT 4

PLAINTIFF'S CITATION ON APPEAL from Court of Common Pleas

# APPEAL FROM COURT OF COMMON PLEAS
## PRAECIPE

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

### PRAECIPE

| | |
|---|---|
| **Rudolph V. Bailey Sr.** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) |
| **VS.** | ) |
| | ) |
| | ) |
| **ACME/ASCO/ALBERTSONS INC.** | ) |
| | ) |
| **Defendant.** | ) |

**Please Issue**    **Citation on Appeal**

**ACME Supermarket**
**Fox Run Shopping Center**
**Corner of Rt. 40 & Rt. 72**
**Bear DE 19701.**

**Court of Common Pleas**
**500 N. King Street**
**1st Floor, Suite 1600**
**Wilmington, DE 19801-3750**

Rudolph V. Bailey Sr.
**140 Antlers Lane**
**Bear DE 19701**
**(302) 834-8031**

**TO:  Prothonotary**

from Judgment or order. The Court may set aside a final Judgment due to newly discovered evidence which among other things were neglected, or due to fraud. Did the Court know about the Sheriff's Return of Service prior to writing the Decision? Absolutely, on page two, paragraph two and line six it reads, "According to the Sheriff's return, service of process was made with a copy left with Craig Yost, store manager, at Fox Run shopping Center Route 40 and 72, Corner of Bear, Delaware on 1/13/05". So then when the Court Fabricated false and untrue evidence against plaintiff, that Plaintiff personally carried out service of process and did not use a Sheriff or Court appointed alternate special server, this was deliberate and fraudulent Misrepresentation of the facts therefore it is fraud, and the final judgment should be reversed in favor of the Plaintiff, in accordance with Rule 60(b) of the Court of Common Pleas.

(8)    What was the Court's motives in neglecting the evidence on record in favor of the plaintiff, and making up it's own evidence in order to rule in favor of the Defendant? There can only be one reason Race Discrimination. The historical record in our Nation testify to the fact that African-American males makes up about 10% of the U.S. Population and about 85% of the prison Population, this testifies to the fact that African-American Males does not get treated as fairly as White-American males in our Juries process. An African-American Male Petitioned the Honorable Court to Sanction a White-American Attorney

for Perpetrating fraud upon the Plaintiff and the Court, and the Court responded by condoning the actions of the White Attorney, and by discriminating against the African-American with a little Fraud of its own.

(9)    My Civil Rights have been violated by the Court of Common Pleas of the State of Delaware, in defiance of the Civil Rights Act of 1964 and Title II Section 201 subsection(4d), and Section 203, and section 204(a). Therefore I petition the Honorable SUPERIOR COURT to grant me my Civil Rights under Section 204(b)(C).

(10)    With respect to the motion for sanction I reserve the right to address that grievance in my Brief.

(11)    On 3/11/05 during a hearing on motions before the court, the Honorable Court accepted evidence on the record from Defendant without the Plaintiff getting an opportunity to view the evidence or receive a copy. Defendant did not give a copy of said evidence to Plaintiff. The Court used the said evidence in making its decision, the said evidence has to do with Defendant's Attorney's claim to have mailed me certain papers on 2/8/2005, I do not know what it is. The appeal is being taken to the Superior Court of the State of Delaware in and for New Castle County.

_____
Rudolph V. Bailey Sr.
140 Antlers Lane
Bear DE 19701
302) 834-8031

Dated_____

CITATION ON APPEAL
UNDER RULE 72(e)

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

Rudolph V. Bailey Sr.

Plaintiff,

v.

ACME/ ASCO/ ALBERTSONS INC.

Defendant.

)
) C.A. No.
)
)
)
) **CITATION ON APPEAL FROM**
) **THE DECISION OF:**
)     Court of Common Pleas
)
) **DATED:** 4/12/05
)

**THE STATE OF DELAWARE,**
**TO THE SHERIFF OF** __New Castle__ **COUNTY,**
**YOU ARE COMMANDED:**

To cite Court of Common Pleas  so that, within 20 days after service hereof upon the Custodian

of its records, exclusive of the day of service, the Custodian shall send to this Court a certified copy of

the record of the proceedings below, including a typewritten copy of the evidence (unless all parties

having an interest in the outcome of the appeal shall file with the Court of Common Pleas within 10 days

from the filing of the Notice of Appeal, a written stipulation that the evidence may be omitted as a part

of the record, in which case the stipulation shall be included as a part of the record), together with this

citation.

Dated:

SHARON AGNEW
Prothonotary

_____

Per Deputy

1

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

FILED
PROTHONOTARY
2005 APR 22  PM 3: 32

| | |
|---|---|
| Rudolph V. Bailey Sr. | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) |
| | ) |
| ACME/ASCO/ALBERTSONS INC. | ) |
| | ) |
| COURT OF COMMON PLEAS | ) |

## <u>NOTICE OF APPEAL</u>

The party making this appeal is  Rudolph Bailey Sr.

Plaintiff, before the   SUPERIOR COURT

The appeal is from the   COURT OF COMMON PLEAS

Board's Decision dated  April 12, 2005  The grounds for

the appeal are as follows:

(1)    On December 16, 2004, plaintiff filed a Lawsuit against

ACME/ASCO/Albertsons Inc.

(2)    On 1/13/05 The Sheriff of the State of Delaware served Craig

Yost Managing Agent of store manager of ACME Supermarket in the

Fox Run shopping center in  Bear Delaware, where I purchased the

Contaminated box of apple juice from which I obtained food poisoning

which made me sick, and was the cause of the Lawsuit seeking

damages in the amount of $25,000.00.

(3)    In the Court's Decision on page 5 paragraph (1) the Court states as follows " The record reflects Plaintiff filed suit against Acme/Asco/Albertsons Inc. A non-existent entity. The Defendant did not offer any evidence on the record to prove that the entity was improperly named. The Court states that the record reflect that the entity was improperly named but there is not record to prove or reflect on. The plaintiff offered evidence on the record in my Brief that in fact the Entity conducted business in the Common Names of ACME and ASCO and Albertsons Inc. Please refer to my Exhibit 'C' from my Brief. The Court did not even mention my evidence, but accepted the Defendants word as fact with no evidence on record to back it up, creating a definite bias. As I pointed out in my brief according to Rule 4(f)(III) an entity may be served under COMMON NAME, or the name they conduct business in, for example just ACME. The slash between each common name is as if one would write his/her, it means either one or the other or all together, it is just a matter of common sense. According to the only evidence on record, the entity was properly named, in accordance with the Rules of the Court of Common Pleas.

(4) The Court continues in the fore mentioned paragraph as follows "Instead of accomplishing service of process by the sheriff or through a special process server, Plaintiff attempted to serve process Personally by leaving a copy of process with a store manager at the

Acme Supermarket located in Bear, Delaware. The Court Fabricated an untrue report about Plaintiff, stating that I Personally served the ACME Supermarket instead of using a Sheriff or special server of process, and used it as a basis to dismiss my Lawsuit and Motion for Default Judgment as the Defendant demanded. Once again the Court dismiss the evidence on record, to this I offer 'D' The Sheriff return of service upon the ACME Supermarket. Again I assert that according to the Rules of the Court Of Common Pleas Service was proper, but the Court refused to accept any evidence in favor of the Plaintiff showing a bias existed between the Court and the Defendant against the plaintiff.

(5)    The Court continues to perpetrate Fraudulent representation against the Plaintiff in the third Paragraph on page 5 as follows "The right to question irregularities in, or Sufficiency of, service of process is well settled in Delaware, The Sheriff's return is *prima facie* proof of proper service. (And after referencing certain cases the Court continues) However, Plaintiff did not serve process by Sheriff in this instance. Under Rule 4(a) and (d) of the *Civil Rules of Court of Common Pleas,* the process must be specified in the praecipe and issued to the Sheriff to effectuate service. Service by other than the Sheriff must be done by special process server-a person especially appointed by the Court to serve it. No person shall be specially appointed by the Court to make service unless the conditions are established as provided in the court rules. (The Court continues this

long dissertation on page six as following) The Court finds service of process was insufficient because it was not accomplished in accordance with the rules of the Court. A return showing proper service upon the Defendant is necessary prerequisite to the granting of a default judgment." Again the Court referenced prior cases which are in the Defendants favor, while ignoring the return of service the Court knew was on record in the file, my exhibit 'D'. Again establishing a very troubling bias in favor of the Defendant. The Court continues on page six as following " The Court generally adheres to a policy of Judicial lenience towards pro se Plaintiff( I certainly did not receive any such lenience) the Court continues, but the record reflects Defendant did not wave defenses to such issues as to weather proper service of process has been effected or whether Defendant is a proper party to this matter. Accordingly, the Court must grant Defendant's Motion to Dismiss.

(6)    Since it is evident from the Court's Decision that evidence fabricated by the Court about the process of service used by the plaintiff was the basis for denying plaintiff's Motion for Default Judgment, and the granting of Defendant's Motion to Dismiss the Lawsuit, Plaintiff petitions the Honorable SUPERIOR COURT to reverse the Boards decision and grant a Default Judgment in favor of the plaintiff.

(7) According to COURT OF COMMON PLEAS Rule 60.(b) Relief

EXHIBIT C

 

**An Albertson's Company**

March 15, 2004

Rudolph Bailey
140 Antlers
Bear, DE 19701

RE:  Claimant        : Rudolph Bailey
     Incident Date  : 03/10/2004
     File #          : PL2004DE000008

Dear Rudolph:

We are sorry to hear that you experienced a problem involving Florida Natural Apple Juice that was purchased at our store. We firmly believe in the importance of quality and endeavor to see that all goods sold by our company meet our standards. Thank you for bringing this problem to our attention.

We sincerely hope to regain your confidence and keep you as a satisfied customer. We have contacted the supplier of Florida Natural Apple Juice who is S&D Roe, 215-540-1150 and requested they contact you to discuss the problem you encountered.

If you have not been contacted within thirty (30) days after receipt of this letter, please let us know.

Sincerely,

Marshall Davis
Claims Examiner
Direct Dial Phone #:  708-531-6722
Toll Free Phone #:  800-838-0851

*Florinus National Supplier*
*410-667-0896. Appt for 11 am 3/20/04.*



EXHIBIT D

January 14, 2005

OFFICE OF THE SHERIFF

Served a copy the within writ, a copy of the Summons and Complaint upon ACME SUPERMARKET

By serving the same and leaving a copy thereof with CRAIG YOST, STORE MANAGER, at FOXRUN SHOPPING CENTER ROUTE 40 & 72, CORNER OF BEAR, DE 19701, on 1/13/2005 at 2:25PM.

Fees Paid: $30.00

Civil Action # 2004-12-259
Per: Deputy Sheriff, Patricia Pribish

SO ANS;
SHERIFF

WRIT RET:   1/18/05

PER:   Jan Everingham

Document #:   04018752

*15A8*

## Office of the Sheriff
### Deputy Service Sheet

**ummons and Complaint**

ourt:   Court of Common Pleas (New Castle)

**'eturn Date: 1/19/2005**

**A#2004-12-259**

**UDOLPH V BAILEY**

's.

**CME SUPERMARKET**

**Service Count: 1**

**Court Date:**

| Return of Service to be made by: __/__/__ |
|---|
| Return of Service Mailed on: __/__/__ |

Received Date:    12/30/2004

Prepared by:  Jmerrill

### Service On

**CME SUPERMARKET**

OXRUN SHOPPING CENTER
OUTE 40 & 72
ORNER OF
EAR, DE  19701

### File Comments

Attempted Service _____

ttempted Service _____

Attempted Service _____

Attempted Service _____

ttempted Service _____

ervice    $\mathcal{P}$or

erved By _____

erved  Craig Yeat (Stgr)

ate Served 1|13|05  ime Served 2)25

lace Served  Same

ubstitute _____

_____

_____

_____

_____

_____

_____

_____

_____

**Attorney:**

RUDOLPH V BAILEY

140 ANTLERS LANE
BEAR, DE 19701

### Description of Person Served

Male        Female

Hair Color        Skin Color        Ethnicity

Height        Weight        Age

Other Identifying Marks

(302)834-8031

## SUMMONS

## IN THE COURT OF COMMONS PLEAS FOR THE STATE OF DELAWARE

### IN AND FOR   NEW CASTLE    COUNTY

Name (s)                                    )
RUDOLPH V. BAILEY SR.                        )
                                            )
            Plaintiff (s),                   )              2005 - 1 2 - 259
                                            )
    v.                                      ) Civil Action No. ____  ____
                                            )           ARBITRATION
                                            )
Name (s)                                     )
ACME/ASCO/ALBERTSON'S INC.                   )
            Defendant (s).                   )


TO THE SHERIFF OF  NEW CASTLE    COUNTY,
YOU ARE COMMANDED:

    To Summon the above named defendant(s) and serve upon said
defendant(s) a copy of this summons and complaint.

TO THE ABOVE NAMED DEFENDANT(S):
    Within twenty (20) days after you receive this Summons, excluding the
day you receive it, you must file an Answer to the attached Complaint if you want
to deny the allegations.  The original of your Answer must be filed with the
Clerk's Office of the Court of Common Pleas, 500 N. King Street ____
 Suite 1610 WilmingtonDelaware and must include proof that a copy of the
 Answer was served on the plaintiff or his/her attorney who is named on this
Summons.

    Failure to file an Answer denying the allegations will result in a judgment
against you, and action may be taken by the plaintiff or his/her attorney to satisfy
the judgment.

DATED:   12-23-04 ____                    _____
                                                    Clerk

Plaintiff's          Name  RUDOLPH V. BAILEY PROSE
Address                    140 Antlers Lane Bear DE 19701
Telephone Number           (302) 834-8031

END OF EXHIBIT 4

START OF EXHIBIT 5

PLAINTIFF'S MOTION UNDER RULE 15(B)

IN THE SUPREME COURT OF THE STATE OF DELAWARE

Rudolph V. Bailey, Sr.,

Plaintiff    Below,                          No. 322,  2007.
Appellant,

v.

Acme/Asco/Albertson's Inc.,

Defendant    Below,
Appellee.

### NOTICE OF MOTION

| Clerk of Court | Kelly A Costello Esq. | Superior Court of the |
|---|---|---|
| To: Supreme Court of the | 131 Continental Drive | State of Delaware |
| State of Delaware | Suite 407 | Sharon Agnew |
| 55 The Green | Newark DE 19713 | Prothonotary |
| Dover DE 19903 | | 500 North King Street |
| (302) 739-4155. | | Wilmington DE 19801 |

PLEASE TAKE NOTICE that the attached Plaintiff's Motion for extension

Of time to file Opening brief under Supreme Court Rule 15(b) will be presented to

the Honorable Court, at the Court's earliest opportunity, as the Court directs.

Dated

Rudolph V. Bailey Sr.
9659 Manassas Drive, Apt. 301
Manassas VA 20111
(703) 369-5071 or (302) 562-5613

## IN THE SUPREME COURT OF THE STATE OF DELAWARE

Rudolph V. Bailey, Sr.,

<u>Plaintiff</u>    Below,
Appellant,

v.

Acme/Asco/Albertson's Inc.

<u>Defendant</u> Below,
Appellee.

No. <u>322, 2007</u>

### MOTION UNDER RULE 15(b)

"Appellant Rudolph V. Bailey, Sr.," moves the Honorable Court, pursuant to Rule

15(b), for an order extending the time for service and filing of the "Opening brief"

and appendix under Rule 15(a) from October 13, to October 26, 2007. The reason

why this is necessary is because of the extra time needed by the Plaintiff to present

and incorporate 9-missing fillings including motions and brief with exhibits,

including other papers into Opening brief to the Supreme Court. 8-filings were

stamped with the Court date and time stamp and were received into the Court's file

some were in the Court's files for as long a 21-days. After which they were taken

out of the Court's files and the Court's date and time stamp were crossed out and

they were sent back to the Plaintiff. Accordingly the Court's logs were altered to

remove the record of the said filings. The record transmitted to the Supreme Court

does not account nor include the said nine filings by the Plaintiff and Supreme

Court Rule 9(c) was not followed. The Plaintiff formally objected to the transmitted

record from the Court below on 9/14/2007, in the attached letter to Cathy L.

2

Howard, clerk of the Supreme Court, with copies to the Superior Court and to the Defendant's Counsel. The Plaintiff will raise 12-separate issues in his Opening brief upon which he is seeking a reversal, 4-seprate reasons deals with the tampering of the record by the Court below. This causes the Plaintiff also to need an additional 14-page to cover the extra issues and additional work on the opening and closing statements and facts. As a result of these "exceptional circumstances" as provided for in Supreme Court Rule 15(viii), 'the unique number and complexity of the issues on Appeal'; the plaintiff will need the extra time, and extra number of pages to ensure he receives a fair review of his appeal. Supreme Court Rule 15(iii) allows for a 15-day extension from the original due date for exceptional circumstances. Additionally the Plaintiff has the rights by law to insist that all documents filed with the Court below be transmitted to the Court Above, even if they were rejected by the Court below. This is to give the Supreme Court the opportunity to decide whether the filings should have been rejected or not by the Court below. This is the first time the Plaintiff is seeking an extension of time to file his Opening brief. Please see the attached list if missing parts of the record, one other filing is not included, it was not entered into the record but it should have been, and will be presented in the Plaintiff's brief. All nine filings are in the possession of Defendant's counsel.

Dated _7/24/07_
Modified _4/25/07_

Rudolph V. Bailey Sr.
9659 Manassas Drive Apt. 301
Manassas VA 20111
(703) 369-5071 or (302) 562-5613

## IN THE SUPREME COURT OF THE STATE OF DELAWARE

Rudolph V. Bailey, Sr.,

<u>Plaintiff</u>    Below,
Appellant,

No. <u>322,  2007</u>

v.

Acme/Asco/Albertson's Inc.

<u>Defendant</u>  Below,
Appellee.

### MOTION UNDER RULE 15(b)

"Appellant Rudolph V. Bailey, Sr.," moves the Honorable Court, pursuant to Rule

15(b), for an order extending the time for service and filing of the "Opening brief"

and appendix under Rule 15(a) from October 13, to October 27, 2007. The reason

this is necessary is because of the extra time needed by the Plaintiff to present

and incorporate 10-missing fillings including motions and briefs with exhibits,

including other papers into Opening brief to the Supreme Court, 8-filings were

stamped with the Court date and time stamp and were received into the Court's file,

some were in the Court's files for as long a 21-days. After which they were taken

out of the Court's files and the Court's date and time stamp were crossed out, and

they were sent back to the Plaintiff. Accordingly the Court's logs were altered to

remove the record of the said filings. The record transmitted to the Supreme Court

does not account nor include the said ten filings by the Plaintiff, and Supreme Court

Rule 9(c) was not followed. The Plaintiff formally objected to the transmitted record

from the Court below on 9/14/2007, in the attached letter to Cathy L. Howard, clerk

2

of the Supreme Court, with copies to the Superior Court and to the Defendant's Counsel. The Plaintiff will raise 12-separate issues in his Opening brief upon which he is seeking a reversal, 4-seprate issues deals with the tampering of the record by the Court below. This causes the Plaintiff also to need an additional 15-page to cover the extra issues and additional work on the opening and closing statements and facts. As a result of these "exceptional circumstances" as provided for in Supreme Court Rule 15(viii), 'the unique number and complexity of the issues on Appeal'; the plaintiff will need the extra time, and extra number of pages to ensure he receives a fair review of his appeal. Supreme Court Rule 15(iii) allows for a 15-day extension from the original due date for exceptional circumstances. Additionally the Plaintiff has the rights by law to insist that all documents filed with the Court below be transmitted to the Court Above, even if they were rejected by the Court below. This is to give the Supreme Court the opportunity to decide whether the filings should have been rejected or not by the Court Below. This is the first time the Plaintiff is seeking an extension of time to file his Opening brief. Please see the attached list if missing parts of the record, one letter which will be identified as Exhibit 18 is not included, it was not entered into the record but it should have been, also the Plaintiff's opening brief from his appeal from the Court of Common Pleas is still not entered in the Court's logs and will be presented with the Plaintiff's brief, as an external addendum exhibit All ten filings are in the possession of Defendant's counsel.

DATED 9/24/07
Modified 9/25/07
AND. 10/1/07

**Rudolph V. Bailey Sr.**
9659 Manassas Drive Apt. 301
Manassas VA 20111
(703) 369-5071 or (302) 562-5613

## IN THE SUPREME COURT OF THE STATE OF DELAWARE

Rudolph V. Bailey, Sr.,

<u>Plaintiff</u>    Below,
Appellant,

No. <u>322</u>, <u>2007.</u>

v.

Acme/Asco/Albertson's Inc.,

<u>Defendant</u>   Below,
Appellee.

### CERTIFICATION OF SERVICE

I Rudolph V. Bailey, Sr., do hereby certify that (1) original and (1) copy of the

attached Notice of Motion, Motion and Order, was sent by First Class US mail

to the Supreme Court of the State of Delaware, and (2) copies of the same were

sent to Defendant's Counsel Kelly A. Costello, and (1) copy of the same was sent to

the Superior Court for the State of Delaware at the appropriate addresses, whish

are listed in the Notice of Motion.

Dated 9/24/07

Rudolph V. Bailey, Sr.
9659 Manassas Drive Apt. 301
Manassas VA 20111
(703) 369-5071 or (302) 562-5613

COMMONWEALTH OF: VIRGINIA
COUNTY OF: PRINCE WILLIAM
GIVEN UNDER MY HAND THIS 24TH DAY OF SEPTEMBER, 2007.

NOTARY PUBLIC
MY COMMISSION EXPIRES: AUGUST 31, 2010.

DAVID M. RECTOR
NOTARY
PUBLIC
REG # 105716
MY COMMISSION
EXPIRES
8/31/2010
COMMONWEALTH OF VIRGINIA

List of missing parts of the record

Since some of these papers were in the Court's record for as long as 21-days it is
reasonable to conclude that that the Court's log was also altered or changed to
remove the record of following filings:

(a)   April 20, 2007 @ 4:01 PM Plaintiff's Motion to compel hostile
      professional witness to testify (Marked Exhibit 8).

(b)   April 20, 2007 @ 4:02 PM Plaintiff's Motion for production of records
      (Marked Exhibit 9).

(c)   April 20, 2007 @ 4:02 PM Plaintiff's Motion to dismiss Defendant's
      Motion to dismiss this lawsuit. Marked (Exhibit 10).

(d)   April 30, 2007 @ 3:12 PM Plaintiff's Motion for articulation (Marked
      Exhibit 11).

(e)   April 30, 2007 @ 3:12 PM Plaintiff's letter to Defendant's Counsel
      (Marked Exhibit 12) for copies of my medical records she attained form a
      deposition from my doctor on or about 10/2/06 entry 4 on page 2 of Court
      log (Exhibit 7).

(f)   April 30, 2007 @ 3:12 PM Plaintiff's letter to Justine Donahue Judge
      Ableman's Assistant informing her of motions filed by plaintiff and
      requesting that Judge Ableman receive the appropriate copy and that the
      appropriate copy be filed with the Court (Marked Exhibit 13).

(g)   May 3, 2007 @ 3:18 PM Plaintiff's supporting brief filed to support filed
      in stead of oral arguments against Defendants motion to dismiss lawsuit
      (Marked Exhibit 3).

(h)   May 3, 2007 @ 3:17 PM Plaintiff's letter to Justine Donahue (Marked
      Exhibit 14) requesting her to see that Judge Ableman receives a copy

**RUDOLPH V BAILEY, SR**
**9659 MANASSAS DR. APT 301**
**MANASSAS VA 20111**
**(703) 369-5071 (302) 562-5613**

September 14 2007

Cathy L Howard
Clerk of Supreme Court of Delaware
Supreme Court Building
5 The Green
Dover DE 19903

RE:  Rudolph Bailey v Acme, et al  No 322, 2007
     (C A No 06C-04-129) Court Below

Dear Ms Howard

       I am in receipt of the attached copy the record of filings of the Superior Court
Please be advised of my objection to the said records as I find them to be inaccurate,
incomplete and not in compliance with Delaware Supreme Court Rule 9(c) as parts of the
records are missing  Please take steps to have them corrected, thank you very kindly for
looking further into this matter

Very truly yours

Rudolph V Bailey, Sr

cc   Sharon Agnew Superior Court of Delaware
     Kelly A Costello, Esquire Defendant's Counsel

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RUDOLPH V. BAILEY, SR., | § | |
| | § | No. 322, 2007 |
| Plaintiff Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | |
| | § | |
| ACME/ASCO/ALBERTSON'S, | § | |
| INC., | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

## O R D E R

This 29th day of September 2007, the Court having received appellant's motion for an extension of time to file the Opening Brief and Appendix from October 13, 2007 to October 26, 2007, together with his request for a 14 page enlaragement of the page limitation,

IT IS ORDERED that :

(1) Appellant's request for an extension of time to file his Opening Brief and Appendix is **GRANTED**. The Opening Brief and Appendix are due to be filed no later than October 26, 2007.

(2) Appellant's request for an enlargement of the page limitation is **DENIED**.

/s/ Jack B. Jacobs
Justice

END OF EXHIBIT 5

START OF EXHIBIT 6

CIVIL CASE MANAGEMENT PLAN FOR SUPERIOR COURT

# SUPERIOR COURT

# NEW CASTLE COUNTY

# CIVIL CASE

# MANAGEMENT PLAN

*The following Plan is adopted by*
*the Superior Court of the State of Delaware*
*in order to ensure the orderly and prompt*
*disposition of civil cases in New Castle County*

**REVISED November 14, 2001**

**Exhibits Updated March 30, 2004**

## IV.  MOTION PROCEDURE FOR ASSIGNED CIVIL CASES

### A.  DISPOSITIVE MOTIONS

#### 1.  Scheduling of Motion:

a.  Prior to the filing of the motion, the attorney calls the Assigned Judge's Secretary to obtain a date and time in which the motion will be heard.

b.  The motion must be filed within 3 days or the time slot may be vacated.

#### 2.  Filing of Motion:

a.  Original motion shall be filed with Prothonotary's Office, **copy** shall be delivered to Assigned Judge's Chambers.

b.  Motion shall have **Notice** page indicating date and time of hearing.

c.  Motion shall not exceed 4 pages.* Total Appendix may not exceed 25 pages.  Appendix may not include statements of fact or factual summaries.

d.  Prothonotary clerk will reject a late filed motion or a motion that exceeds the 4-page limit.

#### 3.  Response to Motion:

a.  Original response shall be filed with Prothonotary's Office; **copy** shall be delivered to Assigned Judge's Chambers.

b.  Response is due no later than **4 days** prior to the hearing date.  If no response is filed by the due date, the motion will be deemed unopposed.

c.  Response shall have **Notice** page indicating date and time of hearing.

d.  Response shall not exceed 4 pages.

e.  Prothonotary clerk will reject a late filed response or a response that exceeds the 4-page limit.

#### 4.  No Reply Permitted by Moving Party.

* If counsel believes in good faith that the matter requires full briefing pursuant to Superior Court Civil Rule 107, counsel may seek leave of the court to bypass the 4 page requirement.

## IV.   MOTION PROCEDURE FOR ASSIGNED CIVIL CASES (continued)

### B.   ROUTINE MOTIONS

#### 1.   Scheduling of Motions:

a.   Each Judge has a fixed weekly time slot to hear routine motions. *See Exhibit H.*

b.   Motion shall be noticed for presentation to the Court in accordance with Assigned Judge's time slot.

#### 2.   Filing of Motions and Responses:

a.   Motion must be filed 10 days prior to the noticed date and shall not exceed 4 pages. Motions not filed 10 days prior to the noticed date or exceeding the 4 page limit will be rejected by the Prothonotary.

b.   Response is due no later than 4 days prior to motion hearing date and shall not exceed 4 pages. If no response is filed by the due date, the motion will be deemed unopposed. The motion may be taken off the calendar, forwarded to the assigned judge, and granted without further notice or hearing.

#### 2.   Nonconfoming Responses:

c.   Nonconforming responses rejected by the Prothonotary.

d.   If a nonconforming response is filed, the motion will be deemed unpposed, may be taken off the calendar, forwarded to the assigned judge, and granted without further notice or hearing.

END OF EXHIBIT 6

START OF EXHIBIT 7

SUPERIOR COURT CASE FILING RECORD LOGS

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 09/07/2007                    PAGE      1

06C-04-129
FILED  April 17,2006                TRANSFER FROM CCP
JUDGE:  PLA                         ARBITRATION:   SENSOR MICHAEL LEONA
STATUS:  CLO   E-FILED:             JURY TRIAL

PRO SE                   RUDOLPH V. BAILEY SR.
                              -- VS --
COSTELLO KELLY A.     ACME/ASCO/ALBERTSON'S INC.

04/17/2006      1  INITIAL ARBITRATION COMPLAINT - CCP TRANSFER (P.I.)
                   - COMPLAINT FILED:  12/16/04.
                   - SHERIFF'S RETURN:  SERVED ACME BY SERVING CRAIG YOST,
                   STORE MANAGER, ON 1/13/05. (1/21/05)
                   - PLTF'S MOTION FOR DEFAULT JUDGMENT:  2/8/05.
                   - RE-NOTICE OF PLTF'S MOTION FOR DEFAULT JUDGMENT:
                   2/10/05.
                   - ENTRY OF APPEARANCE OF THOMAS S. BOUCHELLE, ESQ. ON
                   BEHALF OF DEFT:  2/11/05.
                   - DEFT'S ANSWER TO COMPLAINT AND JURY TRIAL DEMANDED:
                   2/16/05.
                   - DEFT'S ANSWERS TO FORM 30 INTERROGATORIES:  2/16/05.
                   - DEFT'S RESPONSE TO PLTF'S MOTION FOR DEFAULT JUDGMENT
                   AND DEFT'S MOTION TO DISMISS:  2/16/05.
                   - PLTF'S MOTION FOR SANCTION AGAINST DEFT'S COUNSEL:
                   2/28/05.
                   - PLTF'S MOTION TO DISMISS DEFT'S MOTION TO DISMISS
                   LAWSUIT:  2/28/05.
                   - PLTF'S BRIEF AND EXHIBITS:  3/7/05.
                   - OPINION ISSUED BY BRADLEY, J. ON 4/12/05 RE PLTF'S
                   MOTION FOR DEFAULT JUDGMENT, DEFT'S MOTION TO DISMISS
                   AND PLTF'S MOTION FOR SANCTIONS.
                   - PLTF'S APPEAL RE DECISION OF BRADLEY, J.
                   - PLTF'S CHANGE OF ADDRESS NOTICE:  8/23/05.
                   - TRANSCRIPT FROM 2/25/05 CIVIL MOTIONS BEFORE
                   BRADLEY, J.:  6/30/05.
                   - TRANSCRIPT FROM 3/11/05 CIVIL MOTIONS BEFORE BRADLEY,
                   J.:  6/30/05.
                   - OPINION ISSUED BY ABLEMAN, J. RE PLTF'S APPEAL:
                   2/22/06.
                   - SUBSTITUTION OF COUNSEL - WITHDRAW THE APPEARANCE OF
                   THOMAS S. BOUCHELLE, ESQ. AND ENTER THE APPEARANCE OF
                   KELLY A. COSTELLO, ESQ. ON BEHALF OF DEFT.
                   PLTF:  PRO SE
                   DEFT'S COUNSEL:  KELLY A. COSTELLO, ESQ.

04/24/2006      LAST RESPONSIVE PLEADING FILED

05/24/2006      ARBITRATION LETTER SENT ON 05/24/2006
                ARBITRATOR MICHAEL L SENSOR

06/13/2006      (FIRM DATE) ARBITRATON SCHEDULED FOR:  8/23/06.

08/28/2006      2  ARBITRATION ORDER FILED FOR DEFT AND AGAINST PLTF,
                TOGETHER WITH COSTS ASSESSED AGAINST PLTF.  DEFT
                WAS EXCUSED.  ARBITRATOR:  MICHAEL L. SENSOR, ESQ.

SUPERIOR COURT - NEW CASTLE COUNTY
AS OF 09/07/2007                    PAGE    2

06C-04-129
09/05/2006    3  DEMAND FOR TRIAL DE NOVO FILED BY PTLF.

09/08/2006    4  NOTICE OF RECORDS DEPOSITION OF ASIT P. UPADHYAY, DO
                 ON 10/2/06 BY DEFT.

09/26/2006    5  LETTER DATED 09/26/06 FROM THE COURT TO ALL COUNSEL RE:
                 SCHEDULING CONF. SCHEDULED FOR 11/14/06 AT 10:45 AM.

10/04/2006    6  LETTER DATED 10/3/2006 FROM ABLEMAN, J. TO COUNSEL:
                 THE SCHEDULING CONFERENCE ORIGINALLY SCHEDULED FOR
                 11/14/06 HAS BEEN RESCHEDULED FOR THURSDAY, 12/7/06 AT
                 9:30 A.M.

10/06/2006    7  LETTER DATED 9/28/2006 FROM RUDOLPH BAILEY, SR., PRO
                 SE PLTF TO KELLY COSTELLO;  RE:  DEPOSITION TO OBTAIN
                 MEDICAL RECORDS, DATED 10/2/2006 AT YOUR OFFICE...

12/04/2006    8  PLTF.'S MOTION FOR DISCOVERY SCHEDULED ON 12/07/06 AT
                 9:30AM WITH THE PRE-TRIAL CONFERENCE.

12/07/2006    9  STATUS CONFERENCE 12/07/2006
                 PLAINTIFF IS TO IDENTIFY AN EXPERT WITNESS BY MARCH 30,
                 2007. DEFENSE TO IDENTIFY EXPERT WITNESS BY MAY.
                 DISCOVERY CUTOFF AND DISPOSITIVE MOTIONS TO BE FILED BY
                 MAY 15.
                 MOTION FOR DISCOVERY IS DENIED.

12/07/2006       #8     SO ORDER, ON 12/07/2006 BY ABLEMAN, J.
                 RUDOLPH V. BAILEY'S MOTION FOR DISCOVERY IS DENIED.
                 DISCOVERY OF DOCUMENTS MUST BE BY REQUESTS FOR
                 PRODUCTION TO DEFENDANT IN ACCORDANCE WITH SUPERIOR
                 COURT RULES 26, 34.

12/19/2006   10  SCHEDULING ORDER SIGNED BY ABLEMAN, J.
                 - DISCOVERY CUT-OFF                          5/15/2007
                 - PLAINTIFF'S EXPERT REPORT                  3/30/2007
                 - DEFENDANT'S EXPERT REPORT                  5/01/2007
                 - FILING OF DISPOSITIVE MOTIONS              5/15/2007
                 THE COURT WILL SCHEDULE A TRIAL DATE AFTER CLOSE
                 OF DISCOVERY

01/08/2007   11  LETTER DATED 01/18/2007 FROM KELLY A. COSTELLO
                 REQUESTING OFFICE CONFERENCE TO DISCUSS SCHEDULING
                 ORDER. ALSO REQUESTED THAT MR. BAILY BE PRESENT.

01/08/2007   12  LETTER DATED 01/22/2007 FROM MR. BAILEY OPPOSING
                 CONFERENCE FOR OFFICE SCHEDULE.

04/03/2007   13  LETTER DATED 04/03/2007 FROM KELLY A. COSTELLO TO
                 ABLEMAN J. TO DATE I HAVE NOT RECEIVED ANY INFORMATION
                 CONCERNING EXPERTS FROM PLAINTIFF.  THE COURT DOES NOT
                 HAVE ANYTHING DOCKETED AFTER THE ABOVE CONFERENCE.
                 THEREFORE, I RESPECTFULLY REQUEST THAT YOU SIGN THE
                 ATTACHED ORDER DISMISSING THIS MATTER IN ITS ENTIRETY.

```
               SUPERIOR COURT - NEW CASTLE COUNTY
                    AS OF 09/07/2007              PAGE      3


06C-04-129
04/10/2007    14  LETTER DATED 04/10/2007 FROM ABLEMAN J. TO .
                  KELLEY A. COSTELLO, ESQ. ADVISING I HAVE YOUR LETTER
                  REQUESTING THE COURT DISMISS THIS MATTER.  PLEASE
                  REVIEW THE COURT'S CIVIL CASE MANAGEMENT PLAN AS WELL
                  AS THE RULES OF THE COURT WITH RESPECT TO DISPOSITIVE
                  MOTIONS AND FILE AN APPROPRIATE MOTION WITH SEVICE UPON
                  MR. BAILEY.   THE COURT CAN THEN SCHEDULE A TIME FOR
                  THIS RESPONSE AS WELL AS A TIME FOR ARGUMENT, IF
                  NECESSARY.

05/16/2007    16  DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
                  SCHEDULED FOR JUNE 18, 2007 AT 10:00 A.M.

05/30/2007    18  PLTF'S MOTION FOR PRODUCTION OF RECORDS AND
                  RELIEF FROM ORDER BY JUDGE ABLEMAN ON 12/7/2006

05/31/2007    17  NOTICE OF AFFIDAVIT OFFPOSING SUMMARY JUDGEMENT

06/04/2007    19  RE-NOTICE OF MOTION TO COMPEL THE PROFESSIONAL WHO
                  PERFORMED THE TEST ON PLAINTIFF'S SAMPLE OF THE APPLE
                  JUICE TO TESTIFY AS PLAINTIFF'S HOSTILE WITNESS.

06/04/2007    20  NOTICE OF PLAINTIFF'S SECOND AFFIDAVIT OPPOSING
                  DEFENDANT'S MOTION FOR SUMMARY JUDGMENT/MOTION TO
                  DISMISS

06/18/2007    21  CIVIL MOTION HEARD BY ABLEMAN, J.
                  MOTION  FOR SUMMARY JUDGEMENT/MOTION TO DISMISS
                  DECISION: PENDING

06/19/2007    22  LETTER OPINION FROM ABLEMAN, J.
                  SUBMITTED: JUNE 18, 2007
                  DECIDED: JUNE 19, 2007
                  UP0N DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
                  DECISION: GRANTED

06/20/2007        CASE CLOSED

06/29/2007    23  NOTICE OF APPEAL FILED IN SUPREME COURT ON 6/29/2007 BY
                  RUDOLPH B. BAILEY, SR., PLTF BELOW-APPELLANT FROM THE
                  DECISION BY ABLEMAN, J., DATED 6/19/2007 AS TO THE
                  SUMMARY JUDGMENT/MOTION TO DISMISS., #322,2007.

07/12/2007    24  TRANSCRIPT FROM MOTION HEARING DATED 6/18/07.

08/30/2007    25  TRANSCRIPT FROM MOTION BEFORE ABLEMAN, J. ON 12/7/2006.
                  APPEARANCES:  RUDOLPH B. BAILEY, SR., PRO SE PLTF AND
                  KELLY COSTELLO, ESQ. FOR DEFT.  (WITH PINK ENCLOSURE)
```



CERTIFIED AS A TRUE COPY
ATTEST: SHARON AGNEW
PROTHONOTARY
BY

END OF EXHIBIT 7

START OF EXHIBIT 8

PLAINTIFF'S MOTION TO COMPEL HOSTILE WITNESS TO TESTIFY

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

RUDOLPH V. BAILEY SR.,                    )
                                          )
        PLAINTIFF                         )
                                          )  C.A. No.: 06C-04-129 PLA
V.                                        )
                                          )
ACME/ASCO/ALBERTSON'S INC.,               )
                                          )
        DEFENDANT.                        )

## NOTICE OF MOTION

To: Superior Court            Kelly A. Costello Esq.         ACME Markets
    State of Delaware          131 Continental Drive         Fox Run Shopping Ctr.
    500 North King St.         Suite 407                      Corner Routes 40 & 72
    Office of Prothonotary     Newark DE 19713                Bear DE 19713
    Wilmington DE 19801

PLEASE TAKE NOTICE that the attached Plaintiff's Motion to compel hostile

Professional witness to testify, who performed testing on Plaintiff's sample of,

Contaminated apple juice will be presented to the Court,

Along with Defendant's Motion to Dismiss Lawsuit.

Rudolph V. Bailey Sr.
P.O. Box 221911
Chantilly VA 20153-1911
(703) 369-5071
(302) 562-5613

Dated  4/16/2007

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| RUDOLPH V. BAILEY, SR. | ) | |
| | ) | |
| **PLAINTIFF** | ) | |
| | ) | **C.A. No.: 06C-04-129 PLA** |
| V. | ) | |
| | ) | |
| ACME/ASCO/ALBERTSON'S INC. | ) | |
| | ) | |
| **DEFENDANT** | ) | |

### MOTION TO COMPEL HOSTILE PROFESSIONAL WITNESS

Comes now the Plaintiff Rudolph V. Bailey, Sr. acting on his own behalf, hereby

Moves the Honorable Court enter an Order to Compel the Professional who

Defendant used to test and analyzed the sample from the box of apple juice that

Caused the food poisoning incident of 3/10/2004, which I purchased from the ACME

Supermarket in the Fox Run Shopping Center in Bear Delaware; and offers in his

Defense the following reason:

(1)     The Court ruled that in order for me to have a Jury Trial I must

        Produce a professional witness, the best person to do this is the

        Chemist who tested the original sample collected from my residence

        On or about 3/20/2004, and not someone who may test a sample by

        March 2007, 3-years after the incident, as the Court Ordered.

(2)     It is customary in Court trials that when interdicting evidence such as

        A report of a test that the Person who prepared the report and

        Performed the test presents the evidence so that, that person can be

        Questioned and cross examined in regards to the test and report.

(3)    Since the Defendant has refused to release the test results it is evident

That I must treat their professional as a hostile witness should he or

She be made to testify; Therefore the Honorable Court should rule

That Defendant release the complete written test results to the

Plaintiff, and order the professional who performed the test to testify.

Rudolph V. Bailey Sr.
P.O. Box 221911
Chantilly VA 20153-1911
(703) 369-5071
(302) 562-5613

Dated 4/16/2007

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

RUDOLPH V. BAILEY, SR.,            )
                                   )
     PLAINTIFF-Appellant,          )
                                   )
V.                                 )     C.A. No.: 06C-04-129 PLA
                                   )
ACME/ASCO/ALBERTSON INC.,          )
                                   )
     DEFENDANT-Appellee.           )

## ORDER

NOW TO WIT, this_____ day of_____, 2007, Plaintiff

Rudolph V. Bailey's Motion to Compel Hostile Professional witness

Defendant's chemist who performed testing on Plaintiff's sample

To testify under oat in trial

IT IS SO ORDERED.

_____
J.

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND NEW CASTLE COUNTY

RUDOLPH V. BAILEY, SR.,          )
                                 )
            PLAINTIFF            )
                                 )    C.A. No.: 06C-04-129 PLA
V.                               )
                                 )
ACME/ASCO/ALBERTSON'S INC.,      )
                                 )
            DEFENDANT            )

## CERTIFICATION OF SERVICE

I Rudolph V. Bailey, Sr., do hereby certify that (2) copies of the attached Notice of

Motion, Motion and Order was sent by First Class Mail USPS to the Superior Court

State of Delaware Prothonotary's Office, at 500 N. King St., Wilmington DE 19801;

And to Kelly A. Costello Esq. at 131 Continental Drive Suite 407, Newark DE

19713; And one copy was sent to ACME Markets in the Fox Run Shopping Center,

Corner of Routes 40 & 72, Bear DE 19701.

Notary Signature and Seal
My commission expires 8-31 2010

Rudolph V. Bailey Sr.,
P.O. Box 221911
Chantilly VA 20153-1911
(703) 369-5071 (302) 562-5613

Dated 4-16-07

END OF EXHIBIT 8

End of Exhibit 8

START OF EXHIBIT 9

PLAINTIFF'S MOTION FOR PRODUCTION OF RECORDS

Start of Exhibit 9

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| RUDOLPH V. BAILEY SR., | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | C.A. No.: 06C-04-129 PLA |
| V. | ) | |
| | ) | |
| ACME/ASCO/ALBERTSON'S INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

## NOTICE OF MOTION

To: Superior Court          Kelly A. Costello Esq.          ACME Markets
    State of Delaware        131 Continental Drive          Fox Run Shopping Ctr.
    500 North King St.       Suite 407                       Corner Routes 40 & 72
    Office of Prothonotary   Newark DE 19713                 Bear DE 19713
    Wilmington DE 19801

PLEASE TAKE NOTICE that the attached Plaintiff's Motion

For production of records will be presented to the Court

Along with Defendant's Motion to Dismiss Lawsuit.

Rudolph V. Bailey Sr.
P.O. Box 221911
Chantilly VA 20153-1911
(703) 369-5071
(302) 562-5613

Dated 4/16/2007

## IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

## IN AND FOE NEW CASTLE COUNTY

RUDOLPH V. BAILEY, SR.              )
                                    )
          PLAINTIFF                 )
                                    )  C.A. No.: 06C-04-129 PLA
V.                                  )
                                    )
ACME/ASCO/ALBERTSON'S INC.          )
                                    )
          DEFENDANT                 )

### PLAINTIFF'S MOTION FOR PRODUCTION OF RECORDS

Comes now the Plaintiff Rudolph Bailey acting on his own behalf, hereby moves the

Honorable Court to enter an Order for the Defendant ACME/ASCO ET, al to

Provide full and complete written results of a test done in Defendant's laboratories

On a sample from the box of apple juice I purchased at the ACME supermarket in

Bear Delaware which they picked up from my residence on or about 3/20/04, and

Offers in his defense the following reasons:

   (A)    The US Food and Drug Administration requires food manufactures

          And suppliers to identify the total contents of foods they supply to the

          Public and this information should appear on the labels.

   (B)    Therefore whatever was discovered in the said test falls under this

          Federal requirement and must be released to me at once for

          Defendant to be in compliance with Federal Statutes.

   (C)    The Spirit of the Federal Freedom of Information Act, and the

          Right to Know Laws speaks to the very core of this issue, and it is

          The backbone of a free and open and honest society, where everyone

ls treated fairly and not just the special interest groups, therefore this Information should be released to the Plaintiff.

(D)    In addition I offer Exhibits C, E2, E3, F & G which proves that Defendant acknowledged the incident of 3/10/2004, and that I served Defendant written request for production of records as early as 11/20/2004, and 12/4/2004, and again on 7/10/2006 to Ms. Costello. Said information is part of the record. On 9/22/06 I informed The Honorable Peggy L. Ableman that Defendant was not complying with my written request for discovery (Exhibit G). On 12/7/2006 the Court denied my Motion for Discovery, the reason given indicated that I did not serve defendant with discovery. In light of the evidence presented this ruling was incorrect; and this motion should be granted. I also need the test results to know if I was exposed to any long term or latent health risk due to the food poisoning incident of 3/10/2004.

Rudolph V. Bailey, Sr.
P.O. Box 221911
Chantilly VA 20153-1911
(703) 369-5071
(302) 562-5613

Dated 4/16/2007

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| RUDOLPH V. BAILEY, SR., | ) | |
| | ) | |
|    PLAINTIFF- Appellant, | ) | |
| | ) | |
| V. | ) | C.A. No.: 06C-04-129 PLA |
| | ) | |
| ACME/ASCO/ALBERTSON'S INC., | ) | |
| | ) | |
| DEFENDANT- Appellee, | ) | |

## ORDER

NOW TO WIT, this_____ day of_____, 2007 Plaintiff

Rudolph V. Bailey's Motion for Production of Records is hereby granted

IT IS SO ORDERED.

_____
J.

EXHIBIT C



**An Albertson's Company**

March 15, 2004

Rudolph Bailey
140 Antlers
Bear, DE 19701

RE:    Claimant        : Rudolph Bailey
       Incident Date   : 03/10/2004
       File #          : PL2004DE000008

Dear Rudolph:

We are sorry to hear that you experienced a problem involving Florida Natural Apple Juice that was purchased at our store. We firmly believe in the importance of quality and endeavor to see that all goods sold by our company meet our standards. Thank you for bringing this problem to our attention.

We sincerely hope to regain your confidence and keep you as a satisfied customer. We have contacted the supplier of Florida Natural Apple Juice who is S&D Roe, 215-540-1150 and requested they contact you to discuss the problem you encountered.

If you have not been contacted within thirty (30) days after receipt of this letter, please let us know.

Sincerely,

Marshall Davis
Claims Examiner
Direct Dial Phone #:  708-531-6722
Toll Free Phone #:  800-838-0851

*Florida's National Supplier*
*410-667-0896   appt for 11 am  3/20/04.*

EXHIBIT E2

**RUDOLPH V. BAILEY SR.**
**140 ANTLERS LANE**
**BEAR DE 19701**
**(302) 834-6031**

November 20, 2004

Customer Service Rep. Mitchell
Florida Growers
P.O. Box 1111
Lake Wails FL. 33859-1111

RE: Claimant  Rudolph Bailey
Incident Date  03/10/2004
File #  PL2004DE0000008
INS. Claim  220193 Agribusiness

Dear Mitchell:

So far your Insurance carrier has not come back to me with the settlement of the above mentioned case. I have furnished all of the information they said they needed to do so. I was promised that the case would be resolved by Friday November 19, 2004.

In preparation for legal action the Attorney has instructed me to have you send to me at the above address, a copy of the test result you performed on the sample I supplied to you. I still have the remainder of the sample frozen in my freezer, with which  we can make a comparison if needed. Thank you very kindly for your cooperation and prompt response to this matter.

Very truly yours

Rudolph v. Bailey Sr.

CC: ACME Jewel-Osco

EXHIBIT E 3

# RUDOLPH V. BAILEY SR.
## 140 ANTLERS LANE
## BEAR DE 19701
## (302) 834-8031

**December 04, 2004**

**Customer Service Rep. Mitchell**
**Florida Growers**
**P.O. Box 1111**
**Lake Walls Florida 33859-1111**

**RE: Claimant   Rudolph Bailey**
**Incident Date   03/10/2004**
**File Number   PL2004DE0000008**
**Insurance**
**Claim No.        220103 Agribusiness**

**Dear Mitchell:**

**As of the date of my last correspondence, nothing
has transpired by way of resolving this matter
short of my filing my claim with the Court of
common Pleas. This is my second request that you
furnish me a copy of the test result of the sample
you tested, relating to the food poisoning episode of
3/10/2004. Must I inform you that Federal laws
requires that you respond to my written request
within 72 hours. The Insurance Company continue
their stall practice in hopes that the statute will
expire with them only making promises and
excuses, I assure you that this case is not going
away. Thank you kindly for your assistance in this
matter.**

**Very truly yours**

**Rudolph v. Bailey Sr.**

EXHIBIT F

RUDOLPH V. BAILEY SR
P.O. BOX 221911-1911
CHANTILLY VA 20111
(302) 562-5613 & (703) 369-5071

July 10, 2006

Kelly A. Costello Esq.
Law Offices of Charles P. Coates, III
131 Contential Drive suite 407
Newark, DE 19713-4301

Re: C.A. No.: 06C-04-129 PLA Bailey v. Acme etal

Dear Ms. Costello:

Please be advised that I have signed 2-medical Authorizations and I have personally sent copies of my medical records to your client at their request. The records you request is redundant, and the law does not require me to keep sending information you should already have. In contrast your client has refused to send me relevant documents important to my defense, in spite of several written request. For example the written test results from the sample I sent them of the apple juice from which I received food poisoning on or about March 10, 2004. I also learned from an employee of your client that a sample was also sent from some one who purchased juice from the Newark Delaware Acme, as a result of a similar episode about the same time as mine.

I am again requesting written test results, from my sample and from the one which took place at the Newark DE Acme store. I am also requesting information about any other similar food contamination episode which took place 6-months prior and 6-months after my food poisoning episode of March 10, 2004.

I strongly object to your request dated June 29, 2006, for a Court Reporter at the scheduled Arbitration, since all negotiations at an arbitration is not admissible in court, and should remain private to the parties involved. Thank you very kindly for your corporation in these matters.

Very truly yours

Rudolph V. Bailey Sr.

cc:   Micheal Sensor, Arbitrator (by Fax 302 655-4043)

EXHIBIT G

RUDOLPH V. BAILEY SR.
P.O. Box 221811
Chantilly VA 20153-1911
(703) 369-5071 Cell. (302) 562-5613

September 22, 2006

The Honorable Peggy L. Ableman
Superior Court of Delaware
New Castle County Courthouse
500 N. King Street, Suite 10400
Wilmington, DE 19801-3733

Re: Bailey v. Acme et al, C.A. No.: 05C-04-129 PLA

Dear Judge Ableman:

In reference to the attached letter from Ms. Costello please be advised that I object to her meeting with Your Honor to discuss scheduling order, as this shows special treatment to opposing counsel. Any scheduling conflict can be addressed as they arise, and I am open to accommodating reasonable delays with proper notice. Secondly I have requested a pre-trial conference to settle problems with Defendant's continued refusals to provide me with reasonable discovery documents I have requested over and over to no avail. Any possible scheduling problems could be discussed at that conference. Counsel also references a case action number I am unaware of -006 PLA. Thank you kindly for looking into this matter.

Respectfully yours

Rudolph V. Bailey

cc: Kelly A. Costello

# IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

## IN AND NEW CASTLE COUNTY

RUDOLPH V. BAILEY, SR.,             )
                                    )
            PLAINTIFF               )
                                    )    C.A. No.: 06C-04-129 PLA
V.                                  )
                                    )
ACME/ASCO/ALBERTSON'S INC.,         )
                                    )
            DEFENDANT               )

## CERTIFICATION OF SERVICE

I Rudolph V. Bailey, Sr., do hereby certify that (2) copies of the attached Notice of

Motion, Motion and Order was sent by First Class Mail USPS to the Superior Court

State of Delaware Prothonotary's Office, at 500 N. King St., Wilmington DE 19801;

And to Kelly A. Costello Esq. at 131 Continental Drive Suite 407, Newark DE

19713; And one copy was sent to ACME Markets in the Fox Run Shopping Center,

Corner of Routes 40 & 72, Bear DE 19701.

Notary Signature and Seal
My commission expires Aug 3, 2010

Rudolph V. Bailey Sr.,
P.O. Box 221911
Chantilly VA 20153-1911
(703) 369-5071 (302) 562-5613

Dated  1-16-07

END OF EXHIBIT 9

START OF EXHIBIT 10

PLAINTIFF'S Motion to Dismiss DEFENDANT'S Motion to dismiss

# IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

RUDOLPH V. BAILEY SR.,        )
                               )

        PLAINTIFF         )

V.                          )  C.A. No.: 06C-04-129 PLA

                              )

ACME/ASCO/ALBERTSON'S INC.,   )

                              )

        DEFENDANT.       )

## NOTICE OF MOTION

To: Superior Court      Kelly A. Costello Esq.     ACME Markets
    State of Delaware     131 Continental Drive    Fox Run Shopping Ctr.
    500 North King St.      Suite 407              Corner Routes 40 & 72
    Office of Prothonotary   Newark DE 19713      Bear DE 19713
    Wilmington DE 19801

PLEASE TAKE NOTICE that the attached Plaintiff's Motion to Dismiss

Defendant's Motion to Dismiss this Lawsuit will be presented to the Court

Along with Defendant's Motion to Dismiss Lawsuit.

                                    Rudolph V. Bailey Sr.
                                    P.O. Box 221911
                                    Chantilly VA 20153-1911
                                    (703) 369-5071
                                    (302) 562-5613

Dated __4/16/2007__

## IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

RUDOLPH V. BAILEY, SR.                    )
                                          )
            PLAINTIFF                     )
                                          )    CA. No.: 06C-04-129 PLA
V.                                        )
                                          )
ACME/ASCO/ALBERTSON'S INC.                )
                                          )
            DEFENDANT                     )

**PLAINTIFF'S MOTION TO DISMISS DEFENDANTS MOTION TO DISMISS**

**THIS LAWSUIT**

Comes now the Plaintiff Rudolph Bailey acting on his own behalf, hereby petitions

The Honorable Court to entertain an order to dismiss the Defendants Motion to

Dismiss this Lawsuit and offers in his defense the following reasons:

    (1)    To give the Plaintiff an opportunity ask the Honorable Court to

           Review the ruling entered on December 7/ 2006, in light of the

           Reasons given in this Motion, and plaintiff's Motions for the

           Production of Records, and Motion to Compel Defendant's Chemists

           To take the stand as Plaintiff's hostile Professional witness, so that

           Plaintiff can get a fair Jury Trial.

    (2)    Defendant's Counsel attempted to have the Honorable Court to sign

           An improperly presented Order which would if signed by the Court

           Would deny the Prose Plaintiff the right to an Appeal due to the way

           The improperly presented Order was worded.

**Rudolph V. Bailey, Sr.**
**P.O. Box 221911**
**Chantilly VA 20153-1911**
**(703) 369-5071**
**(302) 562-5613**

Dated 4/16/2007

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| RUDOLPH V. BAILEY, SR., | ) | |
| | ) | |
| **PLAINTIFF- Appellant** | ) | |
| | ) | |
| V. | ) | **C.A. No.: 06C-04-129 PLA** |
| | ) | |
| ACME/ASCO/ALBERTSON'S INC., | ) | |
| | ) | |
| DEFENDANT- Appellee. | ) | |

## ORDER

NOW TO WIT, this_____ day of_____, 2007, Plaintiff

Rudolph V. Bailey's Motion to Dismiss Defendant ACME/ASCO Et, al's

Motion to Dismiss this Lawsuit is hereby Granted

IT IS SO ORDERED.

_____
J.

## IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

## IN AND NEW CASTLE COUNTY

RUDOLPH V. BAILEY, SR.,                )
                                       )
          PLAINTIFF                    )
                                       )      C.A. No.: 06C-04-129 PLA
V.                                     )
                                       )
ACME/ASCO/ALBERTSON'S INC.,            )
                                       )
          DEFENDANT                    )

## CERTIFICATION OF SERVICE

I Rudolph V. Bailey, Sr., do hereby certify that (2) copies of the attached Notice of

Motion, Motion and Order was sent by First Class Mail USPS to the Superior Court

State of Delaware Prothonotary's Office, at 500 N. King St., Wilmington DE 19801;

And to Kelly A. Costello Esq. at 131 Continental Drive Suite 407, Newark DE

19713; And one copy was sent to ACME Markets in the Fox Run Shopping Center,

Corner of Routes 40 & 72, Bear DE 19701.

**Notary Signature and Seal**
My commision expires Aug 31, 2010

Rudolph V. Bailey Sr.,
P.O. Box 221911
Chantilly VA 20153-1911
(703) 369-5071 (302) 562-5613

Dated 4-16-07

END OF EXHIBIT 10

START OF EXHIBIT 11

PLAINTIFF'S MOTION FOR ARTICULATION

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

RUDOLPH V. BAILEY SR.,    )
                             )
       PLAINTIFF         )
                             )  C.A. No.: 06C-04-129 PLA
V.                         )
                             )
ACME/ASCO/ALBERTSON'S INC.,  )
                             )
       DEFENDANT.      )

NOTICE OF MOTION

To: Superior Court        Kelly A. Costello Esq.      ACME Markets
    State of Delaware      131 Continental Drive    Fox Run Shopping Ctr.
    500 North King St.       Suite 407               Corner Routes 40 & 72
    Office of Prothonotary   Newark DE 19713     Bear DE 19713
    Wilmington DE 19801

PLEASE TAKE NOTICE that the attached Plaintiff's Motion for Articulation

Will be presented to the Court, no hearing is necessary the Court will act as

Appropriate and inform the parties involved, no Order is needed.

                                          Rudolph V. Bailey Sr.
                                          P.O. Box 221911
                                          Chantilly VA 20153-1911
                                          (703) 369-5071
                                          (302) 562-5613

Dated 4/27/2007

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

RUDOLPH V. BAILEY, SR.,               )
                                      )
        PLAINTIFF                     )
                                      )        C.A. No.: 06C-04-129 PLA
V.                                    )
                                      )
ACME/ASCO/ALBERTSON'S INC.,           )
                                      )
        DEFENDANT.                    )

**MOTION FOR ARTICULATION**

Comes now the Plaintiff Rudolph V. Bailey, Sr., acting on his own behalf, hereby

Petitions this Honorable Court to render a written articulation explaining the

Court's December 7, 2007 Ruling denying the Plaintiff's Motion to Order Defendant

To produce the discoverable documents and information sought in Plaintiff's

Motion, and offers in his defense from the record examples of prior written request

To the defendant for the said documents and information. The Plaintiff also offers

Similar written request from defendant to the plaintiff for discovery requested in

The same manner as the Plaintiff did.

Rudolph v. Bailey, Sr.
P.O. Box 221911
Chantilly VA 20153
(703) 369-5071
(302) 562-5613

Dated 4/27/2007

EXHIBIT E

**RUDOLPH V. BAILEY SR.**
**140 ANTLERS LANE**
**BEAR DE 19701**
**(302) 834-8031**

**November 20, 2004**

**Customer Service Rep. Mitchell**
**Florida Growers**
**P.O. Box 1111**
**Lake Wails FL 33859-1111**

**RE: Claimant  Rudolph Bailey**
**Incident Date  03/10/2004**
**File #          PL2004DE0000008**
**INS. Claim   220193 Agribusiness**

**Dear Mitchell:**

**So far your Insurance carrier has not come back to me with the settlement of the above mentioned case. I have furnished all of the information they said they needed to do so. I was promised that the case would be resolved by Friday November 19, 2004.**

**In preparation for legal action the Attorney has instructed me to have you send to me at the above address, a copy of the test result you performed on the sample I supplied to you. I still have the remainder of the sample frozen in my freezer, with which we can make a comparison if needed. Thank you very kindly for your cooperation and prompt response to this matter.**

**Very truly yours**

**Rudolph v. Bailey Sr.**

**CC: ACME Jewel-Osco**

EXHIBIT E 3

# RUDOLPH V. BAILEY SR.
## 140 ANTLERS LANE
## BEAR DE 19701
## (302) 834-8031

**December 04, 2004**

**Customer Service Rep. Mitchell**
**Florida Growers**
**P.O. Box 1111**
**Lake Walls Florida 33859-1111**

**R E: Claimant   Rudolph Bailey**
**Incident Date   03/10/2004**
**File Number    PL2004DE0000008**
**Insurance**
**Claim No.        220103 Agribusiness**

**Dear Mitchell:**

**As of the date of my last correspondence, nothing
has transpired by way of resolving this matter
short of my filing my claim with the Court of
common Pleas. This is my second request that you
furnish me a copy of the test result of the sample
you tested, relating to the food poisoning episode of
3/10/2004. Must I inform you that Federal laws
requires that you respond to my written request
within 72 hours. The Insurance Company continue
their stall practice in hopes that the statute will
expire with them only making promises and
excuses, I assure you that this case is not going
away. Thank you kindly for your assistance in this
matter.**

**Very truly yours**

**Rudolph v. Bailey Sr.**

EXHIBIT F

RUDOLPH V. BAILEY SR
P.O. BOX 221911-1911
CHANTILLY VA 20111
(302) 562-5613 & (703) 369-5071

July 10, 2006

Kelly A. Costello Esq.
Law Offices of Charles P. Coates, 111
131 Contential Drive suite 407
Newark, DE 19713-4301

Re: C.A. No.: 06C-04-129 PLA Bailey v. Acme etal

Dear Ms. Costello:

Please be advised that I have signed 2-medical Authorizations and I have personally sent copies of my medical records to your client at their request. The records you request is redundant, and the law does not require me to keep sending information you should already have. In contrast your client has refused to send me relevant documents important to my defense, in spite of several written request. For example the written test results from the sample I sent them of the apple juice from which I received food poisoning on or about March 10, 2004. I also learned from an employee of your client that a sample was also sent from some one who purchased juice from the Newark Delaware Acme, as a result of a similar episode about the same time as mine.

I am again requesting written test results, from my sample and from the one which took place at the Newark DE Acme store. I am also requesting information about any other similar food contamination episode which took place 6-months prior and 6-months after my food poisoning episode of March 10, 2004.

I strongly object to your request dated June 29, 2006, for a Court Reporter at the scheduled Arbitration, since all negotiations at an arbitration is not admissible in court, and should remain private to the parties involved. Thank you very kindly for your corporation in these matters.

Very truly yours

Rudolph V. Bailey Sr.

cc:    Micheal Sensor, Arbitrator (by Fax 302 655-4043)

EXHIBIT G

RUDOLPH V. BAILEY SR.
P.O. Box 221811
Chantilly VA 20153-1911
(703) 369-5071 Cell. (302) 562-5615

September 22, 2006

The Honorable Peggy L. Ablerman
Superior Court of Delaware
New Castle County Courthouse
500 N. King Street Suite 10400
Wilmington, DE 19801-3733

Re: Bailey V. Acme et al. C.A. No.: 05C-04-129 PLA

Dear Judge Ableman:

In reference to the attached letter from Ms. Costello please be advised that I
object to her meeting with Your Honor to discuss scheduling order, as this shows
special treatment to opposing counsel. Any scheduling conflict can be
addressed as they arise, and I am open to accommodating reasonable delays
with proper notice. Secondly I have requested a pre-trial conference to settle
problems with Defendant's continued refusals to provide me with reasonable
discovery documents I have requested over and over to no avail. Any possible
scheduling problems could be discussed at that conference. Counsel also
references a case action number I am unaware of -006 PLA. Thank you kindly for
looking into this matter.

Respectfully yours

Rudolph V. Bailey

cc: Kelly A. Costello

EXHIBIT K 1 a

REVEREND RUDOLPH V. BAILEY SR.
P.O. BOX 221911
CHANTILLY VA 20111
(302) 562-5613

June 13, 2006

Kelley A. Costello Esq.
Law Offices of Charles P. Coates III
131 Continental Drive, Suite 407
New Ark, DE 19713-4301

Re: Bailey v. Acme
Civil Action No. 06C-04-129 PLA

Dear Ms. Costello:

I have received your June 8, 2006 letter and authorization request, please be
advised that I have previously turned over medical records and signed medical
authorization to your client's insurance carrier. Please contact them, I give my
permission for the insurance Co. To release my medical information to you. Not
withstanding your client has failed to turn over to me the written test results from
the contaminated sample I gave to Acme. I have made two written request for
the said test results to no avail.

I need to have written test results prior to Arbitration, I also need the name and
phone No. Of all persons affected by contaminated juices 6-months prior to and
after my incident.

Thank you kindly

Rudolph V. Bailey Sr.

EXHIBIT K 1 b

REVEREND RUDOLPH V. BAILEY SR.
P.O. BOX 221911
CHANTILLY VA 20111
(302) 562-5613

June 19, 2006

Kelley A. Costello Esq.
Law Offices of Charles P. Coates 111
131 Continental Drive, Suite 407
New Ark, DE 19713-4301

Re: Bailey v. Acme
Civil Action No. 06C-04-129 PLA

Dear Ms. Costello:

I have received your June 8, 2006 letter and authorization request, please be
advised that I have previously turned over medical records and signed medical
authorization to your client's insurance carrier. Please contact them, I give my
permission for the Insurance Co. To release my medical information to you. Not
withstanding your client has failed to turn over to me the written test results from
the contaminated sample I gave to Acme. I have made two written request for
the said test results to no avail.

I need to have written test results prior to Arbitration, I also need the name and
phone No. Of all persons affected by contaminated juices 6-months prior to and
after my incident.

Thank you kindly

Rudolph V. Bailey Sr.

LAW OFFICE OF
**CHARLES P. COATES, III**
Employees of Nationwide Mutual Insurance Company
Not a Partnership

CHARLES P. COATES, III
STACEY L. ROSSETTI
KELLY A. COSTELLO

161 CONTINENTAL DRIVE
SUITE 407  CHRISTIANA EXECUTIVE CAMPUS
NEWARK, DELAWARE 19713-4301
(302) 292-6660
FAX (302) 292-6668

PARALEGAL
KRISTINE MCCALL
MARIETTA MESSINA
RAQUEL O'BRIEN

June 8, 2006

Rudolph V. Bailey, Sr.
P.O. Box 221911
Chantilly, VA 20153-1911

**Re:   Bailey v. Acme**

| | |
|---|---|
| **C.A. No.:** | **06C-04-129-PLA** |
| **Insured:** | **Citrus World** |
| **Claim No.:** | **00220103** |
| **D/A:** | **3/10/04** |
| **Our File No.:** | **05NK00039** |

Dear Mr. Bailey:

Please be advised that the case has been transferred to Superior Court where a non-binding Rule 16 arbitration will be held. Michael Sensor, Esquire has been appointed by the Court to serve as the arbitrator in this matter. His office will contact you to schedule the hearing.

I have sent you a medical authorization which I need to have signed and returned. Please send me the names and addresses of any physicians who have knowledge of any medical conditions/injuries that you allege were related to the above litigation. Your cooperation in this regard is extremely important. Although the burden of proof is with you, we are entitled to review the medical specials prior to the hearing.

Thank you for your cooperation.

Very truly yours,

Kelly A. Costello

cc:    Ms. Donna Corley
       Mr. Marshall Davis
F  2005 05nk00039 Plaintiff - 06-8-06.doc

**LAW OFFICE OF**
**CHARLES P. COATES, III**

Employees of Nationwide Mutual Insurance Company &
Not a Partnership

CHARLES P. COATES, III
STACEY L. BONVETTI
KELLY A. COSTELLO

**PARALEGALS**
KRISTINE MCCAL
MARIETTA MESSINA

151 CONTINENTAL DRIVE
SUITE 407 - CHRISTIANA EXECUTIVE CAMPUS
NEWARK, DELAWARE 19713-4301
(302) 292-6660
FAX (302) 292-6668

June 8, 2006

Mr. Rudolph Bailey
P.O. Box 221911
Chantilly, VA 20153-1911

**Re:    Bailey v. Acme**
        **Claim No.:  00220103**
        **D/A:  3/10/04**
        **Our File No.:  05nk00039**

Dear Mr. Bailey:

Please be advised that I have been retained to defend Acme in the above-referenced matter.

With this letter I enclose a medical authorization. Please return the executed authorization to me without delay. You will be notified of the names and addresses of the persons and places to which I send the authorization and you will be provided with copies of the records I receive.

Thank you for your consideration.

Very truly yours,

*Kelly Costello*

Kelly A. Costello

KAC/lab
Enclosure
cc:    Donna Corley
F:\2005\05nk00039\plaintiff med auth.doc

## IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

### IN AND NEW CASTLE COUNTY

RUDOLPH V. BAILEY, SR.,                    )
                                           )
            PLAINTIFF                       )
                                           )    C.A. No.: 06C-04-129 PLA
V.                                         )
                                           )
ACME/ASCO/ALBERTSON'S INC.,                )
                                           )
            DEFENDANT                       )

### CERTIFICATION OF SERVICE

I Rudolph V. Bailey, Sr., do hereby certify that (2) copies of the attached Notice of

Motion, Motion and Order was sent by First Class Mail USPS to the Superior Court

State of Delaware Prothonotary's Office, at 500 N. King St., Wilmington DE 19801;

And to Kelly A. Costello Esq. at 131 Continental Drive Suite 407, Newark DE

19713; And one copy was sent to ACME Markets in the Fox Run Shopping Center,

Corner of Routes 40 & 72, Bear DE 19701.

Notary Signature and Seal
My commission expires Aug. 31, 2010

Rudolph V. Bailey Sr.,
P.O. Box 221911
Chantilly VA 20153-1911
(703) 369-5071 (302) 562-5613

Dated  4-27-07

END OF EXHIBIT 11

EXHIBIT 12

PLAINTIFF'S LETTER TO Ms. COSTELLO FOR MEDICAL RECORDS

**RUDOLPH V. BAILEY, SR.**
**P.O. BOX 221911**
**CHANTILLY VA 20153**
**703-369-5071 OR 302-562-5613**

April 27, 2007

Kelly A. Costello Esq.
131 Continental Drive, Suite 407
Newark, DE 19713-4301

Ref: C.A. No. : 06C-04-129 PLA Bailey v. Acme

Dear Ms. Costello this is a request for a copy of any and all medical record that was
copied from my medical files, on or about Monday, October 2, 2006 as a result of a
scheduled Deposition. Thank you kindly.

Rudolph V. Bailey Sr.

Cc Court case file.

2007 APR 30 PM 3: 12
PROTHONOTARY

EXHIBIT 13

PLAINTIFF'S LETTER TO JUSTINE DONAHUE RE: MOTIONS FILED

RUDOLPH V. BAILEY SR.
P.O. BOX 221911
CHANTILLY VA 20153
(703) 369-5071 OR (302)-562-5613

April 27, 2007

Office of Prothonotary
Superior Court for State of Delaware
500 North King Street
Wilmington DE 19801

Attention Justine Donahue:
RE: C.A. No.:06C-04-129 PLA Bailey v. ACME Et,al

Please see that Judge Ableman receive 1 Copy of the Following Motions I have Filed
with the Court on 4/20/2007. Postal Service Receipt Attached

    (1)    Plaintiff's Motion for Production of Records.
    (2)    Plaintiff's Motion to Dismiss Defendant's Motion to Dismiss Lawsuit.
    (3)    Plaintiff's Motion to Compel Hostile Professional Witness.

Please send me a copy of the page with the Court's Stamp for my record.

Enclosed with this letter is Plaintiff's Motion for Articulation. Please see that Your
Honor receive a Copy and please stamp the enclosed Page and return to Plaintiff.
Thank you, kindly.

Respectfully

Rudolph V. Bailey Sr.

Cc Kelly Costello

2007 APR 30 PM 3: 12
PROTHONOTARY

EXHIBIT 14

PLAINTIFF'S LETTER TO JUSTINE RE: DATE OF CONFERENCE

**RUDOLPH V. BAILEY, SR.**
**P.O. BOX 221911**
**CHANTILLY VA 20153**
**(703) 369-5071 OR (302) 562-5613**

**April 30, 2007**

**Justine Donahue**
**Office of Prothonotary**
**Superior Court State of Delaware**
**500 North Street**
**Wilmington DE 19801**

**RE: C.A. No.: 06C-04-129PLA Bailey v. ACME Et,al**

**Dear Ms. Donahue:**

**Enclosed please find Original and copy of Supporting Brief, to support the Plaintiff's Motions before this Honorable Court. Please see that Judge Ableman receives the appropriate one. Please have the appropriate Court Stamp placed on the documents and the sheets attached. Please return the stamped sheets to me for my record. Please inform me of the date of the Conference to hear the Defendant's Motion to Dismiss this Lawsuit, if you have not done so already. Thank you very kindly for taking care of this matter.**

**Very truly yours,**

**Rudolph V. Bailey, Sr.**

**Cc Kelly Costello**

2007 MAY -3 PM 3:17
FILED PROTHONOTARY

EXHIBIT 15

COURT'S ENVELOPE PLAINTIFF'S FILINGS WERE RETURNED IN



SUPERIOR COURT
OFFICE OF THE PROTHONOTARY
500 N. KING STREET, SUITE 500
WILMINGTON, DE 19801-3746
020310

Official Business, Penalty For Private Use $300

Superior Court
Office of the Prothonotary
500 N. King Street, Suite 500
Wilmington, DE 19801-3746
020310

"Official Business, Penalty for Private Use $300"

RUDOLPH V. BAILY, SR.
P.O. BOX 221911
CHANTILLY, VA 20153

UNITED STATES POSTAGE
$ 05.00°

EXHIBIT 16

PLAINTIFF'S LETTER TO Ms. HOWARD RE: INCOMPLETE RECORD

**RUDOLPH V BAILEY, SR.**
**9659 MANASSAS DR. APT 301**
**MANASSAS VA 20111**
**(703) 369-5071 (302) 562-5613**

September 14, 2007

Cathy L. Howard
Clerk of Supreme Court of Delaware
Supreme Court Building
55 The Green
Dover DE 19903

RE    Rudolph Bailey v. Acme, et al; No. 322, 2007
      (C.A. No 06C-04-129) Court Below

Dear Ms. Howard

      I am in receipt of the attached copy the record of filings of the Superior Court.
Please be advised of my objection to the said records as I find them to be inaccurate,
incomplete and not in compliance with Delaware Supreme Court Rule 9(c) as of the
records are missing. Please take steps to have them corrected, thank you very kindly for
looking further into this matter.

Very truly yours

Rudolph V Bailey, Sr

cc.    Sharon Agnew Superior Court of Delaware
      Kelly A. Costello, Esquire Defendant's Counsel

Exhibit 17

START OF EXHIBIT 17

PLAINTIFF'S MOTION FOR RELIEF FROM 12/7/06 ORDER

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

RUDOLPH V. BAILEY SR.,                    )
                                          )
            PLAINTIFF                     )
                                          ) C.A. No.: 06C-04-129 PLA
                                          )
                                          )
ACME/ASCO/ALBERTSON'S INC.,               )
                                          )
            DEFENDANT.                    )

## NOTICE OF MOTION

To: Superior Court          Kelly A. Costello Esq.       ACME Markets
    State of Delaware        131 Continental Drive       Fox Run Shopping Ctr.
    500 North King St.       Suite 407                    Corner Routes 40 & 72
    Office of Prothonotary   Newark DE 19713              Bear DE 19713
    Wilmington DE 19801

PLEASE TAKE NOTICE that the attached Plaintiff's Motion for Production of

Records and Relief from Order by Judge Ableman on 12/7/2006, will be presented

to the Honorable Court on Monday, June 18, 2007, at 10:00 a.m. along with

Defendant's Motion to Dismiss as the Court directs.

Rudolph V. Bailey Sr.
P.O. Box 221911
Chantilly VA 20153-1911
(703) 369-5071
(302) 562-5613

Dated 5/24/2007

1

## IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

RUDOLPH V. BAILEY, SR.                )
                                      )
        PLAINTIFF                     )
                                      )  C.A. No.: 06C-04-129 PLA
V.                                    )
                                      )
ACME/ASCO/ALBERTSON'S INC.            )
                                      )
        DEFENDANT                     )

### PLAINTIFF'S MOTION FOR PRODUCTION OF RECORDS AND RELIEF FROM ORDER BY JUDGE ABLEMAN ON 12/7/2006

Comes now the Plaintiff Rudolph V. Bailey, Sr., acting on his own behalf, hereby

moves the Honorable Court to enter an Order for the Defendant ACME/ASCO ET,

al, to Provide full and complete written results of a test done by Defendant's or by

their supplier or by their agent on Plaintiff's sample from the box of apple juice the

Plaintiff purchased at the ACME supermarket in Bear Delaware, on or about

3/10/2004. The said Plaintiff's sample was picked up from the Plaintiff's residence

on or about 3/20/04. In addition the Plaintiff also request that the defendant provide

the Plaintiff with a list containing names and addresses with telephone numbers of

any and all persons who suffered food poisoning from any drink sold by Defendant,

and or who found any foreign matter in any drink sold by Defendant 6-months

before and 6-momths after March, 10, 2004. The Plaintiff offers in his defense the

following reasons:

(A) The US Food and Drug Administration requires food manufactures

And suppliers to identify the total contents of food products they supply to the

2

Public and this information should appear on the labels.

(B) Therefore whatever was discovered in the said test results falls under this Federal requirement and must be released to the Plaintiff at once for the Defendant to be in compliance with Federal Laws, Statutes, and Regulations.

(C) The Spirit of the Federal Freedom of Information Act and the Right to Know Laws speaks to the very core of this issue, and it is the backbone of a free and open and honest society, where everyone is treated fairly and not just the special interest groups, therefore this Information should be released to the Plaintiff, as it is public information, even as the test results from the recent cases of food poisoning outbreaks with spinach, peanut butter, and pet food.

(D) In addition I offer Exhibits C, E2, E3, F & G, from Plaintiff's prior Motion for Production of Records filed with the Court on 4/20/2007 which was removed from the Court's file and tampered with by crossing out the filing date and it was returned to the Plaintiff. These request to the Defendant for production of records along with Exhibits K1a, and K1b from Plaintiff's Motion for Articulation filed with the Court on 4/30/2007, which was removed from the Court's file and tampered with by crossing out the Court's date stamp and it was returned to the Plaintiff. These exhibits proves that Defendant acknowledged the incident of 3/10/2004, and that the Defendant was served with written request for production of records on the following dates; 11/20/2004, and 12/4/2004, and again on 6/13/2006, and 6/19/2006 and again on 7/10/2006. Said information is part of the record. On 9/22/06 The Plaintiff informed The Honorable Peggy L. Ableman that the Defendant was not complying with his written request for discovery (Exhibit G). On 12/7/2006

the Court denied the Plaintiff's Motion for Discovery, the reason given indicated that the Plaintiff did not serve the Defendant with request for production of records. In light of the evidence presented, it appears that this ruling was a mistake; therefore this motion is requesting relief from the 12/7/2006 Court Order in accordance with <u>Rule 60. Relief from judgment or order</u>. "(a) Clerical mistakes, mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the Court at any time of its own initiative or on the motion of any party and after such notice, if any, as the Court orders." Therefore the Plaintiff's motion should be granted. I also need the test results to know if I was exposed to any long term or latent health risk due to the food poisoning incident of 3/10/2004.

(E) <u>Rule 26(b) (1) States "Discovery methods</u>. Parties may obtain discovery regarding any matter, not privilege, which is relevant to the subject matter involved in the pending action, whether it relates to the claim of defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." It is clear that the Plaintiff is entitled to the information sought in his Motion, in accordance with Rule 26 and denying the Plaintiff's Motion would violate his legal rights under Superior Court Civil Rules 26, and 60 respectively. The Plaintiff further asserts that

4

denying this motion would violate the Plaintiff's Constitutional Rights to a speedy and fair trial by a Jury of his peers. Additionally the Plaintiff believes that reasonable cause exist on the record to suggest race discrimination by the Court, against Rudolph V. Bailey, Sr., thereby violating his civil rights under Title 2, of the Civil Rights Act of 1964. Therefore to deny the Plaintiff's motion would affect the Plaintiff's substantial rights, and cause the Plaintiff substantial harm, and further cause for the Plaintiff to seek remedy through a Civil Right Lawsuit against the State of Delaware, for using the State's Courts to discriminate against an African American male.

_____

**Rudolph V. Bailey, Sr.**
**P.O. Box 221911**
**Chantilly VA 20153-1911**
**(703) 369-5071 or (302) 562-5613**

Dated _5/24/2007_

## IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

### IN AND FOR NEW CASTLE COUNTY

RUDOLPH V. BAILEY, SR.,    )
    )
   PLAINTIFF- Appellant,    )
    )
V.    )   C.A. No.: 06C-04-129 PLA
    )
ACME/ASCO/ALBERTSON'S INC.,    )
    )
DEFENDANT- Appellee,    )

## ORDER

NOW TO WIT, this_____ day of_____, 2007 Plaintiff

Rudolph V. Bailey's Motion for Production of Records and Relief from

Order by Judge Ableman on 12/7/2006 is hereby granted

IT IS SO ORDERED.

_____

J.

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| RUDOLPH V. BAILEY, SR. | ) |
| | ) |
| PLAINTIFF | ) |
| | ) CA. No.: 06C-04-129 PLA |
| V. | ) |
| | ) |
| ACME/ASCO/ALBERTSON'S INC. | ) |
| | ) |
| DEFENDANT | ) |

### CERTIFICATION OF SERVICE

I Rudolph V. Bailey, Sr. do hereby certify that (2) copies of the attached

Notice of Motion, Motion and Order was sent by First Class US Mail

To the Superior Court State of Delaware, Office of Prothonotary, at 500 N. King St.,

Wilmington DE 19801; and (1) to ACME/ASCO et, al, at the Fox Run Shopping

Center Corner of Rt. 40 & 72 Bear DE, 19701, and (2) to: Kelly A. Costello at 131

Continental Drive Suite 407 Newark, DE 19713.

Notary signature and seal
commission expires Aug. 31, 2010

Rudolph V. Bailey, Sr.
P.O. Box 221911
Chantilly VA 20153-1911
(703) 369-5071
(302) 562-5613

Dated May 24, 2007

END OF EXHIBIT 17

EXHIBIT 18

# EXHIBIT 18

## PLAINTIFF'S LETTER TO Ms. DONAHUE RE: RETURNED FILINGS

RUDOLPH V. BAILEY SR.
P.O. BOX 221911
CHANTILLY VA 20153-1911
(703) 369-5071 OR (302) 562-5613

May 14, 2007

Justine Donahue
Office of Prothonotary
Superior Court State of Delaware
500 North King Street
Wilmington DE 19801

RE: C.A. No.: 06C-04-129-PLA Bailey v. ACME Et, al

Dear Ms. Donahue:

I am in receipt of Plaintiff's Motions and Supporting Brief I filed with the Court, which is returned to me by the Court, without proper justification. My reasons are as following: Plaintiff's Motion to Dismiss Defendant's Letter Motion to Dismiss this Lawsuit is a response to Defendants Case Dispositive Motion it is less than 4-pages, and does not need a date since I am not the moving party. The Court ordered Defendant's Counsel to file a proper motion and to notice the plaintiff in Exhibit M from Plaintiff's Supporting Brief. The Court in its letter dated April 10, 2007 stated "Please review the Court's Civil Case Management Plan as well as the rules of the Court with respect to dispositive motions and file an appropriate motion with service upon Mr. Bailey. THE COURT CAN THEN SCHEDULE A TIME FOR A TIME FOR HIS RESPONSE AS WELL AS A TIME FOR ARGUMENTS IF NECESSARY.

It is clear that it was up to the Defendant who is the moving party to file a proper motion and serve the plaintiff with a date, and it was up to the Court to set a time for the Plaintiff's response, and if necessary a time for argument. The Court was suggesting that it could rule without hearing any arguments. When this did not happen in a timely fashion, the plaintiff filed his response in the form of a Motion to Dismiss Defendant's Letter Motion to Dismiss this Lawsuit. Fearing that the Court could rule without hearing arguments the plaintiff then prepared a Supporting Brief. Since the Plaintiff lives in the State of Virginia, and it would present a hardship to travel to Delaware on several occasions to hear several motions, so the Plaintiff requested that his Motion to Compel, and Motion Production of records be heard at the same time as Defendants Motion to Dismiss. This would also save the Court's Time as well.

When it became clear that the Defendant did not follow the Court's advise but in effect had abandoned its Motion to Dismiss this Lawsuit, the Plaintiff wrote a the enclosed April 30, 2007 letter to Ms. Justine Donahue requesting among other

things a date for a conference to hear the Defendant's Motion to Dismiss, at which time the Plaintiff's Motions would have been presented to the Court as was Noticed to the Court and Defendant. The Court could have chosen to grant my written request for a date of a hearing, or by the Court's own April 10, 2007 letter could have ruled without a hearing. The Court instead chose to cross out the filing dates on the Plaintiff's motions and sent them back to the plaintiff without any justification, since all of the plaintiff's motions were less than 4-pages except for Exhibits in one case. I placed a phone call to Ms. Justine Donahue to receive a date to present Plaintiff's Motions to the Court, but I have not received a call back as yet.

Very truly yours

Rudolph V. Bailey Sr.

Cc Court File
    Kelly A. Costello

EXHIBIT M

SUPERIOR COURT
OF THE
STATE OF DELAWARE

PEGGY L. ABLEMAN
 JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0660

April 10, 2007

Kelly A. Costello, Esquire
131 Continental Drive
Christiana Executive Campus
Suite 407
Newark, DE 19713

    RE:  Rudolph Bailey, Sr. v. ACME/ASCO/Albertson's Inc.
         C.A. No. 06C-04-129-PLA

Dear Ms. Costello:

    I have your letter requesting that the Court dismiss this matter.
Please review the Court's Civil Case Management Plan as well as the rules of
the Court with respect to dispositive motions and file an appropriate motion
with service upon Mr. Bailey. The Court can then schedule a time for his
response as well as a time for argument if necessary.

                  Yours very truly,

                  Peggy L. Ableman

                  Peggy L. Ableman

PLA:jmd
cc:  Mr. Rudolph Bailey, Sr.
     Prothonotary

RUDOLPH V. BAILEY, SR.
P.O. BOX 221911
CHANTILLY VA 20153
(703) 369-5071 OR (302) 562-5613

April 30, 2007

Justine Donahue
Office of Prothonotary
Superior Court State of Delaware
500 North Street
Wilmington DE 19801

RE: C.A. No.: 06C-04-129PLA Bailey v. ACME Et,al

Dear Ms. Donahue:

Enclosed please find Original and copy of Supporting Brief, to support the
Plaintiff's Motions before this Honorable Court. Please see that Judge Ableman
receives the appropriate one. Please have the appropriate Court Stamp placed on
the documents and the sheets attached. Please return the stamped sheets to me for
my record. Please inform me of the date of the Conference to hear the Defendant's
Motion to Dismiss this Lawsuit, if you have not done so already. Thank you very
kindly for taking care of this matter.

Very truly yours,

Rudolph V. Bailey, Sr.

Cc Kelly Costello

2007 MAY -3 PM 3: 17
FILED
PROTHONOTARY

EXHIBIT 18A

CONFIRMATION COURT RECEIVED EXHIBIT 18 Missing from Logs



# UNITED STATES
# POSTAL SERVICE.

Date: 06/22/2007

Fax Transmission To: Postal Customer
Fax Number: 703–369–5071

Dear: Postal Customer:

The following is in response to your 06/22/2007 request for delivery information on your Signature Confirmation item number 2300 2730 0000 5026 0828. The delivery record shows that this item was delivered on 05/17/2007 at 10:37 AM in WILMINGTON, DE 19801 to M BASANNA. The scanned image of the recipient information is provided below.

Signature of Recipient:

Address of Recipient:

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely

United States Postal Service



Postage and Signature Confirmation fees must be paid before mailing.

SUPERIOR COURT STATE of Delaware
(Please Print Clearly)
500 N. KING ST
WILMINGTON DE 19801

**Postal Customer:**
Keep this receipt. For inquiries: Access Internet web site at www.usps.com or call 1-800-222-1811.

SIGNATURE CONFIRMATION NUMBER:
2300 2730 0000 5026 0828

Postmark Here

☒ Priority Mail
☐ Standard Mail (B)

Exhibit 19

## START OF EXHIBIT 19

PLAINTIFF'S FIRST AFFIDAVIT Opposing Summary Judgment

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

RUDOLPH V. BAILEY SR.,      )
                               )
    **PLAINTIFF**           )
                               ) **C.A. No.: 06C-04-129 PLA**
                               )
                               )
**ACME/ASCO/ALBERTSON'S INC.,**    )
                               )
    **DEFENDANT.**        )

### NOTICE OF AFFIDAVIT OPPOSING SUMMARY JUDGMENT

To: Superior Court      Kelly A. Costello Esq.      ACME Markets
    State of Delaware      131 Continental Drive     Fox Run Shopping Ctr.
    500 North King St.      Suite 407             Corner Routes 40 & 72
    Office of Prothonotary   Newark DE 19713     Bear DE 19713
    Wilmington DE 19801

PLEASE TAKE NOTICE that the attached Plaintiff's Affidavit Opposing

Summary Judgment will be presented to the Honorable Court on Monday, June 18,

2007, at 10:00 a.m. along with Defendant's Motion to Dismiss as the Court directs.

_(signature)_

Rudolph V. Bailey Sr.
P.O. Box 221911
Chantilly VA 20153-1911
(703) 369-5071
(302) 562-5613

Dated  5/24/2007

1

# IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| RUDOLPH V. BAILEY, SR., | ) | |
| | ) | |
| PLAINTIFF | ) | C.A. No.: 06C-04-129 PLA |
| | ) | |
| V. | ) | |
| | ) | |
| ACME/ASCO/ALBERTSON'S INC., | ) | |
| | ) | |
| DEFENDANT | ) | |

## AFFIDAVIT OPPOSING SUMMARY JUDGMENT

The undersigned, being duly affirm, disposes and says the following:

I am over the age of 18, and I believe in the obligation of an affirmation.

1. I am representing myself as a Prose Plaintiff in the above captioned lawsuit.

2. The statements made in this Affidavit are true and accurate to the best of my knowledge, and belief.

3. Superior Court Civil Rule 56 clearly states that the opposing party can file an affidavit opposing a motion for summary judgment at any time prior to the hearing, and this Prose Plaintiff Rudolph V, Bailey do hereby petitions the honorable Court not to grant the Defendant a Summary Judgment with a Jury of twelve, as demanded for the following reasons:

(a) Superior Court Civil Rule 38 clearly states that when a demand for a Jury of twelve is made all the issues in a lawsuit must be heard. Therefore not just one motion to dismiss, but all of the issues in the lawsuit must be brought before the Jury. When this is done along with a Motion for Summary Judgment, this amounts to a full blown trial.

2

(b) Such a trial at this juncture would deny the Plaintiff his substantial rights to a fair trial since the Defendant and the Court has denied the Plaintiff reasonable discovery and production of records that the Plaintiff is entitled to under Superior Court Civil Rule 26.

(c) Therefore granting the Defendant a Summary Judgment with a Jury of twelve, would give the defendant an unfair advantage in a trial which would lead to an almost certain victory for the Defendant, which would lead to a certain appeal by the Plaintiff, wasting the Court's time to have a mock trial which was a set-up in favor of the Defendant.

(d) The Defendant is seeking a Summary Judgment with a Jury of twelve to hear a Motion to Dismiss this lawsuit, this after the Defendant filed and improper Case Dispositive Motion to Dismiss this lawsuit on or about 4/3/2007, Marked Exhibits K 2, and L respectively. The Plaintiff responded to the Defendant's motion with a Motion to Dismiss Defendant's Motion to Dismiss, Marked Exhibit 1. The Defendant abandoned her prior motion causing an unusual delay while the Plaintiff waited for Defendant's Counsel to file a proper motion and serve the Plaintiff as the Court directed her in its April 10, 2007 letter marked Exhibit M. The Defendant's Motion for Summary Judgment was certified as being mailed to the Plaintiff on May, 14, 2007 about 35-days after the Court's instruction in Exhibit M.

(e) The Defendant files another improper motion seeking to dismiss the Plaintiff's lawsuit for the forth time. The Superior Court Civil Case Management Plan clearly states No Reply Permitted by Moving Party. Since

the Plaintiff responded to Defendant's 4/3/2007 improper motion, the
Defendant's Motion for Summary Judgment/Motion to Dismiss is a Reply,
and cannot be heard by the Court.

(f) Superior Court Civil Rule 56 For Summary Judgment "(c) motion and
proceedings thereon. The motion shall be served at least 10 days before the
time fixed for the hearing. The adverse party prior to the day of the hearing
may serve opposing affidavits. The judgment sought shall be rendered
forthwith **IF** the <u>pleadings, depositions, answers to interrogatories, and</u>
<u>admissions on file with the affidavits, if any, show that there is no genuine</u>
<u>issue as to any material fact and that the moving party is entitled to a</u>
<u>judgment as a matter of law.</u>" This is not the case in this matter since there
are unresolved issues and pleadings with discovery and production of
records, such as the test results from the Plaintiff's sample of the Apple juice
which made the Plaintiff sick. Request for people who suffered food
poisoning 6-months prior to and 6-months after March 10, 2004.
Additionally the Professional that performed the test on plaintiff's sample is
requested to testify as Plaintiff's hostile witness. All these were motions filed
prior to defendant motion for summary judgment, and unresolved.

(g) For what claim cross claim or counter claim is the Defendant seeking a
Summary Judgment with a demand for a jury of twelve? The Defendant's
motion is inconsistent with the rules and practice of the Court, and has no
legal basis to be granted on a Motion to Dismiss. Rule 56 (c) continues 'A
summary judgment, interlocutory, in character, may be rendered on the

4

issue of liability alone although there is a genuine issue as to the amount of damages." For what damages is the Defendant seeking a summary judgment? This is another improper motion that if it is granted by the Court would be discriminatory against the Plaintiff since there are unresolved issues mentioned in the foregoing which needs to be resolved legally before a Jury can hear this case.

(h) Superior Court Civil Rule 38 "(b) Demand. Any party may demand a trial by jury of an issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not <u>later</u> than <u>10 days</u>  after the service of the <u>last pleading</u> directed to such issue." The Defendant's last pleading was an improper Motion to Dismiss filed with the Court on or about 4/3/2007 Exhibit K 2, and L, respectively some <u>42 days</u> to the mailing of the present Motion for Summary Judgment/Motion to Dismiss. This violates the Rule 38 (b) therefore Defendant's motion cannot be granted. Since the Defendant Counsel did not responded to the Courts instructions within 10 days of her prior improper motion, she cannot demand a jury to hear her motion.

_____

Notary _commission_ _expires_ _Aug._ _31,_ _2010_

Rudolph V. Bailey, Sr.
P.O. Box 221911
Chantilly VA 20153
(703) 369-5071 or (302) 562-5613

Dated _May_ _24,_ _2007_
Seal

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

RUDOLPH V. BAILEY, SR.              )
                                    )
        PLAINTIFF                   )
                                    )   CA. No.: 06C-04-129 PLA
V.                                  )
                                    )
ACME/ASCO/ALBERTSON'S INC.          )
                                    )
        DEFENDANT                   )

CERTIFICATION OF SERVICE

I Rudolph V. Bailey, Sr. do hereby certify that (2) copies of the attached

Notice of Affidavit, and Affidavit  was sent by First Class US Mail

To the Superior Court State of Delaware, Office of Prothonotary, at 500 N. King St.,

Wilmington DE 19801; and (1) to ACME/ASCO et, al, at the Fox Run Shopping

Center Corner of Rt. 40 & 72 Bear DE, 19701, and (2) to: Kelly A. Costello at 131

Continental Drive Suite 407 Newark, DE 19713.

Notary signature and seal
commission expires  A. 3  2  20 0

Rudolph V. Bailey, Sr.
P.O. Box 221911
Chantilly VA 20153-1911
(703) 369-5071
(302) 562-5613

Dated May  24, 2007

*EXHIBIT 1*

## IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

## IN AND NEW CASTLE COUNTY

| | |
|---|---|
| **RUDOLPH V. BAILEY, SR.,** | ) |
| | ) |
| **PLAINTIFF** | ) |
| | ) **C.A. No.: 06C-04-129 PLA** |
| **V.** | ) |
| | ) |
| **ACME/ASCO/ALBERTSON'S INC.,** | ) |
| | ) |
| **DEFENDANT** | ) |

## CERTIFICATION OF SERVICE

I Rudolph V. Bailey, Sr., do hereby certify that (2) copies of the attached Notice of

Motion, Motion and Order was sent by First Class Mail USPS to the Superior Court

State of Delaware Prothonotary's Office, at 500 N. King St., Wilmington DE 19801;

And to Kelly A. Costello Esq. at 131 Continental Drive Suite 407, Newark DE

19713; And one copy was sent to ACME Markets in the Fox Run Shopping Center,

Corner of Routes 40 & 72, Bear DE 19701.

Notary Signature and Seal
My commision expires Aug 31, 2010

**Rudolph V. Bailey Sr.,**
**P.O. Box 221911**
**Chantilly VA 20153-1911**
**(703) 369-5071 (302) 562-5613**

Dated 4-16-77

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

RUDOLPH V. BAILEY SR.,                )
                                      )
        PLAINTIFF                     )
                                      )  C.A. No.: 06C-04-129 PLA
V.                                    )
                                      )
ACME/ASCO/ALBERTSON'S INC.,           )
                                      )
        DEFENDANT.                    )

## NOTICE OF MOTION

To: Superior Court            Kelly A. Costello Esq.        ACME Markets
     State of Delaware         131 Continental Drive         Fox Run Shopping Ctr.
     500 North King St.        Suite 407                     Corner Routes 40 & 72
     Office of Prothonotary    Newark DE 19713               Bear DE 19713
     Wilmington DE 19801

PLEASE TAKE NOTICE that the attached Plaintiff's Motion to Dismiss

Defendant's Motion to Dismiss this Lawsuit will be presented to the Court

Along with Defendant's Motion to Dismiss Lawsuit.

Rudolph V. Bailey Sr.
P.O. Box 221911
Chantilly VA 20153-1911
(703) 369-5071
(302) 562-5613

Dated  4/16/2007

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

RUDOLPH V. BAILEY, SR.              )
                                    )
        PLAINTIFF                   )
                                    ) CA. No.: 06C-04-129 PLA
V.                                  )
                                    )
ACME/ASCO/ALBERTSON'S INC.          )
                                    )
        DEFENDANT                   )

**PLAINTIFF'S MOTION TO DISMISS DEFENDANTS MOTION TO DISMISS**

**THIS LAWSUIT**

Comes now the Plaintiff Rudolph Bailey acting on his own behalf, hereby petitions

The Honorable Court to entertain an order to dismiss the Defendants Motion to

Dismiss this Lawsuit and offers in his defense the following reasons:

(1)    To give the Plaintiff an opportunity ask the Honorable Court to

       Review the ruling entered on December 7/ 2006, in light of the

       Reasons given in this Motion, and plaintiff's Motions for the

       Production of Records, and Motion to Compel Defendant's Chemists

       To take the stand as Plaintiff's hostile Professional witness, so that

       Plaintiff can get a fair Jury Trial.

(2)    Defendant's Counsel attempted to have the Honorable Court to sign

       An improperly presented Order which would if signed by the Court

       Would deny the Prose Plaintiff the right to an Appeal due to the way

       The improperly presented Order was worded.

Rudolph V. Bailey, Sr.
P.O. Box 221911
Chantilly VA 20153-1911
(703) 369-5071
(302) 562-5613

Dated _7/16/2007_

## IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

### IN AND FOR NEW CASTLE COUNTY

RUDOLPH V. BAILEY, SR.,                )
                                        )
   PLAINTIFF- Appellant             )
                                        )
V.                                      )    C.A. No.: 06C-04-129 PLA
                                        )
ACME/ASCO/ALBERTSON'S INC.,             )
                                        )
DEFENDANT- Appellee.                    )

## ORDER

NOW TO WIT, this_____ day of_____, 2007, Plaintiff

Rudolph V. Bailey's Motion to Dismiss Defendant ACME/ASCO Et, al's

Motion to Dismiss this Lawsuit is hereby Granted

IT IS SO ORDERED.

_____
          J.

EXHIBIT K 2

LAW OFFICE OF
CYNTHIA G. BEAM

Employees of Nationwide Mutual Insurance Company &
Not a Partnership

CYNTHIA G. BEAM
CHARLES P. COATES, III
KELLY A. COSTELLO
CAROL J. ANTOFF
SEAN A. DOLAN

131 CONTINENTAL DRIVE
SUITE 407 · CHRISTIANA EXECUTIVE CAMPUS
NEWARK, DELAWARE 19713-4301
(302) 292-6060
FAX (302) 292-6608

PARALEGALS
KRISTINE MCCALL
MARIETTA MESSINA
RAQUEL O'BRIEN

April 3, 2007

The Honorable Peggy L. Ableman
Superior Court of Delaware
New Castle County Courthouse
500 N. King Street, Suite 10400
Wilmington, DE 19801-3733

**RE:**  **Rudolph V. Bailey, Sr. v. ACME/ASCO/Albertson's, Inc.**
| | |
|---|---|
| **Claim No.:** | **00220103** |
| **D/A:** | **3/10/04** |
| **Our File No.:** | **05nk00039** |
| **C.A. No.:** | **06C-04-129** |

Dear Judge Ableman:

I write in follow up to a status conference held on December 7, 2006. At that time, Your Honor instructed plaintiff to produce expert(s) reports on or before March 30, 2007. If the expert(s) names(s) and reports were not produced, the case was to be dismissed.

To date, I have not received any information concerning experts from plaintiff. The Court does not have anything docketed after the above conference. Therefore, I respectfully request that you sign the attached Order dismissing this matter in its entirety. I am at the Court's convenience if necessary.

Respectfully submitted,

*Kelly Costello*

Kelly A. Costello

Enclosure

cc:   Rudolph V. Bailey, Sr.
      Evan Starcevic

EXHIBIT L

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| RUDOLPH V. BAILEY SR., | ) |
| Plaintiff – Appellant | ) |
| v. | ) C.A. No. 06C-04-129 PLA |
| ACME/ASCO/ALBERTSON'S INC. | ) |
| Defendant – Appellee. | ) |

## ORDER

PURSUANT to Court direction on December 7, 2006, Plaintiff was ordered to produce any expert names and reports on or before March 30, 2007. No reports have been produced to the defendant or docketed with the Court as of this date.

THEREFORE, the case is DISMISSED, with prejudice and shall be closed in its entirety.

_____
The Honorable Peggy L. Ableman

DATED: _____

EXHIBIT M

SUPERIOR COURT
OF THE
STATE OF DELAWARE

PEGGY L. ABLEMAN
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0660

April 10, 2007

Kelly A. Costello, Esquire
131 Continental Drive
Christiana Executive Campus
Suite 407
Newark, DE 19713

RE:   Rudolph Bailey, Sr. v. ACME/ASCO/Albertson's Inc.
      C.A. No. 06C-04-129-PLA

Dear Ms. Costello:

I have your letter requesting that the Court dismiss this matter.
Please review the Court's Civil Case Management Plan as well as the rules of
the Court with respect to dispositive motions and file an appropriate motion
with service upon Mr. Bailey. The Court can then schedule a time for his
response as well as a time for argument if necessary.

Yours very truly,

Peggy L. Ableman

Peggy L. Ableman

PLA:jmd
cc:   Mr. Rudolph Bailey, Sr.
      Prothonotary

START OF EXHIBIT 22

TRIAL SCHEDULING ORDER FOR SUPERIOR COURT

Exhibit 22

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

| | |
|---|---|
| **Rudolph V. Bailey, Sr.,**   ) | |
|       **Plaintiff,**   ) | |
| **v.**   ) | **C.A. No. 06C-04-129-PLA** |
| ) | |
| **Acme/Asco/Albertson's**   ) | |
|       **Defendants.**   ) | |

## TRIAL SCHEDULING ORDER

After conducting a status conference with counsel in the above-captioned case the Court enters the following order:

(a)   **Filing of Motions to Add or Amend _____.**

(b)   **Discovery –**

     [X]  Discovery Cut-Off: Discovery to be initiated such that it will be completed by _May 15, 200.7_

     [X]  Plaintiff's Expert Report (or Rule 26(b)(4) Disclosure) Deadline _March 30, 2007_.

     [X]  Defendant's Expert Report (or Rule 26(b)(4) Disclosure) Deadline _May 1, 2007_.

(c)   **Filing of Dispositive Motions** _May 15, 2007._

(d)   **Mediation -** to be conducted by _____.  The parties should notify the Court in writing of the date of the scheduled mediation.  If mediation does not occur by the date set by the Court, Plaintiff's counsel shall advise the Court in writing by _____ why mediation did not go forward.

(e)   ~~**Interim Status Report** _____.~~

The Court will schedule a trial date after close of discovery

12/7/06      Peggy L. Ableman

**Settlement Negotiations**. The parties are required actively to engage in settlement discussions and determine whether the matter may be resolved by settlement, Civil Rule 16.1 arbitration, Civil Rule 16.2 voluntary mediation, or binding arbitration.

**Interim Status Report.** The Interim Status Report is to be filed by Plaintiff(s)'s Counsel with a copy to the assigned Judge, together with a check for the $150.00 trial fee made payable to the "Prothonotary." The interim report will advise the Court on the nature of the matters in issue, the progress of discovery to date, and the results of any attempts made or alternate dispute resolution used to date to resolve this matter. Do not include information on offers or demands. This document should reflect input from both parties. Plaintiff's counsel is responsible for obtaining defense counsel's consent to form or additional input to be included in the Report in sufficient advance of the submission deadline to ensure compliance with the deadline.

**Case Dispositive Motions**. Case dispositive motions will be scheduled by obtaining a date and time from Judge Ableman's secretary, Justine Donahue. Justine can be reached at **255-0660.** The original motion and the response thereto are filed with the Prothonotary's Office and a copy delivered to the assigned Judge. The motion and the response shall not exceed four (4) pages in length and shall have a notice page indicating the date and time of the conference. The response is due no later than four (4) days prior to the conference date. No reply by the moving party is permitted.

**Routine Civil Motions.** Judge Ableman's routine motion calendar is on Monday at 9:00 a.m. Motions must be filed ten (10) days prior to the noticed date for presentation. Responses are due no later than three (3) days prior to the presentation date. A **Motion to Continue a Trial Date** is filed as a routine motion.

**Pretrial Conference.** Trial Counsel **must** attend the pretrial conference.

# EXHIBIT 24

PROFESSIONAL REPORT FROM DR. CERNY RE: STOMACH VIRUS

# EVA E. CERNY M.D.
♦♦♦

1177 B SOUTH GOVERNORS AVE ♦ DOVER DE 19904
Phone 302-674-8441 ♦ Fax 302-674-8469

1-7-05

To Whom it May Concern.

Mr Rudolph Bailey was advised
by this office in March of 2004 to
do 24 hours of clear liquids due to
a stomach virus, followed by 24 hours on
the BRAT Diet

START OF EXHIBIT 25

PROFESSIONAL REPORT-GLASGOW MEDICAL Re: constipation

**GLASGOW MEDICAL CENTER**

TELEPHONE (302) 836-8350

04/12/04   12:43 pm   HOUR OUT 1355   150972

| PATIENT NAME | BAILEY, RUDOLPH V | 63320 |
| --- | --- | --- |

DIAGNOSIS: Constipation   URI

| ADDRESS | 140 ANTLERS LANE |
| --- | --- |

| CITY, STATE ZIP CODE | BEAR, DE 19701 |
| --- | --- |

| | SERVICE | CHARGES |
| --- | --- | --- |
| | | $ . |

PLEASE MAIL AND MAKE CHECK PAYABLE TO

**GLASGOW MEDICAL CENTER, LLC**
2600 GLASGOW AVENUE
NEWARK, DE 19702-4777
(302) 836-8350
Fed I.D.# 51-0320926

| | MUD | 92- |

| MALE ☐ | FEMALE ☐ | SINGLE ☐ | MARRIED ☐ | Age 57 |
| --- | --- | --- | --- | --- |

DATE OF BIRTH: 10/13/46   TELEPHONE (302) 834-8031   HOME.   WORK.

BLUE CROSS / BLUE SHIELD   STATE   SUBSCRIBERS # 0000959348   GROUP #   TYPE

**THIS IS YOUR BILL ▶**

| * TOTAL | $ . |
| --- | --- |

SUBSCRIBERS NAME: BAILEY, RUDOLPH   RELATIONSHIP: Self

| PAID | |
| --- | --- |

OTHER INSURANCE ☐   NUMBER
MEDICARE ☐   FIRST STATE MEDICAID FSM

*ANY SERVICES RENDERED BUT NOT INCLUDED WILL BE BILLED LATER.

| PATIENT BALANCE DUE | $ . |
| --- | --- |

COMPENSATION ☐   EMPLOYER:

Fam. Phys. MILLINER, MD   Res. Phys. ALAN

Dr. Surrey   Dover

| B/P 10/60 | TEMP 99 | PULSE 80 | RESP | WEIGHT | TETANUS L R | VISION O.U. | LMP |
| --- | --- | --- | --- | --- | --- | --- | --- |

PAST MEDICAL HISTORY: Back / neck pain.

ALLERGIES: NKDA

MEDICINES: Flomax, Ziac, Kadian, altace, Iodine x1, tramadol

CHIEF COMPLAINT: c/o constipated x 2 days.   off / on
using Rx senokot - senna S

FINDINGS: S: There is constipation on + off —
on morphine medicine - on Senokot.
Normally has good movements c Senokot S, used
magnesium citrate today. No hx of bowel surgery.
O: See form

DIAGNOSIS: 1. Constipation   2. URI
— continue Senokot S.

PATIENT INSTRUCTIONS: 1. Rest, ↑↑ fluids, tylenol for fever as needed.
Injection S/ or pain, fever or nausea.
3. Start Miralox 17gm in 8oz of fluids each day x 4 days
or until results, Recheck in 4 days. 4. Start milk of magnesia
30cc every 6 hours for constipation. 5. Fleets Enema 1 per rectum if persists

I hereby acknowledge receipt of specific patient instructions

PATIENT SIGNATURE

| NURSES INITIAL | PHYSICIANS SIGNATURE |
| --- | --- |

tonight - Can repeat x 1, Recheck sooner at anytime.

DOCTORS ORDERS

**PHYSICIAN FINDINGS**

**Glasgow Medical Center, L.L.C.**

Patient _Bailey, Rudolph_   Date _4-12-04_

| | Normal | Abnormal | |
|---|---|---|---|
| Appearance | ☑ | ☐ | Non-topic |
| 2. Eyes | ☑ | ☐ | Conj & eyelids |
| | ☑ | ☐ | PEARL (symmetrical) |
| | ☐ | ☐ | Ophthalmoscopy |
| 3. ENT | ☑ | ☐ | Pinnae & nose |
| | ☑ | ☐ | Otoscopy |
| | ☑ | ☐ | Hearing |
| | ☑ | ☐ | Nares |
| | ☑ | ☐ | Facial Tenderness |
| | ☑ | ☐ | Lips |
| | ☑ | ☐ | Pharynx |
| 4. Neck | ☑ | ☐ | Exam |
| | ☐ | ☐ | Thyroid |
| 5. Resp. | ☑ | ☐ | Effort |
| | ☑ | ☐ | Auscultation |
| | ☐ | ☐ | Percussion |
| | ☐ | ☐ | Palpation |
| 6. Cardio | ☑ | ☐ | Auscultation |
| | ☐ | ☐ | Palpation |
| | ☐ | ☐ | Carotids |
| | ☐ | ☐ | Abd. Aorta |
| | ☐ | ☐ | Femoral Arteries |
| | ☐ | ☐ | Pedal Pulses |
| | ☐ | ☐ | Extremities |
| 7. Breast | ☐ | ☐ | Inspection |
| | ☐ | ☐ | Palpation |
| 8. GI/Abd | ☑ | ☐ | Masses or tenderness |
| | ☑ | ☐ | Liver & Spleen |
| | ☐ | ☐ | Anus, Perineum, rectum |
| | ☐ | ☐ | Stool - Occult blood |
| | ☐ | ☐ | Hernia |
| 9. GU-Female | ☐ | ☐ | External & Vagina |
| | ☐ | ☐ | Urethra |
| | ☐ | ☐ | Bladder |
| | ☐ | ☐ | Cervix |
| | ☐ | ☐ | Uterus |
| | ☐ | ☐ | Adnexa & parametria |
| 10. Male | ☐ | ☐ | Scrotum |
| | ☐ | ☐ | Penis |
| | ☐ | ☐ | Prostate |
| 11. Skin | ☐ | ☐ | Inspection |
| | ☐ | ☐ | Palpation |
| 12. Neuro | ☐ | ☐ | CN 2 - 12 |
| | ☐ | ☐ | DTR's |
| | ☐ | ☐ | Sensation |
| 13. Psych | ☐ | ☐ | Judgement & Insight |
| | ☐ | ☐ | A & O x 3 |
| | ☐ | ☐ | Memory Remote & Recent |
| | ☐ | ☐ | Mood & Affect |
| 14. LN | ☐ | ☐ | Neck |
| | ☐ | ☐ | Axillae |
| | ☐ | ☐ | Groin |
| | ☐ | ☐ | Other |
| 15. Musculo-Skeletal | ☐ | ☐ | Gait & Station |
| | ☐ | ☐ | Digits |

| | H&N | Spine/ribs Pelvis | LUE | RUE | LLE | RLE |
|---|---|---|---|---|---|---|
| Inspection & Palpation | ☐ ☐ | • ☐ ☐ | • ☐ ☐ | • ☐ ☐ | • ☐ ☐ | • ☐ ☐ |
| ROM | ☐ ☐ | • ☐ ☐ | • ☐ ☐ | • ☐ ☐ | • ☐ ☐ | • ☐ ☐ |
| Stability | ☐ ☐ | • ☐ ☐ | • ☐ ☐ | • ☐ ☐ | • ☐ ☐ | • ☐ ☐ |
| Muscle Strength & Tone | ☐ ☐ | • ☐ ☐ | • ☐ ☐ | • ☐ ☐ | • ☐ ☐ | • ☐ ☐ |

**PFSH**  ☐ Parents _____
☐ Siblings _____
☐ Tobacco _____
☐ Alcohol



right   left   left   right

**Notes for any abnormal findings:**

**TIME:** _____

_Abd. BS all quadrants →_
_No masses_

_Physician Signature_

Patient Ledger History - Detail

MEDICAL AID UNIT
2600 GLASGOW AVENUE
NEWARK, DE 19702
(302) 836-8350

Page: 1
11/11/04
9:54:34 AM

RUDOLPH BAILEY  (63320)
'40 ANTLERS LANE
HUNTLEY GLEN APTS
BEAR, DE 19701
302) 834-8031

Billing message: No message assigned

| Trans date | Post date | Facility | Proc/jnl qc | Procedure / journal description | DX1 | Provider | Amount | Due |
|---|---|---|---|---|---|---|---|---|
| 04/12/04 | 04/13/04 | MAU | 99203 | OFFICE OR OTHER OUTPATIENT ' | 564.00 | MILLINER | 92.00 | 0.00 |
| 05/24/04 | 05/24/04 | MAU | | FIRST STA FIRST STATE CHECK | | MILLINER | 92.00 | 0.00 |

|  | | | | | Totals: | Charge: | 92.00 | | |
| | | | | | | Payment: | 92.00 | CP: | 0.00 |
| | | | | | | Writeoff: | 0.00 | CW: | 0.00 |
| | | | | | | Debit: | 0.00 | CD: | 0.00 |
| | | | | | | Patient bal: | 0 | | |
| | | | | | | Account bal: | 0 | | |

START OF EXHIBIT 26

Defendant's Motion for Summary Judgment/Motion to Dismiss

Exhibit 26

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

RUDOLPH V. BAILEY, SR.,                    §
                                           §     C.A. No. 06C-04-129 PLA
        Plaintiff – Appellant,             §
                                           §     ARBITRATION CASE
        v.                                 §
                                           §     JURY OF TWELVE DEMANDED
ACME/ASCO/ALBERTSON'S INC.,                §
                                           §
        Defendant – Appellee.              §

## NOTICE OF MOTION

PLEASE TAKE NOTICE the undersigned will present the attached Defendant

ACME/ASCO/Albertson's Inc.'s Motion for Summary Judgment/Motion to Dismiss on

Monday, June 18, 2007, at 10:00 a.m., or as soon thereafter as the Court may direct.

Law Office of Cynthia G. Beam

Kelly A. Costello, Esquire (I.D. #3382)
Christiana Executive Campus
131 Continental Drive, Suite 407
Newark, DE 19713-4301
(302) 292-6660
Attorney for Defendant

F \2005\05nk00039\Motion for Summary Judgment.to Dismiss doc

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| RUDOLPH V. BAILEY, SR., | § | |
| | § | C.A. No. 06C-04-129 PLA |
| Plaintiff – Appellant, | § | |
| | § | ARBITRATION CASE |
| v. | § | |
| | § | JURY OF TWELVE DEMANDED |
| ACME/ASCO/ALBERTSON'S INC., | § | |
| | § | |
| Defendant – Appellee. | § | |

### DEFENDANT ACME/ASCO/ALBERTSON'S INC.'S'S
### MOTION FOR SUMMARY JUDGMENT/MOTION TO DISMISS

Defendant ACME/ASCO/Albertson's Inc.'s, by and through their attorney, hereby moves This Honorable Court for Summary Judgment against Plaintiff, Rudolph V. Bailey, Sr. In support of this Motion, the Defendant states the following:

1.     This case was originally filed in the Court of Common Pleas on 12/16/2004. On 4/12/2005, Judge William Bradley signed an order granting Defendant's Motion to Dismiss and denied Plaintiff's Motion for Default Judgment and for Sanctions.

2.     Plaintiff appealed the verdict, and Judge Peggy L. Ableman reversed the decision to dismiss the case, and this matter was subsequently transferred to the Superior Court.

3.     This matter was arbitrated on August 23, 2006, and the Arbitrator found in favor of the Defendant and against the Plaintiff. This Order was appealed.

4.     Trial Scheduling Order required that Plaintiff obtain an expert to produce an expert report no later than March 30, 2007. That date has past and Plaintiff has no expert available to document causality of his claim with drinking of the juice.

5.     Plaintiff additionally has not documented any compensable damages.

WHEREFORE, Defendant ACME/ASCO/Albertson's Inc.'s pray that their Motion for

Summary Judgment/Motion to Dismiss be Granted.

Law Office of Cynthia G. Beam

Kelly A. Costello, Esquire (I.D. #3382)
Christiana Executive Campus
131 Continental Drive, Suite 407
Newark, DE 19713-4301
(302) 292-6660
Attorney for Defendant

F:\2005\05nk00039\Motion for Summary Judgment,to Dismiss.doc

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

RUDOLPH V. BAILEY. SR.,                §
                                       §    C.A. No. 06C-04-129 PLA
        Plaintiff – Appellant,         §
                                       §    ARBITRATION CASE
        v.                             §
                                       §    JURY OF TWELVE DEMANDED
ACME/ASCO/ALBERTSON'S INC.,            §
                                       §
        Defendant – Appellee.          §

## ORDER

AND NOW, this _____ day of _____, 20___, upon consideration of Defendant ACME/ASCO/Albertson's Inc.'s Motion for Summary Judgment/Motion to Dismiss, and any response thereto, it is hereby ORDERED and DECREED that Defendant ACME/ASCO/Albertson's Inc.'s Motion for Summary Judgment/Motion to Dismiss is GRANTED.

_____
J.

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| RUDOLPH V. BAILEY, SR., | § | |
| | § | C.A. No. 06C-04-129 PLA |
| Plaintiff – Appellant, | § | |
| | § | ARBITRATION CASE |
| v. | § | |
| | § | JURY OF TWELVE DEMANDED |
| ACME/ASCO/ALBERTSON'S INC., | § | |
| | § | |
| Defendant – Appellee. | § | |

## CERTIFICATION OF SERVICE

I, **Kelly A. Costello, Esquire**, hereby certify that a true and correct copy or copies of

the foregoing document(s):

DEFENDANT **ACME/ASCO/ALBERTSON'S** INC.'S MOTION FOR SUMMARY

JUDGMENT/MOTION TO DISMISS

were mailed, U.S. Mail First Class, on May 14, 2007, to:

Rudolph V. Bailey, Sr.
P.O. Box 221911
Chantilly, VA 20153-1911
*Pro Se* Plaintiff

Law Office of Cynthia G. Beam

Kelly A. Costello, Esquire (I.D. #3382)
Christiana Executive Campus
131 Continental Drive, Suite 407
Newark, DE 19713-4301
(302) 292-6660
Attorney for Defendant

F \2005\05nk00039\Motion for Summary Judgment to Dismiss doc

START OF EXHIBIT 27

Plaintiff's 2nd Affidavit Opposing Summary Judgment

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

RUDOLPH V. BAILEY SR.,      )
                                    )

      PLAINTIFF       )
                                    )  C.A. No.: 06C-04-129 PLA
                                    )

                                    )

ACME/ASCO/ALBERTSON'S INC.,   )
                                    )

      DEFENDANT.      )

## NOTICE OF PLAINTIFF'S SECOND AFFIDAVIT OPPOSING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT/MOTION TO DISMISS

To: Superior Court        Kelly A. Costello Esq.      ACME Markets
    State of Delaware      131 Continental Drive   Fox Run Shopping Ctr.
    500 North King St.     Suite 407             Corner Routes 40 & 72
    Office of Prothonotary   Newark DE 19713     Bear DE 19713
    Wilmington DE 19801

    PLEASE TAKE NOTICE that the attached Plaintiff's Affidavit Opposing

Summary Judgment/Motion to Dismiss will be presented to the Honorable Court on

Monday, June 18, 2007, at 10:00 a.m. along with Defendant's Motion as the Court

directs.

                                  Rudolph V. Bailey Sr.
                                  P.O. Box 221911
                                  Chantilly VA 20153-1911
                                  (703) 369-5071
                                  (302) 562-5613

Dated 5/30/2007

1

## IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

RUDOLPH V. BAILEY, SR.,                )
                                       )
              PLAINTIFF                 )
                                       ) C.A. No.: 06C-04-129 PLA
V.                                      )
                                       )
ACME/ASCO/ALBERTSON'S INC.             )
                                       )
              DEFENDANT.                )

### PLAINTIFF'S SECOND AFFIDAVIT OPPOSING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT/MOTION TO DISMISS

The undersigned, being duly affirm, disposes and says the following:

I am over the age of 18 years, and I believe in the obligation of an affirmation.

1. I am representing myself as a Prose Plaintiff in the above captioned lawsuit, filed on 12/16/2004 in the Court of Common Pleas. The case was dismissed wrongfully on 4/12/2005, and an appeal was filed on 4/22/2005. The appeal was wrongfully dismissed on 7/27/2005, and the dismissal was vacated on 8/21/2005. The appeal decision was handed down on 2/21/2006 and the original Motion to Dismiss from the Court of Common Pleas was reversed.

2. The statements made in this affidavit are true and accurate to the best of my knowledge and belief.

3. Superior Court Civil Rule 56 (c) clearly states that the adverse party prior to the date of the hearing may serve opposing affidavits. Please take notice that the Rule states AFFIDAVITS plural, and not AFFADAVIT singular, therefore the opposing party may serve any number of affidavits necessary to defend against the motion. The Plaintiff finds it necessary to serve a second affidavit since

2

Defendant served a dual motion and the Court has a 4-page limit on responses.

4. Superior Court Civil Rule 56 (c) further states that a summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages. The term summary judgment interlocutory in character, in legal terminology means a summary judgment which was pronounced during the course of an action, as a decision; not finally decisive of a case. This definition is from my Exhibit 2 attached, which is from Webster's Dictionary. Under 3. Law (a) for the definition of the word interlocutory. Definition (b) states: "pertaining to an intermediate decision." Both definitions from Webster's Dictionary proves that a summary judgment which was pronounced during the course of an action, cannot be used to bring a final disposition of an action such as a motion to dismiss a lawsuit. Rule 56 (c) is clear on that point since it states that a summary judgment, interlocutory in character, may be rendered on the issues of liability alone, certainly such a summary judgment as the Defendant's, cannot be used to render a ruling on a motion to dismiss a lawsuit. Furthermore if the Defendant was seeking a summary judgment of the Plaintiff's claim for $25,000.00 this would have to be stated in the motion, and the amount of the damages the Jurors is expected to rule on was never mentioned, what was clearly mentioned is a motion to dismiss this lawsuit. Superior Court Civil Rule 38 "(c) clearly states Same: Specification of issues. In the demand a party may specify the issues which the party wishes so tried;" Since a motion to dismiss is the only issue clearly stated by the defendant in its motion, it is the only issue that a summary judgment can be

3

used to render a decision. Since the Defendant did not demand a jury of twelve within 10 days of its prior motion on 4/3/2007, then the Defendant's demand for a Jury of twelve is void and cannot be granted, and so is the Motion for Summary Judgment/Motion to Dismiss.

5.  A Motion to Dismiss a Lawsuit must be served as a separate Case Dispositive Motion in accordance with Judge Ableman's own Trial Scheduling Order, and in accordance with Judge Ableman's own instructions to the Defendant's counsel on 4/10/2007 to file and serve the Plaintiff with a proper Case Dispositive Motion, in accordance with the rules of the Court. To this date Defendant's counsel has not filed a proper Case Dispositive Motion, thereby ignoring not only the Court and its rules, but all proper forms of Juries Prudence, neither has she done her proper do diligence in relationship to the motions she has filed to get the Plaintiff's lawsuit dismissed.

6.  The Defendant in its Motion for Summary Judgment/Motion to Dismiss stated in paragraph 5. "Plaintiff additionally has not documented any compensable damages." The Plaintiff's response is, give me the test results, so I can know what I ingested, so my doctor can advise me of any long term health related problems. For example if the test results show that I have ingested a carcinogen I could develop cancer some years down the road from the food poisoning episode of 3/10/2004. This is not a personal injury case, but a product liability case. In a personal injury case one can do x-rays, and MRIs to determine the exact extent of the damages. However in most product liability cases this cannot be done, for example people who are exposed to asbestos must wait 15-20 years before they

4

can determine the extent of the damages from the initial exposure. In the Plaintiff's case I do not know what I ingested; only the Defendant knows that. Superior Court Civil Rule 26, is clear that the Plaintiff is entitled to the test results, but the Defendant and the Court together has denied this Prose plaintiff his rights under the law. Without the test results from the plaintiff's sample from the box of apple juice purchased from the Defendant, the Plaintiff cannot prove his case nor document his compensable damages. In a recent product liability case a plaintiff who brought suit against Mc Donald's Corp., was awarded $1,000,000.00 for hot coffee burns on her body. How do one document such damages, the truth is you cant, only a Jury after hearing all the evidence can determine what a product liability case is really worth. Additionally federal statutes require that all the contents of the said apple juice be printed on the package, and the contaminants found in the said test falls under this same FDA requirement. This was also pointed out in the Plaintiff prior Motion for Production Records Marked Exhibit 3. The said motion was filed with the Court on 4/20/2007, and was taken from the Courts record after it was accepted as being a proper motion by the Prothonotary and was in the Court's file for about 21 days. After which time it was tampered with by crossing out the Court's date stamp, and the motion was sent back to the plaintiff without the Court ruling on it.

Notary
commission exp. #
A. ust 31. 20.0

Date May 30, 2007

Rudolph V. Bailey Sr.
P.O. Box 221911
Chantilly VA 20153
(703) 369-5071
(302-562-5613

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND FOR THE STATE OF DELAWARE

| | | |
|---|---|---|
| RUDOLPH V. BAILEY, SR., | ) | |
| | ) | |
| **PLAINTIFF** | ) | |
| | ) | C.A. No.: 06C-04-129 PLA |
| V. | ) | |
| | ) | |
| ACME/ASCO/ALBERTSON'S INC., | ) | |
| | ) | |
| **DEFENDANT** | ) | |

### CERTIFICATION OF SERVICE

I Rudolph V. Bailey, Sr., do hereby certify that (2) copies of the attached Notice

Of Plaintiff's Second Opposing Affidavit and Affidavit was sent by First Class Mail

USPS to the Superior Court for the State of Delaware, to the office of the

Prothonotary located at:500 North King Street., Wilmington DE 19801; And to

Kelly A. Costello Esq. at 131 Continental Drive Suite 407, Newark DE 19713; And

(1) copy to ACME/ASCO et, al delivered to ACME Markets in the Fox Run

Shopping Center Corner of Routes 72 & 40, Bear DE 19701.


Notary _commission expires August 31, 2010_

**Rudolph V. Bailey Sr.**
P.O. Box 221911
Chantilly V.A. 20153
(703) 369-5071 or (302) 562-5613

Dated _May 30, 2007_

EXHIBIT 2 

  interlocutory

Search

ADVERTISEMENT

# Blue collar

ADVERTISEMENT

## 4 results for: *interlocutory*

(as a Search word)

Get instant dictionary, thesaurus, and encyclopedia access from your Windows programs with Dictionary.

Can't Find Answers? Take the Quiz. Find out if You're Stupid!

Find Computers & Electronics Webster Dictionary Deals

Find the origin & meaning of your surname. Search our database free!

**in·ter·loc·u·to·ry**  [in-ter-**lok**-yuh-tawr-ee, -tohr-ee]

1. of the nature of, pertaining to, or occurring in conversation. *interlocutory instruction.*
2. interjected into the main course of speech.
3. *Law.*
   a. pronounced during the course of an action, as a decision; not finally decisive of a case.
   b. pertaining to an intermediate decision.

[Origin: 1580–90; < ML *interlocūtōrius.* See ...
    ]

EXHIBIT 3

## IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

### IN AND NEW CASTLE COUNTY

| | |
|---|---|
| RUDOLPH V. BAILEY, SR., | ) |
| | ) |
| PLAINTIFF | ) |
| | ) C.A. No.: 06C-04-129 PLA |
| V. | ) |
| | ) |
| ACME/ASCO/ALBERTSON'S INC., | ) |
| | ) |
| DEFENDANT | ) |

### CERTIFICATION OF SERVICE

I Rudolph V. Bailey, Sr., do hereby certify that (2) copies of the attached Notice of Motion, Motion and Order was sent by First Class Mail USPS to the Superior Court State of Delaware Prothonotary's Office, at 500 N. King St., Wilmington DE 19801; And to Kelly A. Costello Esq. at 131 Continental Drive Suite 407, Newark DE 19713; And one copy was sent to ACME Markets in the Fox Run Shopping Center, Corner of Routes 40 & 72, Bear DE 19701.

_Frank E Lusky_

Notary Signature and Seal
My commission expires Aug 5, 2010

_Rudolph V. Bailey Sr._

**Rudolph V. Bailey Sr.,**
**P.O. Box 221911**
**Chantilly VA 20153-1911**
**(703) 369-5071 (302) 562-5615**

2007 APR 20 PM 4:03 PROTHONOTARY

Dated 1-16-07

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

RUDOLPH V. BAILEY SR.,                    )
                                          )
            PLAINTIFF                     )
                                          ) C.A. No.: 06C-04-129 PLA
V.                                        )
                                          )
ACME/ASCO/ALBERTSON'S INC.,               )
                                          )
            DEFENDANT.                    )

2007 APR 20   PM 4: 03
FILED
PROTHONOTARY

## NOTICE OF MOTION

To: Superior Court            Kelly A. Costello Esq.        ACME Markets
    State of Delaware         131 Continental Drive         Fox Run Shopping Ctr.
    500 North King St.        Suite 407                     Corner Routes 40 & 72
    Office of Prothonotary    Newark DE 19713               Bear DE 19713
    Wilmington DE 19801

PLEASE TAKE NOTICE that the attached Plaintiff's Motion

For production of records will be presented to the Court

Along with Defendant's Motion to Dismiss Lawsuit.

Rudolph V. Bailey Sr.
P.O. Box 221911
Chantilly VA 20153-1911
(703) 369-5071
(302) 562-5613

Dated 4/16/2007

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND FOE NEW CASTLE COUNTY

| | | |
|---|---|---|
| RUDOLPH V. BAILEY, SR. | ) | |
| | ) | |
| **PLAINTIFF** | ) | |
| | ) | C.A. No.: 06C-04-129 PLA |
| V. | ) | |
| | ) | |
| ACME/ASCO/ALBERTSON'S INC. | ) | |
| | ) | |
| **DEFENDANT** | ) | |

2007 APR 20 PM 4: 03
FILED PROTHONOTARY

### PLAINTIFF'S MOTION FOR PRODUCTION OF RECORDS

Comes now the Plaintiff Rudolph Bailey acting on his own behalf, hereby moves the

Honorable Court to enter an Order for the Defendant ACME/ASCO ET, al to

Provide full and complete written results of a test done in Defendant's laboratories

On a sample from the box of apple juice I purchased at the ACME supermarket in

Bear Delaware which they picked up from my residence on or about 3/20/04, and

Offers in his defense the following reasons:

(A)    The US Food and Drug Administration requires food manufactures
And suppliers to identify the total contents of foods they supply to the
Public and this information should appear on the labels.

(B)    Therefore whatever was discovered in the said test falls under this
Federal requirement and must be released to me at once for
Defendant to be in compliance with Federal Statutes.

(C)    The Spirit of the Federal Freedom of Information Act, and the
Right to Know Laws speaks to the very core of this issue, and it is
The backbone of a free and open and honest society, where everyone

Is treated fairly and not just the special interest groups, therefore this Information should be released to the Plaintiff.

(D)     In addition I offer Exhibits C, E2, E3, F & G which proves that Defendant acknowledged the incident of 3/10/2004, and that I served Defendant written request for production of records as early as 11/20/2004, and 12/4/2004, and again on 7/10/2006 to Ms. Costello. Said information is part of the record. On 9/22/06 I informed The Honorable Peggy L. Ableman that Defendant was not complying with my written request for discovery (Exhibit G). On 12/7/2006 the Court denied my Motion for Discovery, the reason given indicated that I did not serve defendant with discovery. In light of the evidence presented this ruling was incorrect; and this motion should be granted. I also need the test results to know if I was exposed to any long term or latent health risk due to the food poisoning incident of 3/10/2004.

Rudolph V. Bailey, Sr.
P.O. Box 221911
Chantilly VA 20153-1911
(703) 369-5071
(302) 562-5613

Dated 4/16/2007

IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

RUDOLPH V. BAILEY, SR.,                    )
                                           )
    PLAINTIFF- Appellant,                  )
                                           )
V.                                         )     C.A. No.: 06C-04-129 PLA
                                           )
ACME/ASCO/ALBERTSON'S INC.,                )
                                           )
DEFENDANT- Appellee,                       )

## ORDER

NOW TO WIT, this _____ day of _____, 2007 Plaintiff

Rudolph V. Bailey's Motion for Production of Records is hereby granted.

IT IS SO ORDERED.

_____
                                    J.

EXHIBIT C

**ACME.**   **Jewel-Osco**   **OscoDrug.**

**An Albertson's Company**

March 15, 2004

Rudolph Bailey
140 Antlers
Bear, DE 19701

RE.    Claimant      : Rudolph Bailey
       Incident Date   03/10/2004
       File #         PL2004DE000008

Dear Rudolph:

We are sorry to hear that you experienced a problem involving Florida Natural Apple Juice that was purchased at our store. We firmly believe in the importance of quality and endeavor to see that all goods sold by our company meet our standards. Thank you for bringing this problem to our attention.

We sincerely hope to regain your confidence and keep you as a satisfied customer. We have contacted the supplier of Florida Natural Apple Juice who is S&D Roe, 215-540-1150 and requested they contact you to discuss the problem you encountered.

If you have not been contacted within thirty (30) days after receipt of this letter, please let us know.

Sincerely,

Marshall Davis
Claims Examiner
Direct Dial Phone #:  708-531-6722
Toll Free Phone #:  800-838-0851



EXHIBIT E3

**RUDOLPH V. BAILEY SR.**
**140 ANTLERS LANE**
**BEAR DE 19701**
**(302) 834-8031**

November 20, 2004

Customer Service Rep. Mitchell
Florida Growers
P.O. Box 1111
Lake Wails FL 33859-1111

RE: Claimant    Rudolph Bailey
Incident Date    08/10/2004
File #        PL2004DE0000008
INS. Claim    220193 Agribusiness

Dear Mitchell:

So far your Insurance carrier has not come back to
me with the settlement of the above mentioned case.
I have furnished all of the information they said
they needed to do so. I was promised that the case
would be resolved by Friday November 19, 2004.

In preparation for legal action the Attorney has
instructed me to have you send to me at the above
address, a copy of the test result you performed on
the sample I supplied to you. I still have the
remainder of the sample frozen in my freezer, with
which we can make a comparison if needed. Thank
you very kindly for your cooperation and prompt
response to this matter.

Very truly yours

Rudolph v. Bailey Sr.


CC: ACME Jewel-Osco

2007 APR 20 PM 4: 03
FILED PROTHONOTARY

EXHIBIT E 3

## RUDOLPH V. BAILEY SR.
## 140 ANTLERS LANE
## BEAR DE 19701
## (302) 834-8031

December 04, 2004

Customer Service Rep. Mitchell
Florida Growers
P.O. Box 1111
Lake Walls Florida 33859-1111

RE: Claimant   Rudolph Bailey
Incident Date   03/10/2004
File Number   PL2004DE0000008
Insurance
Claim No.   220103 Agribusiness

Dear Mitchell:

As of the date of my last correspondence, nothing
has transpired by way of resolving this matter
short of my filing my claim with the Court of
common Pleas. This is my second request that you
furnish me a copy of the test result of the sample
you tested, relating to the food poisoning episode of
3/10/2004. Must I inform you that Federal laws
requires that you respond to my written request
within 72 hours. The Insurance Company continue
their stall practice in hopes that the statute will
expire with them only making promises and
excuses, I assure you that this case is not going
away. Thank you kindly for your assistance in this
matter.

Very truly yours

Rudolph v. Bailey Sr.

EXHIBIT F

RUDOLPH v. BAILEY JR
P.O. BOX 221911-1911
CHANTILLY VA 201
(302) 562-5613 & (703) 369-5071

July 10, 2006

Kelly A. Costello Esq.
Law Offices of Charles P. Coates
131 Contential Drive suite 407
Newark, DE 19713-4301

Re: C.A. No.: 06C-04-129 PLA Bailey v. Acme etal

Dear Ms. Costello,

Please be advised that I have signed 2-medical Authorizations and I have personally sent copies of my medical records to your client at their request. The records you request is redundant, and the law does not require me to keep sending information you should already have. In contrast your client has refused to send me relevant documents important to my defense. in spite of several written request. For example the written test results from the sample I sent them of the apple juice from which I received food poisoning on or about March 10, 2004. I also learned from an employee of your client that a sample was also sent from some one who purchased juice from the Newark Delaware Acme. as a result of a similar episode about the same time as mine

I am again requesting written test results, from my sample and from the one which took place at the Newark DE Acme store. I am also requesting information about any other similar food contamination episode which took place 6-months prior and 6-months after my food poisoning episode of March 10, 2004.

I strongly object to your request dated June 29, 2006, for a Court Reporter at the scheduled Arbitration, since all negotiations at an arbitration is not admissible in court, and should remain private to the parties involved. Thank you very kindly for your corporation in these matters.

Very truly yours

Rudolph V. Bailey Sr.

cc.   Micheal Sensor. Arbitrator (by Fax 302 655-4043)

EXHIBIT G

RUDOLPH V. BAILEY SR
P.O. Box 221811
Chantilly VA 20153-1911
(703) 369-5071 Cell, (302) 562-5613

September 22, 2006

The Honorable Peggy L. Ableman
Superior Court of Delaware
New Castle County Courthouse
500 N. King Street Suite 10400
Wilmington, DE 19801-3733

Re: Bailey v. Acme et al, C.A. No. 05C-04-129 PLA

Dear Judge Ableman:

In reference to the attached letter from Ms. Costello please be advised that I object to her meeting with Your Honor to discuss scheduling order, as this shows special treatment to opposing counsel. Any scheduling conflict can be addressed as they arise, and I am open to accommodating reasonable delays with proper notice. Secondly I have requested a pre-trial conference to settle problems with Defendant's continued refusals to provide me with reasonable discovery documents I have requested over and over to no avail. Any possible scheduling problems could be discussed at that conference. Counsel also references a case action number I am unaware of -006 PLA. Thank you kindly for looking into this matter.

Respectfully yours

Rudolph V. Bailey

cc: Kelly A. Costello

IN THE SUPREME COURT FOR THE STATE OF DE

RUDOLPH V. BAILEY, SR.,              §
                                     §      No. 322, 2007
        Plaintiff Below – Appellant, §
                                     §
        v.                           §
                                     §
ACME/ASCO/ALBERTSON'S INC.,          §
                                     §
        Defendant Below– Appellee.   §

APPELLEE'S ANSWERING BRIEF
IN APPEAL FROM THE SUPERIOR COURT OF TH
DELAWARE IN AND FOR NEW CASTLE CO

Law Office of Cynthia G.

Kelly A. Costello, Esqui
Christiana Executive Cam
131 Continental Drive, S
Newark, DE 19713-43
(302) 292-6660
Attorney for Appelle s

TABLE OF CONTENTS OF BRIEF

Brief Section Title                                    Page Number

Table of Contents of Appendix . . . . . . . . . .         ii

Table of Citations . . . . . . . . . . . . . . .         iii

Nature of Proceedings . . . . . . . . . . . . . .          1

Summary of Argument . . . . . . . . . . . . . . .          2

Statement of Facts . . . . . . . . . . . . . . .           3

Responses to Appellant's Arguments

        1.   DID THE COURT BELOW PRESENT A CERTIFIED
        INCOMPLETE RECORD TO THE SUPREME COURT OF
        THE STATE OF DELAWARE? . . . . . . . . . .          5


        2.   DID THE COURT BELOW TAMPER WITH THE
        RECORD OF THE PROCEEDINGS BEFORE IT? . . . .        6

        3.   DID THE COURT BELOW SUPRESS EVIDENCE
        THAT SUPPORTED APPELLANT'S CLAIM? . . . . . .       7

        4.   DID THE COURT BELOW REFUSE TO HEAR
        PROPERLY FILED MOTIONS OF APPELLANT? . . . . .      8

        5.   DID THE COURT BELOW REFUSE TO PROVIDE
        AN OPPORTUNITY FOR ORAL ARGUMENT OF ANY
        MOTION PROPERLY FILED BY APPELLANT? . . . . . .     9

        6.   DID THE COURT BELOW ERR REGARDING
        APPELLANT'S SO CALLED MOTION FOR DISCOVERY
        AT THE DECEMBER 7, 2006 PRE-TRIAL CONFERENCE? . .  10

        7. ACCORDING TO APPELLANT'S OWN STATEMENTS IN
        HIS OPENING BRIEF, PAGE 29, HIS QUESTION
        PRESENTED IS "SINCE DR. CERNY IS A BOARD
        CERTIFIED DOCTOR AND AN EXPERT, DID THE
        LETTER [DATED 1/7/05] QUALIFY AS AN EXPERT
        REPORT TO MY CLAIM OF SYMPTOMS OF A STOMACH
        VIRUS IN MY COMPLAINT?"  THE ACTUAL QUESTION
        APPEARS TO BE: WHETHER THE COURT BELOW ERRED
        IN DETERMINING THAT APPELLANT'S PRESENTED
        EVIDENCE WAS INSUFFICIENT TO MEET HIS BURDEN
        TO PROVIDE EXPERT WITNESS ON THE ISSUE OF
        CAUSATION? . . . . . . . . . . . . . . . . . . .   11

8.  DID THE COURT BELOW ERR IN LISTENING
TO ORAL ARGUMENTS REGARDING APPELLEES'
MOTION FOR SUMMARY JUDGMENT/MOTION TO
DISMISS?  . . . . . . . . . . . . . . . . .          13

ARGUMENTS IX – XII QUESTIONS PRESENTED.
APPELLANT LISTS FOUR ADDITIONAL QUESTIONS
ON PAGES FOUR – FIVE OF HIS OPENING BRIEF,
HOWEVER HE MAKES NO ARGUMENTS AND PRESENTS
NO EVIDENCE IN SUPPORT OF HIS CONTENTIONS
IN THESE QUESTIONS.   THEREFORE, APPELLEES
HAVE NOTHING TO WHICH TO RESPOND. . . . . . . . .    14


Appellee's Argument:

DID THE COURT BELOW COMMIT REVERSIBLE
ERROR IN GRANTING APPELLEES' MOTION FOR
SUMMARY JUDGMENT/MOTION TO DISMISS. . . . . . . .    15


Closing . . . . . . . . . . . . . . . . . . . . . . . . . .    18

## TABLE OF CITATIONS

Citation                                                    Page Number


In Re: Artesian Water Company
       189 A.2d 435; 1963 Del. Super. LEXIS 132.. . . . .        16

Beebe et al. v. Bailey et al.
       913 A.2d 543; 2006 Del. LEXIS 600. . . . . . . .          16

Guy v. State,
       827 A.2d 30; 2003 Del. LEXIS 335 . . . . . . . .          17

Ingram v. Heiman et al.
       748 A.2d 913; 2000 Del. LEXIS 126 . . . . . . .           16

Merrill v. Crothall-American, Inc.,
       606 A.2d.96,99 (Del. 1991) . . . . . . . . . . .          15

## NATURE OF PROCEEDINGS

Appellant, Rudolph V. Bailey, Sr. has appealed the summary judgment granted on June 19, 2007, by the Honorable Peggy L. Ableman of Superior Court in and for New Castle County in favor of Appellees, Acme/ASCO/Albertson's Inc. This is the Answering Brief of Appellees objecting to Appellant's request that this Honorable Court grant Appellant judgment of Twenty-Five Thousand Dollars ($25,000.00) for alleged pain and suffering and denying the veracity of Appellant's allegations of wrong-doing by the Lower Court.

## SUMMARY OF ARGUMENT:

The   Superior Court did not abuse its discretion by any of its pre-trial discovery rulings.   The Superior Court was legally correct in granting Appellees' Motion to Dismiss/Motion for Summary Judgment for Appellant's failure to identify any expert who would present direct testimony as to the causal connection between the alleged incident and Appellant's alleged injury.

### STATEMENT OF FACTS:

On or about March 10, 2004, Appellant allegedly drank apple juice which caused him intestinal issues including diarrhea. Appellant claimed to have purchased the juice from the Appellee's ACME Store in Bear, Delaware a few days prior. On April 12, 2004, Appellant called for an ambulance to take him to the hospital. Upon arrival at the Appellant's residence, the ambulance personnel declined to transport him to the hospital suggesting that he drive himself to a local medical center. Appellant drove to the Glasgow Medical Center where his chief complaint was noted in their records as "constipated X 2 days off/on" (See Appellant's Exhibit 25). On January 7, 2005, a note written from Dr. Eva E. Cerny's office titled, "To Whom it May Concern" indicated that "Mr. Rudolph Bailey was advised by this office in March of 2004 to do 24 hours of clear liquids due to a stomach virus, followed by 24 hours on the BRAT Diet." (See Appellant's Exhibit 24).

A negligence action was filed in the Court of Common Pleas on December 16, 2004. On April 12, 2005, Judge William Bradley signed an order granting Appellee's Motion to Dismiss and denied Appellant's Motion for Default Judgment and for Sanctions. When Appellant appealed Judge Bradley's verdict, Judge Peggy L. Ableman reversed the decision to dismiss the case and this matter was subsequently transferred to the Superior Court.

This matter was arbitrated on August 23, 2006, and the Arbitrator found in favor of the Appellee. Appellant appealed the Arbitration

Order.    Subsequently, a Trial Scheduling Order was issued which required that Appellant to obtain an expert and to produce an expert report no later than March 30, 2007 (Appellee's Appendix, Exhibit 1). Appellant identified no expert to document the causality of his claim with his consumption of the juice in question and no expert report was ever produced.

Appellee filed a Motion to Dismiss/Motion for Summary Judgment based on the lack of expert opinion concerning causality and the lack of documented damages.    Judge Ableman granted Appellee's Motion to Dismiss/Motion for Summary Judgment on June 19, 2007.    (Appellee's Appendix Exhibit 2).    Appellant has filed a pro-se Brief seeking an award of Twenty-Five Thousand Dollars ($25,000.00) for pain and suffering to be issued by this Honorable Court.    Appellant alleges the Lower Court erred by actions and omissions which were motivated by racial discrimination.    Appellee denies that the evidence reveals any such prejudice against Appellant and requests this Honorable Court to dismiss Appellant's appeal and deny Appellant's so called Petition for damages.

4

APPELLANT'S ARGUMENT 1

### QUESTION PRESENTED

**Did The Court Below Present A Certified Incomplete
Record To The Supreme Court Of The State Of Delaware?**

### SCOPE OF REVIEW

De Novo review of record.

### MERITS OF ARGUMENT

In brief, Appellant's three pages of argument allege that the
Lower Court in general and the Honorable Peggy L. Ableman in
particular knowingly and intentionally altered the record of the
proceedings which came before the Lower Court and then certified that
the record was complete.  A review of Appellant's arguments shows that
Appellant has a lack of understanding of Court procedures and
policies.

Appellant's arguments are without merit and should be denied.
Therefore, Appellees respectfully request that this Honorable Court
answer the question presented in the negative.

**APPELLANT'S ARGUMENT 2**

### QUESTION PRESENTED

**Did The Court Below Tamper With The Record Of The Proceedings Before It?**

### SCOPE OF REVIEW

De Novo review of record.

### MERITS OF ARGUMENT

Again, Appellant's three pages of argument allege that the Lower Court in general and the Honorable Peggy L. Ableman in particular knowingly and intentionally altered the record of the proceedings which came before the Lower Court. A review of Appellant's arguments shows that Appellant has a lack of understanding of Court procedures and policies.

Appellant's arguments are without merit and should be denied. Therefore, Appellees request that this Honorable Court answer the question presented in the negative.

APPELLANT'S ARGUMENT 3

## QUESTION PRESENTED

### Did The Court Below Supress Evidence That
### Supported Appellant's Claim?

## SCOPE OF REVIEW

De Novo review of the record.

## MERITS OF ARGUMENT

Once again, Appellant's two pages of argument allege that the Lower Court in general and the Honorable Peggy L. Ableman in particular knowingly and intentionally altered the record of the proceedings which came before the Lower Court.  A review of Appellant's arguments shows that Appellant has a lack of understanding of Court rules and litigation process.

Appellant's arguments are without merit and should be denied. Therefore, Appellees request that this Honorable Court answer the question presented in the negative.

APPELLANT'S ARGUMENT 4

## QUESTION PRESENTED

### Did The Court Below Refuse To Hear Properly
### Filed Motions Of Appellant?

#### SCOPE OF REVIEW

Abuse of discretion

#### MERITS OF THE ARGUMENT

Appellant's four pages of argument allege that the Lower Court in general and the Honorable Peggy L. Ableman in particular knowingly and intentionally collaborated with Appellees' counsel to discriminate against Appellant. Discrimination was not an issue of the underlying litigation and is not properly before this Court.

With respect to Appellant's allegation that the Lower Court improperly refused to hear Appellant's Motions, a review of Appellant's arguments shows that Appellant has a lack of understanding of Court procedures and policies. The Appellant has failed to provide any legitimate, admissible evidence in support of his contention that the Lower Court erred regarding its ruling on any of Appellant's proper Motions. Therefore, Appellees request that this Honorable Court answer the question presented in the negative.

APPELLANT'S ARGUMENT 5

## QUESTION PRESENTED

### Did The Court Below Refuse To Provide An Opportunity For Oral Argument Of Any Motion Properly Filed By Appellant?

## SCOPE OF REVIEW

Abuse of discretion

## MERITS OF ARGUMENT

Once again, Appellant's two pages of argument allege that the Lower Court in particular knowingly and intentionally altered the record of the proceedings which came before it in order to cover up the Court's procedural errors.

A review of Appellant's arguments shows that Appellant has a lack of understanding of Court procedures and rules.   The Appellant has failed to provide any legitimate, admissible evidence in support of his contention that the Lower Court erred.   Therefore, Appellees request that This Honorable Court answer the question presented in the negative.

APPELLANT'S ARGUMENT 6

## QUESTION PRESENTED

## Did The Court Below Err Regarding Appellant's So Called Motion For Discovery At The December 7, 2006 Pre-Trial Conference?

### SCOPE OF REVIEW

Abuse of discretion

### MERITS OF ARGUMENT

Appellant's arguments show clearly his lack of understanding of Court Rules, discovery procedures and the litigation process. Appellant spends five pages arguing that he has a right to information, but fails to comprehend that he needed to make a request for the information in accordance with Superior Court Rules 26 and 34 which  the Lower Court was gracious enough to explain to him in writing. Therefore, Appellees request that this Honorable Court answer the question presented in the negative.

APPELLANT'S ARGUMENT 7

### QUESTION PRESENTED

According To Appellant's Own Statements In His Opening
Brief, Page 29, His Question Presented Is "Since Dr.
Cerny Is A Board Certified Doctor And An Expert, Did
The Letter [Dated 1/7/05] Qualify As An Expert Report
To My Claim Of Symptoms Of A Stomach Virus In My
Complaint?"  The Actual Question Appears To Be: Whether
The Court Below Erred In Determining That Appellant's
Presented Evidence Was Insufficient To Meet His Burden
To Provide Expert Witness On The Issue Of Causation?

### SCOPE OF REVIEW

De Novo review of the Summary Judgment, Motions and responses
thereto.

### MERITS OF ARGUMENT

Appellant mistakenly focuses on whether the Medical Aid Center's

doctor who saw Appellant one time, is qualified to give an expert

opinion.  The record presented through Appellant's Exhibits 21, the

transcript of the June 18, 2007, conference and Exhibit 23, the

transcript of December 7, 2006 conference, clearly reveals that Judge

Ableman correctly granted Appellees'  Motion for Summary

Judgment/Motion to Dismiss based on the fact that Appellant provided

no expert who would testify to a caused connection between Appellant's

alleged consumption of apple juice with Appellant's alleged

"sick[ness] to the point of death." (Appellant's Opening Brief page

24)

Appellant focuses on whether or not he had expert reports and

fails to comprehend that his expert reports must show the expert will

provide direct testimony on the issue of causation.  Once again,

Appellant's arguments are based on his misunderstanding of discovery

rules, his burden of proof, and the litigation process.  Therefore,

Appellees request that This Honorable Court answer the question presented in the negative.

APPELLANT'S ARGUMENT 8

## QUESTION PRESENTED

### Did The Court Below Err In Listening To Oral Arguments Regarding Appellees' Motion For Summary Judgment/Motion To Dismiss?

### SCOPE OF REVIEW

De Novo review.

### MERITS OF ARGUMENT

Once again, Appellant clearly misunderstands or misrepresents Superior Court Civil Rules.  His argument appears to focus on his belief that since a jury of twelve was demanded, Judge Ableman was duty bound to hear any and every issue Appellant wished to raise during the hearing on Appellees' Motion for Summary Judgment/Motion to Dismiss.  Moreover, Appellant fails to understand that the Lower Court's granting of summary judgment in the favor of Appellees has the same effect as granting a Motion to Dismiss Appellant's claims against Appellees.

In short, Appellant fails to comprehend the standard Delaware Court applies when called upon to decide a Motion for Summary Judgment.  The Lower Court clearly understood its duty and the standard it was bound to apply and correctly determined that Appellant failed to provide an expert opinion regarding causation by the Trial Scheduling Order deadline and was thus unable to establish a *prima facia* claim of negligence.

Appellees ask that this Honorable Court find the Lower Court did not err in making its decision on Appellees' Motion for Summary Judgment Motion.

13

**APPELLANT'S ARGUMENT 9 – 12**

### QUESTIONS PRESENTED

Appellant lists four additional questions on pages 4-5 of his opening brief, however he makes no arguments and presents no evidence in support of his contentions in these questions. Therefore, Appellees have nothing to which to respond.

APPELLEE'S ARGUMENT

QUESTION PRESENTED

Did the Court Below Commit Reversible Error in Granting Appellees'
Motion for Summary Judgment/Motion to Dismiss.

SCOPE OF REVIEW

This Honorable Court examines de novo a Lower Court's decision
regarding Summary Judgment. Merrill v. Crothall-American, Inc., 606
A.2d.96,99 (Del. 1991) (internal citations Omitted).

Furthermore, the Lower Court's granting Summary Judgment to
Appellees presents to the Court "the legal conclusion that there is no
factual bar to the determination of the legal merit of the
[Appellees'] position." Id. at 100. This Court is free to draw its
own inferences as to the legal significant of all evidence presented.
Id.

**MERITS OF THE ARGUMENT:**

Appellant filed a negligence action. Prosser on Torts lists the
four elements necessary in a cause of action for negligence as   (1) a
duty owed; (2) a breach of the duty; (3) proximate cause and (4)
actual loss or damages sustained.   William L. Prosser, Torts. (3rded,
1964).   It is the Appellant's burden to prove each of the above
elements in order to succeed in his claim.

As outlined above, Appellant failed to obtain an expert as
directed by the Court. The expert was to have provided a report as to
the causation of Appellant's alleged injury in this matter.   Without

15

the expert and/or an expert opinion on causation, Appellant cannot prove that the juice he consumed was the proximate cause of any alleged injury.

Turning to the issue of damages, Appellant offers a note from his physician (See Appellant's Exhibit 24) as evidence of his injury. This note purports to reflect a telephone call between the Appellant and someone at Appellant's doctor's office and was dated ten months after the alleged incident. It did not indicate a specific date that the Appellant called the physician's office. Further, Appellant offers an emergency room note (See Appellant's Exhibit 25) dated April 12, 2004 which diagnoses the exact opposite complaint originally alleged by the Appellant. At the arbitration hearing, Appellant testified that in March 2004 he had been using stool softeners and laxatives as a result of his long-term use of pain medication for an unrelated condition. (See Appellant's facts).

The standard for reversal of the trial judge's decision is abuse of discretion as set forth in In Re: Artesian Water Company 189 A.2d 435; 1963 Del. Super. LEXIS 132. An unfavorable decision by the trial court does not give rise to an abuse of discretion. Neither is it an abuse of discretion to deny a new trial to a defendant who believes that the Appellants' award was too high Beebe et al. v. Bailey et al. 913 A.2d 543; 2006 Del. LEXIS 600.

Failure to provide the necessary documentation needed to support a claim will result in the denial of an appeal for a new trial. Ingram v. Heiman et al. 748 A.2d 913; 2000 Del. LEXIS 126. In Ingram, the law firm of Heiman, Aber & Goldlust had represented Ingram

16

and others in many cases without receiving payment. Heiman successfully brought suit to recover attorney's fees. Ingram's appeal was denied by the Supreme Court as he did not provide the portion(s) of the trial transcript supporting his claims.

Finally, when an appeal is totally without merit and devoid of any arguable appealable issue(s), the Court can simply affirm the underlying matter. Guy v. State, 827 A.2d 30; 2003 Del. LEXIS 335.

Appellant has had numerous opportunities to document his damages and to obtain an expert to support his claim. He has done neither. He has not met his burden of proof which resulted in the Defendant's Motion to Dismiss/Motion for Summary Judgment being granted. We respectfully request that this Honorable Court deny Appellant's appeal for a new hearing/trial in this matter and affirm the Superior Court's dismissal.

17

## CLOSING

Throughout his Opening Brief, Appellant demonstrates his lack of understanding of the litigation process, Court Rules and his burden of proof. He also clearly demonstrates his lack of respect for the Courts of Delaware. His arguments fail to prove his contention that the Lower Court abused its discretion in granting Appellees' Motion for Summary Judgment to the Appellees where Appellant failed to identify a medical expert who would present direct testimony on the issue of causation. Since Plaintiff could not meet at least this one element of his *prima facia* negligence case, Summary Judgment was appropriate.

Respectfully submitted,

Law Office of Cynthia G. Beam

Kelly A. Costello, Esquire (I.D. #3382)
Christiana Executive Campus
131 Continental Drive, Suite 407
Newark, DE 19713-4301
(302) 292-6660
Attorney for Appellee

18

IN THE SUPREME COURT FOR THE STATE OF DELAWARE

| | | |
|---|---|---|
| RUDOLPH V. BAILEY, SR., | § | |
| | § | No. 322, 2007 |
| Appellant, | § | |
| | § | |
| v. | § | |
| | § | |
| ACME/ASCO/ALBERTSON'S INC., | § | |
| | § | |
| Appellee. | § | |

## CERTIFICATION OF SERVICE

I, **Kelly A. Costello, Esquire**, hereby certify that two (2) true and correct copies of the following document(s):

### APPELLEE'S ANSWERING BRIEF

were mailed, U.S. Mail First Class, on November 26, 2007, to:

Rudolph V. Bailey, Sr.
P.O. Box 221911
Chantilly, VA 20153-1911
*Pro Se* Appellant

Law Office of Cynthia G. Beam

Kelly A. Costello, Esquire (I.D. #3382)
Christiana Executive Campus
131 Continental Drive, Suite 407
Newark, DE 19713-4301
(302) 292-6660
Attorney for Appellee

19

$EX$ /2

5 4 i

# COVER

IN THE SUPREME COURT FOR THE STATE OF DELAWARE

RUDOLPH V. BAILEY, SR.,

    Plaintiff Below-Appellant,

No.  322, 2007

v.

ACME/ASCO/ALBERTSON'S INC.,

    Defendant Below-Appelle

## APPELLANT'S REPLY BRIEF

IN APPEAL TAKEN FROM SUPERIOR COURT'S 6/19/07, DECISION BY THE HONORABLE PEGGY ABLEMAN

Rudolph V. Bailey Sr., Pro se
9659 Manassas DR. Apt. 301
Manssas VA 20111
(703)-369-5071

Filing Date 12/12/07

Signature

FILED

AUG 2 5 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

TABLE OF CONTENTS FOR PLAINTIFF'S REPLY BRIEF

PAGE NUMBERS                    DESCRIPTION

1-2                    ADDRESSING SUMMARY OF ARGUMENT

3                      RESPONSE TO STATENENT OF FACTS

4                      RESPONSE TO ARGUMENT 1-5 * See Foot notes

5                      RESPONSE TO ARGUMENT 6

6                      RESPONSE TO ATGUMENT 7

7-8                    RESPONSE TO ARGUMENT 8

9-16                   CLOSING SUMMARIES OF ARGUMENT

*THE PLAINTIFF USED ONE PAGE TO COVER RESPONSES TO ARGUMENT 1-5 TO PREVENT
UNNESSARY REPETION AS DID DEFENDANT.

## ADDRESSING SUMMARY OF ARGUMENT

Defendant makes a false claim on page 2 which is new; I quote "The Superior Court was legally correct in granting Appellee's Motion to Dismiss/Motion for Summary Judgment for Appellant's failure to identify any expert who would present direct testimony as to the causal connection between the alleged incident and Appellant's alleged injury" The rules allow the reply brief to add new information if the answering brief makes any new claim so I will address this in detail.

First of all the new claim is that the Court below granted Defendant's "Motion to Dismiss/Motion for Summary Judgment" In fact the Record will reflect that the Defendant filed no such motion and the Court below granted no such motion. What the Record will show is that the Defendant filed a Motion for Summary Judgment/Motion to dismiss, not a Motion to Dismiss/motion for Summary Judgment as the Defendant now falsely claims. More importantly as pointed out in Plaintiff's Opening Brief the Court below only granted the Summary Judgment and not the Motion to dismiss portion of the dual motion, as the Defendant now wrongfully claims.

Secondly as pointed out in Plaintiff's Opening Brief and Second Affidavit Opposing Summary Judgment, according to the rules of the Court below a Summary Judgment pronounced during an action cannot be used to bring a final disposition to the said action, but can only deal with liability and can only bring an intermediate decision. Such a summary Judgment cannot be used to address issues such as discovery or whether or not the Plaintiff presented professional witnesses, which the record will show that the Plaintiff indeed did supply before the Court's deadline. In addition for a Summary Judgment to be used to bring an end to an action the following unusual circumstances must exist: The Summary Judgment must be for an equal amount of money as the maim action if it is filed by the opposing party, and the following sequences usually will happen. Let us suppose that party 'A' filed suit against party 'B' for say $7,000.00, and during the action party 'A' committed certain improper acts causing party 'B' extra money to defend the action, and party 'B' files a Summary Judgment for $7,000.00 in liability

2

against party 'A;' but there are unresolved issues that party 'A' has against party 'B' for discovery ect. The rules of the Court clearly states that a Summary judgment cannot be granted until all the issues are settled in the most favorable light to party 'A' since his action was filed first. So in order to cause party 'A' issues go away or become moot party 'B' agrees to give party 'A' the $7000.00 he asked for. Now the Court can rule on the Summary Judgment and if merited Party 'B can receive the $7000.00 Summary Judgment award, with which Party 'B' can take back the $7000.00 given to party 'A' and the case is closed using the Summary Judgment, and party 'A' walks with zero. In the present lawsuit the Defendant would have to be awarded a Summary Judgment of $25,000.00 in order to use it to dismiss the Plaintiff's lawsuit but first the Defendant would have to give the Plaintiff the $25,000.00 he was seeking, in order to make his issues becomes moot. This was never done so the case is still open, as the Plaintiff asserted in his Opening Brief. The June 19, 2007 Summary Decision granted to the Defendant by Judge Peggy Ableman is useless and cannot be used to dismiss the Plaintiff's lawsuit since Defendant did not ask for any liability against the Plaintiff, therefore Defendant got zero in the so called summary judgment. I am asking the Honorable Justices to consider the following: Suppose the Plaintiff filed suit against the Defendant but did not ask for any liability or money from the Defendant would that be a real civil lawsuit that makes sense? In the same manner Defendant filing a summary judgment and not asking for any liability or money from the Plaintiff does that make any sense? In short a summary judgment pronounced during the course of an action can give liability to the moving party that they are entitled to as a matter of law Superior Court Rule 56(c). Defendant was not entitled to any liability from the Plaintiff and Defendant did not ask for any liability in their motion. Apparently Defendant heard that a summary judgment could be used to bring a lawsuit to an end but did not know how to use a summary judgment to close out a lawsuit. So Defendant just filed a summary judgment and thought that was all there was to it. Ms. Costello has shown her lack of knowledge of the procedures and policies of the Court. The Plaintiff now teaches her the law, and points out her mistakes and false interpretations.

RESPONSE TO STATEMENT OF FACTS

Defendant's counsel misrepresents the facts relating to the ambulance personnel stating that they declined to transport the Plaintiff to the hospital. In their defense they did not decline to take me to the hospital, they did in fact say that they will transport me to the hospital if I want, but that they will advise me that if I were able drive that I go to the nearby Glasgow Medical Center, as I will be helped a lot faster than if they transport me to Christiana Hospital because the wait time there will be very long, and I will not have a way to get back to my home in Bear, because they could not transport me back to Bear. Therefore I followed there advise, and went to the Glasgow Medical center.

Again on page 4, and paragraph 2, Defendant's Counsel misrepresents the facts by wrongfully stating the following: "Appellee filed a Motion to Dismiss/motion for Summary Judgment", please see Plaintiff's Exhibit 26, which clearly states: MOTION FOR SUMMARY JUDGMENT/MOTION TO DISMISS. Again Defendant's Counsel makes another false statement as following: "Judge Ableman granted Appellee's Motion to Dismiss/Motion for Summary Judgment", please see Plaintiff's Exhibit 20 which states clearly as following: "UPON DEFENDANYS' MOTION FOR SUMMARY JUDGMENT. CRANTED.' IT SAID NOTHING ABOUT MOTION TO DISMISS AS DEFENDANT'S COUNSEL FALSEY CLAMES. As the Plaintiff asserts the case is not legally dismissed, and a Judgment of $25,000.00 for pain and suffering should be granted to the Plaintiff by the Honorable Court Above. Additionally I pose the question, who disrespects the Court? The Plaintiff who tells the Court Above the truth, or the Defendant who lies to the Court Above about the said facts relating to Defendant's motion, and the court's ruling. Now if the record proves that the Defendant will lie about the facts, how can the Court Above believe what is written in Defendant's Answering Brief? More Importantly the Court Above cannot believe statements made by Defendant which is not backed up by the record. If Defendant will lie about the facts, then Defendant will lie about everything else. One should not lie to anyone, but especially not to those you respect.

4

RESPONSE TO ARGUMENTS I-5

The Defendant's Counsel's responses are repetitious and redundant generalities with no specific reference of substance to the subject matter or to the record or appendix and should be ignored by the Court above. In essence the Defendant Counsel cannot speak in behalf of the Court below since the Plaintiff gave the Court below ample opportunity to answer and or explain or defend against the Plaintiff's charges against the Court below prior to writing his Opening Brief. The record will show that the Plaintiff alerted both the clerks of the Supreme Court, and the clerk of the Superior Court in advance of his charges against the Court below, and he gave both the Honorable Peggy Ableman, and the Court below enough time and opportunity to address explain and or correct the record prior to writing his Brief; including a Motion for Extension of time to file his Opening Brief, but they were silent. I presented the evidence to back-up my charges against the Court below, as ugly as they were they are true, and the truth shall prevail. The Honorable Justices must decide if the Court below abused its powers and I ask them to rule justly, for all Americans are subject to the law, and no one is above the law, not even the Present of these United States. The Defendant's Counsel repeats over and over that the Plaintiff does not understand the law; however the evidence will show that Defendant Counsel does not understand the law and how it works; because she has presented two improper motions in order to have the Plaintiff's lawsuit dismissed, and it is still not legally dismissed because she dropped the ball twice. The Defendant Counsel uses racial and stereo-typical overtones to suggest to the Honorable Justices that a person of African descent is just too dumb and simple to be able to read understand the rules of the Court and how it works, since she has not given any examples or evidence to back-up claims that the Plaintiff does not understand the law and how the Court works.

5

RESPONSE TO ARGUMENT 6

The record will show that the Plaintiff did in fact follow the rules of the Court in requesting discovery information, as pointed out by the Plaintiff Rules 26, and 34, clearly states that he is indeed entitled to the information. The Plaintiff did understand and follow the rules, and the court admitted that he was entitled to full discovery, full disclosure, although the Court below denied his proper Motion for Discovery, as was pointed out in Plaintiff's Opening Brief. The Plaintiff did file a Motion for Articulation Exhibit 11 in his Opening Brief. The motion asked the Court to articulate how the Plaintiff did not follow Rules 26, and 34 in requesting discovery from Defendant, and attached six separate requests to Defendant for the same discovery information, and also attached two request from Defendant requesting discovery from the Plaintiff in the same manner as the Plaintiff did to the Defendant. The Court below could not and did not answer the Plaintiff's Motion for Articulation. As a matter of fact the Motion for Articulation was among the motions the Court below took out of the Court's files and sent it back to the Plaintiff, after it was properly filed and properly stamped with the Court's date and time stamp. According to Supreme Court's Rule such a document is a part of the record which must be included and transmitted to the Supreme Court on appeal, yet the Court below did not include nor transmit Plaintiff's Exhibit 11, which would prove beyond any shadow of dough that the Plaintiff did follow Superior court Rules 26, and 34, and he was indeed entitled to the discovery in his Motion for Discovery Exhibit K 1, attached to Exhibit 3. Plaintiff's Exhibit 3, was also not transmitted to the Supreme Court, contrary to the Rules of the Supreme Court. I now ask the question, who does not understand the Rules of the Court, the Plaintiff who obeyed and followed the Rules or the Court below or the Defendant's counsel who has not obeyed nor followed the Rules of the Court. The record will show that the Defendant's counsel along with the Court below has denied the Plaintiff important discovery information that Superior Court rules 26 and 34 clearly states that he is entitled to. The record will also prove that the Plaintiff sought the discovery materials in the proper manner as the rules required.

RESPONSE TO ARGUMENT 7

The most critical piece of information that both the doctor at the Glasgow Medical Center Dr. Milliner, and Plaintiff's primary care physician Dr. Cerny needed to see before they could agree to testify to causation is the written report of the findings from the test results of the sample of apple juice that made the Plaintiff sick to the point of death, which was sought in Plaintiff's motion for discovery and was denied the Plaintiff by the Defendant and the Court below. Without it the Plaintiff's doctors could not give the type of report the Defendant's counsel referred to in her answering brief. The purpose of pre-trial discovery is to gather information to enable a litigant to prepare witnesses to be able to testify with enough back-up evidence to be able to stand cross examination from an opposing counsel. The court below said on the record contrary to the Rules of the court that the Plaintiff was not entitled to the test results unless a professional witness could come to Court and testy that the apple juice made me sick, then I could get the written test results. The Court below errs by interpreting the Rules backwards. One gets discovery to prove their case, not proves their case to get discovery. Both Defendant counsel and the Court below does not understand the rules relating to discovery and the appeal process as it relates to the transmission of records to the Court above, and the rights of the Plaintiff to get pre-trial discovery information in order to prove his case in accordance Rules 26, and 34. Not to prove his case first, then to get discovery, as the Court below said. Later the Court below admitted that the Plaintiff was entitled to the discovery but never reverse the 12/7/06 decision denying the Plaintiff's Motion for Discovery, this was pointed out with particularity the Plaintiff's Opening Brief. Therefore the Court Above should reverse the June 19, 2007 decision of the Honorable Peggy L. Ableman, and grant the Plaintiff the Judgment of $25,000.00 sought in his Complaint for pain and suffering as a result of the March 2004 food poisoning episode.

7

RESPONSE TO ARGUMENT 8

The Defendant's counsel does not understand the difference between a case dispositive motion to dismiss and a interlocutory motion for summary judgment. The defendant counsel states as following;"Appellant fails to understand that the lower Court's granting of summary judgment in favor of Appellees has the same effect as granting a motion to dismiss appellant's claim against appellees". Since this is a new claim by Defendant the Rules allow me to address it with particularity; however I will refer to Plaintiff's Exhibit 27, page 2 paragraph 4 which clearly shows that Superior Court's Rule 56(c) disagrees with defendant's Counsel's new statement and incorrect belief. As I pointed out and as the Rule states in the last sentence "A summary judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to the amount of damages". As pointed out in Exhibit 27 with accompanying reference from Webster's law Dictionary the term interlocutory in character means "a summary judgment which was pronounced during the course of an action, as a decision: not finally decisive of a case" this is a direct quote from Webster's Law Dictionary. A second meaning from the same law dictionary (b) "pertaining to an intermediate decision" it is clear that according to Superior Court Rule 56(c) a summary judgment pronounced during the course of an action, as was the case with Defendant's motion for summary judgment can only lead to an intermediate decision and not a final decision, despite Defendant's counsel's misconceptions. The Rule further states that such a summary judgment can only be rendered on the issues of liability alone (money due to the moving party). However Defendant claims that the decision was rendered on the issue of Plaintiff not supplying a professional report, this is contrary to the issues permitted by Rule 56. Defendant's counsel is also confused by the word liability thinking it applies to the liability claimed by the Plaintiff; as a matter of fact the Rule is clear that that is not the case. Superior Court Rule 56(c) states: "Motion and proceedings thereon. The motion shall be served at least ten days before the time fixed for the hearing. The adverse party prior to the date of the hearing may serve opposing affidavits. The judgment sought

shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"(liability/money). The Rule states clearly that the judgment sought can only be rendered after examination of any admissions on file along with the affidavits, shows that there are on genuine issues of any material fact. This was never done by the Court below before the Court ruled on summary judgment. Indeed the record will show that the Court below did admit that the Plaintiff was entitled to the discovery sought in his Motion for Discovery which the Court below denied on 12/7/06, this was never corrected by the Court below. In addition the record will show that genuine issues of material facts were raised in both Affidavits Opposing Summary Judgment, Plaintiff's Exhibits 19 & 27; yet the Court below never heard arguments about them nor considered the genuine issues of material facts, raised in opposition to summary judgment by the Plaintiff. Therefore the Court's ruling should be reversed by the Court Above. Defendant's counsel fails to understand that yes Judge Ableman was duty bound to comply with Superior Court Rule 56(c), and hear and rule on the Plaintiff's motions before the Court, prior to granting Summary Judgment.

9

CLOSING SUMMARIES OF ARGUMENS

Defendant's counsel is inexperienced and incompetent, and has botched the job she was given, and the only way she could look like she knows what she is doing, was with personal negative attacks against the Plaintiff's knowledge of the law and understanding of the court's operation, a kind of dirty politics, just bash the opponent, to win. I will not stoop to her level since the record will show who does, or does not understand the Rules of the Court, and how the Court works.  The Defendant counsel repeats over and over statements such as "A review of Appellant's arguments shows that Appellant has a lack of understanding of the Court's procedures and policies" Such statements are the backbone of Defendant's counsel's case with no examples or evidence of the Plaintiff's alleged lack of understanding of the Court's procedures and policies. However as the Defendant's counsel continues to repeat herself she is revealing her own lack of understanding of the Court's procedures and policies. For example Superior Court Rule 14(b)(v) States as following: "Statement of facts------A concise statement of facts, with supporting references to appendices or record, presenting succinctly the background of the questions involved. The statement shall include a concise statement of all facts which should be known in order to determine the points in controversy and shall describe in particular the judgment or order sought to be reversed. Each party shall be referred to as "Plaintiff", "State", "Defendant", as the case may be, or by the parties name or other appropriate designation which makes clear the parties identity. References to the parties as Appellant or Appellee shall be avoided except where necessary. You will notice that the Defendant's Counsel uses the words Appellant, and Appellee exclusively contrary to Superior court Rule 14(b)(v) which states that when preparing a brief the words Plaintiff and Defendant should be used instead of the words Appellant and Appellee yet Ms. Costello who claims that the Plaintiff does not understand the procedures and policies of the Court, he now points out her mistake. You will notice that the Plaintiff uses the words Plaintiff and Defendant exclusively in accordance with Superior Court Rule 14(b)(v). I now pose the Question to the Honorable Justices to decide who does not understand the

1 0

Rules and procedures of the Court, Plaintiff or the Defendant? Furthermore while as the Defendant's counsel uses about a paragraph to summarize questions 1-6 and repeats the same statement about the Plaintiff not understanding the procedures and policies of the Court, she continues violate the Rules of the Court by repeating the same thing over and over, and not presenting supporting references to appendices or record as the Rule requires. Therefore Defendant's counsel's Arguments 1-6 should be totally disregarded as being non-compliant to Superior Court Rule 14(b)(v). Therefore the Plaintiff respectfully petitions the Honorable Justices to answer yes to Plaintiff's questions 1-6.

Defendant's counsel's Argument 7 is invalid since the Plaintiff has shown that it would be impossible for his doctors to testify to causation without reviewing the written test results which the Defendant and the Court below has refused and denied the Plaintiff's proper repeated request and motions. The record will show that the Court below denied the Plaintiff's proper Motion for Discovery to obtain the written test results. The record will also show that the Plaintiff has proven that he has requested the written test results in accordance with Superior Court Rule 26, & 34. The record will also show that Judge Peggy Ableman admitted on June 18, 2007, that the Plaintiff was entitled to full discovery, full disclosure, but refused to rule on Plaintiff Motion for production of record and relief from order by Judge Ableman (entry 18, on court logs). This motion would have reversed the 12/7/06 decision which denied the Plaintiff the written test results. After receiving the written test results the Plaintiff's doctors could review them to say exactly what they could testify to. The Plaintiff respectfully petitions the Honorable Justices to disregard Defendant's counsel's Argument 7, and answer yes to Plaintiff's Question 7.

On or about April 3, 2007 Ms.Kelly A. Costello presented an improper letter motion and order addressed directly to the Honorable Peggy L. Ableman requesting the Judge to dismiss the Plaintiff's lawsuit. The Honorable Peggy L. Ableman responded on April 10, 2007 with a letter addressed to Kelly A. Costello Esquire. In the said letter Defendant's counsel was instructed how to proceed in filing an approprate

11

dispositive motion. Ms. Costello waited from about April 10, 2007 until May 16, 2007 to file the so called

Summary Judgment/Motion to Dismiss, entry 16, on Court logs. Defendant took about 36-Days to

comply with Judge Ablemans instructions; this was referenced in Plaintiff's Exhibit 19, on page 2. The

main question is why so long? The answer becomes clear if one examine Plaintiff's Exhibit 22 Trial

Scheduling Order, the discovery cutoff-off date is May 15, 2007, so by waiting until May 16, 2007 to file

her so called motion for summary judgment Defendant is sure the Plaintiff would be denied any chance

of getting the discovery sought in his motions; since the Plaintiff requested his motions be heard along

with Defendant's motion to dismiss, which the Court instructed Defendant to file back on April 10, 2007.

By waiting one day beyond the May 15, 2007 cut-off date for Discovery, Defendant would ensure that

the Plaintiff would not receive the discovery he needed to prove his case. When the Plaintiff realized the

intentional stalling tactics of Ms. Costello, the Plaintiff tried to get a date to move forward with his

motions. The Plaintiff has proven in his Opening Brief with exhibits that the Court refused to give the

Plaintiff a date to move forward with his motions. In order to facilitate Ms. Costello's stalling tactics the

Court below went into the case file and removed the Plaintiff's motions, brief, papers and pleadings and

crossed out the Court's date and time stamp and sent them back to the Plaintiff. This was to give the

Defendant another opportunity to file a second case dispositive motion, and to facilitate Defendant's

attempt to deny the Plaintiff the all important written test results, and to prevent their chemist from

being ordered to testify as Plaintiff's hostile witness. This proves the collaboration between the Court

below and the defendant, and proves that the outcome of the case was fixed in favor of the Defendant.

However they shot themselves in the foot. The court's logs had to be altered to remove the record of

the Plaintiff's filings which were taken out of the Court below files. As the Plaintiff covered in his

Opening Brief the entries on the Court's logs Exhibit 7 are out of numerical sequence at the places

where the tampering would have occurred, between April 20, 2007, and May 10, 2007, the date they

were mailed to the Plaintiff. The logs were in sequence up to entry 14 on 4/10/2007, and then you will

12

see that there is no entry 15. The first set of filings tampered with has the date of 4/20/2007. Notice

after entry 16, they have entry 18, not 17. Then after entry 18, they have 17, not 19. Then after entry 17,

they have19, not 18 why? Because the evidence of the Plaintiff's filings were removed from the record

so that the Supreme Court Justices would not see the Plaintiff's pleadings motions, brief, and papers;

this to deny the Plaintiff a fair review on his appeal. Therefore if appears that a COVER-UP was

conducted. The Honorable Peggy Ableman a Superior Court Judge must have known that Supreme

Court Rule 9(a) States as following; "Record---contents.—An appeal shall be heard on the original papers

and exhibits which shall constitute the record on appeal." Defendant counsel seems to assert that the

Plaintiff falsely accuses Judge Ableman of tampering with the record, and that the Plaintiff shows

disrespect towards the Court below, so I need to address this. First let me set the record straight, Ms.

Costello has not given any example of my so called disrespect for the Court and I challenge her to point

out one time when I stood before any Judge, and spoke with disrespect. The record will show that I

indeed addressed the court with dignity and due respect, neither have I said anything distasteful or

disrespectful about Judge Ableman or any other Judge in my life. I have never been in trouble with the

law in my 61-years on the earth. Have I disagreed with the judge yes, but I did it respectfully. Do I

believe that the Court below has abused its powers? Yes, but I still respect the high office of the Judge,

and will not speak disrespectfully if I stand before them again, but I hope I will never have to again in my

life. So please Ms. Costello think before you accuse me, and please have some evidence or example to

prove it. Everything I have said regarding the Court below I have backed with evidence from the record,

appendix and Rules, and again I believe that no one regardless of how powerful is above the law. That

having said let me continue. Superior Court Rule 9(b) States in relation to certifying the record as

following: The clerk of the trial Court shall append a certificate identifying the record with reasonable

definiteness. The papers, other than exhibits and transcripts, shall be laid flat in a chronological order

and bound at the top, with a certified copy of the docket entries as the initial paper." Please take a look

13

at the certification of the Court's logs Exhibit 7, it is stamped "CERTIFIED AS A TRUE COPY ATTEST:

SHARON AGNEW PROTHONOTARY" however it was not signed by Sharon Agnew, but by someone else

why? If the Rule states that the clerk of the trial Court must certify the Record to be true, then the clerk

who certified the record to be true should sign it. Is the record true or false? If it was tampered with

then it is false and the certification is bogus, and the Supreme Court has been lied to by the Court below.

Now who disrespects the Court Ms. Costello.? Since Ms. Costello waited until May 16, 2007 to file her so

called Motion for Summary Judgment/Motion to Dismiss, and now claims that the Court granting

Summary Judgment has the same effect as a case dispositive Motion to Dismiss, Exhibit 22 clearly states

that May 15, 2007 is the last day for filing of Dispositive Motions, so her Motion was filed one day too

late in order to be granted. She had 35-days to file, and she waited until after the deadline had passed to

prevent the Plaintiff from getting the test results, and now she has shot herself in the foot. Therefore

the Plaintiff respectfully request the Honorable Supreme Court Justices to reverse the June 19, 2007

decision of the Honorable Peggy L. Ableman since Defendant's Motion for Summary Judgment/Motion

to Dismiss was filed after the deadline had passed for filing Dispositive Motions; and since Ms. Costello

intentionally waited 36-days until the deadline expired in defiance of the instructions given to her by the

Honorable Peggy L. Ableman on April 10, 2007. Therefore the Plaintiff respectfully petitions the

honorable Justices to ignore Defendant's Argument 8, and answer yes to Plaintiff's Question 8. The

Plaintiff respectfully petitions the Honorable Justices to disregard Ms. Costello's unproven statements in

regards to the Plaintiff's alleged misunderstanding of the policies and procedures of the Court, as he

continues to point out her mistakes and misinterpretations of the Rules and misrepresentations of the

facts. Additionally the Defendant's answering brief is improperly filed. The Rues clearly states that

Plaintiff should have been served first, and then the Defendant can file with the Court Above. In fact

Plaintiff's Exhibit A, attached will show that t Defendant's Answering Brief was filed on 11/26/2007, and

Exhibit B, attached will show that the Plaintiff was served on 11/27/2007. This robbed the Plaintiff one

14

full day to file his Reply Brief, again the Plaintiff continues to point out her many mistakes, which shows her lack of understanding of the policies and procedures of the Court. In light of the foregoing the Plaintiff respectfully petitions the Court Above grant the Plaintiff the $25,000.00 Judgment for pain and suffering, and to order Defendant to deliver to the Plaintiff the written test results from the test of the sample of apple juice which made the Plaintiff sick to the point of death. In order for his doctors to examine it to determine if the plaintiff was exposed to any long term health risk from the food poisoning episode of March 2004.

Defendant's counsel questions the missing arguments 9-12, in Plaintiff's Opening Brief. Answers to 9-12, in Plaintiff's Opening Brief were omitted since Plaintiff ran out of pages, and Plaintiff's request for a page extension was denied by the Honorable Supreme Court. The Plaintiff reserves the right to offer an Extension Brief with the 4-missing Questions, should an appeal become necessary to a Federal Court, at that juncture the Defendant may offer an Extension Answering Brief, and the Plaintiff, an Extension Reply Brief; however the Plaintiff hopes that this will not become necessary. Finally Ms. Costello seem to assert that the Plaintiff wrongfully accuses her and Judge Ableman of planning together to discriminate against the Plaintiff. In my defense I ask the Honorable Justices to consider the following: Judge Ableman wrote the dates in the trial schedule order Defendant list as B1-B2 in their appendix. So Judge Ableman, and Defendant must have known that Defendant's Motion for Summary Judgment/Motion to Dismiss was filed with the Court on May 16, 2007, one day pass the deadline for dispositive motions, yet Judge Ableman granted the Summary Judgment only, and used that to dismiss Plaintiff's lawsuit. If granting summary judgment is not case dispositive then the lawsuit is not legally dismissed. However Ms. Costello's new claim is that Judge Ableman granting summary judgment has the same effect as a dispositive motion. If this is true then the motion was filed pass the cut-off date so it should not have been granted. Either way Judge Ableman errs in using Defendant's motion for summary judgment to close out the Plaintiff's lawsuit. Now on 12/7/2006 the Court below ruled on Plaintiff's proper Motion

15

for Discovery, and Judge Ableman said the Plaintiff was not entitled to the written test results, and that Defendant did not have to give them to the Plaintiff. However on June 18, 2007 when the discovery Cut-Off date of May 15, 2007, was already passed Judge Ableman said on the record that the Plaintiff was entitled to the test results, but that he had them all along. This statement was just to cover the Judges tracts, once I could no longer get them, since the discovery cut-off date was past. Since I proved collaboration between the Court below and Defendant in sending back the Plaintiff's filings to give Defendant a second opportunity to have Plaintiff's lawsuit dismissed and to deny the Plaintiff the written test results; does not this proves collaboration between the Court and Defendant to discriminate against the Plaintiff? Now when you have a white female Judge collaborating with a white female Defendant's counsel against an African-American male Pro se Plaintiff, according to Title 11 of the Civil Right Act of 1964, this presents reasonable cause for race discrimination. The Plaintiff also believes that if there was nothing in the test results that would prove his case and establish causation Defendant would give the Plaintiff the written test results voluntarily. Hence they must be hiding something they do not want the Plaintiff or his doctors to know. Additionally whatever it is that they are hiding contrary to Federal (FDA) and State (Rules 26 & 34) laws, could endanger the Plaintiff's health or life. Since the Plaintiff's lawsuit is not legally dismissed, and can never be dismissed again since the May 15, 2007 deadline to file Dispositive Motions is passed, and will never return as long as this Earth will last. It is up to the Honorable Supreme Court of the State of Delaware to give the Plaintiff the justice he can never receive from the Courts below, as the record will show that two Judges in the Courts below wrongfully dismissed the Plaintiff's lawsuit, and both times the unjust rulings were reversed in the Plaintiff's favor. The Plaintiff respectfully petitions the Honorable Supreme Court Justices to likewise reverse the June 19, 2007 wrongful decision of the Honorable Peggy L. Ableman, and award the Plaintiff the reasonable judgment of $25,000.00 for pain and suffering and the said written test results.

16

Very respectfully with thanks.

Rudolph V. Bailey Sr.
9659 Manassas Dr. Apt. 301
Manassas VA 20111
(703) 369-5071 or (302) 562-5613

## IN THE SUPREME COURT OF THE STATE OF DELAWARE

Rudolph V. Bailey, Sr.,

**Plaintiff**    Below,                    No. 322,  2007.
Appellant,

v.

Acme/Asco/Albertson's Inc.,

**Defendant**   Below,
Appellee.

### CERTIFICATION OF SERVICE

I Rudolph V. Bailey, Sr., do hereby certify that (2) copies of the attached

Plaintiff's Reply Brief will be hand delivered to Kelly A. Costello at 131

Continental Drive Suite 407, Newark Delaware and (1) Original and (8) copies will

Be Hand delivered to the Supreme Court of the State of Delaware, at the Receiving

Office at The Green, in Dover Delaware on the _12_$^{TH}$ Day of December, 2007

Dated _December 10, 2007_

Notary Signature _Frank E. Lussier_

Seal

FRANK E. LUSSIER
NOTARY
PUBLIC
REG # 320103
MY COMMISSION
EXPIRES
8/31/2010
COMMONWEALTH OF VIRGINIA

Rudolph V. Bailey, Sr.
9659 Manassas Drive Apt. 301
Manassas VA 20111
(703) 369-5071 or (302) 562-5613

EXHIBIT A

IN THE SUPREME COURT FOR THE STATE OF DELAWARE

RUDOLPH V. BAILEY, SR.,                §
                                       §        No. 322, 2007
        Plaintiff Below – Appellant,   §
                                       §
v.                                     §
                                       §
ACME/ASCO/ALBERTSON'S INC.,            §
                                       §
        Defendant Below– Appellee.     §

APPENDIX TO

APPELLEE'S ANSWERING BRIEF
IN APPEAL FROM THE SUPERIOR COURT OF THE STATE OF
DELAWARE IN AND FOR NEW CASTLE COUNTY

Law Office of Cynthia G. Beam

/s/ Kelly A. Costello
Kelly A. Costello, Esquire (I.D. #3382)
Christiana Executive Campus
131 Continental Drive, Suite 407
Newark, DE 19713-4301
(302) 292-6660
Attorney for Appellees

Date Filed:  November 26, 2007
Transaction No.:  17392871

EXHIBIT B



JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

5 4 1

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
RUDOLPH V. BAILEY, Sr.

**DEFENDANTS**
THE STATE OF DELAWARE AND THE CIVIL Judges.

**(b)** County of Residence of First Listed Plaintiff _USA_
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

RUDOLPH V. BAILEY, Sr. PRO SE
9659 MANASSAS DR. APT. 301

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
MANASSAS VA 20111
(703) 257-9735

Attorneys (If Known)

FILED
AUG 2 5 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | **PERSONAL INJURY** | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 365 Personal Injury - Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | **PERSONAL PROPERTY** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 370 Other Fraud | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 371 Truth in Lending | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 380 Other Personal Property Damage | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 385 Property Damage Product Liability | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | **CIVIL RIGHTS** | ☐ 465 Other Immigration Actions | | |
| | ☐ 441 Voting | **PRISONER PETITIONS** | | |
| | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | |
| | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | | |
| | ☐ 444 Welfare | ☐ 530 General | | |
| | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | | |
| | ☒ 440 Other Civil Rights | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
THE CIVIL RIGHTS ACT OF 1964, TITLE II
Brief description of cause:
RACE DISCRIMINATION By The CIVIL COURTS OF DELAWARE

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 30,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 9/11/2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____