IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RUDOLF V. BAILEY, SR., : | |
| : | CIVIL ACTION |
| Plaintiff, : | |
| : | |
| v. : | No. 08-541 |
| : | |
| THE STATE OF DELAWARE, and : | |
| THE CIVIL COURTS AND JUDGES, : | |
| : | |
| Defendants. : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                                 **MARCH 18, 2009**

      Presently before the Court is the Motion of the State of Delaware and the Civil Courts and Judges (collectively, the "State Defendants") to dismiss Plaintiff Rudolf V. Bailey's ("Bailey") Complaint. Bailey has filed a Motion to Dismiss State Defendants' Motion to Dismiss Complaint and to Strike Defendant [sic] Accompanying Brief from the Record. For the reasons set forth below, the State Defendants' Motion to Dismiss is granted. Bailey's Motion to Dismiss and to Strike Defendants' Brief is denied.

**I.     FACTS**

      The allegations of Bailey's Complaint stem from a tort action that Bailey filed in the Delaware Court of Common Pleas against Acme/Asco/Albertson's, Inc. ("Acme") on December 16, 2004. The Complaint sought $25,000 in damages in connection with Acme's alleged sale of contaminated apple juice, which Bailey purchased on March 10, 2004, and which subsequently made him ill. The Court of Common Pleas dismissed Bailey's Complaint for failure to effect proper service on April 12, 2005. Bailey appealed the decision of the Court of Common Pleas to

the Delaware Superior Court.  The Superior Court found that Bailey had, in fact, effected proper service upon Acme, and reversed the decision of the Court of Common Pleas.  The case was then transferred to the Superior Court, and a Scheduling Order was issued, establishing July 21, 2005, as Bailey's deadline for filing his Opening Brief.  On July 28, 2005, the Superior Court dismissed Bailey's appeal on the grounds that he had not filed his Opening Brief by July 21, 2005.  Nonetheless, upon further investigation, it was later determined that Bailey had filed his Opening Brief by the July 21, 2005 deadline, but that it had been misplaced by the Prothonotary's office.  As such, the Superior Court reversed its prior dismissal of Bailey's appeal.  The case proceeded to arbitration, wherein a decision was rendered in Acme's favor, and a Scheduling Order was entered, setting the following deadlines: March 30, 2007 for submission of Plaintiff's expert report, May 1, 2007 for submission of Defendant's export report, and May 15, 2007 for the close of all discovery.

     Acme filed a Motion for Summary Judgment on May 16, 2007, asserting that the case should be dismissed due to Bailey's failure to produce an expert by the deadline set forth by the Court.  Bailey filed a response opposing Acme's Motion for Summary Judgment on the grounds that he could not produce an expert because Acme had refused to respond to his request for the results of the tests that had been performed on the allegedly contaminated apple juice.  The Superior Court held a hearing on Acme's Summary Judgment Motion on June 18, 2007, wherein it decided that the case must be dismissed due to the fact that Bailey lacked a causation expert to testify on his behalf at trial.  On June 19, 2007, the Superior Court issued an Order granting summary judgment in Acme's favor.

     Bailey appealed the Superior Court's June 19, 2007 Order to the Delaware Supreme

Court. In his appeal, Bailey asserted that the Superior Court discriminated against him, "tampered with the record," and "fabricated false and . . . misleading evidence" in order to dismiss his lawsuit, and that it should not have granted summary judgment because Acme never provided him with the test results for the allegedly contaminated apple juice. Furthermore, Bailey asserted that both the Superior Court and the Court of Common Pleas engaged in this behavior for the purpose of discriminating against him on the basis of his race. On April 23, 2008, the Supreme Court issued an Order affirming the Superior Court's June 19, 2007 Order granting summary judgment in favor of Acme.

On August 25, 2008, Bailey filed a Complaint in this Court against the State of Delaware and the Delaware Civil Courts and Judges pursuant to the Civil Rights Act of 1964. In his Complaint, Bailey alleges that Judge Bradley of the Court of Common Pleas fabricated false evidence against him for the purpose of dismissing his case and discriminating against him on the basis of race; that Judge Ableman of the Superior Court tampered with the evidence in his case, fabricated evidence to use against him, and then falsified the record for appeal for the purpose of discriminating against him on the basis of race; that the Supreme Court of Delaware condones and approves of race discrimination; and that the Clerk of Court has engaged in the suppression of evidence by refusing to return the original documents he filed in his case and by failing to issue him certified copies of the documents so that he could use the documents to file this instant matter in Federal Court. Bailey seeks $30,000,000 in damages in connection with these allegations. The State Defendants filed a Motion to Dismiss the Federal Court Complaint on February 9, 2009. Bailey filed a Motion to Dismiss Defendants' Motion to Dismiss and to Strike Defendants' Accompanying Brief on February 17, 2009.

## II.     STANDARD OF REVIEW

A motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), tests the legal sufficiency of the complaint.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  A court must determine whether the party making the claim would be entitled to relief under any set of facts that could be established in support of his or her claim.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley, 355 U.S. at 45-46); see also Wisniewski v. Johns-Manville Corp., 759 F.2d 271, 273 (3d Cir. 1985).

In considering a motion to dismiss, all allegations in the complaint must be accepted as true and viewed in the light most favorable to the non-moving party.  Rocks v. City of Phila., 868 F.2d 644, 645 (3d Cir. 1989) (citations omitted).  Exhibits which are attached to the complaint and upon which one or more claims are based can be considered in deciding a motion to dismiss pursuant to Rule 12(b)(6).  See Rossman v. Fleet Bank (R.I.) Nat'l Assoc., 280 F.3d 384, 388 n.4 (3d Cir. 2002).  A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss.  Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005) (citations omitted).

## III.    DISCUSSION

The State Defendants argue that Bailey's claims against the civil courts and judges of Delaware must be dismissed under the doctrine of judicial immunity.  Under judicial immunity, judges are usually "immune from suit from money damages."  D'Alessandro v. Robinson, 210 F. Supp. 2d 526, 529 (D. Del. 2002) (quoting Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000)).  This holds true "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."  Figueroa, 208 F.3d at 440 (quoting Stump v.

4

Sparkman, 435 U.S. 349, 355-57 (1978)).  Thus, a judge is subject to civil liability only where the judge has engaged in "non-judicial acts" or in the "clear absence of all jurisdiction." D'Alessandro, 210 F. Supp. 2d at 530.  Courts must look to two distinctive features in deciding whether an act is judicial in nature: (1) "the nature of the act, i.e., whether the act is a measure normally performed by a judge," and (2) "the expectations of the parties, i.e., whether the parties dealt with the judge in his individual capacity."  Id.

     Applying these factors to the case at hand, we find that Judge Bradley and Judge Ableman are immune from suit under the doctrine of judicial immunity.  Bailey asserts that the judges have tampered with and fabricated evidence for the purpose of dismissing his suit in an attempt to discriminate against him on the basis of his race.  The judges here were involved in such actions as weighing evidence, ruling on motions and procedural questions, and determining whether a litigant should have the opportunity to proceed with his case or whether the case should be dismissed, all of which constitute acts that would normally be performed by a judge and are judicial in nature.  See id. (finding similar actions to be judicial in nature).  Furthermore, neither party has disputed that they were dealing with the judges in their capacity as judges, and not as individuals.  As such, the judicial acts of Judges Bradley and Ableman are protected by the doctrine of judicial immunity.  Thus, even accepting the allegations of Bailey's Complaint as true, he would not be entitled to relief under any set of facts alleged, and his claims against Judge Bradley and Judge Ableman are dismissed.

     Similarly, Bailey's claim against the Delaware Supreme Court must also be dismissed.  Bailey asserts that the Supreme Court of Delaware discriminated against him on the basis of race by refusing to return the originals of his filings and by failing to provide him with certified copies

of his filings.  The protections of judicial immunity extend to those "who perform quasi-judicial functions."  Gallas v. Sup. Ct. of Pa., 211 F.3d 760, 772 (3d Cir. 2000) (citing Forrester v. White, 484 U.S. 219, 225-26 (1988)).  This would include the actions of the clerk's office, which is closely entangled with the courts themselves and handles all court filings, docketing, and numerous additional "quasi-judicial" matters.  See id.; see also McArdle v. Tronetti, 961 F.2d 1083, 1084-85 (3d Cir. 1992).  Furthermore, other circuits have specifically determined that clerks of court are entitled to judicial immunity.  See, e.g., Sindram v. Suda, 986 F.2d 1459, 1460-61 (D.C. Cir. 1993); Dellenbach v. Letsinger, 889 F.2d 755, 762-63 (7th Cir. 1989).  As such, Bailey's claim against the Supreme Court of Delaware is dismissed.

      Lastly, Bailey's claim against the State of Delaware is barred by the doctrine of sovereign immunity.  The sovereign immunity of the states is articulated in the Eleventh Amendment to the U.S. Constitution and states: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  Additionally, the U.S. Supreme Court has held that, in addition to being immune from suits filed by citizens of other states, the states are also "immune from suits brought in federal courts by her own citizens as well as by citizens of another State."  Edelman v. Jordan, 415 U.S. 651, 662-63 (1974); see also Employees v. Dep't of Pub. Health and Welfare, 411 U.S. 279, 280 (1973).  It appears that Bailey lived in Delaware at one time, but has since moved to Virginia.  He argues that, because he was a resident of Delaware at the time the action was commenced, his suit is not barred under the doctrine of sovereign immunity.  Nevertheless, Bailey's suit is directly barred by the holding of Edelman, which held that "an unconsenting State is immune

from suits brought in federal courts by her own citizens as well as by citizens of another State." 415 U.S. at 662-63.  As such, Bailey's claims against the State of Delaware are dismissed under the doctrine of sovereign immunity.

Because we have determined that the Complaint is dismissed on the bases of judicial and sovereign immunity, we do not discuss the State Defendants' remaining arguments for dismissal.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RUDOLF V. BAILEY, S.R., | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 08-541 |
| | : | |
| THE STATE OF DELAWARE, and, | : | |
| THE CIVIL COURTS AND JUDGES, | : | |
| | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this 18th day of March, 2009, in consideration of the Motions to Dismiss filed by the parties in the instant matter, it is hereby **ORDERED** as follows:

(1) the Motion to Dismiss filed by the State of Delaware, and the Civil Courts and Judges (Doc. No. 13), is **GRANTED**;

(2) the Motion to Dismiss Defendants' Motion and to Strike Defendants' Accompanying Brief filed by Plaintiff Rudolf V. Bailey (Doc. No. 15), is **DENIED**.

BY THE COURT:

/s/ Robert F. Kelly
ROBERT F. KELLY
SENIOR JUDGE